5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**WESTFIELD INSURANCE COMPANY,**

Plaintiff,

v.

**WEIS BUILDERS, INC.; HEALEY RAMME CO., sued as Healey Ramme Company; CNA INSURANCE COMPANIES, sued as CNA Insurance Company; PROMENADE VILLAGE TOWNHOMES, L.L.C.; and VALLEY FORGE INSURANCE CO.**,

Defendants;

and

**WEIS BUILDERS, INC.,**

Counter-Claimant,

v.

**WESTFIELD INSURANCE COMPANY,**

Counter-Defendant;

and

**WEIS BUILDERS, INC.,**

Third-Party Plaintiff,

v.

**PROMENADE VILLAGE TOWNHOMES, L.L.C. and VALLEY FORGE INSURANCE COMPANY,**

Third-Party Defendants;

and

Civil No. 00-987 (JEL/JGL)

**O R D E R**

FILED DEC 2 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WEIS BUILDERS, INC.,**

Cross-Claimant,

v.

**PROMENADE VILLAGE TOWNHOMES, L.L.C. and VALLEY FORGE INSURANCE COMPANY,**

Cross-Defendants;

and

**PROMENADE VILLAGE TOWNHOMES, L.L.C.,**

Cross-Claimant,

v.

**WEIS BUILDERS, INC.,**

Cross-Defendant;

and

**WEIS BUILDERS, INC.,**

Third-Party Plaintiff,

v.

**WATERPROOFING BY EXPERTS, INC., and BRW ELNESS ARCHITECTS, INC., a/k/a/ ELNESS SWENSON GRAHAM ARCHITECTS, INC.,**

Third-Party Defendants;

and

**WEIS BUILDERS, INC.,**

Third-Party Plaintiff,

v.

**COLLOID ENVIRONMENTAL TECHNOLOGIES CO.,**

Third-Party Defendant;

and

**COLLOID ENVIRONMENTAL TECHNOLOGIES CO.,**

Fourth-Party Plaintiff,

v.

**CHRIS CRAFT INDUSTRIAL PRODUCTS, INC.,**

Fourth-Party Defendant;

and

**WEIS BUILDERS, INC.,**

Third-Party Plaintiff,

v.

**J-BERD MECHANICAL CONTRACTORS, INC.,**

Third-Party Defendant.

---

APPEARANCES

Steven E. Rau, Esq. for Promenade Village Townhomes, L.L.C.

Chad Stepan, Esq. for Weis Builders, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 20, 2002 on Promenade Village Townhomes, L.L.C.'s Motion to Compel Sufficient and Adequate Answers to Requests for Admissions (Doc. No. 115). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Promenade Village Townhomes, L.L.C. ("Promenade") argues that Weis Builders, Inc. ("Weis") inadequately answered Requests for Admission 2-12 and 14-18 served upon it by Promenade. Although Promenade acknowledges that Weis admitted or denied each request in full or in part, Promenade asserts that Weis made improper objections to each request, thereby not answering "forthrightly and unconditionally." At the hearing, Promenade explained that it wants only an unconditional response to each request. Thus, the most expedient way to address Promenade's motion is to examine the propriety of each objection and to either strike or allow the objection to stand.

**Objections that the Request Calls for a Legal Conclusion**

A party may object to a request for admission on the grounds that the request calls for admission of a pure matter of law. See Lakehead Pipe Line Co. v. Am. Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997); see also Reliance Ins. Co. v. Marathon LeTourneau Co., 152 F.R.D. 524, 525 n.2 (S.D. W. Va. 1994) ("A request involving what is termed a 'pure matter of law,' i.e., requests for admissions of law unrelated to the facts of the case, is considered improper.") (emphasis added) (citing Diederich v. Dep't of the Army, 132 F.R.D. 614, 617 (S.D.N.Y. 1990)). After reviewing the requests for admission at issue in this motion, the Court finds that none of the requests call for an admission of a pure matter of law unrelated to the facts of the case. At most, the requests seek opinions of fact or opinions of the application of law to fact, which are appropriate under Federal Rule of Civil Procedure 36. See Fed. R. Civ. P. 36(a); Lakehead Pipe Line Co., 177 F.R.D. at 457.

For example, Request No. 3 asks Weis to "[a]dmit that it was Weis' responsibility under its contract with Promenade to hire and supervise subcontractors involved in the installation of the plaza deck waterproofing system." This request does not call for a legal conclusion. By way of contrast, it would have been improper for Promenade to ask Weis to admit that it breached its contract with Promenade by failing to hire or supervise

subcontractors involved in the installation of the plaza deck waterproofing system. The Court finds that the objections were improper.[1]

**Objections that Any Request Referring to Another Document Must Attach that Document**

Rule 36(a) states: "Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." (Emphasis added.) In this case, Promenade asserts that they have provided all the relevant documents to Weis. Although Weis stated at the hearing that document production was not complete, it was unable to specify a particular document that it needed to answer any of the requests at issue. The objections were therefore improper.

---

[1] In Weis's opposition to Promenade's motion, it also claims that the requests for admission sought to establish facts in dispute, implying that this would be improper under the objection that the requests called for a purely legal conclusion. However, a request seeking to establish facts in dispute is objectionable, if at all, on an entirely different basis than a request calling for a legal conclusion. Rule 36(a) explicitly provides that a party may not object to a request for admission on the basis that it presents a disputed issue for trial. Furthermore, Weis did not initially object to the requests on the grounds that they sought to establish facts in dispute, and therefore, the Court will not address this objection.

As to Request No. 2, which uses the purportedly disputed term "design-build," a proper response would have been for Weis to "set forth in detail" its reason why it could not admit or deny the request. Fed. R. Civ. P. 36(a). If Weis had to qualify its answer because according to the evidence acquired in discovery, the phrase has multiple meanings, it should have specifically stated so in its answer, substantiating the qualification with the relevant evidence.

**Objections on the Grounds of Vagueness and Ambiguity**

After reviewing the requests for admission at issue, the Court concludes that none of the request were vague or ambiguous. Accordingly, the objections were inappropriate.

**Objections that a Document Speaks for Itself**

The Court finds that these objections were improper. Weis must admit or deny the requests without qualifying its response in this respect.

**Objections that the Request Calls for Expert Discovery**

Although Promenade asserts that objecting to a request on the grounds that it calls for expert discovery is improper, it offers no authority for its assertion. Additionally, Rule 36(a) states that the requests must pertain to "matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a); see also Workman v. Chinchinian, 807 F. Supp. 634, 647 (E.D. Wash. 1992). Rule 26(b)(1) does not govern expert testimony; such evidence is governed by Rule 26(a)(2) and 26(b)(4). Thus, Weis's objections on the grounds that certain requests called for expert discovery were proper.

**Conclusion**

Weis is ordered to amend its answers to the requests for admission at issue. The amended answers must be served by January 23, 2003. When

Weis makes an objection, it is encouraged to follow the dictates of Rule 36(a) and explicitly state the reasons therefor. If Weis must qualify an answer, it must specify which part of the request is "true and qualify or deny the remainder." Fed. R. Civ. P. 36(a). If the matter is not specifically denied, Weis must "set forth in detail the reasons why" it cannot truthfully admit or deny the matter. Id. Promenade's requests for costs and fees is denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Promenade Village Townhomes, L.L.C.'s Motion to Compel Sufficient and Adequate Answers to Requests for Admissions (Doc. No. 115) is **GRANTED** as set forth fully in the body of this Order.

Dated: December 23, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge