UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Plaintiff,

v.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

v.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

and

Weis Builders, Inc.,

Court File No. 00-CV-987 PAM/JGL

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

FILED APR 02 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Cross-Claimant,

v.

Promenade Village Townhomes and Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

v.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

v.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third-Party Defendants.

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff.

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

The above-named parties, by and through their counsel of record, hereby stipulate and agree as follows:

1. Until further order of the above-named Court or stipulation of the parties, all discovery in litigation of the above matter shall be subject to this Confidentiality Stipulation and Protective Order.

2. All "confidential information" produced or exchanged in the course of the above matter shall be used solely for the purposes of litigation of the above matter.

3. "Confidential information," as used herein, means any information that is designated herein as confidential or is designated as confidential during the course of the matter by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or response, information revealed in an answer or response to any request for admission, or information otherwise revealed in some other fashion. In designating information as "confidential information," the supplying party will make such designation only as to information that the party, in good faith, believes contains "confidential information."

4. "Confidential information" shall not be disclosed to any person except counsel for the parties and their respective staffs, parties to the above matter and their respective employees, and experts retained for the above matter. All persons to whom counsel discloses any "confidential information" shall, prior to receiving such confidential disclosure, be furnished a copy of this Confidentiality Stipulation and Protective Order and be instructed by counsel that such disclosure must be kept confidential and used only in preparation for pretrial and trial of this matter.

5. By this Confidentiality Stipulation and Protective Order, "confidential information" shall also automatically include any documents, interrogatory answers or responses, deposition testimony, and/or other discovery containing any financial, commercial, competitive, trade secrets, or

proprietary information about the parties. It shall also include any other documents or information, regardless of who produces the documents or information, which have been designated by any party to this litigation as confidential by marking the initial page:

"CONFIDENTIAL"

In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged at the time that the copies are provided to the other party(ies). If only part of a document contains "confidential" information, the supplying party shall so designate by only marking each page that contains such information "CONFIDENTIAL."

6. Other information disclosed at the deposition of any witnesses may be designated by any party as "confidential information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Confidentiality Stipulation and Protective Order. Any party may also designate information obtained at such depositions as "confidential information" by notifying all parties or their counsel in writing, within thirty (30) days of receipt of the transcript of the deposition, or thirty (30) days after the Court has executed this Confidentiality Stipulation and Protective Order, whichever date is later. As is reasonably practicable, the notification should set forth the specific pages of and/or nature of the testimony in the deposition transcript that contain "confidential information." All depositions of witnesses shall be treated as confidential in their entirety for a period of thirty (30) days after receipt of the transcript of the deposition, or thirty (30) days after the Court has executed this Confidentiality Stipulation and Protective Order, whichever date is later.

7. The inadvertent or unintended disclosure of "confidential information" by the supplying party, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

8. With respect to confidential designations, a party shall not be obligated to challenge the propriety of such "confidential information" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to the above matter disagrees at any point in these proceedings with the designation by the supplying party that information is "confidential information," the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidential designation may seek appropriate relief from this Court, with the burden on the designating party to show that the information is confidential in nature.

9. The Clerk of Court, Court Administrator, or person with substantially equivalent functions for the above-named Court is directed to maintain under seal all documents, transcripts of deposition testimony, and any other information filed in the above matter that have been designated by counsel, in whole or in part, as "confidential information." Counsel shall inform the Clerk's office at the time of filing the documents, transcripts, and information that they contain "confidential information" and are to be kept under seal.

10. In the event that any party wishes to use "confidential information" in any affidavits, briefs, memoranda of law, or other papers filed with the Court in the above matter, such papers shall be maintained under seal by the Court as directed by counsel. If any party neglects to so direct the Court to maintain the "confidential information" under seal, the information nevertheless remains confidential.

11. Except as permitted in Paragraph 4 of this Confidentiality Stipulation and Protective Order, there shall be no reproduction whatsoever of "confidential information" except as required in litigation of the above matter.

12. This Confidentiality Stipulation and Protective Order covers all information and discovery, regardless of the time of its production, and includes any previously discovered "confidential information."

13. The fact that information is designated as "confidential information" shall not be deemed to be determinative of what the Court may subsequently determine to be confidential.

14. The fact that there is a confidential designation shall not be admissible as evidence during the trial of the above matter.

15. Nothing in the foregoing provisions of this Confidentiality Stipulation and Protective Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Further, no party shall be precluded from claiming that any matter designated hereunder is not entitled to protection or that a more limited form of protection than designated is appropriate.

