UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESTFIELD INSURANCE COMPANY, CIVIL NO. 00-987 (JNE/JSM)

Plaintiff,

v. ORDER

WEIS BUILDERS, INC., et al.,

Defendants.

JANIE S. MAYERON, United States Magistrate Judge

This matter came on before the undersigned by telephonic hearing on May 13, 2003 upon Non-Party Phillip Jaffe's Motion to Quash the Deposition of Phillip Jaffe [Docket No. 167]. This Order addresses that Motion. Steve Gaskins, Esq. appeared on behalf of Non-Party Phillip Jaffe and Defendant Promenade Village Townhomes, L.L.C.; William D. Hull, Esq. appeared on behalf of Third-Party Defendant BRW Elness Architects, Inc.; and John Veith, Esq. appeared on behalf of Cross-Defendant Chris Craft Industrial Products, Inc.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED:**

1. Phillip Jaffe's Motion to Quash the Deposition of Phillip Jaffe [Docket No. 167] is **DENIED**; and

2. If any dispute arises during the deposition of Mr. Jaffe as to whether the testimony being elicited from him is expert opinion, the parties will go forward with the deposition and make a record as to the disputed testimony. The parties may then bring



FILED MAY 15 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to this Court via a motion any disputes regarding whether additional compensation is due to Mr. Jaffe as an unretained expert.

Dated: May 15, 2003

JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

This matter arises out of a claim of negligence and breach of contract in the construction of the Promenade Oaks Townhomes in Eagan, Minnesota. Phillip Jaffe ("Jaffe") was the broker who represented Promenade Oaks Village Townhomes, L.L.C. in the sale of the property at issue. Defendants seek to subpoena Jaffe to depose him as a fact witness with regards to the sale of this property.

Jaffe claims that the subpoena for his deposition should be quashed, or in the alternative, he should be paid his customary rate of $500 per hour[1] for his deposition testimony because the underlying subpoena is unduly burdensome. The undue burden alleged by Jaffe stems from his claim that he would have to stop work to give his deposition, which would lead to lost time and ultimately lead to lost commissions as a broker. Jaffe also believes that he will be asked questions regarding his expert opinion with regards to real estate matters. However, opposing counsel have stated that Jaffe is being deposed as a fact witness and that his testimony will be limited to his involvement

[1] Jaffe arrived at this figure by averaging his net commissions for the past three years and dividing that number by 2000 (hours per year). During the hearing, Jaffe's counsel acknowledged that only half of Jaffe's commission is paid to him and the balance is paid to his employer.

in selling the property at issue in this case.[2]

Federal Rule of Civil Procedure 45(c)(1) provides: "A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." If a party fails to take reasonable steps to avoid undue burden, sanctions including lost earnings and reasonable attorney's fees may be awarded. Id. Jaffe asserts that failure to pay him his hourly rate of $500 per hour would constitute an undue burden.

Federal law provides that a witness attending a deposition "shall be paid" certain fees and allowances. 28 U.S.C. § 1821(a)(1). The witness shall be paid $40 per day for each day's attendance and for the time "necessarily occupied in" traveling to and from the deposition. Id. (b). In addition, the statute provides for reimbursement of mileage, taxicab fares, parking fees, and the like. See id. c(2)–(3). These travel expenses may also be taxed as costs pursuant to 28 U.S.C. § 1920.

The United States Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The $40 per day limitation applies to all witnesses, expert and lay alike. See Sphere Drake Ins. PLC v. Trisko, 66 F. Supp. 2d 1088, 1090-91 (D. Minn. 1999); see also Fisher v. Ford Motor Co., 178 F.R.D. 195, 198-99 (N.D. Ohio 1998) (holding that physicians who were to testify as

---

[2] As stated in this Court's Order, if there is a dispute as to whether the testimony being elicited from Jaffe is expert opinion, the parties will go forward with the deposition and make a record as to the disputed testimony. The parties may bring any disputes regarding additional compensation for Jaffe as an unretained expert before this Court via a Motion.

fact witnesses were not entitled to claim more than the $40 per day witness fees and mileage costs to attend their depositions); Mangla v. University of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) (citations omitted) (fact witnesses are entitled to $40 per day plus milage and not their hourly rate). Moreover, the limitation applies whether the court's jurisdiction is based upon the existence of a federal question or upon diversity of citizenship. See Sphere Drake Ins. PLC v. Trisko, 66 F. Supp. 2d at 1092-93 & nn.5-6; *cf.* Dasler v. E.F. Hutton, 698 F. Supp. 172, 177 (D. Minn. 1988) (holding that fee limitation of 28 U.S.C. § 1821 applied to cases involving a fee-shifting statute).

Jaffe claims that Rule 45 contemplates that lost wages constitute an undue burden because it specifies lost wages as a sanction. Jaffe cites no authority for this proposition. To the contrary, this case are similar to those in Irons v. Karceski, 74 F.3d 1262 (Fed. Cir. 1996), *cert. denied*, 517 U.S. 1189 (1996). The fact witness in Irons was an attorney who claimed that the statutory witness fee of $40 per day for his deposition testimony was an undue burden entitling him to quash the subpoena. The witness in Irons found that his deposition might be as long as three days. Id. at 1263. Believing that the statutory amount did not provide proper compensation for the time the witness would be away from his legal practice, the witness requested that he be paid at his normal hourly billing rate. Id. The court in Irons rejected the witness' argument that Rule 45(c)(1)'s inclusion of lost earnings as a sanction for a party's failure to avoid an undue burden demonstrates that a loss of earnings qualifies as an undue burden. Id. at 1265 (citing Fed. R. Civ. P. 45 advisory committee's note (1991) (subd. (c)). The Advisory Committee notes to the 1991 amendments of Rule 45 only provide that compensation, in addition to that provided in 28 U.S.C. § 1821, is required only where the non-party witness subject to a subpoena must travel more than 100 miles. The reason for limiting witness fees is "that in order to fairly

compensate everyone appearing as a witness it would be necessary to have either a graduated scale of fees or to leave the amount of such fees in the discretion of the judge." Exxon Chem. Patents, Inc. v. Lubrizol Corp., 131 F.R.D. 668 (D.C. Tex. 1990) (citing Senate Judiciary Committee, 81st Cong., 1st Sess., vol. 2 at 1232 (1949)). The committee found that neither of these "options were feasible and therefore the amounts arrived at were considered to be reasonably fair to average witnesses." Id. "The law . . . imposes an obligation on all witnesses to provide their testimony. No exceptions are made for . . . professional status." Fisher, 178 F.R.D. at 199. As such, to pay Jaffe an amount to cover his "lost commissions" would run contrary to Section 1821. Jaffe's motion to quash or pay him reasonable compensation for time spent in his deposition is denied.

J.S.M.