UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESTFIELD INSURANCE COMPANY,

Plaintiff,

v.

WEIS BUILDERS, INC., et al.,

Defendants.

CIVIL NO. 00-987 (JNE/JSM)

FINAL PRETRIAL
SCHEDULING ORDER

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on before the undersigned on May 27, 2003 upon a status conference with regard to some of the parties request to amend the Scheduling Order to extend deadlines and issues relating to the deposition of third-party deponent, Scott Vanderberg. Chad Stepan, Esq. appeared on behalf of Weis Builders, Inc.; G. John Veith, Esq. appeared on behalf of Chris Craft Industrial Products, Inc.; William Hull, Esq. appeared on behalf of Elness, Swenson Graham Architects, Inc.; Steven Rau, Esq. appeared on behalf of Promenade Village Townhomes, L.L.C.; Patrick Reilly, Esq. appeared on behalf of Colloid Environmental Technologies, Co.; Leo Brisbois, Esq. appeared on behalf of Valley Forge Insurance Company; Rolf Sonnesyn, Esq. appeared on behalf of J-Berd Mechanical Contractors, Inc.; Joseph Springer, Esq. appeared on behalf of General Investment & Development, Co.; and Mark Brown appeared on behalf of Waterproofing by Experts, Inc. There was no appearance on behalf of Plaintiff Westfield Insurance Company.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

MAY 2 8 2003

IT IS HEREBY ORDERED pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, for the reasons set forth in the Memorandum following this Order, the following schedule shall govern these proceedings.

Pleadings and Disclosures

November 8, 2000 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

February 3, 2001 - All motions which seek to amend the pleadings or add parties must be served and filed. This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages or to certify a class. A motion for punitive damages must be brought on or before the nondispositive motion deadline.

Discovery and Nondispositive Motions

Discovery

**July 1, 2003 -** All fact discovery of any kind, shall be commenced in time to be completed by this date.

Expert Discovery

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

**July 15, 2003 - Promenade Village**
**August 15, 2003 - All Other Parties**

**September 15, 2003 -** All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

Nondispositive Motions

**September 20, 2003 -** All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by this date. Prior to scheduling any non-dispositive motion, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge. To the extent that formal discovery

motions will be filed, nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions

**November 15, 2003** - All dispositive motions shall be served, filed and scheduled by this date. Counsel are reminded to schedule this hearing by calling Calendar Clerk Sherri Frette, 651-848-1236. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial as **November 15, 2003**, if no dispositive motion is filed, or upon resolution of any dispositive motion, but no later than **February 1, 2004**. The parties estimate that trial of this Jury matter will take six weeks.

General

No more than 5 depositions shall be taken by plaintiff.

No more than 15 depositions shall be taken by defendants collectively.

No more than 25 Interrogatories (including all subparts) shall be served by any party.

Each party may depose no more than 3 experts.

**No further requests or motions for extensions of deadlines covered by this Final Pretrial Scheduling Order will be considered by the Court.**

Dated: May 28, 2003

JANIE S. MAYERON
United States Magistrate Judge

MEMORANDUM

The parties in this action have requested that the Scheduling Order be amended to extend the deadline for discovery in order to complete six depositions. The requested extension has varied from 30 to 45 days. This Court will extend the fact discovery deadline by 30 days and will extend all other deadlines affected by the change in the fact discovery deadline, as set forth in the above Final Pretrial Scheduling Order. Although the Court appreciates scheduling difficulties that can arise out multi-party litigation, it has been over three years since this matter has been commenced and this is the sixth amendment to the schedule. Accordingly, further requests for extensions will be denied.

