UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESTFIELD INSURANCE COMPANY, CIVIL NO. 00-987 (JNE/JSM)

Plaintiff,

v. ORDER

WEIS BUILDERS, INC., et al.,

Defendants.

JANIE S. MAYERON, United States Magistrate Judge

This matter came on before the undersigned by hearing on June 26, 2003 upon Promenade Village Townhomes, L.L.C.'s Motion for Sanctions Against Weis Builders, Inc. [Docket No. 178]. Steven E. Rau, Esq. appeared on behalf Promenade Village Townhomes, L.L.C. and Chad J. Stepan, Esq. appeared on behalf of Weis Builders, Inc.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED:**

1. Promenade Village Townhomes, L.L.C.'s Motion for Sanctions Against Weis Builders, Inc. [Docket No. 178] is granted in part, and denied in part; and

2. Weis Builders Inc. ("Weis") is hereby ordered to produce and prepare a representative to testify on its behalf regarding Topic Nos. 1 and 2 of the Rule 30(b)(6) Notice of Deposition served on Weis by Promenade Village Townhomes, L.L.C. ("Promenade") on January 27, 2003. Weis shall designate an individual to testify on its behalf regarding these topics on or before August 29, 2003, and the Rule 30(b)(6) deposition on these topics shall take place on or before September 5, 2003. No other topics may be covered during this deposition. Failure to properly prepare a

FILED AUG 21 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

representative to testify regarding these topics may result in sanctions, including but limited to monetary sanctions against Weis, its counsel or both.

Dated: August 21, 2003

JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

## I. FACTUAL BACKGROUND

This matter arises out of claims of negligence, breach of warranty and breach of contract resulting from the construction of the Promenade Oaks Townhomes in Eagan, Minnesota. On January 27, 2003, Promenade served Weis with a Rule 30(b)(6) Deposition Notice for a deposition of Weis to take place on February 12, 2003. See Affidavit of Steven E. Rau ("Rau Aff."), Ex. A. Weis responded to Promenade's notice of deposition by identifying Peter DeSai ("DeSai") as the corporate designee that would be produced in response to the deposition notice. Id. at Ex. B. At the same time, Weis' counsel informed Promenade that DeSai had already been subjected to four days of deposition testimony, in his individual capacity, and as a consequence, would not be produced for the deposition on February 12, 2003. Id.

Promenade then submitted a stipulation to Weis which provided that Weis could forgo the Rule 30(b)(6) deposition if it would stipulate that the previous deposition testimony of DeSai taken on March 20-21, April 25, and June 12, 2002, represented the testimony of Weis with respect to the topics listed in the Rule 30(b)(6) Notice as they related to the waterproofing design issues. Id. at Ex. C. Weis refused to enter into the stipulation.

On April 15, 2003, one of the other parties to the litigation, J-Berd Mechanical Contractors, Inc. ("J-Berd"), noticed DeSai's deposition for May 14, 2003. Id. at Ex. H.[1] Promenade then served a Cross-Notice indicating its intention to take the Rule 30(b)(6) deposition of DeSai. As a result, Weis and Promenade agreed that Weis would produce DeSai for a Rule 30(b)(6) deposition on the same day that J-Berd conducted the deposition of DeSai. Id. at Exs. I & J.

On May 14, 2003, the deposition of DeSai took place. First, J-Berd questioned DeSai in his individual capacity. Then starting at 1:30 p.m., Promenade proceeded with its Rule 30(b)(6) deposition of DeSai, as Weis' designee.

The Rule 30(b)(6) notice, at issue, provided that the following topics would be covered at the deposition:

> 1. The actions taken by Weis Builders, Inc. ("Weis") in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.
>
> 2. The personnel used by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.
>
> 3. The subcontractors used by Weis in the design aspect of the "design build" process for he waterproofing of the plaza decks at Promenade Oakes.
>
> 4. The contractual and supervisory relationship between Weis and the subcontractors used in the design aspect of the "design build" process for he waterproofing of the plaza decks at Promenade Oakes.
>
> 5. The documents generated by Weis and/or its subcontractors in the design aspect of the "design build" process for he waterproofing of the plaza decks at Promenade Oakes.

---

1 J-Berd was apparently not a party during DeSai's prior depositions.

Id. at Ex. J.

