UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESTFIELD INSURANCE COMPANY,

Plaintiff,

v.

WEIS BUILDERS, INC., et al.,

Defendants.

CIVIL NO. 00-987 (JNE/JSM)

ORDER

The above matter came on before the undersigned on December 4, 2003 on a telephonic conference at the request of J-Berd Mechanical Contractors, Inc. Appearances were as follows: Rolf Sonnesyn, Esq. on behalf of J-Berd Mechanical Contractors, Inc.; Chad Stepan, Esq. on behalf of Weis Builders, Inc.; Jonathan Bye, Esq. on behalf of Mikesh, Inc.; William Hull, Esq. on behalf of Elness Swenson Graham Architects, Inc.; Steven Rau, Esq. on behalf of Promenade Village Townhomes, L.L.C.; Stacy Seever on behalf of Valley Forge Insurance Company; Ben Bohnsack, Esq. on behalf of Colloid Environmental Technologies Company; and Mark Brown, Esq. on behalf of Waterproofing By Experts, Inc.

The issue presented to the Court was as follows: Weis Builders, Inc. had previously served upon J-Berd a motion for summary judgment that apparently included a declaratory judgment claim J-Berd and Waterproofing By Experts had breached contractual duties to defend, indemnify and procure sufficient insurance coverage. This motion is scheduled to be heard on January 12, 2004 before Judge Ericksen. According to J-Berd, no breach of contract or declaratory judgment claim had been asserted by Weis Builders to date. In an apparent effort to rectify that situation, Weis Builders recently scheduled a motion to

FILED DEC 0 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

amend its Third-Party Complaint against J-Berd scheduled to be heard by this Court on December 29, 2003. It is the position of J-Berd that Weis Builders' motion for summary judgment is not properly before the Court on the issue of the declaratory judgment or breach of contract claim because these claims have not been pled against J-Berd, and no decision has been rendered by this Court that an amendment to add these claims is proper. It is also the position of J-Berd that the summary judgment motion by Weis Builders will be completely briefed and filed with Judge Ericksen prior to any hearing or determination as to the appropriateness of any proposed amendments to Weis Builders' Third-Party Complaint.

Weis Builders took the position that its motion for summary judgment is properly before the Court because in its Third-Party Complaint against J-Berd, it had made indemnity claims against them. In this regard, Weis Builders argued that based upon the parties' contract, J-Berd had duties to indemnify Weis Builders in this case and that those duties can be established on summary judgment. Weis Builders also argued that it was moving for summary judgment on its breach of contract claim because J-Berd had breached its contract when it failed to procure the types and limits of insurance that in the contract it promised to obtain, and that it was moving to amend the Third-Party Complaint to add the breach of contract claim to conform the pleadings to the evidence. Weis Builders then presented a variety of different grounds for permitting the amendment of its breach of contract claim against J-Berd. J-Berd countered Weis Builders' arguments by contending that it should be able to defend against Weis Builders' filing of the motion to amend to add the breach of contract claim and that a decision on that issue should be rendered prior to it having to respond to the unpled claim in response to Weis' motion for summary judgment.

Waterproofing By Experts stated that the same issues raised by J-Berd applied to it, i.e., that Weis Builders was moving for summary judgment against it based on the same unpled claims. Waterproofing By Experts joined in J-Berd's arguments and request for relief.

Counsel for all of the parties also indicated that there were a number of summary judgment motions scheduled among the parties for January 12, 2004 before Judge Ericksen, and not just the motions for summary judgment by Weis against J-Berd and Waterproofing By Experts.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Weis Builders' motion to amend the pleadings to add its declaratory judgment/breach of contract claims against J-Berd (and Waterproofing By Experts, if Weis Builders is making a similar motion as to it) shall be heard on December 29, 2003 at 3:30 p.m. before the undersigned in Courtroom 628B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. The hearing on all motions for summary judgment presently scheduled for January 12, 2004 is canceled and shall be rescheduled by the parties immediately following this Court's decision on Weis Builders' motion to amend the pleadings against J-Berd (and Waterproofing By Experts, if such a motion is brought against it).

3. J-Berd's response (and Waterproofing By Experts' response, if Weis Builders did bring a motion to amend the pleadings against it) to Weis Builders' motion for summary judgment shall served 14 days after the date of this Court's Order on Weis Builders' motion to amend the pleadings. Weis Builders' reply to its summary judgment motion against

J-Berd (and Waterproofing By Experts, if Weis Builders brought a motion to amend the pleadings against it) shall be served on J-Berd (and Waterproofing By Experts) and the entire summary judgment submission with respect to its motion against J-Berd (and Waterproofing By Experts) shall be filed 21 days after the date of this Court's Order on Weis Builders' motion to amend the pleadings.

4. Upon receipt of this Court's order on Weis Builders' motion to amend the pleadings, Weis Builders and the other parties shall contact Judge Ericksen's Calendar Clerk, Sheri Frette, 651-848-1236, to reschedule all of the motions for summary judgment that were scheduled to be heard on January 12, 2004.

5. All parties not involved in Weis Builders' motion to amend the pleadings against J-Berd (and Waterproofing By Experts), shall proceed with the original schedule for service and filing of their respective summary judgment motions and responses. In this regard, Elness Swenson Graham Architects, Inc., Promenade Village Townhomes, L.L.C., Valley Forge Insurance Company, Colloid Environmental Technologies Company, Healey Ramme Co., Chris Craft Industrial Products, Inc., Heller Financial Inc., General Investment and Development Co., Phillip Jaffe, Mikesh, Inc. and Westfield Insurance Company shall file responses to any summary judgment motions previously served against them on Monday, December 8, 2003, and any reply to these motions by the moving party shall be served and filed on December 15, 2003. Thus, those parties not affected by the dispute involving an unpled amendment to the pleadings between Weis Builders and J-Berd (and Weis Builders and Waterproofing By Experts if such a motion was brought by Weis Builders against Waterproofing By Experts) shall proceed with the original briefing schedule so as to ensure that their dispositive motions and responses are served, filed and submitted to Judge Ericksen consistent with this Court's Final Pretrial Scheduling Order

dated September 4, 2003, setting the deadline for dispositive motions by December 15, 2003.

Dated: December 5, 2003

JANIE S. MAYERON
United States Magistrate Judge

MEMORANDUM

Weis Builders has brought a motion to this Court to amend the pleadings against J-Berd that impacts the nature and contents of J-Berd's response to Weis' summary judgment motion against J-Berd. This Court concludes, with the agreement of Judge Ericksen, that the issue of whether to permit the amendment of the pleadings to add a breach of contract claim or declaratory judgment claim, must be decided before a motion for summary judgment can be entertained on this issue. It is not appropriate for J-Berd to have to respond to a claim which has yet to be permitted by this Court in response to Weis Builders' motion for summary judgment. In addition, in order to ensure that the summary judgment motions are not presented to Judge Ericksen piecemeal, the hearing on all motions for summary judgment will take place after a decision by this Court on Weis Builders' motion to amend the pleadings. However, a number of other parties to this case are not affected by the outcome of Weis Builders' motion to amend the pleadings, and there is no reason to alter the briefing and submission schedule with respect to those motions. For all of these reasons, this Court is canceling the hearing before Judge Ericksen on the motions for summary judgment scheduled for January 12, 2004 and keeping the briefing schedule in place for those parties not affected by Weis Builders' motion to amend the pleadings. The hearing for all summary judgment motions will be scheduled after this Court has decided Weis Builders' motion to amend the pleadings.

J.S.M.