UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESTFIELD INSURANCE COMPANY,

Plaintiff,

v.

WEIS BUILDERS, INC., et al.,

Defendants.

CIVIL NO. 00-987 (JNE/JSM)

ORDER

The above matter came on for hearing before the undersigned on December 29, 2003, upon Weis Builders, Inc.'s Motion to Amend Third-Party Complaint [Docket No. 266]. Appearances were as follows: Mark Gwin, Esq. on behalf of Westfield Insurance Co; Rolf Sonnesyn, Esq. on behalf of J-Berd Mechanical Contractors, Inc.; Chad Stepan, Esq. on behalf of Weis Builders, Inc.; Jonathan Bye, Esq. on behalf of Mikesh, Inc.; Leo Bribois, Esq. on behalf of Valley Forge Insurance Company; Patrick Rielley, Esq. on behalf of Colloid Environmental Technologies Company; John Veith: Counsel for Chris Craft Industrial Products; and Mark Brown, Esq. on behalf of Waterproofing By Experts, Inc. No appearances were made on behalf of Elness Swenson Graham Architects, Inc. or Promenade Village Townhomes, L.L.C.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Weis Builders' ("Weis") Motion to Amend its Third-Party Complaint [Docket No. 266], is **GRANTED**. Weis shall serve its Amended Third-Party Complaint on JBerd Mechanical Contractors, Inc. ("J-Berd") and Waterproofing By Experts ("WBE") within

FILED JAN 0 7 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

three days from the issuance of this Order. J-Berd and WBE shall file and serve their respective answers to Weis' Amended Third-Party Complaint within 10 days from the issuance of this Order.

2. J-Berd and WBE will be allowed to conduct discovery only on the claims and defenses raised by the amended portion of Weis' proposed Amended Third-Party Complaint. No other party in this action, including Weis, may conduct any additional discovery in this matter.

3. All discovery permitted by this Order shall be completed within 45 days of this Order, in accordance with the following schedule:

a. J-Berd and WBE shall serve any written discovery on Weis within 10 days of this Order.

b. Weis shall serve its response to this written discovery (including production of documents) within 10 days of service of the discovery on it.

c. Any depositions shall take place within 45 days of this Order.

4. Briefing of Weis' summary judgment motion against J-Berd and WBE shall be in accordance with the following schedule:

a. WBE and J-Berd shall serve and file their respective responses to Weis' motion for summary judgment 60 days after the date of this Order.

b. Weis shall serve and file any reply to WBE's and J-Berd's responses within 70 days of this Order.

c. The parties shall contact Judge Joan N. Ericksen's chambers within 5 days of this Order to set the hearing on all dispositive motions, which shall occur after March 17, 2004.

5. Service of the various pleadings governed by this Order means the pleadings are received by the opposing party on the date set by the Order.

Dated: January 7, 2004

JANIE S. MAYERON
United States Magistrate Judge

## MEMORANDUM

### I. Factual/Procedural Background

Defendant Weis Builders ("Weis") has brought a motion to this Court to amend the pleadings against third-party defendants Waterproofing By Experts, Inc. ("WBE") and J-Berd Mechanical Contractors, Inc. ("J-Berd") to add breach of contract claim against both parties to address their refusal to defend and indemnify Weis in this matter, and their failure to procure the insurance they were required to obtain in their respective contracts with Weis. WBE and J-Berd object to this proposed amendment on grounds that the motion comes too late – it impacts both their defenses at trial and the nature and contents of their responses to Weis' summary judgment motion presently pending against them.

In September 1996, Weis entered into a contract with Promenade Village Townhomes ("Promenade") to construct the Promenade Oaks Townhomes Project. In October 1996, Weis and J-Berd entered into a standard subcontract agreement in which J-Berd allegedly agreed, in part, to design and install a complete courtyard drain system at the Promenade Oak Townhomes Project ("the Project"). In February 1997, Weis and WBE entered a similar subcontract agreement in which WBE allegedly agreed to design and install a waterproofing system in the courtyard areas at the Project. Both of these

contracts required J-Berd and WBE to indemnify and save Weis harmless from any losses and damages arising out the subcontractor's work, to obtain insurance as required by Weis' general contract with Promenade, and to name Weis as an additional insured.

According to Weis, while both J-Berd and Weis did obtain insurance as required by their subcontracts, neither policy included Weis as an additional insured.

The Project subsequently experienced water leakage, causing an array of damage to the property. Weis sought indemnification from its insurance carrier Westfield Insurance Company ("Westfield") for the property damage claims arising out the alleged water problems. In April 2000, Westfield commenced a declaratory judgment action against Weis to determine its contractual obligations, if any, to Weis for the damages caused by the alleged water problems. Weis subsequently asserted claims against Promenade and Valley Forge Insurance Company, another Weis insurer, to recover its costs. Promenade cross-claimed against Weis claiming Weis is liable to it for the alleged leaks and damages.

