**FABYANSKE, WESTRA & HART**
A PROFESSIONAL ASSOCIATION

M.T. FABYANSKE
MARK W. WESTRA
JEREMIAH J. KEARNEY
DENNIS J. TROOIEN
SCOTT LLOYD ANDERSON
PAUL L. RATELLE
GREGORY T. SPALJ
DEAN B. THOMSON
GARY C. EIDSON
KYLE E. HART
JUDITH E. KROW
STEPHEN A. MELCHER
RICHARD G. JENSEN
THOMAS J. TUCCI
CHARLES G. CARPENTER, III
CHRISTOPHER P. CHILSTROM
JOCELYN L. KNOLL
STEVEN C. COX

SUITE 1900
800 LASALLE AVENUE
MINNEAPOLIS, MINNESOTA 55402
TELEPHONE 612-338-0115
FAX 612-338-3857
WWW.FWHLAW.COM

JULIE A. DOHERTY
AARON A. DEAN
SCOTT A. JOHNSON
DYANNA L. STREET
PATRICK J. LEE-O'HALLORAN
FREDERICK H. LADNER
TOWLE H. NEU
NATHAN E. RAY
THERESA A. PETERSON
THEODORE V. ROBERTS
MICHAEL A. ROSOW
MATTHEW T. COLLINS
BRITTNEY L. DOHERTY
DANIEL J. GILCHRIST

OF COUNSEL:
GORDON P. HEINSON

RETIRED:
B.C. HART

July 16, 2004

EMAIL DTHOMSON@FWHLAW.COM
DIRECT (612) 359-7624

**VIA MESSENGER**

Honorable Joan N. Ericksen
United States District Court
705 Federal Building
316 North Robert Street
St. Paul, MN 55101

**Re: Westfield Insurance Company v. Weis Builders, Inc., et al.**
**Court File No.: 00-CV-987 JNE/JSM**

Dear Judge Erickson:

Pursuant to D. Minn. LR 7.1(g) please accept this letter as Weis Builders, Inc.'s ("Weis") request for reconsideration of two insurance issues in your July 1, 2004, Order.

Cost of Remedial Work.

Based on *Bright Word Corp. v. Bankers Standard Ins. Co.*, 665 N.W.2d 544, 549 (Minn. Ct. App. 2003), the Court found that the portion of the $669,022 that Weis spent on remedial measures was intentional and, therefore, not recoverable. *Order* at 16. Weis asks for reconsideration because this conclusion is inconsistent with the reasoning in the rest of the Order and controlling Minnesota Supreme Court authority.

The first question in this general liability insurance dispute is was there "property damage", and the answer is, yes. The next question is whether the damage constituted an accidental "occurrence". In this regard, the Court properly ruled that the initial water damage to the carpet and drywall was accidental and, therefore, an "occurrence". In evaluating the existence of an "occurrence," however, the Court should have limited its analysis to the initial injury (i.e., the water damage) and not extended its "occurrence" analysis to the repair that Weis was legally obligated to perform because of the water damage.

Once an occurrence of property damage is found (and if no exclusion or endorsement bars coverage), the question becomes what "sums . . . [does] the insured become legally obligated to pay as damages because of . . . 'property damage'." *Order* at 15. The occurrence of

property damage was the damage the leaks caused. Weis was legally obligated to stop those leaks. In the words of the Court's decision, Weis repairs were causally related to the initial leaks. Thus, the repairs are covered by the policy, not as "occurrences" of property damage, but as "damages because of . . . 'property damage,'" which the policy promises to pay.

*Brightwood* improperly confuses the concept of an initial, underlying "occurrence" of accidental property damage with the subsequent duty to repair that damage. The latter obligation to repair is always "intentional" in that one is always legally obligated to pay for the repair of property damages one causes. This subsequent repair is not the "occurrence" that triggers coverage. The damage caused by the leaks is the "occurrence." The subsequent, intentional repair is precisely what the policy promises to cover as "sums . . . the insured becomes legally obligated to pay as damages because of property damages."

In *Wanzek Construction, Inc. v. Employers of Wausau*, 667 N.W.2d 473, 477 (Minn. Ct. App. 2003), the Minnesota Court of Appeals recognized the distinction between an initial occurrence of property damage and its subsequent repair and found the intentional repair to be covered. The Supreme Court affirmed. *Wanzek Construction, Inc. v. Employers Insurance of Wausau*, 679 N.W.2d 322 (Minn. 2004). Therefore, Weis asks the Court for leave to file a motion for reconsideration to present further reasons why the Court should follow the controlling Minnesota Supreme Court authority in *Wanzek* and find that Weis' repair costs are covered by the policy.

<u>The Conflict in the Endorsements</u>

In addition, Weis requests that the Court reconsider the portion of its decision holding that the endorsements are not inconsistent. *Order* at 13. Weis agrees with the Court's reading of the third endorsement. The third endorsement is nevertheless inconsistent with the first endorsement, not merely because the *titles* of the endorsement are different, but because the *text* and *coverage* of the endorsements are inconsistent. The third endorsement excludes design work by Weis, but not its subcontractors. The first endorsement excludes design work by Weis and its subcontractors. Clearly, there is a conflict between the scope of these two endorsements, which were both intended to address the same risk of coverage for design errors. The broader first endorsement renders the narrower third endorsement moot. It is axiomatic that any inconsistency between the two endorsements must be read against the insurer. Therefore, Weis requests leave to file a motion to reconsider this portion of the Court's decision in order to present additional arguments as to why the first endorsement cannot apply to this dispute.

Very truly yours,

s/Dean B. Thomson

Dean B. Thomson

DBT/dd/70426.018
cc: Counsel of Record

\\file1\vol1\PL\DBT\341347.doc