COUSINEAU McGUIRE & ANDERSON Chartered

ATTORNEYS AT LAW
600 TRAVELERS EXPRESS TOWER
1550 UTICA AVENUE SOUTH
MINNEAPOLIS, MN 55416-5318
(952) 546-8400
FACSIMILE (952) 546-0628
WEBSITE: www.cousineaulaw.com

ATTORNEYS AT LAW
NORTHERN WISCONSIN/
MICHIGAN OFFICE
IRONWOOD, MI
(800) 877-8661

**REPLY TO MINNEAPOLIS**

WILLIAM F. DAVERN*
PETER G. VAN BERGEN‡
JAMES R. WALDHAUSER
THOMAS P. KIESELBACH*
BARBARA A. BURKE‡
JAMES L. HAIGH
MICHAEL W. McNEE*
MARK A. GWIN‡
JOHN T. THUL*
MARK A. KLEINSCHMIDT*
THOMAS F. COLEMAN
SUSAN M. PASCH
RICHARD W. SCHMIDT*
SUSAN D. THURMER*∀
LISA F. KINNEY*†
MICHAEL D. BARRETT *
ANDREA E. REISBORD
JO ANN STRAUSS
SARAH J. BATZLI
CRAIG A. LARSEN
TAMARA L. NOVOTNYG
CHRISTOPHER P. MALONE
SARAH L. SANVILLE
SANDRA P. BARNES*
BRAD R. KOLLING
TED A. JOHNSON
VINCENT A. PETERSEN
ANGELA B. POTH
KATHLEEN M. GHREICHI
DAWN L. GAGNE
MINARD M. HALVERSON
MICHAEL L. GUST
AMBER R. KOTH
GREGORY J. DUNCAN
MICHAEL T. JOHNSON

July 20, 2004

Honorable Joan N. Ericksen
United States District Court
705 Federal Building
316 North Robert Street
St. Paul, MN 55101

Re: *Westfield Insurance v. Weis Builders, et. al.*
Court File No.: 00-CV-987 JNE/JSM

Dear Judge Ericksen:

I have received Weis Builders' request for reconsideration of two issues that the Court decided in its July 1, 2004 Order. Westfield Insurance Company respectfully submits that the request must be denied.

As the Court and the parties are aware, "[m]otions to reconsider are prohibited except by express permission of the Court, which will be granted **only upon a showing of compelling circumstances**." D. Minn. L.R. 7.1(g) (emphasis added). Although the local rules provide a procedural mechanism for obtaining reconsideration of a prior decision by the Court, the District of Minnesota nevertheless "dimly views" motions to reconsider. *Transclean Corp. v. Bridgewood Services, Inc.,* 134 F.Supp.2d 1049, 1060 (D.Minn. 2001). Such motions "should not be employed to relitigate old issues, but to 'afford an opportunity for relief in extraordinary circumstances.'" *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F.Supp. 1346, 1348 (D.Minn. 1993).

Weis' request for reconsideration does not set forth any "compelling" or "extraordinary" circumstances that would justify reconsideration of any of the issues decided by the Court in its July 1, 2004 disposing of the parties' cross-motions for summary judgment. To the contrary, Weis' request appears to be based on nothing more than a dissatisfaction with the Court's rulings regarding the application and effect of *Bright Wood Corp. v. Bankers Standard Ins. Co.*, 665 N.W.2d 544 (Minn. App. 2003), and the validity and potential application of the Westfield policy's professional services/design exclusion to Promenade's claims. Westfield, too, is disappointed with the Court's rulings on the summary judgment motions, and understandably so. But disappointment simply is not an appropriate basis upon which to grant a request for a motion to reconsider.

Weis' reconsideration request does not highlight any new facts that were not known to the parties at the time the summary judgment motions were briefed and argued. Nor does Weis bring to the Court's attention any changes in the law, or even any consistent cases decided by the Minnesota Supreme Court and Court of Appeals since the Court issued its Order. All of the issues

relating to *Bright Wood* and *Wanzek Construction, Inc. v. Employers of Wausau*, 679 N.W.2d 322 (Minn. 2004) were exhaustively briefed by Weis in the 87 pages it submitted to the Court, as well as by Westfield and Valley Forge. *Bright Wood* and *Wanzek* were also discussed at the hearing on the motions. The Supreme Court's subsequent affirmance of the Court of Appeals in *Wanzek* was both noted by the Court in letters to the parties, and in its Order, which interpreted *Wanzek* favorably to Weis.

While there are no extraordinary circumstances that would justify a reconsideration of the Court's rulings regarding the extent of insurance coverage for the remedial work undertaken by Weis, the argument for revisiting the Court's ruling regarding the professional services exclusion to the Westfield policy is even less compelling. It is clear from Weis request for reconsideration that Weis intends to make the very same arguments regarding the professional services endorsements that were made before and, presumably, were considered by the Court at the time it issued its ruling on the motions.

In summary, Weis' reconsideration request does not state a compelling reason why the Court should take the extraordinary step of reconsidering its prior rulings. Accordingly, the request should be denied. If, however, the Court is inclined to grant the request, then, in fairness, Westfield ought to be permitted additional briefing as to why the purely remedial work performed by Weis does not fall within the initial coverage grant to the Westfield policy.

Respectfully submitted,

s/ Andrea E. Reisbord
Andrea E. Reisbord

AER/aer
861187