**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co.; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Co., one of the CNA Insurance Companies,

Defendants.

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co.; and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants.

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

Civil Action, File No. 00-CV-987 JNE/JSM

**WESTFIELD INSURANCE COMPANY'S REQUESTED JURY INSTRUCTIONS**

Westfield Insurance Company respectfully requests that the attached instructions, taken from the *Eighth Circuit Manual of Model Jury Instructions, Civil* (West 2001), 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000), and Minnesota District Judges Association, *Jury Instruction Guides - Civil*, 4th ed. 1999), together with the attached special instructions, be given to the jury in this case.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

Dated: September 1, 2004

By: s/ Mark A. Gwin
MARK A. GWIN #132251
ANDREA E. REISBORD #22411X
Attorneys for Westfield Insurance Company
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
(952) 546-8400

869475

**GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case in which the Promenade Village Townhomes, L.L.C. alleges that defendant Weis Builders, Inc. was negligent in its design and/or construction of the waterproofing and drain systems at an apartment complex known as Promenade Oaks. Weis Builders denies that allegation and further claims that any responsibility for defects in the design or construction of the waterproofing or drain systems rests with third-party defendants Waterproofing by Experts and J-Berd Mechanical Contractors, who are subcontractors retained by Weis, and with the project architect, Elness Swenson Graham Architects. Weis has also brought claims against the manufacturer of the waterproofing system used at Promenade, Colloid Environmental Technologies Co. ("Cetco"), who, in turn, has asserted claims against the fourth-party defendant, Chris Craft Industrial Products, which manufactured a component of the waterproofing system. All of the defendants deny liability, have asserted crossclaims against each other, and deny that Promenade has been damaged to the extent that it claims.

Westfield Insurance Company is also a party to this lawsuit. The issues relating to Westfield, however, are for me to decide. Nevertheless, Westfield will participate to the same extent as any other party and is permitted to question witnesses, introduce evidence and make opening and closing statements. You are not to draw any inferences or conclusions regarding whether there is insurance for any of the claims and must not allow the presence or absence of insurance to influence your verdict in any way.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.01 (West 2002)

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated – that is, formally agreed to by the parties; and any facts that have been judicially noticed – that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

*Authority:* *Eighth Circuit Model Jury Instructions, Civil*, 1.02 (West 2002)

**BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.03 (West 2002)

**NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them face down on your chair.

When you leave at night, your notes will be secured and not read by anyone.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.04 (West 2002)

## CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.05 (West 2002)

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendants' attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiff's case, the defendants may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.06 (West 2002)

**DUTIES OF JURY: RECESSES**

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 2.01 (West 2002)

## QUESTIONS BY JURORS – PROHIBITED

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 101.16 (5th Ed 2000).

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition *if the witness is not present*. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.23 (5th Ed 2000)

**VIEW OF LOCATION PERMITTED**

I have concluded that it would be helpful for you to view the courtyards of the Promenade Oaks. You will go with the bailiffs and we will reconvene at [*time*].

While you are at the scene please do not ask any questions of the lawyers or of the people who may be there. If you have questions, direct them to me.

Do not discuss the case with anyone, even the other jurors, while going to or from the location or at the location itself.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.26 (5th Ed 2000)

## OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.71 (5th Ed 2000)

## JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.72 (5th Ed 2000)

## GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[*The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.*]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th Ed 2000)

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.01 (West 2002)

**JUDGE'S OPINION**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.02 (West 2002)

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.03 (West 2002)

## USE OF NOTES

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.02 (5th Ed 2000)

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.04 (West 2002)

**ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.12 (5th Ed 2000)

## MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.14 (5th Ed 2000)

## QUESTIONS NOT EVIDENCE

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.34 (5th Ed 2000)

**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE--DEFINED**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.05 (5th Ed 2000)

**"INFERENCES" DEFINED**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.20 (5th Ed 2000)

**EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th Ed 2000)

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.54 (5th Ed 2000)

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [*or on a videotape*]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.02 (5th Ed 2000)

