**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil Action, File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co.; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Co., one of the CNA Insurance Companies,

Defendants.

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co.; and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants.

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

**WESTFIELD INSURANCE COMPANY'S PROPOSED SPECIAL VERDICT FORM**

---

We, the jury empaneled in the above-entitled matter, hereby find the following as our Answers to the Special Verdict Interrogatories:

**LIABILITY**

1. Was Promenade Village Townhomes, L.L.C. negligent with regard to its participation in the development and construction of the Promenade Oaks apartments?

**ANSWER**: Yes_______ No_______

2. If the answer to Question No. 1 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

3. Was Elness Swenson Graham Architects negligent in the way it designed or participated in the construction of the Promenade Oaks apartments?

**ANSWER**: Yes_______ No_______

4. If the answer to Question No. 3 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

5. Was Weis Builders negligent with regard to either the design or construction of the courtyards at the Promenade Oaks apartments?

**ANSWER**: Yes_______ No_______

6. If the answer to Question No. 5 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

7. Was Waterproofing by Experts negligent with regard to either the design or construction of the Promenade Oaks courtyard waterproofing?

**ANSWER**: Yes_______ No_______

8. If the answer to Question No. 7 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

9. Was Colloid Environmental Technologies Co. ("Cetco") negligent in either recommending the Swelltite 3000 system for application in the courtyards at Promenade or in its observations of the waterproofing installations?

**ANSWER**: Yes_______ No_______

10. If the answer to Question No. 9 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

11. Was J-Berd Mechanical Contractors negligent with respect to either the design or construction of the courtyard drain system at the Promenade Oaks apartments?

**ANSWER**: Yes_______ No_______

12. If the answer to Question No. 11 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

13. Was Chris Craft Industrial Products negligent in its design or manufacture of the water soluble film that was incorporated into the Swelltite 3000 used at the Promenade Oaks apartments?

**ANSWER**: Yes_______ No_______

14. If the answer to Question No. 13 is "yes," then answer this question:

Was such negligence a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

**OR**

13. Was the Chris Craft water soluble film that was incorporated into the Swelltite 3000 used at the Promenade Oaks apartments in a defective condition such that it presented an unreasonable risk of harm to Promenade's property?

**ANSWER**: Yes_______ No_______

14. If the answer to Question No. 13 is "yes," then answer this question:

Was the Chris Craft water soluble film a direct cause of the damages claimed by Promenade?

**ANSWER**: Yes_______ No_______

15. If the answer to any two or more of Question Nos. 2, 4, 6, 8, 10, 12, or 14 is "yes," then with respect only to those parties you have determined to be causally negligent or otherwise at fault, answer this question:

Taking all the fault that you have determined to be a direct cause of the damages claimed by Promenade to be 100%, what percentage do you attribute to:

| | | |
|---|---|---|
| (a) | Promenade Village Townhomes, L.L.C. | _________% |
| (b) | Elness Swenson Graham Architects | _________% |
| (c) | Weis Builders | _________% |
| (d) | Waterproofing by Experts | _________% |
| (e) | Colloid Environmental Technologies | _________% |
| (f) | J-Berd Mechanical Contractors | _________% |
| (g) | Chris Craft Industrial Products | _________% |
| | TOTAL | 100% |

16. Taking all of the negligence and other fault that directly caused the damages claimed by Promenade, what percentage do you attribute to the rendering or failure to render professional services by or on Weis Builders' behalf including the preparing, approving, or failing to prepare or approve drawings, change orders, designs or specifications?

**ANSWER**: _________%

**DAMAGES**

Regardless of how you answered the previous questions, you must answer the following damages questions bearing in mind that a claimant's damages for harm to its property must not include any loss that the claimant could have prevented by reasonable care.

17. What amount of money, if any, will fairly compensate Promenade Village Townhomes, L.L.C. for out-of-pocket expenses incurred to repair or replace property damaged solely and directly as a result of water leaks experienced at the Promenade Oaks apartments?

    $____________________

18. Of the amount, if any, set forth in your answer to the previous question, what amount was incurred to repair property damage, if any, that occurred prior to January 1, 1998?

    $____________________

19. Did the leaks at the Promenade Oaks apartments cause Promenade to lose any income due to decreased occupancy or suppressed rentals?

    **ANSWER**: Yes_______ No_______

20. If your answer to the previous question was "yes," then answer this question:

    What amount of money, if any, will fairly and reasonably compensate Promenade for the reduced occupancy, suppressed rentals, and concessions incurred solely and directly as a result of the leaks at the Promenade Oaks apartments?

    **ANSWER**: $____________________

21. Of the amount set forth in your answer to the previous question, how much do you attribute to lost rents or occupancy prior to January 1, 1998?

    **ANSWER**: $____________________

22. What amount of money, if any, will fairly compensate Promenade **for the lesser of** a) the diminished value of the property resulting solely and directly from water leaks, or b) the costs to restore the courtyards to the condition for which Promenade contracted?

    **ANSWER**: $____________________

23. Did Weis Builders obtain Westfield Insurance Company's consent prior to undertaking or causing to have remedial work performed?

**ANSWER**: Yes_______ No_______

24. What amount of money, if any, will fairly and reasonably compensate Weis Builders for the remedial work it performed following completion of the Promenade Oaks apartments?

**ANSWER**: $____________________

25. Of the amount set forth in your answer to the previous question, what amount was incurred by Weis Builders for the repair of physical property damage caused by water leaks:

a. Prior to January 1, 1998 $_____________________

b. After January 1, 1998 $_____________________

26. Of the amount set forth in your answer to Question No. 24, what amount do you attribute to damage resulting directly from the remedial efforts undertaken by Weis or on its behalf?

**ANSWER**: $____________________

27. Does Promenade Village Townhomes owe Weis Builders for labor and materials provided pursuant to the original construction contract between the parties?

**ANSWER**: Yes_______ No_______

28. If your answer to the previous question was "yes," then answer this question:

What amount of money will fairly compensate Weis Builders for the work and/or materials it provided pursuant to the original construction contract?

**ANSWER**: $____________________

29. Does Weis Builders owe Waterproofing by Experts for labor and materials provided under the original subcontract agreement for waterproofing work?

**ANSWER**: Yes_______ No_______

30. If your answer to the previous question was "yes," then answer this question:

What amount of money will fairly compensate Waterproofing by Experts for the work and/or materials it provided pursuant to the original subcontract agreement?

**ANSWER**: $___________________

Dated this ________ day of _________________, 2004.

_____________________________________
FOREPERSON

869647