**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil Action, File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co.; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Co., one of the CNA Insurance Companies,

Defendants.

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co.; and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants.

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

# WESTFIELD INSURANCE COMPANY'S TRIAL BRIEF

Westfield Insurance Company submits this Trial Brief for the Court's consideration in the trial of the above-captioned matter and for the purpose of explaining Westfield's continuing role in the case and its position regarding appropriate jury instructions and verdict questions.

**I. Westfield Insurance Company's Role and Participation at Trial.**

Among the trial documents filed by Westfield is a Motion for Realignment and to Set the Order of Proof at Trial in which Westfield is requesting that Promenade be substituted as the plaintiff for purposes of trial. As explained in the memorandum of law submitted by Westfield in support of its motion, realignment is appropriate because the overwhelming majority of the jury issues relate to the construction defect case, and Promenade's claim for damages. Nevertheless, there are a number of issues identified in the Court's July 1, 2004 summary judgment order that must be resolved by the jury before the insurance issues can be fully resolved. Those issues include, among other things, the extent to which Promenade's claimed damages arise out of the rendering or failure render professional services as defined in the Westfield policy (p. 13), the extent to which Weis' claimed damages resulted directly from remedial efforts undertaken to cure the water penetration problem (p. 16), and whether Weis obtained Westfield's consent prior to undertaking remedial efforts and repairs (p. 17). Westfield expects that its role at trial will be limited to asking questions of witnesses that go to these remaining issues and ensuring that the final verdict form addresses the fact issues that are important for a final resolution of the insurance coverage case. Most of this can be accomplished through cross-examination of witness, although Westfield reserves the right to call those witnesses identified in its Witness List as part of a case-in-chief, if necessary.

## II. Westfield's Requested Jury Instructions

Although Westfield's issues are for the Court to finally resolve, Westfield has prepared and filed a set of requested jury instructions. Those instructions relate primarily to procedural matters and the conduct of the trial, but also include some substantive instructions regarding duty, fault and damages. Westfield will rely on the liability defendants to argue the appropriateness of any particular instruction regarding substantive law. However, one instruction offered by Westfield – the damages instruction – requires explanation.

In Minnesota, when property is not destroyed beyond repair, the ordinary measure of damages is the difference in value before and after the loss (*i.e.*, diminution in value) or the cost of restoration, **whichever is less.** *See In re Commodore Hotel Fire & Explosion Cases*, 324 N.W.2d 245, 248 (Minn. 1982). *See also Rinkel v. Lee's Plumbing & Heating Co.,* 257 Minn. 14, 99 N.W.2d 779, 783 (1959). Damages are limited to the lesser of diminution in value or cost of repair or restoration to the **original condition**; the property owner is not entitled to costs of repair that result in a betterment. *Id. See also O'Connor v. Schwartz*, 304 Minn. 155, 229 N.W.2d 511, 158 (1975). This general measure of damages applies in cases arising out of the negligent breach of a construction contract:

> The preferred measure of damage in a case such as this [*i.e.,* a construction defect case] is to take either the cost of reconstruction in accordance with the contract, if this is possible without unreasonable economic waste, or the difference in value of the building as contracted for and the value as actually built, if reconstruction would constitute economic waste.

*See Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159, 165 (1973).

Instruction 92.10 from the Minnesota Jury Instruction Guides sets forth the alternative measure of damages set forth in the *In re Commodore Hotel Fire* and *Nothern Petrochemical* cases,

but does not advise the jury that damages are the lesser of either diminution in value or cost of repair. The federal pattern instruction, §129.01, makes clear that only the lesser of the two damages may be awarded, but does not advise the jury regarding betterment. Westfield's proposed instruction combines the relevant provisions of CIVJIG 92.10 with the federal instruction. It fully and adequately states Minnesota's law regarding damage to real property and should, therefore, be given to the jury in this case.

**III. Westfield's Proposed Special Verdict Form**

The Special Verdict Form submitted by Westfield includes questions relating to the remaining fact issues set forth in the Court's July 1, 2004 Order. These include, the extent to which Promenade's claimed damages arise out of professional services, whether Westfield consented to the remedial work undertaken by or for Weis, and the extent to which Weis' claims include damage resulting from the remedial work. Westfield's verdict form, however, also includes questions designed to minimize the need for a second trial should the Court's findings regarding trigger, including the applicability of *In re Silicone Breast Implant Insurance Coverage Litigation*, be reversed by the Eighth Circuit in the event of an appeal. While Westfield has endeavored to address the claims of all parties, it understands that there may be additional issues inserted into the verdict, including, for instance, strict liability and breach of warranty questions regarding Cetco, and Weis' entitlement to contractual indemnification.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

Dated: September 1, 2004

By: s/ Mark A. Gwin
MARK A. GWIN #132251
ANDREA E. REISBORD #22411X
Attorneys for Plaintiff Westfield Insurance Company
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
(952) 546-8400

870167