UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co.; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Co., one of the CNA Insurance Companies,

Defendants.

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co.; and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants.

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

Civil Action, File No. 00-CV-987 JNE/JSM

**PLAINTIFF WESTFIELD INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REALIGNMENT AND TO SET ORDER OF PROOF FOR TRIAL**

[Oral Argument Requested]

## INTRODUCTION

Plaintiff, Westfield Insurance Company, respectfully moves that Court for an order realigning the caption and to set the order of proof for trial. More specifically, Westfield requests that defendant Promenade Townhomes, LLC be designated as the plaintiff in Westfield's stead and that the case be tried in the same manner as the Court would try any other case involving claims for construction defects. Such relief is necessary for the orderly presentation of evidence and would further reduce the risk of prejudice to the contractor defendants by minimizing the role of insurance in this case.

## ARGUMENT

As the Court is aware, this case began as a declaratory judgment action by Westfield Insurance Company against its insured, defendant Weis Builders, and various interested parties to obtain a declaration regarding the extent to which Westfield is obligated to indemnify Weis against claims by defendant Promenade for damages allegedly occasioned by leaking at the Promenade Oaks apartment/townhome complex constructed for Promenade by Weis, and to reimburse Weis for remedial work it performed following completion of the construction. The case was brought pursuant to Minnesota Statutes Chapter 555 and the Federal Declaratory Judgment Act, with jurisdiction predicated upon diversity of citizenship and an amount in controversy exceeding the minimum $75,000 threshold. Through various crossclaims, third-party complaints and fourth-party complaints, the case evolved into both the declaratory judgment action and the underlying construction defect case for which insurance coverage was sought. The Court has been exercising supplemental jurisdiction over the construction defect case pursuant to 28 U.S.C. § 1367.

Although Westfield is the plaintiff in name, the Court's recent order resolving the parties' cross-motions for summary judgment has effectively determined the coverage issues – issues that, in any event, present a question of law. And while the coverage case has not yet been finally resolved, the remaining coverage issues, including the full extent of Westfield's potential liability, turn on the resolution of the underlying construction defect claim on which Promenade bears the burden of proof. Since the case that is to be tried in November is the underlying construction claim, Promenade, as the party seeking to recover damages, should be substituted as the plaintiff.

The Court has wide discretion in determining the order and proper presentation of the evidence. *See Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996), *cert. denied* 519 U.S. 1109, 117 S.Ct. 944, 136 L.Ed. 833 (1997). *See also Skogen v. Dow Chemical Co.*, 375 F.2d 692, 704 (8th Cir. 1967). Nevertheless, the Court also has a corresponding "positive duty to see that the evidence is presented in an orderly manner, causing as little confusion as possible." *Skogen*, 375 F.2d at 706. Generally, the most orderly and least confusing manner of presenting evidence is to have the party who bears the burden of proof go first. *See, e.g., Anheuser-Busch*, 89 F.3d at 1344 ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof.").

In this case, realignment of the parties, substituting Promenade as the plaintiff and requiring it to present its case first, will allow for the most efficient presentation of evidence. Westfield anticipates that it will have minimal involvement at trial, essentially limiting its participation to asking certain questions of witnesses that go to the remaining coverage issues and influencing the verdict form so that the Court has the factual findings it needs to finally apply the Westfield policy provisions and exclusions. Given its limited involvement, it would make little sense to require

Westfield to present its case before anyone else's and, indeed, doing so would almost certainly result in disorder and confusion.

Finally, the Court should not merely set the order of proof at trial, but should also realign the parties, removing both Westfield and Valley Forge Insurance Company from the verdict form's caption and substituting Promenade in Westfield's stead. Again, Promenade is the claimant in the construction defect case, not Westfield. To the contrary, Westfield's sole interest in the case is to influence the jury's resolution of the limited fact issues identified in the Court's summary judgment order, and any other facts that are of consequence to the insurance coverage issues. Westfield's removal from the caption will further minimize the risk that the jury may become needlessly and improperly distracted by the presence or absence of insurance, to the prejudice of the defendants to the construction defect case.[1]

Based upon the foregoing, Westfield Insurance Company respectfully requests that its motion to realign the parties and set the order of proof at trial be granted, that Promenade be substituted as that plaintiff in this case, and that Westfield and Valley Forge Insurance Company be removed from the caption on the verdict form.

[1] Westfield recognizes that its presence and participation at trial will have to be explained to the jury, but believes that this can be done in the Court's introductory instructions and with an appropriate cautionary instruction.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON, CHARTERED

Dated: September 1, 2004

By: s/ Mark A. Gwin
MARK A. GWIN #132251
ANDREA E. REISBORD #22411X
Attorneys for Plaintiff Westfield Insurance Company
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
(952) 546-8400

869970