7/15

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL FILE NO.: 00-CV-987 JEL/JGL

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. And Valley Forge Insurance Company,

Third-Party Defendants,

**THIRD-PARTY DEFENDANT COLLOID ENVIRONMENTAL TECHNOLOGIES COMPANY'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS TO PRODUCE OF PROMENADE VILLAGE TOWNHOMES AND HEALEY RAMME**

DEP EX. NO. 313 ID
DATE: 11-20-02
DIANE HROMEK'S COURT REPORTERS, INC.
REPORTER: DN
1-800-556-5554

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants.

---

TO: Promenade Village Townhomes, L.L.C., and Healey Ramme Co. and their attorneys, Steve Gaskins and Steve E. Rau, FLYNN, GASKINS & BENNETT, L.L.P., 333 South Seventh Street, #2900, Minneapolis, MN 55402.

Third-Party Defendant Colloid Environmental Technologies Company, for its Answers to Interrogatories and Responses to Requests to Produce, states and alleges:

## GENERAL OBJECTION

Attorney-Client/Work Product Objections: Defendants object to these interrogatories/document requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and privileged documents. Defendants will not produce any such information.

## ANSWERS TO INTERROGATORIES

1. Please identify all individuals with knowledge or information regarding the waterproofing project at Promenade Oaks, which is the subject of this action, by providing for each their name, last known address and phone number, and position at the time of the events, and a summary of the information each individual possesses.

**ANSWER:** In addition to the parties hereto:

Joe Weis, Weis Builders, Inc., has knowledge of the project and the water damage sustained.

Peter DeSai, Weis Builders, Inc., has knowledge of the project and the water damage sustained.

Cassie Warner, Weis Builders, Inc., has knowledge of the project and the water damage sustained.

Les Lawson, Weis Builders, Inc., has knowledge of the project and the water damage sustained.

Dan Spenser, Westfield Insurance Company, has knowledge of the claims filed by Weis Builders.

Kristeen Barry, Westfield Insurance Company, has knowledge of the project and the water damage sustained.

Kirk Barry, Westfield Insurance Company, has knowledge of the project and the water damage sustained.

Tom Healey, Promenade Village Townhomes, has knowledge of the project and the water damage sustained.

Peter Ramme, Promenade Village Townhomes, has knowledge of the project and the water damage sustained.

Lisa Dahl, Vice President/Property Manager, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Terry Wiederhoft, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Peter Ramme, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Greg Ribich, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Greg Bass, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Carolyn Roby, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Ann Kimball, Healey Ramme Company, has knowledge of the project and the water damage sustained.

Steve Larson, Ellness, Swenson & Graham, Architects, has knowledge of the project and the water damage sustained.

John Feges, Ellness, Swenson & Graham, Architects, has knowledge of the project and the water damage sustained.

Kirk Villet, Elness, Swenson & Graham, Architects, has knowledge of the project and the water damage sustained.

Tom Webber, Webber Consulting, has knowledge of the project and the water damage sustained.

Ray Huber, Braun Intertec Corp., has knowledge of the project and the water damage sustained.

William C. Kwasne, PE, GME Consulting, Inc., has knowledge of the project and the water damage sustained.

Jeoffrey Jillsen, PE, Guy Engineering, has knowledge of the project and the water damage sustained.

Howard Noziska, PE, Encompass, Inc., has knowledge of the project and the water damage sustained.

Steve Masserich, Waterproofing By Experts, has knowledge of the project as it relates to the waterproofing and subsequent repairs.

Frank Varak, former Central Regional Manager, CETCO, has knowledge of the project as it relates to the waterproofing and subsequent repairs.

Joel Penzick, Credit Manager, CETCO, has knowledge of the project as it relates to the waterproofing and subsequent repairs.

John Wiegand, Representative, CETCO, has knowledge of the project as it relates to the waterproofing and subsequent repairs.

Tom Suter, Sales Representative, CETCO, has knowledge of the project as it relates to the waterproofing and subsequent repairs.

Move to Compel

2. For each and every instance in which you denied an allegation in the Third Party Complaint against you, please state separately the factual basis for the denial. Additionally, for each and every affirmative defense, please state separately the factual basis for the defense.

**ANSWER:** This Interrogatory is objected to as it calls for a legal conclusion. Without waiving said objection, investigation and discovery are continuing.

3. Has CETCO, any of its parent or related companies, or any other person known to CETCO ever investigated whether there are any problems or defects in any Volclay Swelltite 1000, 3000, or 6000 products?

