**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

v.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

*and*

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., a/k/a/ Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies, Co., and J-Berd Mechanical Contractors, Inc.,

Third-Party Defendants.

*and*

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

*and*

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

**FOURTH-PARTY DEFENDANT CHRIS CRAFT'S REQUESTED JURY INSTRUCTIONS**

Fourth-Party Defendant Chris Craft Industrial Products, Inc. ("Chris Craft") hereby requests that the attached instructions, taken from the *Eighth Circuit Manual of Model Jury Instructions, Civil* (West 2001), 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000), and Minnesota District Judges Association, *Jury Instruction Guides - Civil*, (4th ed. 1999), together with the attached special instructions, be given to the jury in this case.

**BROWN & CARLSON, PA**

By: s/G. John Veith
G. John Veith (#241519)
Samuel J. Glover (#327852)
5411 Circle Down Avenue
Suite 100
Minneapolis, MN 55416
763.591.9950

*Counsel for Fourth Party Defendant*
*Chris Craft Industrial Products, Inc.*

Dated: September 2, 2004

**GENERAL: NATURE OF CASE; BURDEN OF PROOF;
DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen:

I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff, Promenade Village Townhomes, against several defendants including: Defendant Weis Builders, Inc., Third-Party Defendant ESG Architects, Third-Party Defendant Waterproofing by Experts, Third-Party Defendant J-Berd Mechanical Contractors, Third-Party Defendant Colloid Environmental Technologies Company, and Fourth-Party Defendant Chris Craft Industrial Products, Inc.

Promenade alleges that its apartment complex, known as Promenade Oaks, sustained property damage as a result of water intrusion. Promenade claims that defendants caused these damages by designing and constructing the buildings in a negligent and defective manner. The defendants deny Promenade's allegations. It will be your duty to decide from the evidence whether a party is entitled to a verdict against another party.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in

that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.01 (West 2002).

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is, facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 . Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.02 (West 2002).

**BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.03 (West 2002).

**NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil.

When you leave at night, your notes will be secured and not read by anyone.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.04 (West 2002).

## CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.05 (West 2002).

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendants' attorneys may make their opening statements. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for each defendant may cross-examine. Following the plaintiff's case, the defendants will each have an opportunity to present evidence and the attorneys for the plaintiff and the other defendant parties may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 1.06 (West 2002)(modified).

**DUTIES OF JURY: RECESSES**

We are about to take our first recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 2.01 (West 2002) (modified).

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.23 (5th Ed. 2000).

**VIEW OF LOCATION PERMITTED**

I have concluded that it would be helpful for you to view the courtyards of the Promenade Oaks. You will go with the bailiffs and we will reconvene at __________.

While you are at the scene please do not ask any questions of the lawyers or of the people who may be there. If you have questions, direct them to me.

Do not discuss the case with anyone, even the other jurors, while going to or from the location or at the location itself.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.26 (5th Ed. 2000).

**OBJECTIONS AND RULINGS**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.71 (5th Ed. 2000).

## MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.14 (5th Ed. 2000).

## EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.30 (5th Ed. 2000).

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.03 (West 2002).

## EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th Ed. 2000).

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [or on a videotape]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.02 (5th Ed. 2000).

## NEGLIGENCE AND REASONABLE CARE – BASIC DEFINITION

**Definition of "reasonable care"**

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

**Definition of "negligence"**

Negligence is the failure to use reasonable care. Ask yourself what a reasonable person would have done in these circumstances. Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.10 (4th Ed. 2004).

**VOLUNTARY ASSUMPTION OF LEGAL DUTY OF CARE**

Even though there is no duty in the first instance, if a person voluntarily assumes a duty, the duty must be performed with reasonable care or the person will be liable for damages. Liability for voluntarily assuming a duty arises only if this conduct leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselves.

*Authority*: *Abresch v. Northwestern Bell Tel. Co.,* 246 Minn. 408, 416, 75 N.W.2d 206, 211-12 (1956); *Isler v. Burman,* 305 Minn. 288, 295, 232 N.W.2d 818, 822 (1975).

**DUTY OF ARCHITECTS AND ENGINEERS**

An architect or engineer must use the same degree of skill and learning as a practitioner would use who is:

1. In good standing, and
2. In a similar practice, and
3. In similar circumstances.

An architect or engineer must use reasonable care in applying that skill and learning in serving a client.

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 80.75 (4th Ed. 2004)

**PRINCIPAL AND AGENT RELATIONSHIP**

**Definition of “principal” and “agent”**

An “agent” is a person who is authorized to act for a principal.

A principal-agent relationship exists when there is:

1. An agreement that one person will act for another, and

2. An understanding that the person who authorized the other to act is in control of the undertaking.

A person who agrees to act for the other is the “agent.” The person who authorizes the act is the “principal.”

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.15 (4th Ed. 2004).

**APPARENT AUTHORITY**

One of the issues you must decide is whether Promenade was bound by the actions of ESG Architects, who, it is claimed, was acting as Promenade's agent. In deciding this issue, you may consider whether Promenade placed ESG in such a situation that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming that this person had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find that the Defendants were justified in assuming that ESG had the authority to act as ESG did, then you may find that Promenade is bound by the acts of ESG as Promenade's agent.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 108.03 (5th Ed. 2000).

## COMPARATIVE FAULT

**Definition of "fault"**

Fault consists of:

1. Negligence

2. Breach of warranty

3. Sale of a product in a defective condition unreasonably dangerous to the user, consumer or his or her property.

**Percentage of fault**

If you find that Promenade has a percent of fault that is greater than any individual defendant, then Promenade will not receive any damages from that defendant.

