**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No.: 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

**THIRD-PARTY DEFENDANT COLLOID'S PROPOSED JURY INSTRUCTIONS**

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

and

J-Berd Mechanical Contractors, Inc.,

Third-Party Defendant and
Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

---

Defendant Colloid Environmental Technology Companies respectfully request that this Court introduce the following jury instructions at trial.

| | |
|---|---|
| § 101.40 | Evidence in the Case |
| § 101.41 | Burden of Proof |
| § 101.42 | Direct and Circumstantial Evidence |
| § 101.43 | Credibility of Witnesses |
| § 101.44 | What is not Evidence |
| § 101.45 | Evidence for Limited Purpose |
| § 101.49 | Ruling on Objections |
| § 102.20 | Judicial notice |
| § 102.23 | Deposition as Substantive Evidence |
| § 102.26 | View of Location Permitted |
| § 102.41 | Evidence Admitted Against Only One Party |
| § 103.10 | Instructions Apply to Each Party |
| § 103.12 | All Persons Equal Before the Law – Organizations |
| § 103.14 | Multiple Defendants |
| § 103.31 | Consideration of Evidence – Corporate Party's Agents and Employees |

§ 104.01 Instructions at Closing of Evidence: Burden of Proof
§ 104.05 "Direct" and "Circumstantial" Evidence – Defined
§ 104.20 "Inferences" Defined
§ 104.25 Failure to Call Available Witnesses
§ 104.26 Failure to Produce Available Evidence
§ 104.40 Expert Witnesses
§ 104.50 Charts and Summaries
§ 104.53 Oral Statements or Admissions
§ 104.54 Number of Witnesses

§ 105.01 Discrepancies in Testimony
§ 105.02 Use of Depositions as Evidence
§ 105.04 Impeachment – Inconsistent Statement or Conduct (*Falsus in uno Falsus in Omnibus*)
§ 105.09 Effect of Prior Inconsistent Statements or Conduct
§ 105.11 All Available Witnesses or Evidence Need Not Be Produced

§ 106.01 Duty to Deliberate
§ 106.02 Effect of Instruction as to Damages
§ 106.03 Verdict – One of Multiple Defendants
§ 106.07 Verdict Forms – Jury's Responsibility
§ 106.10 Additional Instructions – When Jurors Fail Seasonably to Agree

§ 108.01 Agents of Corporation
§ 108.03 Apparent Authority
§ 108.06 "Independent Contractor" – Defined

§ 120.03 Essential Elements of Plaintiff's Claim
§ 120.10 "Ordinary Care" – Defined
§ 120.11 Ordinary Care – A Relative Term
§ 120.12 Quantum of Care Varies with Danger
§ 120.51 Corporation Can Act Only Through Agents
§ 120.60 "Proximate Cause" – Defined
§ 120.61 More than One Proximate Cause
§ 120.62 Intervening Cause
§ 120.71 Contributory Negligence

§ 122.02 Essential Elements of Claim
§ 122.10 "Defective Condition" – Defined
§ 122.11 "Proximate Cause" – Defined
§ 122.20 Crashworthiness Doctrine
§ 122.21 Fault Not at Issue
§ 122.33 Comparative Fault

§ 128.60 Reasonable not Speculative

§ 128.70 Damages Must Have Been Proximately Caused

§ 129.01 Damage to Property
§ 129.02 "Fair Market Value" – Defined
§ 129.30 Loss of Profits
§ 129.32 Loss of Goodwill
§ 129.50 Mitigation of Damages

**ERSTAD & RIEMER, P.A.**

Dated: September 2, 2004

By: s/Patrick D. Reilly
Patrick D. Reilly (#90451)
Attorneys for Defendants
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700

**§ 101.40 Evidence in the Case**

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony]. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**§ 101.41 Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**§ 101.42 Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**§ 101.43 Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**§ 101.44 What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**§ 101.45 Evidence for Limited Purposes**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other. [For example, evidence has been admitted that [name] has been convicted of a crime. Evidence of the conviction has been admitted only for the purpose of helping you judge the credibility or believability of [name] as a witness. Evidence of the conviction was not received to show that [name] is a bad person or did any bad act relating to the facts of this case.]

