**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civ. No. 00-987 (JNE/JSM)

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.,
Promenade Village Townhomes, L.L.C.,
Healy Ramme Company, and
Valley Forge Insurance Company, one
of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and
BRW Elness Architects, Inc., n/k/a
Elness Swenson Graham Architects, Inc.,
Colloid Environment Technologies Co.,
and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth –Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF ELNESS SWENSON GRAHAM ARCHITECTS, INC.'S MOTION IN LIMINE**

---

## INTRODUCTION

Third-Party Defendant Elness Swenson Graham Architects, Inc. ("ESG") seeks an order from this Court, pursuant to Rule 403 of the Federal Rules of Evidence, excluding and prohibiting Plaintiffs and/or any other party and/or witness from introducing into evidence any documents or offering any testimony making reference to ESG's drawings or to its general performance which are unrelated to the plaza water leaks during the trial of this matter. Such evidence has no particular relevance to the issues involved in this case, and, furthermore, any probative value is far outweighed by the unfair prejudice to ESG and confusion and waste of time which would occur at trial if such evidence is allowed.

## STATEMENT OF FACTS

This case involves claims for damages related to water leaks to the plaza area at the Promenade Townhomes Project in Eagan, Minnesota (the "Project"). ESG was the architect during the construction of the Project. During the course of discovery, several of the parties and their experts have made generalized/nonspecific comments and/or criticisms of ESG's plans and drawings for the Project and of ESG's general performance during the Project.

For example, Marshall M. Levin, Weis Builder's expert, in his report of April 20, 2001, comments as follows:

> According to Weis personnel, during the construction process the drawings were found to be lacking in many respects, including accurate dimensioning and grades, and inadequate and/or inaccurate detailing. Again according to Weis personnel, their repeated "Requests for Information' ("RFI's") frequently met with no response.

(Affidavit of William D. Hull ("Hull Aff."), Ex. A at p. 3).

Robert J. Kudder, the expert jointly retained by Waterproofing By Experts, Inc. ("WBE"), Colloid Environmental Technologies Co. ("CETCO") and Chris Craft Industrial

Products, Inc., in his Updated Report Evaluation of Courtyard Waterproofing dated August 15, 2003, makes the following comment:

> The project drawings prepared by ESG contain numerous ambiguities, contradictions, missing information, and poor coordination between the architectural and structural aspects of the project. A thorough delineation of these problems is given in the PAI report dated May 30, 2002, and will not be repeated here. While no drawing set is expected to be perfect, deficiencies in the design documents are customarily corrected through a clarification process during construction. The shortcomings of the ESG drawings for this project are excessive.

(Hull Aff., Ex. B at p. 4 of 13).

There also has been deposition testimony by certain parties/parties' experts regarding general criticisms of ESG's drawings and performance which are unrelated to the plaza water leak issue.

**ARGUMENT**

Pursuant to Rule 403, this Court should exclude and prohibit any party and/or witness from introducing into evidence any documents, or offering any testimony, making reference to ESG's drawings and performance which are unrelated to the plaza water leaks during the trial of this matter. Evidence of this type has no relevance to the courtyard water leaks. Further, even if such evidence has some marginal relevance, it is far outweighed by unfair prejudice to ESG. Rule 403 provides as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

"Unfair prejudice" within the context of Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief*

*v. United States*, 519 U.S. 172, 180 117 S.Ct. 644, 650 136 L.Ed.2d 574, 588 (1997) (quoting Advisory Committee's Notes on Fed. R. Evid. 403, 28 U.S.C. App. p. 860). The Supreme Court in *Old Chief*, offered the courts the following guidance in making a Rule 403 balancing decision:

> An item of evidence might be viewed as an island, with estimates of its own probative value and unfairly prejudicial risk the sole reference points in deciding whether the evidence ought to be excluded. Or the question of admissibility might be seen as inviting further comparisons to take account of the full evidentiary context of the case as the court understands it when the ruling must be made. This second approach would start out like the first but be ready to go further. On objection, the court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question, but for any actually available substitutes as well. If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk. . . .

519 U.S. at 182-83. A court should be more willing to exclude evidence when there are less prejudicial alternative means to prove the fact in issue. *See e.g. Carter v. District of Columbia*, 795 F.2d 116, 126 (D.C. Cir. 1986) (holding that it was error to admit prejudicial evidence where "there were certainly other ways the evidence could have been admitted so that relevant aspects were retained and the prejudicial aspect minimized").

In *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335, 1347, n. 14 (7th Cir. 1983), the court held that the district court did not abuse its discretion in refusing to admit evidence relating to projects other than the owners' project which allegedly showed that during the time the architect was working on the owner's project, the architect's office had cost overruns on many jobs, falsified financial and progress reports on many jobs and violated the architect's company's policies. In so ruling, the court held that, "[a]lthough not

totally irrelevant to this case, the district court did not abuse its discretion in balancing the relevancy against other factors listed in Rule 403 of the Federal Rules of Evidence. . . .” *Id.*

Here, allowing evidence in the form of testimony, expert reports and/or deposition transcripts which criticize and/or discuss alleged deficiencies in ESG’s drawings and general performance which are unrelated to the water leakage issues would unfairly prejudice ESG because such evidence, even if probative, could mislead and/or confuse the jury as to the issues before it. The sole issues in this case are: (1) what are the cause(s) of the leaks; (2) which party, if any, is responsible for the leaks; and (3) what damages were proximately caused by the responsible party(ies)’ actions and/or inactions. The jury may possibly be misled and/or confused in that, even though there are no deficiencies in ESG’s drawings as to the waterproofing, because there are alleged deficiencies in other parts of the drawings that such alleged deficiencies in the drawings were the cause of the leaking. In other words, there is a danger that allowing parties’ unfettered opportunity to criticize ESG’s drawings and general performance would unfairly prejudice the jury against ESG, even if the evidence establishes no fault on the part of ESG for the leakage.

Second, allowing testimony and documentary criticisms of ESG’s drawings and general performance which are unrelated to the leakage issue would cause a needless waste of time at trial. This Court has broad discretion to exclude such evidence under Rule 403 as being cumulative and an unnecessary waste of time. *See United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996) (explaining that holding that evidence is “cumulative” when it adds very little to the probative force of the other evidence in the case, so that if it were admitted, its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants who must wait longer for

their trial). Allowing the other parties unfettered opportunity to criticize ESG's drawings and general performance would force ESG to submit evidence and testimony to rebut such evidence. This would necessarily add time to a trial which the some of the parties already anticipate will be at least 7 weeks in duration.

Finally, ESG is not requesting this Court to exclude its drawings, or even to exclude all criticisms of its drawings and/or performance. Rather, ESG is requesting that this Court limit any evidence to criticisms which relate solely to the water leakage issue. Because there are less prejudicial alternatives available to the parties in proving their cases, this Court should grant ESG's Motion.

## CONCLUSION

Based on the foregoing, this Court should exclude and prohibit any party and/or witness from introducing into evidence any documents or offering any testimony making reference to ESG's drawings and/or general performance which are unrelated to the plaza water leaks at the trial of this matter pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

September 3, 2004

By: /s/ William D. Hull .
William D. Hull (#47995)
Steven R. Little (#0304244)
8500 Normandale Lake Boulevard
Suite 2110
Minneapolis, Minnesota 55437
952-841-0001
*Attorneys for Third-Party Defendant Elness Swenson Graham Architects, Inc.*

*elness_memo in limine to exclude*