**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 00-CV-987(JNE/JAM)

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.,
Promenade Village Townhomes, L.L.C.,
Healy Ramme Company, and
Valley Forge Insurance Company, one
of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and
BRW Elness Architects, Inc., n/k/a
Elness Swenson Graham Architects, Inc.,
Colloid Environment Technologies Co.,
and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth –Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

**PROPOSED SPECIAL VERDICT FORM OF THIRD-PARTY DEFENDANT ELNESS SWENSON GRAHAM ARCHITECTS, INC.**

---

Members of the Jury:

The following questions are to be answered by you. Your answer to each question must be unanimous. In order to answer yes to any question, you must find that the preponderance of the evidence supports an affirmative answer to the question.

1. Was Promenade Village Townhomes, LLC (hereinafter referred to as "Promenade") negligent by failing to have gutters installed in the courtyards of the Promenade?

Yes or No

2. *If your answer to Question 1 was "Yes," then answer this question*: Was Promenade's negligence a direct cause of the water leaks in the courtyards at the Promenade?

Yes or No

3. Was Weis Builders, Inc. (hereinafter referred to as "Weis Builders") negligent in designing, installing, supervising or coordinating the design and installation of the courtyard waterproofing system or the courtyard drainage system at the Promenade?

Yes or No

4. *If your answer to Question 3 was "Yes," then answer the following question*: Was the negligence of Weis Builders a direct cause of the courtyard water leaks at the Promenade?

Yes or No

5. Was Waterproofing By Experts, Inc. (hereinafter referred to as "WBE") negligent in the way they designed or installed the courtyard waterproofing system at the Promenade?

Yes or No

6. *If your answer to Question 5 was "Yes," then answer the following question*: Was negligence of WBE a direct cause of the courtyard water leaks at the Promenade?

Yes or No

7. Was J-Berd Mechanical Contractors, Inc. (hereinafter referred to as "J-Berd") negligent in the way it designed or installed the courtyard drainage system at the Promenade?

Yes or No

8. *If your answer to Question 7 was "Yes," then answer the following question*: Was J-Berd's negligent a direct cause of the courtyard water leaks at the Promenade?

Yes or No

9. Was Colloid Environmental Technologies Company (hereafter referred to as "CETCO") negligent in recommending the use of its products, in contributing to the design of the waterproofing system in courtyards at the Promenade, in its inspection of the installation of waterproofing system, or in its design or manufacturing of the waterproofing products used in the courtyards at the Promenade?

Yes or No

10. *If your answer to Question 9 was "Yes," then answer the following question*: Was CETCO's negligence at direct cause of the courtyard water leaks at the Promenade?

Yes or No

11. Was Chris Craft Industrial Products, Inc. (hereinafter referred to as "Chris Craft") negligent in its design or manufacturer of the water soluble film that was incorporated into the Swelltite 3000 used at the Promenade?

Yes or No

12. *If your answer to Question 11 was "Yes," then answer the following question*: Was Chris Craft negligence a direct cause of the water leaks in the courtyards at the Promenade?

Yes or No

13. Was Elness Swenson Graham Architects, Inc. (hereinafter referred to as "ESG") negligent in the way it designed the Promenade?

Yes or No

14. *If your answer to Question 13 was "Yes," then answer the following question*: Was ESG's negligence a direct cause of the courtyard water leaks at the Promenade?

Yes or No

15. Was ESG negligent in its observation of construction or its administration of the Project?

Yes or No

16. *If your answer to Question 15 was "Yes," then answer the following question*: Was ESG's negligence a direct cause of the courtyard water leaks?

Yes or No

17. Was ESG an agent of the Promenade in observing construction or in administering the Project?

Yes or No

18. Was ESG an agent for Promenade in preparing drawings, observing construction and administering the construction contract?

Yes or No

19. *If the answer to any two or more of Question Nos. 2, 4, 6, 8, 10, 12 or 14 is yes, then with respect only to those parties whose fault or negligence you determined to be a direct cause of Plaintiff's damages, answer this question*: Taking all of the fault that contributed as a direct cause to the courtyard water leaks at the Promenade to be 100%, what percentage of the fault do you attribute to:

| | | |
|---|---|---|
| a. | Weis Builders, Inc. | _______% |
| b. | Waterproofing By Experts, Inc. | _______% |
| c. | Colloid Environmental Technologies Co. | _______% |
| d. | J-Berd Mechanical Contractors, Inc. | _______% |
| e. | Chris Craft Industrial Products, Inc. | _______% |
| f. | Elness Swenson Graham Architects, Inc. | _______% |
| g. | Promenade Village Townhomes, LLC | _______% |
| | TOTAL | 100% |

## DAMAGES

Regardless of how you answered the previous questions, you must answer the following damages questions, bearing in mind that a claimant's damages for harm to its property must not include any loss that the claimant could have prevented by reasonable care.

20. What amount of money, if any, will fairly compensate Promenade for out-of-pocket expenses incurred to repair or replace property damaged solely and directly as a result of water leaks experienced at the Promenade?

$____________________

21. Did the leaks at the Promenade Oak apartments cause Promenade to lose any income due to decreased occupancy or suppressed rentals?

Yes or No

22. *If your answer to Question 18 was "Yes," then answer this question*: What amount of money, if any, will fairly and reasonably compensate Promenade for the reduced occupancy, suppressed rentals, and concessions incurred solely and directly as a result of the leaks at the Promenade Oak apartments?

$____________________

23. What amount of money, if any, will fairly compensate Promenade **for the less of**: (a) the diminished value of the property resulting solely and directly from water leaks; or (b) the costs to restore the courtyards to the condition for which Promenade contracted?

$____________________

24. What amount of money, if any, will fairly and reasonably compensate Weis for the remedial work it performed following completion of the Promenade Oak apartments?

$____________________

25. Does Promenade owe Weis for labor and materials provided pursuant to the original construction contract between the parties?

Yes or No

26. *If your answer to Question 22 was "Yes," then answer this question*: What amount of money will fairly compensate Weis for the work and/or materials it provided pursuant to the original construction contract?

$____________________

27. Does Weis owe WBE for labor and materials provided under the original subcontract agreement for waterproofing work?

Yes or No

28. *If your answer to Question 24 was "Yes," then answer this question*: What amount of money will fairly compensate WBE for the work and/or materials it provided pursuant to the original subcontract agreement?

$_____________________

Dated: ________________ ______________________________

Jury Foreperson

*elness_special verdict form*