UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Civil File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

**JURY INSTRUCTIONS**

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

Defendant and Third-Party Plaintiff Weis Builders, Inc., submits the following jury instructions at the time of trial. Weis Builders respectfully reserves the right to amend, delete, or add to these proposed jury instructions depending upon the evidence adduced at trial.

The instructions provided are primarily taken from the Minnesota District Judges Association *Jury Instruction Guides – Civil, 4th Edition* (1999) and applicable Federal and Minnesota case law.

Minnesota CIVJIG 10.15 – Preliminary Instructions- Before Trial

Members of the jury:

You have now been sworn in.

Here are some basic rules about your job as a juror.

Your job will be to find what the facts are in this case by considering the evidence.

As judge I will apply the rules and tell you what you can and cannot consider as evidence.

WHAT IS EVIDENCE

1. Evidence is what witnesses say on the stand. This is called "testimony."

2. Evidence can be items like photographs and documents. These items are called exhibits.

3. There are also facts you must accept:

   a. Evidence can be facts that the attorneys agree on. This agreement is called a stipulation.

   b. There may also be facts that I tell you to accept.

WHAT IS NOT EVIDENCE

The following are not evidence:

1. Nothing the attorneys say during the trial, including opening statements and closing arguments, is evidence.

2. The attorneys' questions are not evidence. The answers of the witnesses are.

3. Objections are not evidence. Attorneys may object if they think a question or answer is against the rules:

   a. I will sustain the objection if I think it is against the rules, and you should ignore this question or answer.

b. If I overrule the objection, the question or answer is evidence like the rest of the witnesses' testimony.

4. You cannot consider anything you hear or learn about this case outside this courtroom.

You must follow the instructions on what you can consider as evidence.

TAKING NOTES

You may take notes during the trial. You do not have to.

Do not let your note taking distract you.

Your notes must stay in the courtroom during the trial.

You may take them into the jury room during deliberations.

Use your notes as an aid to your memory. Fit them in with your total recollection of the facts.

A written note does not necessarily make a piece of evidence more important, whether you or another juror wrote it down.

DECIDING THE FACTS

Wait until you have heard all the evidence before you make up your mind.

Your best guide is your own good judgment, experience and common sense.

In addition, ask yourself:

1. Is a witness being truthful?
2. Will a witness gain or lose if this case is decided a certain way?
3. How did a witness come by the facts? How well did he or she remember the facts?
4. Does he or she seem honest and sincere?
5. Is the testimony of the witness reasonable compared with other evidence?

DUTY OF THE JURY

You must decide the facts.

You and only you can decide the facts. Do not take anything I say or do as a sign of what the verdict should be.

Once the facts are decided, you must follow the law.

You must follow the law even if you don't agree with it.

HOW TO ACT AS A JURY MEMBER

A few words about your conduct as jurors:

Do not let outsiders influence you.

Do not discuss this case with other jury members during trial.

You will have plenty of time to do this at the end of trial, once you have all the evidence.

If anyone tries to discuss this case with you outside the courtroom, report this to me.

Do not read or listen to news reports about the case.

Do not do your own investigation.

Keep an open mind until you have heard or seen all of the evidence.

Remember you cannot consider anything you hear or learn about this case outside the courtroom.

Minnesota CIVJIG 10.20 – Post-trial preliminary statement – duties of Judge and Jury

I will give you your instructions.

The order in which I give the instructions is not important.

Consider all the instructions together.

You must apply the law in these instructions whether you agree with it or not.

You must follow all of the instructions. Do not single out some and ignore others – all of them are equally important.

DUTIES OF THE JURY AND THE JUDGE

You must decide what the facts are from the evidence you have heard and seen. You must apply the law to these facts. I will explain which laws apply.

The questions you have to decide are listed in the verdict form. I will order a judgment based on your own answers to the questions and the law.

It is your exclusive duty to answer the questions on the verdict form. Do not take anything I do or say as a sign of what the answers should be.

