UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Civil File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

**DEFENDANT AND THIRD-PARTY PLAINTIFF WEIS BUILDERS, INC.'S TRIAL BRIEF**

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

The Court is familiar with the facts in this case and therefore, Weis will not present them again here. Rather, this trial brief is to discuss the need for bifurcation of the liability and damages issues from the coverage dispute between Weis and its insurers, the exclusion of coverage issues between Weis and its insurers, the need to change the caption and jury instructions.

## I. Insurance Issues

The great majority of the trial will concern the construction project and the property itself. There are a few limited issues that exist between Weis and its insurers that are currently part of the trial. Despite the limited nature of the insurance issues, any introduction of those issues will prejudice Weis and confuse what is already a complex construction matter. Because of the prejudice and confusion that will result, Weis is moving to bifurcate the trial to separate the liability and damage issues from the coverage dispute between Weis and its insurers. (See motion to bifurcate.) In an alternative to bifurcation, Weis is also moving to exclude from trial the issues and evidence that pertain solely to the coverage dispute, in particular, whether Weis received consent from Westfield to perform remedial work and the application of the professional services exclusion in Weis' policy with Westfield. These issues will require specific reference to insurance and coverage and the introduction of evidence that, and witnesses who, would not

otherwise be a part of the case. As a result, the presentation of these issues to the jury will prejudice Weis and confuse this matter. These issues can be decided separately and after the trial. Therefore, they should be excluded at this time. (See motions in limine.)

**II. Changing the caption and setting the order for presentation**

If this case is bifurcated or the insurance issues between Weis and its insurers are excluded, the caption should be changed to reflect the true organization of the case and the order of presentation should be set accordingly. Westfield and Valley Forge should be removed from the caption and Promenade should become the plaintiff. Promenade sued Weis and alleged that it sustained damages as a result of defective construction and materials at the Promenade Oaks apartments. In turn, Weis made claims against the architect, some subcontractors and a materials manufacturer. As a result, the actual plaintiff in this matter is Promenade and the caption should be changed to reflect as much and the order of presentation should be set accordingly. While the Court has the discretion to determine the order and presentation of the trial, it also has a duty to see that the evidence is presented in an orderly manner, with as little confusion as possible. *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996), cert. Denied 519 U.S. 1109, 117 S.Ct. 944, 136 L.Ed. 833 (1997); and *Skogen v. Dow Chemical Co.*, 375 F.2d 692, 704 (8th Cir. 1967). Generally, this is achieved by making the party with the burden of proof go first. *Anheuser-Busch*, 89 F.3d at 1344. Here, Promenade has the burden of proof and should go first.

Even if the case is not bifurcated or the insurance issues are not excluded, Promenade, the party who has the burden of proof, should be listed as the plaintiff and should go first. Therefore, the caption should be changed and the order of presentation should be set accordingly.

## III. Jury Instructions

Weis agrees with Westfield's discussion of the damages instruction for this matter. A combined instruction, taking from both the Federal and Minnesota instructions for damages, is appropriate as those instructions are consistent with Minnesota law and together fill in gaps in each instruction that exist when they are read in isolation. The Federal instruction articulates that the measure of damages is the lesser of (1) diminution in value and (2) cost of repair and the Minnesota instruction does not. *See* 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, section 129.01 (5th Ed. 2000)) and Minnesota District Judges Association *Jury Instruction Guides – Civil, 4th Edition* (1999), CIVJIG 92.10. The Minnesota instruction explains that the property owner is not entitled to the cost of any repairs that result in a betterment and the Federal instruction does not. *Id.* Taken together, the two instructions accurately depict Minnesota law and therefore the combined instruction for damages is appropriate. *See In re Commodore Hotel Fire and Explosion Cases*, 324 N.W.2d 245 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959); *O'Connor v. Schwartz*, 304 Minn. 155, 229 N.W.2d 511, 158 (1975); and *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159, 165 (1973).

Dated: September 3, 2004

s/ Chad J. Stepan
Michael D. Hutchens # 167812
Chad J. Stepan. #0279535
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

and

Dean B. Thomson, #141045
Jocelyn L. Knoll, #22988X
Fabyanske Westra & Hart, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402

***Attorneys for Defendant and***
***Third-Party Plaintiff Weis Builders, Inc.***

/1159269