UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company, Civil File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

**DEFENDANT AND THIRD-PARTY PLAINTIFF WEIS BUILDERS, INC.'S MOTION IN LIMINE**

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

**MOTION**

Weis hereby moves the court for an order excluding the following:

1. Any evidence from David Campbell, Sid Bhatt, Richard Stehley, William Arockiasamy, Robert Kudder, Jeffrey Schuh, Jon Camaya, Tim Charboneau or Scott Vanderburg regarding Weis' duties, responsibilities and standard of care as a general contractor on the Promenade Oaks project. None of the aforementioned individuals are general contractors and they are not qualified to testify regarding the responsibilities, duties and standard of care for general contractors.

2. Any evidence that leaks have occurred at the repairs performed at the property. There is no reliable evidence establishing that any leaks occurred at any of the repaired areas. Therefore, any evidence suggesting as much should be barred because it would be the product of speculation.

3. The report and opinions of Robert Strachota as the introduction of any opinions, evidence or testimony from Mr. Strachota will not assist the jury in understanding the evidence or determining a fact in issue. Mr. Strachota opines regarding an alleged diminished value of the property (i.e., a value with leaks and a value without leaks) and evidence regarding that information is available without his opinions. Thad Palmer, a representative of the company that purchased the property, testified regarding the value of the property with and without leaks.

4. The following coverage related issues, and the evidence that is related to those issues: whether Weis had consent from Westfield to perform remedial work and the application of the professional services exclusion in the Westfield policy. The introduction of evidence related to these issues is extremely prejudicial to Weis and will be confusing to the jury.

Weis' motions in limine are based upon all the files, records and proceedings herein, the arguments of counsel and its Memorandum of Law.

Dated: September 3, 2004

s/ Chad J. Stepan

Michael D. Hutchens # 167812
Chad J. Stepan. #0279535
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

and

Dean B. Thomson, #141045
Jocelyn L. Knoll, #22988X
Fabyanske Westra & Hart, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402

***Attorneys for Defendant and***
***Third-Party Plaintiff Weis Builders, Inc.***

/1159379