UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Civil File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

**DEFENDANT AND THIRD-PARTY PLAINTIFF WEIS BUILDERS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE**

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

**INTRODUCTION**

The inclusion of any issues regarding whether Weis has coverage from Westfield or CNA in this matter will prejudice Weis and confuse the trial. Applying the criteria of convenience, prejudice, expedition, and economy, the liability and damages issues should be bifurcated from the coverage issues. Therefore, Weis respectfully requests that the Court grant Weis' motion to bifurcate this matter to decide liability and damages separately from the coverage dispute.

**BACKGROUND**

The Court is familiar with the facts of this case and the coverage issues at hand. Therefore, Weis will not restate that information here.

**ANALYSIS**

**I. APPLICABLE STANDARD**

Under Federal Rule of Civil Procedure 42(b), district courts possess broad discretion to bifurcate issues for purposes of trial. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990).

**II. THE INTERESTS OF CONVENIENCE AND JUSTICE SUPPORT THAT THE**

**DISPUTE CONCERNING THE INSURANCE COVERAGE AVAILABLE UNDER THE WESTFIELD AND CNA POLICIES BE RESOLVED BY SEPARATE JURY TRIAL AFTER A JURY TRIAL RESOLVES THE ISSUES OF LIABILITY AND DAMAGES.**

The Federal Rules of Procedure provide that the Court may order a separate trial for separate issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R. Civ. P. 42.02 (b).

The trial of this matter presents two distinct sets of issues for resolution. The first set of issues involves liability and damages related to the construction and operation of the Promenade Oaks apartments. The second set of issues involves whether coverage is available to Weis under Westfield's and CNA's policies for damages. Because these two distinct sets of issues are best resolved in separate trials, Weis asks the Court to exercise its discretion to separate the issues.

**a. Separate trial of liability and damages issues will aid the jury.**

Resolution of Promenade's claims will require a jury to resolve, among other things, whether the project was defectively designed, whether the construction work was defective, and the extent of Promenade's damages. These issues are the focal point of this matter. The amount of evidence and number of witnesses necessary to introduce the facts needed to prove and defend these claims will be extraordinary and extensive. During this portion of the trial, the jury will be required to digest an immense amount of technical and logistical information – much of which will be introduced by Weis.

Presenting to the jury the extraordinarily technical and complicated facts involving the construction of the project and the existence of defects, and then requiring the jury to turn 180 degrees to address the insurance coverage between Weis and its insurers will utterly and thoroughly confuse the jury. After several days of testimony regarding block walls, top or bottom bearing trusses

and bentonite waterproofing, no jury will comprehend issues of professional services exclusions and consent to repair. Further, much explanation will be needed to address who the coverage witnesses are and what the evidence is because most of the coverage witnesses and evidence would not be part of the main case. The delay and confusion that the explanation will cause requires that the issues be separated.

If the coverage issues are separated from the underlying liability dispute, the jury would be able to hear evidence relating to the insurance policies and other insurance issues uninterrupted and undistracted by the liability and damages issues. Following a determination by the jury of liability and damages, the jury could then focus solely on the insurance coverage dispute as it exists between Weis and its insurers. Resolution of the liability and damages in the first trial, will streamline the issues between Weis and its insurers during the second trial.

**b. If the trial is not bifurcated, the prejudice on Weis is extreme.**

If the liability, damage and coverage issues are tried in the same trial, there will be prejudice to Weis. Not only will Weis have to defend itself against Promenade's claims but it will have to defend itself against coverage claims. Such circumstances place Weis in a situation were it may have to argue divergent positions. It will be difficult to clearly articulate Weis' position to a jury if it is forced to take divergent positions to address both the liability and damages claims and the coverage claims. Such circumstances are extremely prejudicial as they could put Weis at a distinct disadvantage in the trial of this matter.

## CONCLUSION

In applying the criteria of convenience, prejudice, expedition, and economy, this trial should be bifurcated. Separating the liability and damages issues from the coverage dispute will help focus

the issues for the jury and avoid the extreme prejudice to Weis if it is forced to address liability, damages and coverage claims all at once. Further, decding the liability and damages issues prior to the coverage issues should streamline the resolution of the coverage issues.

For these reasons, Weis Builders respectfully requests that the Court exercise its discretion and grant its motion to bifurcate the trial, separating the resolution of the liability and damages issues from the insurance coverage dispute between Weis and its insurers.

Dated: September 3, 2004

s/ Chad J. Stepan
Michael D. Hutchens, #167812
Chad J. Stepan, # 0279535
**MEAGHER & GEER, P.L.L.P.**
Suite 4200, 33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

and

Dean B. Thomson, #141045
Jocelyn L. Knoll, #22988X
Fabyanske Westra & Hart, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402

***Attorneys for Defendant and Third-Party Plaintiff Weis Builders, Inc.***

/1159354