**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

Civil File No. 00-CV-987 JEL/JSM

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MOTIONS IN LIMINE**

---

# MOTIONS IN LIMINE

Defendant J-Berd Mechanical Contractors, Inc. hereby moves the court to limit the parties from introducing comments, references, questions, or evidence, regarding the following:

1) That two or more inches of standing water is constantly present at the bottom of the plaza deck level of the courtyards of the Property;
2) That the plaza drain configuration is the reason for the existence of any such standing water.

J-Berd also moves the court to exclude certain opinions asserted by civil engineer, Jeffery Schuh, the proposed expert retained by Third-Party Defendant Colloid Environmental Technologies Company ("CETCO"). J-Berd seeks to exclude from evidence the following opinions asserted by Mr. Schuh:

1. The surface water drainage systems in the courtyards at the Promenade Townhomes are inadequately designed based on the special circumstances surrounding the courtyard. The design does not meet City requirements and results in water ponding adjacent to the buildings (Ex. 836 pg. 20 #1).
2. Due to the extremely flat topography and small size of the courtyards, the drainage system should have been designed with additional safeguards. The system should have been designed to accommodate the 100-year storm without significant ponding. Any ponding resulting from the 100-year event should have been minimal and should not have resulted in a water surface within 1 foot below the top of foundation or any other opening that could be conduit to seepage (Ex. 836 pg. 20 #2).
3. The top of foundation should not be located within one foot in elevation to the inlets. There needs to be more margins for potential ponding because the result of ponding is seepage into the buildings. The top of foundation should have been located above the surrounding grade to eliminate the potential for seepage to occur through the framed portion of the building (Ex. 836 pg. 20 #3).
4. Seepage may be the result of melting snow during periods of freezing weather. When the ground is frozen, melt water cannot reach the inlets or percolate into the drainage system. Instead, water can seep into thawed ground near the buildings and enter the units (Ex. 836 pg. 20 #4).
5. The drainage problems within the courtyard could have been significantly reduced if a well-designed surface drainage system were constructed. Such a system would have taken the special needs of the courtyard into consideration. A combination of adding gutters to the buildings to divert flow from the roof, lowering the rims of the inlets, and installing a larger grate and frame would have reduced, but not eliminated, the potential for ponding and subsequent seepage (Ex. 836 pg. 21 #5).
6. The precast concrete slabs should either have been sloped towards the drains or a topping should have been provided to promote subsurface drainage. Instead with a flat drainage system that has no potential for complete drainage because of the

configuration of the outlet pipe, there is a continual source of water on top of the waterproofing system. (Ex. 836 pg. 21 #6).

7. Frost heave of soils in the courtyard is a direct result of using silty sand and silt to coaly backfill above the subsurface drainage system. Silty sand is highly frost susceptible. A free draining, non-frost susceptible soil should have been used for backfill below all structure in the courtyard, including sidewalks. (Ex. 836 pg. 21 #7).

J-Berd also requests, as part of this motion, that counsel be directed to instruct all witnesses called to withhold from making any gratuitous comments regarding these matters.

This motion is made on the grounds that such evidence lacks relevancy, reliability, and foundation and therefore should be deemed not admissible under Rules 401, 402, 602, 701, 702, 703 of the Federal Rules of Evidence; and that, alternatively, such evidence is inadmissible under Rule 403 of the Federal Rules of Evidence, since any probative value it may have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or the needless presentation of cumulative evidence.

This motion is based upon all of the files, records and proceedings herein, as well as the accompanying Memorandum of Law.

Dated: September 3, 2004

_/s/ Rolf E. Sonnesyn ____________

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, Minnesota 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 700, Wells Fargo Center

P.O. Box 1497
St. Cloud, Minnesota 56302-1497
(320) 251-6700

Attorneys for Third Party Defendant J-Berd
Mechanical Contractors, Inc.