**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

Civil File No. 00-CV-987 JEL/JSM

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE**

---

## INTRODUCTION

Third-Party Defendant and Fourth-Party Plaintiff J-Berd Mechanical Contractors, Inc. ("J-Berd") submits the following memorandum of law in support of its motion to bifurcate the above-entitled action pursuant to Fed.R.Civ.P. 42.02. Specifically, J-Berd seeks bifurcation of Plaintiffs' coverage claims against Defendant Weis Builders, Inc. from the third and fourth party claims in this action.

## FACTS

Weis Builders, Inc. ("Weis") entered into a contract with Promenade Village Townhomes, LLC ("Promenade") to construct the Promenade Oaks Townhomes project ("Project" or "Property"), located in Eagan, MN on or about September 19, 1996. On or about October 16, 1996, Weis entered a Standard Subcontract Agreement with J-Berd Mechanical Contractors, Inc. ("J-Berd") for J-Berd to perform work necessary for the installation of plumbing, heating, and fire protection systems for the entire Project, which included installation of the plaza drain system.

Sometime in late 1997 and again in Spring 1998, Project owner Healey Ramme Company notified Weis of alleged water penetration of some of the Property's townhome buildings. Weis in turn performed some remedial measures at the Property but has been informed by Promenade that additional and continued water penetration occurs at the Property. Weis sought indemnification from its insurer Plaintiff Westfield Insurance Company ("Westfield") for expenses associated with the property damage claims asserted or intended by Promenade and others under Weis' commercial general liability insurance policy with Westfield. Weis' remedial measures at the Property included the installation of drain tile, replacement and repair of waterproofing, and repairs for water damage to buildings or townhome units.

On or about August 4, 2000, Plaintiff Westfield filed and served a First Amended Complaint for Declaratory Judgment against Weis to determine its contractual obligations to Weis for the expenses associated with the alleged and/or intended property damage claims. Weis served and filed an Answer to Plaintiff's First Amended Complaint, and has served and filed cross-claims against Promenade to determine the amount and type of obligations owed by Weis to Promenade pursuant to the contract Weis and Promenade entered in September 1996. Promenade has also served and filed cross-claims against Weis, alleging damages as a result of such claims as breach of contract, negligent construction, and negligent design and installation of the waterproofing system on the decks of the Property.

On or about June 26, 2002, Weis served and filed a Third Party Summons and Complaint against J-Berd, seeking indemnification and contribution should Weis be found liable to Promenade for damages.

On or about November 7, 2003, Westfield served a motion for summary judgment against Weis, and included an argument that the professional services exclusion of the Westfield insurance policy applies to exclude coverage for Weis to the extent that the claimed damages are attributed to design errors. *See* Plaintiff Westfield Insurance Company's Memorandum of Law in Support of Motion for Summary Judgment dated November 7, 2003, at 21; *see also* id. at 22-25 and Reply Memorandum in Support of Westfield Insurance Company's Motion for Summary Judgment, at 7-8.[1]

## ARGUMENT

Under Federal Rule of Civil Procedure 42.02:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim,

[1] These pleadings of Westfield Insurance Company are already on file with the court and thus are not being resubmitted herein to avoid unnecessary duplication of the record.

> cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

When a bifurcation question arises, the trial court resolves the problem by applying the criteria of convenience, prejudice, expedition, and economy. Grosfield v. Clearwater Clinic, 417 N.W.2d 640, 642 (Minn. 1988). If in an action between two parties, evidence will be presented that is prejudicial to the claim or defense of a third party in a related suit, prejudice will occur and that party should move to have the action separated. *See* L.E. Whitham Constr. Co. v. Remer, 105 F.2d 371 (10th Cir. 1939); Henan Oil Tools, Inc. v. Engineering Enterprises, Inc., 262 F.Supp. 629 (S.D.Tex. 1966).

Any evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed.R.Evid. 401, 402, and 403.

In the present case, there are allegations of various design errors and defects by contractors and design professionals on this project. J-Berd Mechanical Contractors, Inc. is among the defendants that Weis Builders and other parties seek to prove liable for design errors and defects. Given Westfield Insurance Company's posture in this action as it relates to Weis Builders, it is likely that Westfield will attempt to offer evidence and present arguments that point to various design errors and defects on this project. While Westfield is interested in this evidence in order to establish an exclusion to coverage for Weis, for the purposes of the liability portion of the trial, there will in effect be two sets of counsel standing in Weis' shoes as it relates to establishing liability against J-Berd.

J-Berd maintains that allowing two "Weis" counsel the opportunity to present evidence and cross-examine witnesses against J-Berd is unfairly prejudicial to the J-Berd's defense in this

action. More specifically, given the law of averages, the sheer weight of testimony and evidence presented from the position of Weis may unjustly mislead the jury into believing that J-Berd performed its work on this project in a negligent manner.

There is a myriad of claims between the parties in this case, including actions for declaratory judgment and third and fourth party contribution and indemnity claims. Bifurcation of the coverage issues from the third and fourth party claims in this action will be conducive to expedition and economy in the anticipated protracted trial of this case. More specifically, bifurcating Westfield declaratory judgment claims against Weis from the action will streamline the presentation of evidence and witness examination relating to liability. Accordingly, J-Berd seeks to separate Plaintiff's coverage claims against Defendant Weis Builders, Inc. from the third and fourth party claims in this action.

## CONCLUSION

Based on the foregoing discussion, J-Berd respectfully requests that the court grant its motion to bifurcate.

Dated: September 3, 2004

_/s/ Chandelle L. Heyer _______________

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 700, Wells Fargo Center
P.O. Box 1497
St. Cloud, Minnesota 56302-1497
(320) 251-6700

Attorneys for Third-Party Defendant J-Berd Mechanical Contractors, Inc.