16. Within thirty (30) days after final termination of the above matter, including all appeals, each and every party, and all experts, consultants, and/or witnesses, receiving "confidential information" shall be responsible for returning to the furnishing counsel all "confidential information" in such individual's possession, custody, or control, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom. If that furnishing counsel originally received such "confidential information" from counsel for another party, then he/she shall return to the other counsel said "confidential information" within forty-five (45) days after final termination of the above matter, including all appeals. The agreement in this Paragraph is not intended to require the return of attorney work-product or attorney-client memoranda or other documents, so long as these documents are maintained or stored safely and confidentially in the law offices of counsel to any of the parties in the above matter. The parties and their counsel further agree that the "confidential

information" remains confidential after the termination or conclusion of the above matter and that such "confidential information" may not be used in any other matter or for any other purpose without the prior written consent of all parties to this matter.

17. The obligations described in this Confidentiality Stipulation and Protective Order are to be in force for the duration of litigation of the above matter and shall remain in effect subsequent to the termination of the above matter so as to protect the confidentiality of the information.

**(SIGNATURE PAGES AND ORDER FOLLOWS)**

COUSINEAU MCGUIRE & ANDERSON

Dated: 4 November, 2002

Mark A. Gwin, #132251
Andrea E. Reisbord, #22411X
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, MN 55416-1523
(952) 546-8400
*Attorneys for Plaintiff*

Dated: 11/8, 2002

STICH ANGELL KREIDLER BROWNSON & BALLOU

LEO I. BRISBOIS #18262X

Robert T. Stich, #105570
250 Second Avenue South
Suite 120
Minneapolis, MN 55401
(612) 333-6251
*Attorneys for Valley Forge Insurance Company*

COLEMAN, HULL, & VAN VLIET, P.L.L.P.

Dated: 4/4/02, 2002

William D. Hull, #47995
8500 Normandale Lake Boulevard, Suite 2100
Bloomington, MN 55437
(952) 841-0001
*Attorneys for BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc.*

GISLASON & HUNTER, L.L.P.

Dated: 11/5, 2002

Daniel A. Beckman, #192089
9900 Bren Road East, Suite 215E
Minnetonka, MN 55343-2297
(952) 933-9900
*Attorneys for Defendant Waterproofing by Experts, Inc.*

MURNANE, CONLIN, WHITE & BRANDT

Dated: Nov. 5, 2002

Daniel A. Haws, #193501
Mark S. Brown, #226774
1800 U.S. Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 227-9411
*Attorneys for Defendant Waterproofing by Experts, Inc.*

ERSTAD & RIEMER, P.A.

Dated: 11/4, 2002

Patrick D. Reilly
200 Riverview Office Tower
8009 – 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700
(952) 896-3717
*Attorneys for Colloid Environmental Technologies Company*

Dated: 11/1, 2002

TOMSCHE, SONNESYN & TOMSCHE, P.A.

Rolf E. Sonnesyn, Esq.
Chandelle L. Heyer, Esq.
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
(763) 521-4499
(763) 521-4482 (Fax)
*Attorneys for Third-Party Defendant J-Berd Mechanical Contractors, Inc.*

BREN, PRZYBECK & GUNDERSON

Dated: 11/3, 2002

Gerald Bren, Esq.
John C. Knoepfler, Esq.
Bren, Przybeck & Gunderson
Crescent Ridge, Suite 501
11100 Wayzata Blvd.
Minnetonka, MN 55305
(952) 593-0307
(952) 541-8327 (Fax)
*Attorneys for Chris Craft Industrial Products, Inc.*

Dated: 31 Oct, 2002

FLYNN & GASKINS, L.L.P.

Steven W. Gaskins, MN #147643
Steven E. Rau, MN #147990
333 South Seventh Street
2900 Metropolitan Centre
Minneapolis, Minnesota 55402
(612) 333-9500
*Attorneys for Defendants Healey Ramme Company and Promenade Village Townhomes*

Dated: 11-13, 2002

Meagher & Geer, P.L.L.P.

Chad J. Stepan #0279535
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Weis Builders, Inc.***

LINDQUIST & VENNUM, PLLP

Dated: 3/26/03

Jonathan M. Bye
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
Telephone: (612) 371-3211
Fax: (612) 371-3207

*Attorneys for Fourth-Party Defendant Mikesh, Inc.*

(Confidentiality Stipulation and Protective Order)

**ORDER**

Based on the above stipulation of the parties and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT** all discovery and all "confidential information" produced by parties and non-parties in this matter shall be subject to the above Confidentiality Stipulation.

Dated: 4/2, 2003

**BY THE COURT:**

Janie S. Mayeron

The Honorable Magistrate Janie S. Mayeron
Judge of United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01