Another issue that arose during the pretrial conference dealt with the deposition of Scott Vanderberg ("Vanderberg"), an employee of General Investment & Development, Co. ("GID"). Vanderberg is a non-party deponent located in Washington D.C., whose deposition was noticed on May 1, 2003, by Elness Swenson Graham Architects. Originally, GID indicated that it would produce Vanderberg for a deposition in Boston without a subpoena on May 28, 2003, and counsel for the parties made travel arrangements accordingly. Counsel for GID subsequently indicated that if the parties sought to go forward with Vanderberg's deposition on May 28, 2003, they must sign a stipulation agreeing that no further depositions or discovery of GID or its employees will take place. The reason for this position is that while no request for documents was made upon GID or Vanderberg to produce documents at Vanderberg's deposition, GID voluntarily disclosed that it has issued a Request for Proposals ("RFP") regarding repairs to Promenade Oaks property, and that it expected to receive responses to the RFP later this week, but after May 28, 2003, the date scheduled for Vanderberg's deposition. GID indicated it would produce the bids, but requested the parties postpone Vanderberg's deposition until after

the bids had been received. The parties would not agree to the postponement. As a consequence, GID indicated it would go forward with the deposition of Vanderberg on May 28, and produce the bids within three business days of their receipt, but that it would not agree to further depositions or discovery of GID or its employees after May 28. The parties complain that GID agreed to the deposition of Vanderberg on May 28, that they made travel plans, and now GID is placing improper limitations on their right to do further discovery against GID.

This Court believes that in light of its order to extend the deadline for fact discovery to July 1, 2003, and GID's willingness to produce Vanderberg for deposition after it receives and produces the bids to the RFP, that the concerns raised by GID and the parties can now both be met. It is the recommendation of this Court, given that an extension for discovery has been granted, that the parties wait to depose Vanderberg until after the bids to the RFP has been produced. This way, the parties seeking the deposition of Vanderberg will be assured that they will have an opportunity to ask him questions regarding these documents, and GID can avoid the disruption of multiple depositions. Should the parties choose to proceed with Vanderberg's deposition on May 28, the Court will address any issues regarding further discovery against GID (if it has the authority to do so), when and if they arise.

In addition, there is an issue regarding the amount of time Vanderberg may be deposed. The parties believe that given the number of attorneys attending his deposition and the topics to be covered, that it is unlikely that they will finish his deposition in one day and they do not want to have to incur the time and expense of returning to the East Coast to complete his deposition at another time. Counsel for Vanderberg notes that the parties have already had two days of deposition with GID in April, and that depending on how

Vanderberg's deposition proceeds and the amount of additional time requested, that he is not opposed to working with counsel to accommodate their request for more time, if needed. The Court believes that it is premature to make a decision on the amount of time needed for Vanderberg's deposition. At the same time, the Court recognizes that it may be difficult and costly for counsel and Vanderberg to find another day before July 1, 2003, to complete Vanderberg's deposition, and that the parties have a history of taking multiple-day depositions. Therefore, the Court recommends to GID's counsel that Vanderberg set aside an extra day for additional deposition time, without waving his right to object to additional time for his deposition once the seven hours allotted by Fed. R. Civ. P. 30(d)(2) has expired. The Court also informed counsel at the status conference, that if any conflicts arise regarding the request for extra deposition time, the parties may contact this Court by telephone in order to resolve any disputes. However, prior to calling the Court, it is recommended that the following procedure be used by counsel:

(1) Deposing counsel should use the entire time allotted for Vanderberg's deposition prior to asking for additional time.

(2) Deposing counsel should then identify to Vanderberg's counsel off-the-record those areas that counsel was not able to cover in the time allotted and identify how much additional time it would take to cover these areas.

(3) Vanderberg's counsel should then decide whether to grant deposing counsel the additional time requested to complete Vanderberg's deposition. If the request for more time is not granted, Vanderberg's counsel should inform the other counsel off-the-record the reasons for denying the request.

(4) If the parties cannot agree on the amount of additional time to be given to deposing counsel to complete Vanderberg's deposition, deposing counsel should make the request to Vanderberg's counsel on the record for additional time, and state the areas to be covered in this additional time, and Vanderberg's counsel should explain on the record the reasons for not agreeing to deposing counsel's request.

The Court also recommends that a similar procedure be followed with respect to any of the other five individuals who are to be deposed prior to the July 1, 2003 fact discovery deadline.

J.S.M.