During the Rule 30(b)(6) deposition, Weis' representative, DeSai, revealed that he had not reviewed any documents regarding the design of the waterproofing system installed in Promenade Oaks Townhomes. In this regard, DeSai testified:

> Q: In connection with this deposition notice, what did you do to prepare for it?
>
> A: I guess I spent some time with my counsel going over some project documents.
>
> Q: Okay. Was it the time that you referenced to Mr. Sonneysyn this morning?
>
> A: Yes.
>
> Q: And were those project documents that you reviewed, documents relating to the design of the waterproofing system?
>
> * * *
>
> A: No.
>
> * * *
>
> Q: What documents, if any, did you review that related to the design of the waterproofing system on the promenade plaza deck?
>
> MR. STEPAN: At what time, Steve?
>
> BY MR. RAU:
>
> Q: In connection with this deposition notice.
>
> A: I don't believe directly with any waterproofing system. We just tried to understand the design of the buildings, it was more how the different sides laid out. It wasn't directly related to waterproofing, but I am sure indirectly.

Id. at Ex. L, pp. 6-7.

Promenade's counsel proceeded with the deposition but became frustrated with what he perceived to be DeSai's inability, due to his alleged lack of preparation, to answer the questions posed to him on behalf of Weis. Consequently, after approximately 30-45 minutes of questioning, Promenade terminated the deposition of DeSai based on his being allegedly unprepared to answer questions. Id. at Ex. L, 29-31; see also Weis Builders, Inc.'s Memorandum of Law in Opposition to Promenade Village Townhomes, L.L.C's Motion for Sanctions at p. 6. The other parties continued with the Rule 30(b)(6) deposition to its conclusion.

Promenade now seeks an order from this Court granting sanctions against Weis, on grounds that Weis' designated representative for the deposition, DeSai, did not answer the questions put to him on the topics set forth in the Rule 30(b)(6) Deposition Notice, and he was not properly prepared to answer these questions on behalf of the organization. The sanctions Promenade seeks are: (1) prohibiting Weis from introducing any evidence that has not already been supplied by earlier discovery with regards to all the topics listed in the Rule 30(b)(6) Notice at issue, and (2) costs and attorneys' fees incurred by Promenade in order to address Weis' failure to comply with Rule 30(b)(6), in the amount of $2,678.80.

## II. DISCUSSION

Federal Rule of Civil Procedure 30(b)(6) provides in relevant part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf,

> and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

(Emphasis added).

A party responding to a Rule 30(b)(6) notice "'must make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designate subject matter.'" Dwelly v. Yamaha Motor Corp, USA, 214 F.R.D. 537, 540 (D. Minn. 2003) (quoting Starlight Intern., Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan 1999), citing Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995)); see also Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000) (finding that a corporation is obligated to prepare the designees under Rule 30(b)(6)) (citation omitted). Rule 30(b)(6) only works properly if the noticing party specifically designates the deposition topics and the responding corporation produces individuals who will satisfy the request and prepare them to provide complete and knowledgeable answers on behalf of the corporation. Dwelly, 214 F.R.D. at 540.

Here, the record establishes that DeSai did little to prepare himself as the corporate designee for Weis on the focus of the deposition, i.e., the design aspect of the waterproofing system. See Ex. L at pp. 6-7. Instead, it appears that as Vice President of the Weis' Chicago Office and project manager of the Promenade project, DeSai relied upon his own knowledge, memory and general review of the project file to answer on behalf of the company the questions put to him.

Rule 30(b)(6) requires that the person "so designated shall testify as to matters known or reasonably available to the organization." If the information sought from the organization is "known" by the person designated to answer on its behalf, the organization has fulfilled its obligation. However, if the information is not known by this person, and the information is reasonably available to the organization, the designee must be prepared to testify about that information. Therefore, simply showing that DeSai failed to review documents regarding the design aspect of the waterproofing system does not decide the issue – the issue will be decided based on the record before the Court as to whether DeSai answered the questions related to the topics listed in the deposition notice, and if not, whether the information was known or reasonably available to the organization.

**A. Topic 1: The actions taken by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.**

In order to determine whether Weis supplied a knowledgeable representative for Topic No. 1 of its Rule 30(b)(6) deposition, it is necessary to review DeSai's deposition testimony on this topic.