In August 1999, Weis tendered defense of this matter to WBE and its insurer. On January 16, 2001, the insurance carrier denied Weis' tender. In March 2002, Weis again tendered the defense to WBE's insurer, and in May 2002, the insurer rejected the tender, stating that Weis was not named as an additional insured under its policies with WBE.

Weis served and filed a Third-Party Complaint against WBE on May 17, 2001, and J-Berd on June 26, 2002, seeking indemnification and contribution for all damages and attorney's fees should Weis be found liable to Promenade Village Townhomes, L.L.C. for damages pertaining to the Project.

On October 7, 2002, Weis tendered the defense of this matter to J-Berd. On November 1, 2002, J-Berd rejected the tender.

The Final Pretrial Order issued by this Court on September 4, 2003, provided for the following relevant deadlines in this case:

> February 3, 2001 - All motions which seek to amend the pleadings or add parties must be served and filed.
>
> July 1, 2003 - All fact discovery of any kind, shall be commenced in time to be completed by this date.[1]
>
> October 15, 2003 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by this date.
>
> December 15, 2003 - All dispositive motions and supporting documents shall be served, filed, and scheduled by this date.

On November 17, 2003, Weis served summary judgment motions on J-Berd and WBE seeking a declaratory judgment against both parties based on the breach of the contractual duties allegedly owed to Weis to defend and indemnify Weis, and to obtain insurance coverage naming Weis as an insured. In the summary judgment motions, Weis indicated that it would be bringing a motion to amend its third-party complaint against J-Berd and WBE.

On December 15, 2003, Weis brought a Motion to Amend its Third-Party Complaint against J-Berd and WBE to add the breach of contract claims against J-Berd and WBE. Weis argues that its motion should be granted because under Fed. R. Civ. P. 15(b), the proposed amendments merely conform the pleadings to the evidence, and

---

1 This Court allowed the deposition of Peter Desai to take place by October 15, 2003.

under Rule 15(a) the motion should be granted because the amendments will not cause prejudice to J-Berd or WBE.

## II. DISCUSSION

Weis argues that its Motion to Amend is governed by Federal Rules of Civil Procedure 15 and not Rule 16(b). See Weis Builders, Inc.'s Reply Memorandum of Law in Support of its Motion to Amend its Third-Party Complaint at p. 2. However, the Eighth Circuit, in a recent decision, has held that when a party has filed a motion to amend their complaint after the deadline provided for in a court's pretrial scheduling order, then the court may properly require, pursuant to Rule 16(b), that good cause be shown for leave to file a pleading that is out of time with that order. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (citing In re Milk Prod. Antitrust Litig., 195 F.3d 430, 436 (8th Cir. 1999)). The deadline to amend pleadings, pursuant to this Court's Final Pretrial Order, was February 3, 2001, and Weis brought its motion to amend on December 15, 2003. Since Weis brought its motion well after the deadline for amending pleadings expired, the "good cause" standard of Rule 16(b) applies to its motion to amend, whether the motion is brought under Rule 15(a) or 15(b).[2]

### A. Rule 16(b) Analysis

According to the court in Scheidecker v. Arvig Enterprises, 193 F.R.D. 630 (D. Minn. 2000), "the 'good cause' standard [of Rule 16(b)] is an exacting one, for it

[2] This Court rejects Weis' assertion that Rule 16(b) has no application to a motion to conform the pleadings under Rule 15(b). There is nothing in the Rules or case law that suggests that a Rule 15(b) motion is somehow exempt from the good-cause standard required by Rule 16 when there is a court-imposed deadline in place for all amendments to be brought. This is especially compelling here where Weis was in possession of the relevant evidence at the time of its initial pleadings against J-Berd and WBE and did not make any effort to conform its pleadings to this evidence during the nearly three years that have passed since the deadline for amending pleadings.

demands a demonstration that the existing schedule cannot be reasonably be met despite the diligence of the party seeking the extension." Id. at 632; see also Archer Daniels Midland v. Aon , 187 F.R.D. 578, 581-82 (D. Minn. 1999)(same) (quoting Rule 16(b), Federal Rules of Civil Procedure, *Advisory Committee Notes--1983 Amendment*). Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive or inadvertence and neglect, which commonly undergird an untimely Motion to Amend." Scheidecker, 193 F.R.D. at 632 (citations omitted). Rule 16(b) does not look at prejudice to the non-moving party. See Archer Daniels Midland, 187 F.R.D. at 581-82.

This Court finds good cause for permitting the amendments to the third-party complaint against J-Berd and WBE. According to Weis' counsel, they always believed that their breach of contract claims were subsumed within the contribution and indemnity claims pled against J-Berd and WBE in the original third-party complaints. It was not until Weis was preparing its motion for summary judgment that it realized that J-Berd and WBE were taking a narrower view of the claims, and that it thought it should bring this motion to clarify what it always believed was part of its case. This explanation is consistent with the fact that Weis had made it known to both J-Berd and WBE from the inception of this case, through its tender of defense to them, that it believed they were liable to defend Weis based on the subcontract provisions. This Court also does not find any evidence that the failure to amend earlier was due to inadvertence, neglect, or lack of diligence on the part of Weis.