**IMPEACHMENT--INCONSISTENT STATEMENT OR CONDUCT**
**(*FALSUS IN UNO FALSUS IN OMNIBUS*)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is 'knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.04 (5th Ed 2000)

**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.09 (5th Ed 2000)

**ALL AVAILABLE WITNESSES OR EVIDENCE
NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.11 (5th Ed 2000)

**ESSENTIAL ELEMENTS OF CLAIM**

In order to prove the essential elements of a party's claim, the burden is on the party making the claim to establish by a preponderance of the evidence the following facts:

First, that the party against whom the claim is made was negligent or otherwise at fault in one or more of the particulars alleged; and

Second, that the party's negligence or other fault was a direct cause of some injury and consequent damage sustained.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.03 (5th Ed 2000)

## JOINT TORTFEASORS

When the negligent acts or omissions of two or more persons contribute concurrently, and as direct causes, to the injury and damage of another, each of such persons is liable. This is true regardless of the relative blame or fault of each.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.50 (5th Ed 2000)

**"DIRECT CAUSE" – DEFINED**

An injury or damage is directly caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage.

Authorities: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.60 (5th Ed 2000); Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 27.10 (4th ed. 1999)

**MORE THAN ONE DIRECT CAUSE**

The law does not recognize only one direct cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a direct cause.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.61 (5th Ed 2000)

**NEGLIGENCE AND REASONABLE CARE—
BASIC DEFINITION**

**Definition of "reasonable care"**

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

**Definition of "negligence"**

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or

2. Fails to do something a reasonable person would do.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.10 (4th ed. 1999)

# COMPARATIVE FAULT

**Definition of 'fault"**

Fault consists of:

1. Negligence

2. Breach of warranty

3. Sale of a product in a defective condition unreasonably dangerous to the user, consumer, or its property

**Percentage of fault**

If you find that Promenade's negligence or other fault is greater than 50%, then Promenade will receive no damages.

If you find that Promenade's negligence or other fault is 50% or less, then Promenade's damages will be reduced by that percent.

If you assigned a percentage of negligence or other fault to Promenade, I will do the reduction of damages. You are not to reduce any damage amounts yourselves for this reason.

This instruction is not meant to suggest that you should find anyone negligent or at fault. It is to tell you about the relationship between the percentage of negligence and the damages received.

**Percentage of fault**

If you find that Promenade has a percent of negligence or fault that is greater than any other party, then Promenade will not receive any damages from that defendant.

This instruction is not meant to suggest that you should find anyone negligent or at fault. It is to tell you about the relationship between the percentage of negligence or fault and the damages received.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.15 (4th ed. 1999)

**FACT OF INJURY ALONE —
NO INFERENCE OF NEGLIGENCE**

The fact that an injury has occurred does not by itself mean that someone was negligent or otherwise at fault.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.55 (4th ed. 1999)

# EVIDENCE OF CUSTOM

**Evidence of standards or custom**

Evidence of standards or custom is not conclusive. It is just one piece of evidence.

1. You may consider an industrial or professional standard to decide whether reasonable care was used.

2. You may consider what is usually done or customary in this industry or profession to decide whether reasonable care was used.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 26.15 (4th ed. 1999)

## SUBSEQUENT REMEDIAL MEASURES

**Evidence of change or repair**

Evidence in this case shows that the remedial measures were undertaken after the alleged injury to Promenade's property.

You can consider a repair only to decide:

1. The cost and ease of making the repair.

You cannot use this evidence to decide:

1. Whether the defendants acted reasonably under the circumstances.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 26.20 (4th ed. 1999)

# DESIGN DEFECT

**Manufacturer's duty as to product design**

A manufacturer has a duty to use reasonable care to design a product that is not unreasonably dangerous to property exposed to the product when the product:

1. Is used as intended, or

2. Is used in a way that the manufacturer could reasonably have anticipated.

**Evaluating manufacturer's design choices**

A manufacturer must keep up with scientific knowledge and advances in the field.

A manufacturer's duty to design products must be judged according to the knowledge and advances that existed at the time the product was designed.