**ANSWER:** No.

4. If the answer to the above interrogatory is yes, please identify the individuals most knowledgeable about such investigation by providing for each his or her name, last known address, phone number, and a summary of the information the individual possesses.

**ANSWER:** Not applicable.

5. Has CETCO, any of its parent or related companies, or any other person known to CETCO ever investigated whether there were any problems or defects with the water soluble film layer of Swelltite composite bentonite waterproofing membranes.

**ANSWER:** No.

6. If the answer to the above interrogatory is yes, please identify the individuals most knowledgeable about such investigation by providing their name, address and telephone number, and for each, please provide a summary of the information the individual possesses.

**ANSWER:** Not applicable.

7. For each and every lawsuit which has been filed between 1992 and today in which CETCO or any of its parent or related companies were named a party and which in any way relates to an allegation that a Volclay Swelltite composite bentonite waterproofing membrane leaked, state the caption of the lawsuit, the parties involved in the lawsuit, the case or docket number, the date the lawsuit was filed, the court in which the lawsuit was filed, the status of the case and the disposition of the lawsuit if it is no longer pending.

**ANSWER:**

Parties: Ultimar Three Development, et al. vs. Bolt Lightning Security, et al.
Docket No.: 99-002371-CI-008
Court Filed: Pinellas County, Florida
Date Filed: May 4, 1999
Status: Pending

Parties: Coronado Pointe Homeowners' Association vs. Coronado Pointe Condominium, et al.
Docket No.: 724308
Court Filed: Superior/Municipal Courts, San Diego County, California
Date Filed: September 21, 1998
Status: Pending

Parties: Corte Melina Partners Inc. vs. Aero-Crete Lightweight Concrete
Docket No.: 800865
Court Filed: Superior Court, State of California
Status: Settled

Parties: Charter Builders Inc. vs. Chamberlain Waterproofing and Roofing Systems Inc., et al.
Docket No.: 9840061
Court Filed: Harris County, Texas
Date Filed: 1998
Status: Resolved

Parties: Scranton Times-Tribune vs. Raymond and Son, et al.
Docket No.: 14 110 00406 99
Court File No.: 2000-CV-1454
Court Filed: Lackawanna County, Pennsylvania - removed to the American Arbitration Association, File No.: 14-110-00406-99, Philadelphia, Pennsylvania
Status: Resolved

8. For every claim or complaint which CETCO or any of its parent or related companies received regarding or relating in any way to an allegation that a Volclay Swelltite composite bentonite waterproofing membrane leaked, including but not limited to formal complaints, informal complaints, conversations, correspondence, or threats of litigation, provide the date

the complaint was made, the location of the installation about which the complaint was made, the subject matter of the complaint, and the response, if any, by CETCO or any of its parent or related companies, and identify the person making the complaint.

**ANSWER:**

| | |
|---|---|
| Date of Complaint: | 1993 |
| Response by CETCO: | Swelltite 1000 was installed in 1990 to a plaza deck. Leaks occurred relative to excessive concrete cracking in exposed reinforcing steel. In addition, "all level" drains were not installed on the top of the slab level and the membrane level, which is a standard in the industry for plaza deck design. |
| Person Making Claim: | Two Pierce Place |
| Date of Complaint: | 2000 |
| Response by CETCO; | Aqua drain installed was appropriate for the job, and compressive strength tests of the aqua drain 20H prefabricated drainage composite were found to be adequate, after three separate evaluations. |
| Person Making Claim: | Lovejoy Village |
| Date of Complaint: | October 1996 |
| Response by CETCO: | Construction related damage to the Swelltite 3000 applied to the plaza deck; also, poor drainage causing ponding water. Recommended drain system be installed to fix the problem. |
| Person Making Claim: | Queens Tower Plaza |
| Date of Complaint: | 1998 |
| Response by CETCO: | Swelltite 1000 applied to plaza deck. There was inadequate draining and sloping causing sand from settling bed to clog drainage mats. |
| Person Making Claim: | Morristown City Hall |
| Date of Complaint: | 1996 |
| Response by CETCO: | Water seeping around water proofing relative to failing to install counter flashing. CETCO agreed to provide materials and consultation. |
| Person Making Claim: | DCL/Kastro Commons |

| | |
|---|---|
| Date of Complaint: | 2000 |
| Response by CETCO: | Voltex was installed backwards along the vertical phase of the installation. In addition, Voltex was not terminated properly along the grade lines throughout the pool area. Drain board was not terminated properly. |
| Person Making Claim: | Baruch College |

| | |
|---|---|
| Date of Complaint: | 2001 |
| Response by CETCO: | Swelltite 3000 PVC liner shrank, pulling the membrane overlap apart, secondary to sun hitting prior to installation of pavers. CETCO agreed to re-roll and pull apart Swelltite seams for resealing. |
| Person Making Claim: | Army War College |

9. Please describe the information you keep for warranty claims and identify each and every warranty claim relating to any alleged failure of a Volclay Swelltite composite bentonite waterproofing membrane whether or not the alleged failure resulted in a leak. If there is a computer printout listing warranty claims, please also identify that document.