This instruction is not meant to suggest that you should find anyone at fault. It is to tell you about the relationship between the percentage of fault and the damages received.

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.15 (4th Ed. 2004).

**FACT OF ACCIDENT ALONE – NO INFERENCE OF NEGLIGENCE**

The fact that an event has happened does not by itself mean that someone was at fault.

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.55 (4th Ed. 2004).

**LIABILITY OF MANUFACTURER OF COMPONENT PART**

A manufacturer of a component part is not liable for harm that results from the component's integration into a finished product that the component manufacturer did not design or build. Mere knowledge of the end use is not enough to render a component part supplier liable.

For a component part manufacturer to be liable, you must analyze why the component part is unsuitable for use in the finished product. If the component part itself is defective, and that defect causes the harm or injury, then the component part manufacturer can be held liable.

On the other hand, if the manufacturer of the finished product chose to make use of an unsuitable component part, then the manufacturer of the component part is not liable. Similarly, where the component part is an inherently safe material, and the final assembly is what makes the product dangerous, the component part supplier is not liable.

Authority: *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Lit.,* 97 F.3d 1050, 1055 (8th Cir. 1996); *Sperry v. Bauermeister, Inc.,* 4 F.3d 596, 598 (8th Cir. 1993); *Crossfield v. Quality Control Equip. Co.,* 1 F.3d 701, 705 (8th Cir. 1993); *In re Silicone Gel Breast Implants Products Prod. Liab. Lit.,* 996 F.Supp. 1110, 1113-17 (N.D.Ala. 1997); *Bond v. E.I. Du Pont De Nemours & Co.,* 868 P.2d 1114, 1119 (Colo. Ct. App. 1993); *Klem v. E.I. Du Pont De Nemours Co.,* 19 F.3d 997, 1002-03 (5th Cir. 1994); *Apperson v. E.I. Du Pont De Nemours & Co.,* 41 F.3d 1103, 1107 (7th cir. 1994); *Hill v. Wilminton Chemical Corp.,* 156 N.W.2d 898, 902-03 (Minn. 1968); RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY, § 5 (1998).

**DEFECTIVE CONDITION DEFINED**

A product is in a defective condition unreasonably dangerous to the use when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer, with the ordinary knowledge common to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 122.10 (5th Ed. 2000).

**DEFECT MUST HAVE EXISTED WHEN IT LEFT SELLER**

A product manufacturer is not liable unless the product is in a defective condition at the time it left the manufacturer's control.

Authority: *Billota v. Kelley Co.,* 346 N.W.2d 616, 623 n.3 (Minn. 1984); *Duxbury v. Spex Feeds, Inc.,* 681 N.W.2d 380, 387 (Minn.Ct.App. 2004); *Drager by Gutzman v. Aluminum Industries Corp.,* 495 N.W.2d 879, 882 (Minn. Ct.App. 1993); *Westbrock v. Marshalltown Mfg. Co.,* 473 N.W.2d 352, 356 (Minn.Ct.App. 1991), *pet. for rev. denied* (Minn. Sept. 13, 1991).

**DIRECT CAUSE - DEFINED**

An injury or damage is directly caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 122.10 (5th Ed. 2000); *Minnesota Jury Instruction Guides - Civil*, CIVJIG 27.10 (4th Ed. 2004).

**SUPERSEDING CAUSE**

However, a cause is not a direct cause when there is a superseding cause. A cause is a superseding cause when four conditions are present:

1. It happened after the original negligence or fault; and
2. It did not happen because of the original negligence or fault; and
3. It changed the natural course of events and made the result different from what it would have been; and
4. The original wrongdoer could not have reasonably anticipated this event.

Authority: *Minnesota Jury Instruction Guides - Civil*, CIVJIG 27.20 (4th Ed. 2004).

## DAMAGE TO PROPERTY

**Not damaged beyond repair**

The Court finds that the Promenade Oaks apartment complex was not damaged beyond repair. Accordingly, Promenade's damages for injury to its property, if any, are the lesser of:

1. *The diminished value of the property*:

   The difference between:

   a. The fair market value of the property without the leaks

   b. Minus the fair market value of the property with the leaks.

**OR**

2. *The cost of repair*

   The reasonable cost of repair for restoring the property to substantially the same condition as it was before the harm.

   If the repairs cause the property to be in a better condition than before the leaks, damages are limited to the cost of restoring the property to the condition it was in before, not to its improved condition.

   If the repairs cannot restore the Promenade Oaks to substantially the same condition as before the damage:

   a. Determine the reasonable cost of repair, and

   b. Add the difference between the fair market value of the property before the damage and the fair market value after the repairs.

   The total damages cannot exceed the difference in value before and after the damage.

You may award property damage for the lesser of these two figures only.

Authority: CIVJIG 92.10, Minnesota Jury Instruction Guides (Civil) (4th ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.01 (5th Ed 2000); *In re Commodore Hotel Fire and Explosion Cases*; 324 N.W.2d 245 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959).

**FAIR MARKET VALUE DEFINED**

"Fair Market Value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed, willing buyer would have voluntarily bought the property in questions.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.02 (5th Ed 2000).

**MITIGATION OF DAMAGES**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

Promenade's damages for harm to its property must not include any loss that could have prevented, reduced or minimized by reasonable care.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.50 (5th Ed 2000); *Minnesota Jury Instruction Guides - Civil*, CIVJIG 92.15 (4th Ed. 2004).

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.01 (West 2002).

## JUDGE'S OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.02 (West 2002).

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.03 (West 2002).

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight or preponderance of the evidence. To prove something by the greater weight or preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight or preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.04 (West 2002).

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Authority: *Eighth Circuit Model Jury Instructions, Civil*, 3.06 (West 2002).