**§ 101.49 Ruling on Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**§ 102.20 Judicial Notice**

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe]. You must accept this fact as true for purposes of this case.

**§ 102.26 View of Location Permitted**

I have concluded that it would be helpful for you to view the scene of [describe]. You will go with the bailiffs and we will reconvene at [time].

While you are at the scene please do not ask any questions of the lawyers or of the people who may be there. If you have questions, direct them to me.

Do not discuss the case with anyone, even the other jurors, while going to or from the location or at the location itself.

**§ 102.23 Deposition as Substantive Evidence**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition [if the witness is not present] [if the testimony in court contradicts the witness' deposition testimony]. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read [shown] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

**§ 102.41 Evidence Admitted Against Only One Party**

Each party is entitled to have the case decided solely on the evidence that applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties and cannot be considered against the others. The evidence you [are about to hear] [just heard] can be considered only in the case against [name].

**§ 103.10 Instructions Apply to Each Party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**§ 103.12 All Persons Equal Before the Law--Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A [corporation] [partnership] [unincorporated association] is entitled to the same fair trial as a private individual. All persons, including [corporations], [partnerships], [unincorporated associations], and other organizations stand equal before the law, and are to be treated as equals.

**§ 103.14 Multiple Defendants**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

**§ 103.31 Consideration of the Evidence--Corporate Party's Agents and Employees**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**§ 104.01 Preponderance of the Evidence**

Plaintiff _____ has the burden in a civil action, such as this, to prove every essential element of [plaintiff's] claim by a preponderance of the evidence. If plaintiff _____ should fail to establish any essential element of [plaintiff's] claim by a preponderance of the evidence, you should find for defendant _____ as to that claim.

[As to the counterclaim, the defendant is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim.]

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

**§ 104.05 "Direct" and "Circumstantial" Evidence--Defined**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**§ 104.20 "Inferences" Defined**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**§ 104.25 Failure to Call Available Witness**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

**§ 104.26 Failure to Produce Available Evidence**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**§ 104.50 Charts and Summaries**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**§ 104.40 Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**§ 104.53 Oral Statements or Admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**§ 104.54 Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**§ 105.01 Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**§ 105.02 Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [or on a videotape]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**§ 105.04 Impeachment--Inconsistent Statement or Conduct (*Falsus In Uno Falsus In Omnibus*)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**§ 105.09 Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**§ 105.11 All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**§ 106.01 Duty to Deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**§ 106.02 Effect of Instruction as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**§ 106.03 Verdict--One of Multiple Defendants**

At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

**§ 106.07 Verdict Forms--Jury's Responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**§ 106.10 Additional Instruction--When Jurors Fail Seasonably to Agree**

I wish to suggest a few thoughts to you that you may desire to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. So, there appears no reason to believe that the case could ever be submitted to [number] people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all of us who have participated in this trial. The only reason that I mention these facts now is because some of them may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters that, along with other and perhaps more obvious ones, remind us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict.

It is your duty as jurors, however, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring [number] minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. That is to say, in conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments with a disposition to reexamine your own views.

You are not partisans. You are judges--judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by a preponderance of the evidence. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

Remember at all times that no juror is expected to yield a conscientious belief he or she may have as to the weight or effect of evidence. But remember also that after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

You may now retire and continue your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.

**§ 108.01 Agents of Corporation**

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**§ 108.03 Apparent Authority**

One of the issues you must decide is whether [defendant _____] [plaintiff _____] was bound by the actions of [name], who, it is claimed, was acting as the [defendant's] [plaintiff's] agent. In deciding this issue, you may consider whether the [defendant] [plaintiff] placed [name] in such a situation that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming that this person had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find that the [plaintiff] [defendant] was justified in assuming that [name] had the authority to act as [name] did, then you may find that the [defendant] [plaintiff] is bound by the acts of [name] as [defendant's] [plaintiff's] agent.

**§ 108.06 "Independent Contractor"--Defined**

An "independent contractor" is one who, contracts with another to do something for the other person, but who is not subject to the other person's control with respect to his or her physical conduct in the performance of the undertaking.