DECIDE THE CASE ON THE EVIDENCE

Decide the case on the evidence.

Base your decision only on the evidence you have seen or heard in this courtroom.

You must not let events outside the courtroom influence you.

YOUR MOST IMPORTANT DUTY: BE IMPARTIAL

You cannot take sides based on personal likes, dislikes or prejudices.

You must not be concerned that a particular answer on the verdict form is favorable to one party or the other.

Minnesota CIVJIG 10.25 – Statements of Counsel and Judge

DUTIES OF THE ATTORNEYS

The attorneys have professional duties:

1. They represent their clients.
2. They introduce evidence to support or defend their clients.
3. They make objections.
4. They argue their clients' cases.

STATEMENTS OF THE ATTORNEYS AND JUDGE

Nothing the attorneys say during the trial, including opening statement and closing argument, is evidence.

The attorneys' questions are not evidence. The witnesses' answers are evidence.

What I say or what the attorneys say about the evidence may be different from what you remember. If that happens, rely on your own memory.

What the attorneys say about the law may be different from what I say. If this happens, you must rely on what I say about the law.

Minnesota CIVJIG 10.30 – Rulings on Objections to Evidence

The law has rules about the evidence allowed in a case. It is my duty to make sure the rules are followed.

OBJECTIONS

Attorneys may object if they think a question or answer is against the rules. Keep the following in mind about objections:

1. If I have a sustained the objection, ignore this question and/or answer.
2. If I have overruled the objection, the answer is evidence like anything else.
3. Remember that objections by themselves are not evidence.
4. The fact that evidence has been objected to should not effect your view of the evidence.

EVIDENCE THAT IS NOT ALLOWED

I will tell you when other types of evidence are against the rules and have to be ignored or stricken from the record.

Minnesota CIVJIG 12.10 – Direct and Circumstantial Evidence

DIRECT AND CIRCUMSTANTIAL EVIDENCE

A fact can be proved in one of two ways:

1. A fact is proved by direct evidence when that fact is proved directly without any inferences.
2. A fact is proved by circumstantial evidence when that fact can be inferred from other facts proved in the case.

For example, the fact that "a person walked in the snow" could be proved:

1. By an eye-witness who testified directly that he or she saw a person walking in the snow.
2. By circumstantial evidence of shoe-prints in the snow, from which it can be indirectly inferred that a person had walked in the snow.

Using direct and circumstantial evidence

You should consider both kinds of evidence. The law makes no distinction between the weight given to either direct or circumstantial evidence.

It is up to you to decide how much weight to give any kind of evidence.

Minnesota CIVJIG 12.15 – Evaluation of Testimony- Credibility of witnesses

GUIDELINES FOR EVALUATING TESTIMONY

You must decide what testimony to believe and how much weight to give it.

Here are some guidelines:

1. Will a witness gain or lose if this case is decided a certain way?
2. What is the relationship of the witness to the parties?
3. How did a witness learn the facts? How did he or she know, remember and tell the facts?
4. What was his or her manner?
5. What was his or her age and experience?
6. Did the witness seem honest and sincere?
7. Was the witness frank and direct?
8. Is the testimony reasonable compared with other evidence?
9. Are there any other factors that bear on believability and weight?

In addition, you should rely upon your own experience, good judgment and common sense.

Minnesota CIVJIG 12.20 – Evaluation of Deposition Evidence

EVALUATING EVIDENCE GIVEN IN A DEPOSITION

The deposition of a witness may be presented when the witness cannot be at the trial in person. The deposition was given under oath.

When you are shown a videotape deposition or a deposition is read to you:

1. Give the evidence the same weight as you would if the person was present.
2. Use the same factors as you would in judging any evidence.

The manner of the person reading the deposition is not a factor.

Minnesota CIVJIG 12.25 – Impeachment

GUIDELINES FOR IMPEACHMENT

1. You may consider what the witness did or said in the past, if it is not consistent with what he or she is saying now.

   If what was said in the past was not under oath, use it only to decide the truth or weight of what the witness is saying now.