Testimony Elicited by Promenade's Counsel

- When asked which possible waterproofing subcontractors were interviewed by Weis for the Promenade project, DeSai was able to testify that Weis interviewed three potential subcontractors, Waterproofing by Experts ("WBE"), Brent Anderson ("Anderson"), and Kramer Davis ("Davis"). See Ex. L at p. 9. However, DeSai did not know who was invited to submit proposals or how many people were asked to submit bids. Id. at pp. 9-10.

- DeSai was able to testify regarding the general methods used to obtain bids. Id. at pp. 10-11.

- DeSai lacked information to respond to how Weis solicited bids from potential waterproofing subcontractors (whether by mail, telephone or a combination). Id. at p. 12.

- DeSai was able to testify that Weis met with potential waterproofing subcontractors WBE, Anderson, and Davis. Id. at p. 13. He was also able to describe the general purpose of the meetings with these potential subcontractors, and was able to testify regarding the presentation by WBE. Id. at p. 14-15. DeSai was not able to respond to counsel's question regarding other bids Weis received. Id. at p.13. He also could not recall whether WBE provided supplemental proposals. Id. at 14-15.

- DeSai testified that he took notes of the meetings with the potential waterproofing subcontractors, but that he did not know if Les Lawson, superintendent on the Promenade project, who also was present for the presentations by the subcontracts, took notes. DeSai also testified that he did not review his notes from these presentations in preparation for the deposition, but he was not asked to testify regarding the contents of his notes. Id. at pp. 15-16.

- DeSai was able to testify regarding the factors or criteria used to evaluate the proposals by WBE, the contents of the proposals submitted by the three potential waterproofing subcontractors, and that these proposals were submitted to the owners and the project "team." Id. at pp. 19-21, 28-29. However, DeSai had difficulty remembering who else was at the presentation meeting with WBE or the other two subcontractors. Id. at pp. 16-18. In addition, he did not know if he or Lawson spoke to others at Weis regarding the three proposals before Weis spoke to the architects. Id. at pp.16-17, 19. Moreover, DeSai testified that there was a two-page memo that was presented to the team regarding the proposals by the three subcontractors. Id. at pp. 21-22. DeSai did not review the two-page memo prior to his deposition, but he was not asked to testify regarding the contents of the memo. Id. at p. 21.

- DeSai testified that there were certain action items that needed to be done by the three potential waterproofing subcontractors as a follow-up to their initial presentations, and that Weis did interim reporting to the owner team regarding the results of those action items. Id., at p. 22. The follow-up action items with the three subcontractors were set out in pre-construction minutes. DeSai testified that he did not review those minutes for the deposition, but he was not asked to testify regarding the contents of them. Id., at p. 23.

- DeSai testified about the calling of references on the three subcontractors but could not provide specifics. Id. at pp. 23-25.

- DeSai testified regarding the basis for the decision not to go with Brent Anderson. Id., p. 25.

- DeSai testified that the manufacturing data was provided to the architects and owners. DeSai did not review the manufacturing data in preparation for his deposition, but he was not asked to testify regarding about their contents. Id., at p. 29.

Testimony Elicited from other Counsel

- DeSai testified that WBE met with architect and the owner but could not recall with regards to the other two potential subcontracts, Anderson and Davis. Id. at p. 32.

- DeSai testified that WBE presented multiple waterproofing systems to Weis, however, he could not recall what those alternative systems were and could not testify regarding what other waterproofing systems Davis proposed, even though he could recall that Davis proposed more than one type of system. Id. at pp. 33-34.

- DeSai was able to generally explain the characteristics that distinguished WBE's systems from the other possible subcontractors' systems, the criteria used Weis in selecting a waterproofing system, and Weis' budget for the waterproofing system. Id. at pp. 35-37. In addition, DeSai testified regarding the architect's involvement in setting the criteria for Weis in connection with the waterproofing system. Id. at pp. 37-39.

- DeSai was also able to testify that Weis did not use consultants in the processes of selecting a waterproofing system, and that aside from the WBE contract, Weis did not contract with anyone else for the design of the waterproofing system. Id. at p. 40.

- DeSai was able to testify that Tom Healey told DeSai they wanted a "design build" system. Id. at p. 44.

- DeSai was able to testify that he personally told each of the three prospective bidders what Weis meant by "design build" and he also testified that Weis representatives reviewed everything submitted by the three prospective bidders. Id. at pp. 46-47.