Having concluded that Weis has met the "good cause" standard articulated by Rule 16(b), this Court now examines whether it is entitled to amend the pleadings pursuant to Rule 15.

**B. Rule 15(b) Analysis**

This Court disagrees with Weis' suggestion that its amendment merely conforms the pleadings to the evidence developed in this case to date. While it may conform the pleadings to its evidence, it ignores the evidence that needs to be developed by J-Berd and WBE to address potential defenses to the breach of contract claims, such as waiver and statute of limitations. Weis is not entitled to amend its third-party complaint against J-Berd and WBE based on Rule 15(b).

**C. Rule 15(a) Analysis**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. See, e.g., Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986) (citation omitted). The Eighth Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-1 (8th Cir. 1996) (citing Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989); Chesnut v. St. Louis County, 656 F.2d 343, 349 (8th Cir. 1981)). "'[D]enial of leave to amend may be justified by 'undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.'" U.S. ex rel. McCauley v. Best Care Home Health, Inc. Nos. Civ. 98-1261RHK/SRN, Civ. 99-1207 (RHK/SRN), 2002 WL 31248025 at *4 (D. Minn., Oct 07, 2002) (quoting United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir.2001), cert. denied, 122 S.Ct. 2593 (2002), quoting Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987)). "Delay alone is insufficient justification;

prejudice to the nonmovant must also be shown." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). See also Dennis v. Dillard, 207 F. 3d 523, 525 (8th Cir. 2000).

Based on Rule 15(a), this Court finds that Weis' proposed amendment was not sought in bad faith, nor is it futile. This Court does believe, however, that while the facts underlying the breach of contract claim are substantially similar to the facts developed during the course of discovery in connection with Weis' original third-party complaint against J-Berd and WBE[3] or are already in the possession of J-Berd and WBE,[4] permitting Weis' proposed amendment would result in some prejudice to J-Berd and WBE who have not had an opportunity to do discovery on any defenses to the contract claims. However, any prejudice that may be experienced by J-Berd or WBE, can be alleviated by permitting them to conduct limited additional discovery on the issues raised by the amendment. See Dillard, 207 F. 3d at 525 ("[A]though discovery had closed, the district court had discretion to reopen it for the limited purpose of exploring the additional defense."); G.A. Buder, III v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) ("To the extent that some additional discovery may be necessary, it is well within the district court's power to alleviate the resulting burden on

---

3 There is no dispute by the parties that both J-Berd and WBE entered into contracts with Weis that required them to indemnify and save Weis harmless from any losses and damages arising out the subcontractor's work, to obtain insurance as required by Weis' general contract with Promenade, and to name Weis as an additional insured. In addition, the parties have in their possession the relevant insurance policies.

4 J-Berd and WBE obviously have access to their own employees and documents to develop their responses to Weis' claims. For example, the parties have in their possession of Weis' tender of defense, along with J-Berd, WBE, and their respective insurers' rejection of Weis' tender of defense.

the defendants by granting a continuance or compensating them for any loss occasioned by the plaintiffs' delay.")

While it is true that permitting this additional discovery will delay the summary judgment motions and trial from proceeding as scheduled, any prejudice to J-Berd or WBE or the other parties caused by this delay, is exceeded by the potential prejudice to Weis if the Court does not permit the amendment at this time. J-Berd has argued that a possible defense to the breach of contract claim is that the statute of limitations has run on the claim. If this Court denies the amendment, forcing Weis to file a new suit to assert these claims, this defense could have greater viability than if the Court permits the amendment, and any argument about statute of limitations will be addressed in the context of Rule 15(c)(2).[5] In addition, this Court notes that this case has been continued and reset for trial five times by agreement or motion of the parties. The Court is hard-pressed to say that this case cannot withstand one more continuance.

In addition, J-Berd's argument that the amendment will require bifurcation of the case because of insurance issues and jury confusion, has no merit. Insurance has always been an issue in this case (it started out as a declaratory judgment action by Westfield against its insurers), and the parties are in no worse or different position than had Weis stated this breach of contract claim from the beginning. At the time of trial, the parties can address with the Court how to address the insurance issues that permeate this case and what steps should be taken to minimize jury confusion.

[5] Fed. R. Civ. P. 15(c)(2) provides: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ."

Finally, even if the failure to amend the third-party complaint sooner resulted from a mistake by Weis, this Court is unwilling to deny Weis' Motion to Amend given the overarching policy in the courts in seeing that parties' cases are decided on their merits, and not on the missteps of their attorneys. See Medical Graphics Corp. v. Hartford Fire Ins. Co., 171 F.R.D. 254, 257 (D. Minn. 1997) ("In considering the propriety of an amendment to a pleading, the policy of the Federal Courts, as exhorted by the Federal Rules, is to 'accept the principle that the purpose of pleading is to facilitate a proper decision on the merits,' and to avoid an approach which would relegate the process to 'a game of skill in which one misstep by counsel [might] be decisive to the outcome.'") (quoting Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

For all of these reasons, this Court grants Weis' motion to amend the third-party complaint against J-Berd and WBE.

J.S.M.