In deciding whether a manufacturer's design choices resulted in a product that was in a defective condition unreasonably dangerous to property that is exposed to the product, consider all the facts and circumstances, including:

1. The danger presented by the product

2. The likelihood that harm will result from use of the product

3. The seriousness of the harm

4. The cost and ease of taking effective precautions to avoid that harm

5. Whether the manufacturer considered the scientific knowledge and advances in the field

A product manufacturer may not avoid its duty to design a safe product by letting others make decisions affecting the safety of the product.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 75.20 (4th ed. 1999)

# MANUFACTURING DEFECTS

**Deciding when a product is defective**

> A product is in a defective condition unreasonably dangerous to the ordinary user's or consumer's property if he or she could not have anticipated the danger the product created.

In deciding if the danger could have been anticipated, assume the user or consumer had the knowledge common to the community about the product's characteristics and common use.

The defect in the product may be caused by the way it was manufactured, inspected or tested.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 75.30 (4th ed. 1999)

**DUTY OF ARCHITECT OR OTHER PROFESSIONAL**

**Standards of professional practice**

An architect or other professional must use the same degree of skill and learning as a practitioner would use who is:

1. In good standing, and

2. In a similar practice, and

3. In similar circumstances.

An architect or other professional must use reasonable care in applying that skill and learning in serving a client.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 80.75 (4th ed. 1999)

# COMPENSATORY DAMAGES—
# PERSONAL AND PROPERTY DAMAGES—
# DEFINITION

Questions __, __, __ in the verdict form are the damages questions.

**Answer each question independently**

You must answer these questions regardless of your answers to the other questions on the verdict form. Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money**

The term "damages" means a sum of money that will fairly and adequately compensate a party who has been harmed.

Damages must be reasonable. If you should find that Promenade is entitled to a verdict, you may award Promenade only such damages as will reasonably compensate Promenade for such injury and damage as you find, from a preponderance of the evidence in the case, that Promenade has sustained as a direct result of the defendants' negligence or other fault.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.10 (4th ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 128.60 (5th Ed 2000)

## DAMAGES —BURDEN OF PROOF

**Definition of 'burden of proof'**

A party asking for damages must prove the nature, extent, duration, and consequences of its injury or harm.

You must not decide damages based on speculation or guess.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.15 (4th ed. 1999)

## DAMAGE TO PROPERTY – ELEMENTS

**Not damaged beyond repair**

The Court finds that the Promenade Oaks apartment complex was not damaged beyond repair. Accordingly, Promenade's damages for injury to its property, if any, are the lesser of:

1. *The diminished value of the property*:

   The difference between:

   a. The fair market value of the property without the leaks

   b. Minus the fair market value of the property with the leaks.

**OR**

2. *The cost of repair*

   The reasonable cost of repair for restoring the property to substantially the same condition as it was before the harm.

   If the repairs cause the property to be in a better condition than before the leaks, damages are limited to the cost of restoring the property to the condition it was in before, not to its improved condition.

   If the repairs cannot restore the Promenade Oaks to substantially the same condition as before the damage:

   a. Determine the reasonable cost of repair, and

   b. Add the difference between the fair market value of the property before the damage and the fair market value after the repairs.

   The total damages cannot exceed the difference in value before and after the damage.

You may award property damage for the lesser of these two figures only.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 92.10 (4th ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.01 (5th Ed 2000); *In re Commodore Hotel Fire and Explosion Cases*; 324 N.W.2d 245 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959).

## "FAIR MARKET VALUE" – DEFINED

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.02 (5th Ed 2000)

**MITIGATION OF DAMAGES**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

Promenade's damages for harm to its property must not include any loss that could have prevented, reduced or minimized by reasonable care.

Authorities: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.50 (5th Ed 2000); Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 92.15 (4th ed. 1999)

**PROFESSIONAL SERVICES**

For purposes of Question ____ on the Verdict Form, "professional services" means:

1. The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

2. Supervisory, inspection or engineering services.

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.06 (West 2002)