**ANSWER:** This Interrogatory is objected to as being vague, overly broad and otherwise outside the permissible scope of Rule 26(b). Without waiving said objection, see Answers to Interrogatory Numbers 7 and 8.

10. In Section 3, "Performance Characteristics" of the literature accompanying the Volclay Swelltite membrane used on the Promenade Oaks project, the third paragraph states in the first sentence that "the unique water soluble film (patent pending) does not require removal prior to membrane installation. Upon hydration, the water soluble film completely dissolves, readily allowing the bentonite to be in direct contact with the structure." If between 1992 and today you received information from any source, whether accurate or inaccurate, that the unique water soluble film did not, in fact, completely dissolve when installed in the field, please state the information you received, identify its source and state your response to it.

**ANSWER:** Not applicable.

11. Please state whether you are phasing out the use of water soluble film on your Volclay Swelltite composite bentonite waterproofing membrane and if so, state why.

**ANSWER:** CETCO is phasing out the water soluble film on the Swelltite 3000, replacing it with a clear, two mil siliconized release film, on a cost basis.

12. Please identify all changes in your literature concerning Volclay Swelltite for five years prior to the installation at Promenade through the present date. Literature includes, but is not limited to, marketing materials, product manuals, installation instructions, and product specifications.

**ANSWER:** Date: 1991 to 1993
Description: Swelltite 1000

Date: 1993 to 1994
Description: Swelltite 3000

Date: 1994
Description: Swelltite 1000, 3000 and 6000

Date: 1996 through 2000
Description: Swelltite 3000

Date: 2000 to present
Description: Swelltite and Swelltite 3000

See attached documentation identifying the difference between Swelltite, Swelltite 1000, Swelltite 3000 and Swelltite 6000.

13. Please identify the person or persons most knowledgeable concerning the differences between Swelltite 3000 and the Swelltite product described in the attached Exhibit A, from the following perspective:

a) Warranty returns;
b) Difference in film covering;
c) Marketing strategy for the two products;
d) The reasons for 2 different 90 mil bentonite membrane products.

**ANSWER:** This Interrogatory is objected to as there was no Exhibit A attached. Without waiving said objection, the persons most knowledgeable include:

Stacy Wayne Byrd, CDT, National Products Manager, CETCO (Colloid Environmental Technologies Company), One North Arlington, 1500 West Shure Drive, Arlington Heights, Illinois 60004-1440.

a) Warranties are the same and do not differ between Swelltite products.
b) Swelltite 3000 has a water soluble film. Swelltite has a clear siliconized release film.
c) The Swelltite 3000 as being phased out on a cost basis.
d) Swelltite 3000 has a 20 mil PVC liner, a bentonite/butyl rubber compound and a 1.5 water soluble film layer. Swelltite has a 12 mil high density polyurethane woven fabric and a 2 mil siliconized release.

14. Under Section 6, "Weather Conditions" of your Installation Instructions, CETCO states, "Install Volclay Swelltite only in dry weather. Installation should not proceed with work areas are flooded or excessively wet, nor when rain can be reasonably anticipated before Swelltite can be properly installed and protected." Please state the engineering or scientific reason for the instruction and identify the person most knowledgeable concerning the reason for this instruction and the consequences of failing to follow it.

**ANSWER:** To avoid having the bentonite product hydrate and swell prior to proper confinement. Stacy Wayne Byrd.

15. Please identify the manufacturer of the water soluble film used with Swelltite 3000, by its name, last known address, and the name, address and telephone number of the person CETCO last dealt with from that manufacturer.

**ANSWER:** Chris Craft Industrial Products, Inc., 407 County Line Road, Gary, Indiana 46403-2699.

16. Identify by date, forum, and caption all lawsuits in which you have made claims against the film manufacturer.

**ANSWER:** Not applicable.

17. Identify by date and location each installation of Swelltite 1000, 3000 and 6000 in which CETCO has informed the film manufacturer of a failure or potential failure of its film.

**ANSWER:** None. Discovery and investigation are continuing.

**RESPONSES TO REQUESTS TO PRODUCE**

1. If the answer to Interrogatory No. 3 is yes, please identify each and every document or thing relating to such investigation.