**§ 120.03 Essential Elements of Plaintiff's Claim**

In order to prove the essential elements of plaintiff _____'s claim, the burden is on plaintiff _____ to establish by a preponderance of the evidence the following facts:

First, that defendant _____ was negligent in one or more of the particulars alleged; and

Second, that defendant _____'s negligence was a proximate [legal] cause of some injury and consequent damage sustained by plaintiff _____.

**§ 120.10 "Ordinary Care"--Defined**

"Ordinary care" is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to avoid injury to persons or the property of others.

**§ 120.11 Ordinary Care--A Relative Term**

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

**§ 120.12 Quantum of Care Varies with Danger**

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. To put it another way, any increase in foreseeable danger requires increased care.

**§ 120.51 Corporation Can Act Only Through Agents**

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the plaintiff _____to establish by a preponderance of the evidence that the negligence of one or more officers, or employees, or other agents, of the defendant _____ [persons than the plaintiff] was a proximate cause of any injuries and consequent damages sustained by the plaintiff _____.

Any negligent act or omission of an officer, or employee, or other agent, of a corporation, in the performance of that person's duties, is held in law to be the corporation's negligence.

**§ 120.60 "Proximate Cause"--Defined**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**§ 120.61 More than One Proximate Cause**

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

**§ 120.62 Intervening Cause**

If you find that defendant _____ was negligent but that the plaintiff _____'s injuries were caused by the act of a third person, defendant _____ may be liable for such injuries, if you further find that a reasonably prudent person, situated as defendant _____ was prior to the happening of the incident, would have foreseen an act of the kind committed by the third person as a probable consequence of defendant _____'s negligence. If your finding is that a reasonably prudent person would not have foreseen an act of the kind committed by the third person as a probable consequence of defendant _____'s negligence, then defendant _____ is not responsible for plaintiff _____'s injuries and your verdict should be for defendant _____.

**§ 120.71 Contributory Negligence**

In addition to denying that any negligence of defendant _____ proximately caused any injury or damage to plaintiff _____, defendant _____ alleges, as a further defense, that some contributory negligence on the part of plaintiff _____ was a proximate cause of any injuries and consequent damages plaintiff _____ may have sustained. Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, defendant _____, in effect, alleges that, even though plaintiff may have been guilty of some negligent act or omission which was one of the proximate causes, plaintiff _____, by plaintiff's own failure to use ordinary care under the circumstances for plaintiff's own safety, at the time and place in question, also contributed one of the proximate [legal] causes of any injuries and damages plaintiff may have suffered.

The burden is on defendant _____ to establish by a preponderance of the evidence that plaintiff _____ was also at fault, and that such fault contributed one of the proximate [legal] causes of any injuries and consequent damages plaintiff _____ may have sustained.

**§ 122.02 Essential Elements of Claim**

Plaintiff _____ must establish three essential elements in order to recover:

One: that defendant _____ [manufactured] [distributed] [sold] a [describe product], which at the time Defendant _____ [manufactured] [sold] it was in a defective condition unreasonably dangerous to the consumer or user;

Two: that the [describe product] was expected to and did reach the ultimate consumer without substantial change in the condition in which defendant _____ had it; and

Three: that the defective condition in the [describe product] proximately caused injury to plaintiff _____.

If you find that plaintiff _____ has established each of these elements by a preponderance of the evidence, your verdict will be for plaintiff _____. Otherwise your verdict will be for defendant _____.

**§ 122.10 "Defective Condition"--Defined**

A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer, with the ordinary knowledge common to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

**§ 122.11 "Proximate Cause"--Defined**

A defective condition proximately causes an injury if the defect directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it reasonably can be said that, except for the defective condition, the injury complained of would not have occurred.

**§ 122.20 Crashworthiness Doctrine**

Any design defect not causing the accident would not subject the manufacturer to liability for the entire damage, but the defendant manufacturer would be liable for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design.

If you find that defendant manufacturer _____ is liable to plaintiff _____, the manufacturer is in no event liable to compensate plaintiff _____ for any damages or injuries that would have occurred as a result of the collision if the [describe how the alleged defect contributed to the injury, e.g., the right rear door of the automobile had remained closed].

**§ 122.21 Fault Not at Issue**

If you find that the essential elements of plaintiff _____'s claim have been established by preponderance of the evidence, defendant _____is liable even though you may find and believe that defendant _____ exercised all reasonable care in the preparation and sale of the product.