   If it was under oath, or the witness is a party in this case (or an agent for one of the parties), then use it to decide the issues in this case and the truth and weight of what the witness is saying now.

2. You may consider the reputation for truthfulness of a witness.

Minnesota CIVJIG 12.30 – Expert Testimony

OPINION TESTIMONY

Most witnesses are allowed to testify only about what they saw, heard, or experienced. Usually, they are not allowed to give their opinions.

But some witnesses are allowed to give their opinions, because they have special training, education, and experience.

When a witness gives an opinion, you should consider the following guidelines:

1. What are the education, training, experience, knowledge and ability of the witness?
2. What reasons are given for the opinion?
3. What are the sources of the information?
4. What are the guidelines already given to you for any testimony?

You need not give this opinion testimony any more importance than other evidence.

Minnesota CIVJIG 14.15 – Burden of Proof

DECIDING THE ISSUES IN A CASE

You will be asked to answer "yes" or "no" to some questions on the verdict form.

The greater weight of the evidence must support a "yes" answer.

This means that all of the evidence, regardless of which party produced it, must lead you to believe that the claim is more likely to be true than not true.

Greater weight of the evidence does not necessarily mean the greater number of witnesses or the greater volume of evidence.

Any believable evidence may be enough to prove that a claim is more likely true than not.

Minnesota CIVJIG 15.15 – Two or More Defendants (Several Liability)

TWO OR MORE DEFENDANTS

There are seven defendants in this lawsuit.

Answer the questions for each defendant as though the lawsuits were being tried separately.

Each defendant must be judged separately.

Do not let your judgment about one defendant influence your judgment about the others.

View these instructions separately as they apply to the defendants.

Minnesota CIVJIG 20.45 – Contract – Breach

DEFINITION OF "BREACH OF CONTRACT"

A contract is breached when there is a failure (without legal justification) to perform a substantial part of the contract.

This breach occurs when one party:

Fails to carry out part of the contract that required immediate performance.

Fails to carry out a term of the contract by preventing or hindering the term being completed.

Minnesota CIVJIG 20.60 – Damages

DECIDING DAMAGES FOR A BREACH OF OCNTRACT

The damages award, if any, for a breach of contract should put the damaged party in the position it would have been in, if the contract had not been breached.

Damages may be awarded for losses that the parties, when they entered the contract, could foresee would probably result if the contract was breached.

Minnesota CIVJIG 20.65 – Mitigation of Damages – Contracts

LIMITING DAMAGES FOR BREACH OF CONTRACT

In determining the amount of damages for breach of contract, take into account the fact that the party asking for damages must act reasonably to limit his or her damages.

Minnesota CIVJIG 22.10 – Express Warranty

PROOF OF EXPRESS WARRANTY BY AFFIRMATION OR PROMISE

An express warranty by affirmation is created if:

1. The seller makes an affirmation of fact or promise to a buyer, and
2. The affirmation or promise relates to the goods, and
3. The affirmation or promise becomes part of the basis for the bargain.

DEFINITION OF "AFFIMRAION"

An "affirmation of fact" is a statement of facts relating to the subject matter of the sale.

BASIS OF THE BARGAIN

A statement of facts or promise is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

EFFECT OF THE EXPRESS WARRANTY BY AFFIRMATION OR PROMISE

With the express warranty by affirmation or promise the seller warrants to the buyer that the goods will conform to the affirmation or promise.

Minnesota CIVJIG 22.15 – EXPRESS WARRANTY BY DESCRIPTION

PROOF OF EXPRESS WARRANTY BY DESCRIPTION

An express warranty by description is created if:

1. The buyer describes the good to the seller, and
2. The description of the goods becomes part of the basis of the bargain.

BASIS OF THE BARGAIN

A description of goods is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

EFFECT OF THE EXPRESS WARRANTY BY DESCRIPTION

With the express warranty by description, the seller warrants to the buyer that the goods will conform to the description.