- Further, DeSai was able to testify that SetCo information was given to the owners Healey Ramm, that he personally reviewed the SetCo information, that Elness Swenson Graham Architects, Inc. ("ESG") also reviewed the

SetCo information, and that he was able to generally testify about the presentation by SetCo to the owners. Id. at pp. 48-50, 56.

- Lastly, DeSai testified that he referred the three bidders to the Southwind Project. Id. at p. 50.

Pursuant to Federal Rules of Civil Procedure 37(d), Promenade has requested sanctions in the form of precluding Weis from entering any evidence regarding Topic No. 1 that has not yet been disclosed during discovery. When it is shown that a Rule 30(b)(6) representative was not knowledgeable regarding designated topics, it is the same as failing to appear for the purposes of imposing sanctions under Rule 37(d). See Resolution Trust Corp. v. Southern Union Co., 985 F.2d 196, 197 (5th Cir. 1993) (finding that when a corporation designates an agent to testify on its behalf and that agent is not knowledgeable about the designated topics, "then the appearance is, for all practical purposes, no appearance at all."); see also Starlight Intern. Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999). Rule 37(d) provides that the sanctions listed in Rule 37(b)(2) may be imposed as a sanction for a failure to appear. Rule 37(b)(2)(B) provides that a court may prohibit a disobedient party from introducing designated matters into evidence.

Here, the record indicates that DeSai was answering questions regarding Topic No. 1 based primarily on his memory. The record also shows that DeSai's memory contained many gaps, as is evidenced by his inability to answer many of the questions that were knowable by Weis or reasonably available to it, and that DeSai did very little to augment his memory in order to prepare himself to testify on the topic on behalf of Weis. Therefore, Promenade is entitled to relief with respect to Weis' failure to designate a proper person to testify regarding Topic No. 1.

However, any resulting sanctions that this Court issues must be just and related to the testimony of Weis through DeSai. See Fed. R. 37(b)(2) ("[T]he court may make such orders in regard to the failure that are just . . . ."); see also Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002). In this case, justice is not served by precluding Weis from introducing any evidence regarding Topic No. 1 that has not already been developed through prior discovery, when there is a less drastic measure available to remedy DeSai's inadequate testimony. It is clear that Promenade's initial goal in deposing Weis under Rule 30(b)(6) was to obtain information regarding, in part, the actions taken by Weis in the design aspect of the "design build" process for he waterproofing of the plaza decks at Promenade Oakes. As such, this Court finds that the appropriate sanction is to require Weis to again produce and prepare a representative to testify on its behalf at a Rule 30(b)(6) deposition regarding its knowledge of the actions taken by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.

**B. Topic 2: The personnel used by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.**

With respect to Topic No. 2 and Promenade's request for sanctions, the record shows that while DeSai knew that he, Les Lawson and Tim Reiner were the individuals that put the package together (Ex. L at p. at 11), he did not know who within Weis solicited the bids for the waterproofing system and did not undertake an independent investigation to determine who solicited the bids. Id. at p. 11-12. Further, DeSai could not testify as to whom, other than himself, from Weis attended the presentation meeting by WBE or the two other subcontractors. Id. at 16-17. Lastly, DeSai could not testify if

he or Les Lawson spoke to other individuals at Weis regarding the three proposals before Weis spoke to the architects. Id. at 19.

The Court finds that while DeSai could not, relying upon his own memory, answer the questions put to him regarding the personnel used by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes, the information was known or reasonably available to Weis, and that with adequate investigation and preparation, DeSai could have answered the questions put to him. Therefore, this Court finds that the appropriate sanction to require Weis to again produce and prepare a representative to testify on its behalf at a Rule 30(b)(6) deposition regarding its knowledge of the personnel used by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.

**C. Topic 3: The subcontractors used by Weis in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.**

Promenade has requested that this Court level sanctions against Weis in the form of precluding Weis from introducing any evidence that has not already been supplied through earlier discovery regarding any of Topic No. 3 of its Rule 30(b)(6) deposition notice to Weis. In response to this topic, DeSai testified that they hired WBE as the waterproofing subcontractor, as Weis were experts in their field. Promenade has not provided any argument to this Court as to the additional information it was seeking from Weis on this topic about which DeSai could not testify. In fact, a review of DeSai's transcript establishes that the majority of counsel's questioning dealt with the bidding and selection process regarding the waterproofing subcontractor for the Promenade

project, as opposed to the subcontractor actually used by Weis. Promenade did not develop a sufficient record to determine if DeSai could have answered other questions regarding WBE, the waterproofing subcontractor actually used in the "design build" process. As such, this Court denies Promenade's Motion for Sanctions with regards to Topic No. 3.