**RESPONSE:** This Request is objected to on the basis that it is overly broad, burdensome and solicits information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waving said objection, this Defendant will not produce any documents until all parties have entered into a stipulation of confidentiality.

2. If the answer to Interrogatory No. 5 is yes, please identify each and every document or thing relating to such investigation.

**RESPONSE:** This Request is objected to on the basis that it is overly broad, burdensome and solicits information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waving said objection, this Defendant will not produce any documents until all parties have entered into a stipulation of confidentiality.

3. For each lawsuit requested in Interrogatory No. 7, please produce for inspection and copying the Complaint, Answer, expert reports, CETCO's responses to interrogatories (with interrogatories), interrogatories filed by CETCO (with responses), and expert reports and deposition transcripts.

**RESPONSE:** The documents requested herein are a matter of public record and are as accessible to the requesting party as the responding party.

4. For each claim or complaint, produce all documents related to it.

**RESPONSE:** This Request is objected to on the basis that it is overly broad, burdensome and solicits information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waving said objection, this Defendant will not produce any documents until all parties have entered into a stipulation of confidentiality.

5. For each warranty claim, produce all documents related to it for inspection and copying.

**RESPONSE:** This Request is objected to on the basis that it is overly broad, burdensome and solicits information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waving said objection, this Defendant will not produce any documents until all parties have entered into a stipulation of confidentiality.

6. Please produce all engineering documents, e.g., change order requests, change orders, test documents, data books, etc., that relate to any change in the use of water soluble film on the Volclay Swelltite composite bentonite waterproofing membrane, and any other change designed to make the product a more watertight waterproofing material.

**RESPONSE:** None, investigation and discovery are continuing.

7. Please produce all documents relating to any notice by CETCO to the film manufacturer of a failure or potential failure of its film.

**RESPONSE:** None.

8. Please produce for inspection and copying all complaints, answers, interrogatory responses, expert reports, and depositions in any lawsuit covered by Interrogatory No. 16.

**RESPONSE:** The documents requested herein are a matter of public record and are as accessible to the requesting party as the responding party.

Dated: ____________________ By: ________________________________
Patrick E. Carpenter, Vice President
CETCO (Colloid Environmental Technologies Company)

Subscribed and sworn to before me
this _____ day of __________, 2002.

________________________________
Notary Public
(STAMP AND/OR SEAL)

ERSTAD & RIEMER, P.A.

Dated: ____________________ By: ________________________________
Patrick D. Reilly, #90451
Attorneys for Third-Party Defendant
Colloid Environmental Technologies Company
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700

G:\WP51\PDR\Colloid\Answers & Responses to ROGS & R2Produce (revised).wpd

STATE OF MINNESOTA )
)ss.
COUNTY OF HENNEPIN )

AFFIDAVIT OF SERVICE

Shawnette Morrison, of the City of Eagan, County of Dakota, in the State of Minnesota, being duly sworn, says that on the 15th day of July, 2002, she served the annexed Third-Party Defendant Colloid Environmental Technologies Company's Answers to Interrogatories and Responses to Requests to Produce of Promenade Village Townhomes and Healey Ramme on the below-listed parties at their respective addresses by mailing to each a copy thereof, enclosed in an envelope, postage prepaid, and by depositing same in the post office at Minneapolis, Minnesota:

**SEE ATTACHED SERVICE LIST**

Shawnette Morrison

Subscribed and sworn to before me
this 15th day of July 2002.

Notary Public
(STAMP AND/OR SEAL)

S... M. ROFF
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

## SERVICE LIST

Mark A. Gwin
Andrea E. Reisbord
COUSINEAU MCGUIRE & ANDERSON
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, MN 55416

Dean B. Thomson
Jocelyn L. Knoll
FABYANSKE WESTRA & HART, P.A.
920 Second Avenue South
Suite 1100
Minneapolis, MN 55402

Robert T. Stich
STICH ANGELL KREIDLER BROWNSON & BALLOU
250 Second Avenue South
Suite 120
Minneapolis, MN 55401

Daniel A. Haws
Mark S. Brown
MURNANE, CONLIN, WHITE & BRANDT
1800 U.S. Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101

Chad J. Stepan
MEAGHER & GEER, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

Steven W. Gaskins
Steven E. Rau
FLYNN & GASKINS, L.L.P.
2900 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402

Daniel A. Beckman
GISLASON & HUNTER, L.L.P.
9900 Bren Road East
Suite 215E
Minnetonka, MN 55343

William D. Hull
COLEMAN, HULL & VAN VLIET
8500 Normandale Lake Boulevard
Suite 2110
Bloomington, MN 55437