**§ 122.33 Comparative Fault**

Comparative fault is fault on the part of a plaintiff that, combining with a defect in a product, contributes as a proximate cause in bringing about the plaintiff's injury.

Comparative fault, if any, on the part of plaintiff _____ does not bar plaintiff's recovery against defendant _____ but the total amount of damages to which plaintiff _____ would otherwise be entitled shall be reduced by the percentage that plaintiff _____'s comparative fault contributed as a proximate [legal] cause of plaintiff's injury.

**§ 128.60 Reasonable not Speculative**

Damages must be reasonable. If you should find that plaintiff _____ is entitled to a verdict, you may award plaintiff only such damages as will reasonably compensate plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that plaintiff has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

**§ 128.70 Damages Must Have Been Proximately Caused**

You are not to award damages for any injury or condition from which plaintiff _____ may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [legally] caused by the accident in question.

**§ 129.01 Damage to Property**

If you find for plaintiff _____ in accordance with these instructions, then you must determine the damage to which plaintiff _____ is entitled for injury to [his] [her] property. As compensation for damage to that property, plaintiff _____ is entitled to recover the lesser of two figures arrived at as follows:

One figure is the reasonable expense of necessary repair of the property plus the difference in the fair market value of the property immediately before the occurrence and the fair market value after the property is repaired.

The other figure is the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.

You may award for property damages the lesser of these two figures only.

**§ 129.02 "Fair Market Value"--Defined**

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

**§ 129.30 Loss of Profits**

If you should find, from a preponderance of the evidence in the case, that plaintiff _____ is entitled to a verdict, the law provides that plaintiff is to be fairly compensated for all damages, if any, to plaintiff's business proximately caused by defendant _____'s conduct.

In arriving at the amount of the award, you should include any damages suffered by plaintiff _____ because of lost profits; that is to say, profits that plaintiff would have made, but for the unlawful conduct of defendant _____.

If you should find from a preponderance of the evidence in the case, that damage to plaintiff _____'s business, such as a loss in the profits, was proximately caused by defendant _____s' illegal conduct complained of, then the circumstances that the precise amount of plaintiff _____'s damages may be difficult to ascertain should not affect plaintiff's recovery, particularly if defendant _____'s wrongdoings have caused the difficulty in determining the precise amount.

On the other hand, plaintiff _____ is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded, only when there is some reasonable basis in the evidence in the case for determining that plaintiff _____ has in fact suffered a loss of profits, even though the amount of such loss may be difficult to ascertain.

In arriving at the amount of any loss of profits sustained by plaintiff _____, you are entitled to consider any past earnings of plaintiff _____ in the business in question, as well as any other evidence in the case bearing upon the issue.

**§ 129.32 Loss of Goodwill**

In determining general compensatory damages, you may consider whether plaintiff _____ suffered any measurable loss to its goodwill. The goodwill of a business is an intangible business value reflecting the basic human tendency to do business with a merchant who offers products of the type and quality that the customer desires and expects. Service to the customer and a willingness to stand behind a warranty and other representations about the quality of the products that are sold by a merchant are all factors in the goodwill of that business.

The goodwill attached to a particular product or a business may be symbolized in whole or in part by the consuming public's acceptance and recognition of the business. The goodwill attached to a product is a part of the overall business value that is the goodwill of the that business. It is possible, therefore, that the general goodwill of a business may be damaged by the loss of goodwill to a particular product. Whether this has occurred is a question of fact for you to determine.

If you find that plaintiff _____'s goodwill has been damaged either by damage to the goodwill associated with a particular product or injury to its general business reputation, you may assess such compensatory damages as you may find shown by the evidence. The measure of plaintiff _____'s damage is the difference between such goodwill before and after the acts of the defendant.

**§ 129.50 Mitigation of Damages**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages--that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

If you should find [that defendant _____ has proved] that the plaintiff _____ [within the limitations of any disability plaintiff may have sustained] failed to seek out or take advantage of a business or employment opportunity that was reasonably available to plaintiff under all the circumstances shown by the evidence, then you should reduce the amount of plaintiff _____'s damages by the amount plaintiff could have reasonably realized if plaintiff had taken advantage of such opportunity.