Minnesota CIVJIG 22.20 – Express Warranty By Sample or Model

PROOF OF WARRANTY BY SAMPLE OR MODEL

An express warranty by sample or model is created if:

1. The seller uses a sample or model of the goods, and
2. The sample or model becomes part of the basis for the bargain.

BASIS OF THE BARGAIN

A sample or model is part of the "basis of the bargain" if it played a part in the agreement between the seller and the buyer.

EXISTENCE OF AN EXPRESS WARRANTY BY SAMPLE OR MODEL

It must appear that the buyer and seller made the agreement with the understanding that all the goods would be like the sample or model.

The sale is by sample if the quality is identified by reference to a sample or model.

Without this reference, whether a sale is by sample or model is determined by the intent of the parties as shown by:

1. The terms of the contract, and
2. The circumstances around the transaction.

EFFECT OF THE EXPRESS WARRANTY BY DESCRIPTION

With the express warranty by sample or model, the seller warrants to the buyer that the whole of the goods will conform to the sample or model.

Minnesota CIVJIG 22.25 – Implied Warranty of Merchantability

DEFINTION OF "WARRANTY OF MERCHANTABILITY"

The law implies that the seller warrants or guarantees that the purchased goods:

Would pass without objection in the trade under the contract description.

In the case of fungible goods, must be of average quality within the description. "Fungible goods" are goods that are interchangeable.

Are fit for the ordinary purposes for which the goods are used.

Conform to the promises or stated facts on the container or label.

Minnesota CIVJIG 22.30 – Implied Warranty – Course of Dealing

An implied warranty may arise from a course of dealing between the parties or usage of trade.

DEFINITION OF A "COURSE OF DEALING"

A "course of dealing" is the past pattern of conduct between the parties that fairly establishes a common basis of understanding.

This past course of dealing may be used to interpret what the parties did and said in this transaction.

DEFINITION OF "USAGE OF TRADE"

A "usage of trade" is any practice or method of dealing that is regularly used in a place, vocation or trade.

The usage of trade justifies the expectations that it will apply to a transaction.

Minnesota CIVJIG 22.35 – Implied Warranty of Fitness for a Particular Purpose

DEFINTION OF "IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

There is an implied warranty that the goods are fit for a particular purpose if, at the time of the sale:

1. The seller knew or had reason to know the particular purpose the goods were being used for,
2. The seller knew or had reason to know the buyer would rely on the seller's skill and judgment in selecting or providing goods suitable for that purpose, and
3. The buyer relied on the seller's skill or judgment in selecting or providing goods suitable for that purpose.

Minnesota CIVJIG 22.50 – Express Warranty – Breach

BREACH OF EXPRESS WARRANTY BY AFFIRMATION OR PROMISE

An express warranty by affirmation or promise is breached or broken if the goods do not conform to the affirmation or promise made by the seller.

BREACH OF EXPRESS WARRANTY BY DESCRIPTION

An express warranty by description is breached or broken if the goods do not conform to the description given by the seller.

BREACH OF EXPRESS WARRANTY BY SAMPLE OR MODEL

An express warranty by sample or model is breached or broken if the whole of the goods does not conform to the sample or model used by the seller.

Minnesota CIVJIG 22.55 – Implied Warranty of Merchantability – Breach

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

The implied warranty of merchantability is breached if the purchased goods:

Would not pass without objection in the trade under the contract description.

In the case of fungible goods, these are not of average quality within the description.

Are not fit for the ordinary purposes for which the goods are used.

Do not conform to the promises or stated facts on the container or label.

Minnesota CIVJIG 22.60 – Implied Warranty of Fitness for a Particular Purpose – Breach

BREACH OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

An implied warranty of fitness for a particular purpose is breached if the goods or product are not fit for the particular purpose specified by the buyer at the time of sale.

Minnesota CIVJIG 22.65 – Causation

DEFINITION OF "DIRECT CAUSE"

A direct cause is a cause that had a substantial part in bringing about the damage.