**D. Topic 4: The contractual and supervisory relationship between Weis and the subcontractors used in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.**

Promenade has made a request for an order from this Court precluding Weis from introducing any evidence regarding Topic No. 4 that has not yet been produced, as a sanction for not preparing DeSai for the Rule 30(b)(6) deposition. Upon review of the deposition transcript of DeSai, this Court finds that Promenade did not ask any questions dealing with the contractual and supervisory relationship between Weis and the subcontractors used for the waterproofing of the plaza decks at Promenade Oakes. Therefore, this Court denies Promenade's Motion for Sanctions as it relates to Topic No. 4, as there is no record before this Court to determine whether DeSai was or was not knowledgeable regarding the topic.

**E. Topic 5: The documents generated by Weis and/or its subcontractors in the design aspect of the "design build" process for the waterproofing of the plaza decks at Promenade Oakes.**

Promenade argues that DeSai was not prepared to discuss documents generated by Weis or its subcontractors in the design aspect of the "design build" process for he waterproofing of the plaza decks at Promenade Oakes. See Promenade Memo. at pp. 11-12. There are several instances where DeSai testified about documents generated during the process of selecting a waterproofing subcontractor but

also testified that he failed to review these documents prior to the deposition. In this regard:

- DeSai testified that he took notes of the meetings with the various subcontractors, and he did not know if Lawson took notes. Ex. L at 15. Desai stated that he did not review his notes. Id. at 16.

- DeSai testified that there was a two-page memo that was presented to the "team". Id. at p. 21. However, he did not review the two-page memo prior to the deposition. Id.

- DeSai testified that follow-up action items with the three subcontractors were set out in the pre-construction minutes. Id. at 22-23. Again, DeSai testified that he did not review those minutes for the deposition. Id. at 23.

- Desai testified that the three subcontractors provided a 1-3 page proposal and perhaps some product manufacture information. Id. at 26. Desai then testified that he did not review any of these documents in preparation for the deposition. Id. at 27.

- Desai testified that manufacturing data was provided to the architects and owners but that he did not review these documents in preparation for his deposition. Id. at 29.

It is evident by DeSai's Rule 30(b)(6) deposition testimony that DeSai did not review many documents in preparation of the deposition. However, the test is not merely whether DeSai reviewed the relevant documents, but whether Weis provided an individual knowledgeable regarding the documents. While it is true that DeSai testified that he did not review certain documents prior to his deposition, bearing on Topic No. 5, Promenade's counsel did not ask any follow-up questions to determine whether DeSai knew the contents of these documents. Without this follow-up questioning, there is not an adequate record before this Court to determine whether DeSai was able to testify regarding Weis' knowledge of documents generated by it or its subcontractors in the design aspect of the "design build" process for the waterproofing of the plaza decks at

Promenade Oakes. As such, Promenade's Motion for Sanctions is denied as it relates to Topic No. 5.

**F. Monetary Sanctions**

With respect to Promenade's motion for attorney's fees and costs in the amount of $2,678.80 incurred in connection with Weis' failure to provide a knowledgeable Rule 30(b)(6) representative, Promenade's motion is denied. Under Rule 37(d), if a Rule 30(b)(6) representative fails to properly testify, the deposing party may recover attorneys' fees and costs. In this regard, Rule 37(d) states in part:

> In lieu if any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

In this case, Promenade's request for an award of attorneys' fees and expenses is denied. Monetary sanctions are not appropriate where, with the exception of Topic Nos. 1 and 2, Promenade has not obtained any relief. Monetary sanctions are also not warranted, as it is impossible for this Court, given the information provided, to determine how much time Promenade's counsel spent on Topic Nos. 1 and 2 versus all the other designated topics listed in the Rule 30(b)(6) Notice. Further, the requirement of having Weis subjected to another Rule 30(b)(6) deposition as it relates to Topics Nos. 1 and 2 serves as an adequate sanction for Weis' actions or inactions. Therefore, this Court finds that under the circumstances of this case an award of fees and expenses is not warranted.

J.S.M.