Minnesota CIVJIG 22.70 – Warranty – Damages

CALCULAION OF WARRANTY DAMAGES

A buyer's damages for breach of warranty are the difference between:

1. The value of the goods accepted; and
2. The value of the goods if they had been as warranted.

The buyer is also entitled to consequential and incidental damages resulting from the seller's breach of warranty.

DEFINITION OF "CONSEQUENTIAL DAMAGES"

"Consequential damages" include:

1. Losses resulting from general or particular requirements and needs of the buyer if:

    a. The seller had reason to know about these requirements and needs when the contract was made; and
    b. The buyer could not reasonably have prevented these damages.

2. Injury to persons or property as a direct result of any breach of warranty.

DEFINTION OF "INCIDENTAL DAMAGES"

"Incidental damages" include:

1. Reasonable expenses for inspection, receipt, transportation, and care and custody of goods rightfully rejected, and
2. Any commercially reasonable charges , expenses or commissions in connection with minimizing loss.
3. Any other reasonable expense resulting from the breach of warranty.

Minnesota CIVJIG 25.10 – Negligence and Reasonable Care – Basic Definition

DEFINITION OF “REASONABLE CARE”

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

DEFINITION OF “NEGLIGENCE”

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

Minnesota CIVJIG 25.15 – Comparative Fault

DEFINITION OF "FAULT"

Fault consists of:

1. Negligence
2. Breach of warranty
3. Sale of a product in a defective condition unreasonably dangerous to the user, consumer or its property.

PERCENTAG OF FAULT

If you find that Promenade's fault is greater than 50%, then Promenade will receive no damages.

If you find that Promenade's fault is 50% or less, then Promenade's damages will be reduced by that percent.

If you assigned a percentage of fault to Promenade, I will do the reduction of damages. You are not to reduce any damage amounts yourselves for this reason.

This instruction is not meant to suggest that you should find anyone at fault. It is to tell you about the relationship between the percentage of fault and the damages received.

PERCENTAGE OF FAULT

If you find that Promenade has a percent of fault that is greater than any individual defendant, then Promenade will not receive any damages from that defendant.

This instruction is not meant to suggest that you should find anyone at fault. It is to tell you about the relationship between the percentage of fault and the damages received.

Minnesota CIVJIG 25.35 – Gross Negligence

GROSS NEGLIGENCE

Gross negligence occurs when a person does not pay the slightest attention to the consequences, or uses no care at all.

Minnesota CIVJIG 25.55 – Fact of Accident Alone – No Inference of Negligence

The fact that an event has happened does not by itself mean that someone was at fault.

Minnesota CIVJIG 26.20 – Subsequent Remedial Measures

EVIDENCE OF CHANGE OR REPAIR

Evidence in this case shows that remedial measures were taken after the alleged injury to Promenade's property.

You can consider a repair only to decide: The cost and ease of making repair.

You cannot use this evidence to decide: Whether the defendants acted reasonably under the circumstances.

Minnesota CIVJIG 27.10 – Direct Cause

DEFINITION OF "DIRECT CAUSE"

A "direct cause" is a cause that had a substantial part in bringing about the injury.

Minnesota CIVJIG 27.15 – Concurring Cause

DEFINITION OF "CONCURRING CAUSE"

There may be more than one direct cause of the injury.

This occurs if the effects of:

The fault of each of two or more persons, or

The fault of a person and a force of nature

Work at about the same time to cause the injury.

If this occurs, each may be a direct cause of the injury.

Minnesota CIVJIG 26.15 – Evidence of Custom

EVIDENCE OF STANDARDS OR CUSTOM

Evidence of standards or custom is not conclusive. It is just one piece of evidence.

1. You may consider an industrial or professional standard to decide whether reasonable care was used.
2. You may consider what is usually done or customary in this industry or profession to decide whether reasonable care was used.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

Minnesota CIVJIG 30.10 – Independent Contractor – Definition

DEFINTION OF AN "INDEPENDENT CONTRACTOR"

An independent contractor agrees to work for an entity. The entity does not actually control, and does not have the right to control, how the independent contractor performs the work.

Minnesota CIVJIG 30.25 – Principal and Agent Relationship

DEFINTION OF "PRINCIPAL" AND "AGENT"

An "agent" is a person who is authorized to act for a principal.

A principal-agent relationship exists when there is:

1. An agreement that one person will act for another, and
2. An understanding that the person who authorizes the other to act is in control of the undertaking.

A person who agrees to act for the other is the "agent." The person who authorizes the act is the "principal."

Minnesota CIVJIG 30.30 – Principal and Agent – Scope of Authority

SCOPE OF AUTHORITY

An agent acts within the scope of his or her authority if he or she has the express or implied authority to act for the employer.

Implied authority to act can be determined by the course or pattern of dealing between the principal and agent.

Minnesota CIVJIG 75.20 – Design Defect

MANUFACTURER'S DUTY AS TO PRODUCT DESIGN

A manufacturer has a duty to use reasonable care to design a product that is not unreasonably dangerous to buyers, users, or property exposed to the product when the product:

1. Is used as intended, or
2. Is used in a way that the manufacturer could reasonably have anticipated.

EVALUATING MANUFACTIRER'S DESIGN CHOICES

A manufacturer must keep up with scientific knowledge and advances in the field.

A manufacturer's duty to design products must be judged according to the knowledge and advances that existed at the time the product was designed.

In deciding whether a manufacturer's design choices resulted in a product that was in a defective condition unreasonably dangerous to those who buy, use, are exposed to, or property that is exposed to the product, consider all the facts and circumstances, including:

1. the danger presented by the product
2. the liklihood that harm will result from use of the product
3. the seriousness of the harm
4. the cost and ease of taking effective precautions to avoid that harm
5. whether the manufacturer considered the scientific knowledge and advances in the field

A product manufacturer may not avoid its duty to design a safe product by letting others make decisions affecting the safety of the product.

Minnesota CIVJIG 75.25 – The Duty to Warn

A MANUFACTURER'S DUTY TO PROVIDE ADEQUATE WARNINGS AND INSTRUCTIONS

A manufacturer has a duty to provide reasonably adequate warnings and instructions for its products to those who use the product when the product:

1. Is used as intended, or
2. Is used in a way that the manufacturer could reasonably have anticipated.

ADEQUATE WARNING

A manufacturer must keep up with scientific knowledge and advances in the field.

A manufacturer's duty to provide reasonably adequate warnings and instructions must be judged according to the scientific knowledge and advances that existed at the time the product was designed.

In deciding whether the manufacturer's warnings or instructions were reasonably adequate, consider all the facts and circumstances, including, among others:

1. The likelihood that harm would result from use of the product
2. The seriousness of the harm that would result
3. The cost and ease of providing warnings or instructions that would avoid the harm
4. Whether the warnings and instructions are in a form the ordinary user could reasonably be expected to notice and understand
5. Whether the manufacturer considered the scientific knowledge and advances in the field

A product that is not accompanied by reasonably adequate warnings or instructions is unreasonably dangerous to whoever uses or is affected by the product.

The product must be reasonably safe for use if the warnings and instructions are followed.

Minnesota CINJIG 75.30 – Manufacturing Defects

DECIDING WHEN A PRODUCT IS DEFECTIVE

A product is in a defective condition unreasonably dangerous to the ordinary user or consumer or the ordinary user's or consumer's property if he or she could not have anticipated the danger the product created.

In deciding if the danger could have been anticipated, assume the user or consumer had the knowledge common to the community about the product's characteristics and common use.

The defect in the product may be caused by the way it was manufactured, assembled, inspected, packaged or tested.

Minnesota CIVJIG 75.35 – Liability of Manufacturer or Seller of Goods – Negligence

DUTY OF THE MANUFACTURER OR SELLER TO USE REASONABLE CARE

A manufacturer or seller of a product has a duty to use reasonable care to protect people who are, or property that is, likely to be exposed to unreasonable risk of harm.

A manufacturer or seller must use reasonable care in the manufacture, assembly, inspection, packaging, and testing of the product to protect users or consumers, or users' or consumers' property.

"Reasonable care" is the care a reasonable person would use under the same or similar circumstances.

A manufacturer must keep up with scientific knowledge and advances in the field. You should judge whether the manufacturer used reasonable care in the light of that duty.

Minnesota CIVJIG 75.40 – Manufacturer's Duty to Provide Post-Sale Warnings

A MANUFACTURER'S DUTY TO PROVIDE POST-SALE WRNINGS

A manufacturer has a duty to use reasonable care to provide post-sale warnings of product dangers to persons who or property that may be exposed to harm when the product:

1. Is used as intended, or
2. Is used in a way that the manufacturer could reasonably have anticipated.

DECIDING IF THE MANUFACTURER USED REASONABLE CARE

"Reasonable care" is the care you would expect a reasonable person to use in the same or similar circumstances.

You must decide if a manufacturer using reasonable care would have provided post-sale warnings or instructions for the safe use of the product.

A manufacturer must keep up with scientific knowledge and advances in the field.

A manufacturer's duty to use reasonable care to provide post-sale warnings or instructions must be judged according to the scientific knowledge and advances reasonably available between the time the product was manufactured and the date of injury.

In deciding whether the manufacturer should have provided post-dale warnings or instructions, consider all the facts and circumstances, including, among others:

1. The likelihood that harm would result from use of the product
2. The seriousness of the harm that would result
3. The cost and ease of providing post-sale warnings or instructions that would avoid the harm
4. Whether the manufacturer considered scientific knowledge and advances in the field.

Minnesota CIVJIG 75.50 – Causation

DEFINTION OF "DIRECT CAUSE"

A "direct cause" is a cause that had a substantial part in bringing about the injury.

Minnesota CIVJIG 80.75 – Duty of Architect and Engineer

STANDARDS OF PROFESSIONAL PRACTICE

An architect or engineer must use the same degree of skill and learning as a practitioner would use who is:

1. In good standing, and
2. In a similar practice, and
3. In similar circumstances.

An architect or engineer must reasonable care in applying that skill and learning in serving a client.

Minnesota CIVJIG 90.10 – Compensatory Damages – Personal and Property Damages Definition (This instruction also incorporates 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, section 128.60 (5th Ed. 2000))

ANSWER EACH QUESTION INDEPENDENTLY

You must answer each damage question in the verdict form regardless of our answers to the other questions on the verdict form. Your verdict form is not complete until the damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

DAMAGES ARE MONEY

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured. Damages may include past and future injury. It must be proved that future injury is reasonably certain to occur.

Damages must be reasonable. If you should find that a party is entitled to damages, you may award only such damages as will reasonably compensate the party for the injury and damage you find.

Minnesota CIVJIG 90.15 – Damages – Burden of Proof

DEFINITION OF "BURDEN OF PROOF"

A party asking for damages must prove the nature, extent, duration, and consequences of his or her injury.

You must not decide damages based on speculation or guess.

Minnesota CIVJIG 92.10 – Compensatory Damages – Personal and Property Damages – General Instruction; 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, section 129.01 (5th Ed. 2000); *In re Commodore Hotel Fire and Explosion Cases*, 324 N.W.2d 245 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959).

DECIDING THE AMOUNT OF DAMAGES

In answering the damages questions on the verdict form, you are to decide the amount of money that will fairly and adequately compensate the party at issue for its past and future injury.

ITEMS TO INCLUDE

The Promenade Oaks apartment complex was not damaged beyond repair. Therefore, Promenade's damages for injury to its property, if any, are the lesser of:

1. The actual value of the property
   To find the value of the property, calculate the difference between:

   a. The fair market value of the property at the time and place of damage
   b. Minus the fair market value, if any, of what remains of the property after the damage

Or,

2. The cost of repair

   The reasonable cost of repair for restoring the damaged property to substantially the same condition as it was before the harm.

   If, following repairs, the property is in a better condition than before the harm, damages are limited to the cost of restoring the property to the condition it was in before, not to its improved condition.

   If the repairs cannot restore the property to substantially the same condition as before the damage:

   a. Determine the reasonable cost of repair, and

   b. Add the difference between the fair market value of the property before the damage and the fair market value of the property after the repairs.

   The total damages cannot exceed the difference in value before and after the

damage.

You may award property damage for the lesser of these two figures only.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, section 129.02 (5th Ed. 2000))

Fair Market Value – Defined

Fair Market Value is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

Minnesota CIVJIG 92.15 – Mitigation of Damages – Property

DUTY TO PREVENT LOSS

Promenade's damages for harm to its property must not include any loss that Promenade could have prevented by reasonable care.

A general contractor is not liable for the negligence of its subcontractors unless the general contractor has retained the general supervision and control of the work and has failed to exercise reasonable care in doing so.

*Rausch v. Julie B. Nelson & Sons, Inc.*, 276 Minn. 12, 20, 149 N.W.2d 1, 6-7 (Minn. 1967).

A subcontractor owes a duty to a general contractor to perform in a workmanlike manner.

*Brasch v. Wesolowsky*, 272 Minn. 112, 118-21, 138 N.W.2d 619, 624-25 (1965).

In a principal-agent relationship, the principal is liable for the act of an agent committed in the course and within the scope of agency.

*Bedow v. Watkins*, 552 N.W.2d 543, 547 (Minn. 1996) (citations omitted).

A contractor is not liable for defects in plans and specifications provided to it by an owner, even where the contract requires the contractor to visit the site and check the plans. Rather, the owner impliedly warrants that its plans and specifications are fit for use in bidding on and performing a contract.

*McCree & Co. v. State*, 253 Minn. 295, 309, 91 N.W.2d 713, 722-23 (1958); *Zontelli & Sons v. City of Nashwauk*, 373 N.W.2d 744, 752 (Minn.1985).

Minnesota CIVJIG 10.45 – Deliberation and Return of Verdict

Here are some instructions about your deliberations and return of the verdict.

ITEMS THAT WILL BE IN THE JURY ROOM

During your deliberations you will have the following items in the jury room:

1. Any exhibits received in evidence
2. Notes you took during the trial
3. the written final instructions
4. the verdict form

SELECTION OF A FOREPERSON

When you return to the jury room to discuss this case, you must select a jury member to be the foreperson. That person will lead your deliberations

THE JURORS' DUTY TO DISCUSS THE CASE

The goal of jury deliberations is to talk among yourselves in order to reach an agreement about the verdict.

This agreement must be consistent with your own judgment.

Each of you must decide the case for yourself, but do so only after you have fully considered the views of your fellow jurors.

Re-examine your own view and change your mind, if you decide your original view was mistaken.

But do not change your mind just because other jurors disagree, or simply because of pressure to return a verdict.

KINDS OF VERDICT

*Unanimous Verdict*

Your verdict must be unanimous, that is: all jurors must agree on all the answers.

The foreperson must date and sign the verdict form if your verdict is unanimous.

*Divided Verdict*

If you cannot reach a unanimous verdict after six hours of deliberation, then 5 of you may return a verdict.

If you return a verdict that is not unanimous, the 5 of you may return a verdict.

If you return a verdict that is not unanimous, the 5 jurors must agree to sign and date the jury form.

The same 5 jurors must agree on all answers.

RETURN OF THE VERDICT

When you agree on a verdict, notify the bailiff.

You will return to the courtroom where your verdict will be received and read out loud in your presence.

SECRECY OF THE JURY DELIBERATIONS

Your deliberations must be secret and confidential.

You must not communicate with anyone except other jury members about the case during your deliberations.

JUROR'S RESPONSIBILITY

You must not allow sympathy, prejudice, or emotion to influence your verdict.

The quality of your service will be reflected in the verdict that you return to this court.

Your arrival at a just and proper verdict contributes to the administration of justice.

/1159261