**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

and

Civil File No.: 00-CV-987 JNE/JSM

**THIRD-PARTY DEFENDANT J-BERD'S PROPOSED JURY INSTRUCTIONS**

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,
Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

and

J-Berd Mechanical Contractors, Inc.,

Third-Party Defendant and
Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

---

Third-party Defendant J-Berd Mechanical Contractors, Inc. respectfully requests that this Court introduce the following jury instructions at trial.

Evidence in the Case
Burden of Proof
Direct and Circumstantial Evidence
Credibility of Witnesses
What is not Evidence
Evidence for Limited Purpose
Ruling on Objections
Judicial Notice
Deposition as Substantive Evidence
Evidence Admitted Against Only One Party
Instructions Apply to Each Party
All Persons Equal Before the Law – Organizations
Multiple Defendants
Consideration of Evidence – Corporate Party's Agents and Employees
Instructions at Closing of Evidence: Burden of Proof
"Direct" and "Circumstantial" Evidence – Defined

"Inferences" Defined
Failure to Call Available Witnesses
Failure to Produce Available Evidence
Expert Witnesses
Oral Statements or Admissions
Number of Witnesses
Discrepancies in Testimony
Use of Depositions as Evidence
Impeachment – Inconsistent Statement or Conduct (*Falsus in uno Falsus in Omnibus*)
Effect of Prior Inconsistent Statements or Conduct
All Available Witnesses or Evidence Need Not Be Produced
Duty to Deliberate
Effect of Instruction as to Damages
Verdict – One of Multiple Defendants
Verdict Forms – Jury's Responsibility
Additional Instructions – When Jurors Fail Seasonably to Agree
Agents of Corporation
"Independent Contractor" – Defined
Essential Elements of Plaintiff's Claim
"Ordinary Care" – Defined
Ordinary Care – A Relative Term
Corporation Can Act Only Through Agents
"Direct Cause" – Defined
More than One Direct Cause
Contributory Negligence
Essential Elements of Claim
"Defective Condition" – Defined
"Direct Cause" – Defined
Fault Not at Issue
Reasonable not Speculative
Damages Must Have Been Directly Caused
Damage to Property
"Fair Market Value" – Defined
Loss of Profits
Loss of Goodwill
Owner's Duties to Disclose and Not to Hinder Construction
Apparent Authority
Architect's Liability – Professional Liability
Obligations of a Design Professional
Architect's Liability – Duty to Inspect
Lost Profit
Damages – Burden of Proof
Necessity of Proving a Cause between the Wrong and the Damage
Search for Intent

Construction by Conduct
Construction Against Draftsman
Direct Damages
Voluntary Assumption of Legal Duty of Care

Dated: September 3, 2004

_/s/ Rolf E. Sonnesyn _______________

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, PA
610 Ottawa Avenue North
Golden Valley, MN 55422
Telephone: (763) 521-4499

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 700, Wells Fargo Center
P.O. Box 1497
St. Cloud, Minnesota 56302-1497
(320) 251-6700

Attorneys for Third-Party Defendant
J-Berd Mechanical Contractors, Inc.

**§ 101.40 Evidence in the Case**

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony]. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**§ 101.41 Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**§ 101.42 Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**§ 101.43 Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**§ 101.44 What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**§ 101.45 Evidence for Limited Purposes**

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other. [For example, evidence has been admitted that [name] has been convicted of a crime. Evidence of the conviction has been admitted only for the purpose of helping you judge the credibility or believability of [name] as a witness. Evidence of the conviction was not received to show that [name] is a bad person or did any bad act relating to the facts of this case.]

**§ 101.49 Ruling on Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**§ 102.20 Judicial Notice**

Although no evidence has been introduced on the subject, the court has accepted as proved the fact that [describe]. You must accept this fact as true for purposes of this case.

**§ 102.23 Deposition as Substantive Evidence**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition [if the witness is not present] [if the testimony in court contradicts the witness' deposition testimony]. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read [shown] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

**§ 102.41 Evidence Admitted Against Only One Party**

Each party is entitled to have the case decided solely on the evidence that applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties and cannot be considered against the others. The evidence you [are about to hear] [just heard] can be considered only in the case against [name].

**§ 103.10 Instructions Apply to Each Party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**§ 103.12 All Persons Equal Before the Law--Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A [corporation] [partnership] [unincorporated association] is entitled to the same fair trial as a private individual. All persons, including [corporations], [partnerships], [unincorporated associations], and other organizations stand equal before the law, and are to be treated as equals.

**§ 103.14 Multiple Defendants**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

**§ 103.31 Consideration of the Evidence--Corporate Party's Agents and Employees**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**§ 104.01 Preponderance of the Evidence**

Plaintiff _____ has the burden in a civil action, such as this, to prove every essential element of [plaintiff's] claim by a preponderance of the evidence. If plaintiff _____ should fail to establish any essential element of [plaintiff's] claim by a preponderance of the evidence, you should find for defendant _____ as to that claim.

[As to the counterclaim, the defendant is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim.]

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**§ 104.05 "Direct" and "Circumstantial" Evidence--Defined**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**§ 104.20 "Inferences" Defined**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**§ 104.25 Failure to Call Available Witness**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

**§ 104.26 Failure to Produce Available Evidence**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**§ 104.40 Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**§ 104.53 Oral Statements or Admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**§ 104.54 Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**§ 105.01 Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**§ 105.02 Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [or on a videotape]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**§ 105.04 Impeachment--Inconsistent Statement or Conduct (*Falsus In Uno Falsus In Omnibus*)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**§ 105.09 Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**§ 105.11 All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**§ 106.01 Duty to Deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**§ 106.02 Effect of Instruction as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**§ 106.03 Verdict--One of Multiple Defendants**

At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

**§ 106.07 Verdict Forms--Jury's Responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**§ 106.10 Additional Instruction--When Jurors Fail Seasonably to Agree**

I wish to suggest a few thoughts to you that you may desire to consider in your deliberations. You should consider these thoughts along with the evidence received during the trial and all the instructions previously given to you.

This is an important case. The trial has been expensive in terms of time, effort, and money to both the defense and the plaintiff. If you should fail to agree on a verdict, the case is left open and undecided. Like all cases, it must be disposed of at some time. A second trial would be costly to both sides. There does not appear any reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen. So, there appears no reason to believe that the case could ever be submitted to [number] people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

These concepts are clear to all of us who have participated in this trial. The only reason that I mention these facts now is because some of them may have escaped your attention while you have been fully occupied in reviewing the evidence in the case in the light of the instructions with your fellow jurors. These are all matters that, along with other and perhaps more obvious ones, remind us how desirable it is that you unanimously agree upon a verdict.

As stated in the instructions given at the time the case was first submitted to you for decision, you should not surrender your honest beliefs as to the weight or effect of evidence solely because of the opinion of other jurors or for the mere purpose of returning a unanimous verdict.

It is your duty as jurors, however, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but you should do so only after a consideration of the evidence in the case with your fellow jurors. In the course of your deliberations you should not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

In order to bring [number] minds to a unanimous result you must examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. That is to say, in conferring together, each of you should pay due attention and respect to the views of the others and listen to each other's arguments with a disposition to reexamine your own views.

You are not partisans. You are judges--judges of the facts. Your sole interest here is to determine whether the plaintiff has proven each essential element of each claim concerning the defendant by a preponderance of the evidence. You are the exclusive judges of the credibility of all the witnesses and of the weight and effect of all the evidence.

Remember at all times that no juror is expected to yield a conscientious belief he or she may have as to the weight or effect of evidence. But remember also that after full deliberation and consideration of all the evidence in the case, it is your duty to agree upon a verdict if you can do so without violating your individual judgment and your conscience.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in the case bearing upon the questions before you in the light of the Court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

You may now retire and continue your deliberations in such manner as shall be determined by your good and conscientious judgment as reasonable men and women.

**§ 108.01 Agents of Corporation**

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**§ 108.06 "Independent Contractor"--Defined**

An "independent contractor" is one who, contracts with another to do something for the other person, but who is not subject to the other person's control with respect to his or her physical conduct in the performance of the undertaking.

**§ 120.03 Essential Elements of Plaintiff's Claim**

In order to prove the essential elements of plaintiff _____'s claim, the burden is on plaintiff _____ to establish by a preponderance of the evidence the following facts:

First, that defendant _____ was negligent in one or more of the particulars alleged; and

Second, that defendant _____'s negligence was a direct cause of some injury and consequent damage sustained by plaintiff _____.

**§ 120.10 "Ordinary Care"--Defined**

"Ordinary care" is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to avoid injury to persons or the property of others.

**§ 120.11 Ordinary Care--A Relative Term**

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

.

**§ 120.51 Corporation Can Act Only Through Agents**

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the plaintiff _____to establish by a preponderance of the evidence that the negligence of one or more officers, or employees, or other agents, of the defendant _____ [persons than the plaintiff] was a proximate cause of any injuries and consequent damages sustained by the plaintiff _____.

Any negligent act or omission of an officer, or employee, or other agent, of a corporation, in the performance of that person's duties, is held in law to be the corporation's negligence.

**§ 120.60 "Direct Cause--Defined**

An injury or damage is directly caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**§ 120.61 More than One Direct Cause**

The law does not recognize only one direct cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a direct cause.

**§ 122.02 Essential Elements of Claim**

Plaintiff _____ must establish three essential elements in order to recover:

One: that defendant _____ [manufactured] [distributed] [sold] a [describe product], which at the time Defendant _____ [manufactured] [sold] it was in a defective condition unreasonably dangerous to the consumer or user;

Two: that the [describe product] was expected to and did reach the ultimate consumer without substantial change in the condition in which defendant _____ had it; and

Three: that the defective condition in the [describe product] proximately caused injury to plaintiff _____.

If you find that plaintiff _____ has established each of these elements by a preponderance of the evidence, your verdict will be for plaintiff _____. Otherwise your verdict will be for defendant _____.

**§ 122.10 "Defective Condition"--Defined**

A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond that which would be contemplated by the ordinary user or consumer, with the ordinary knowledge common to the foreseeable class of users as to its characteristics. A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

**§ 122.11 "Direct Cause"--Defined**

A defective condition directly causes an injury if the defect directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it reasonably can be said that, except for the defective condition, the injury complained of would not have occurred.

**§ 122.21 Fault Not at Issue**

If you find that the essential elements of Colloidis and JBerd's claim have been established by preponderance of the evidence, defendant Chris Craft is liable even though you may find and believe that defendant Chris Craft exercised all reasonable care in the preparation and sale of the product.

**§ 129.01 Damage to Property**

If you find for plaintiff _____ in accordance with these instructions, then you must determine the damage to which plaintiff _____ is entitled for injury to [his] [her] property. As compensation for damage to that property, plaintiff _____ is entitled to recover the lesser of two figures arrived at as follows:

One figure is the reasonable expense of necessary repair of the property plus the difference in the fair market value of the property immediately before the occurrence and the fair market value after the property is repaired.

The other figure is the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.

You may award for property damages the lesser of these two figures only.

**§ 129.02 "Fair Market Value"--Defined**

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

**§ 129.30 Loss of Profits**

If you should find, from a preponderance of the evidence in the case, that plaintiff _____ is entitled to a verdict, the law provides that plaintiff is to be fairly compensated for all damages, if any, to plaintiff's business proximately caused by defendant _____'s conduct.

In arriving at the amount of the award, you should include any damages suffered by plaintiff _____ because of lost profits; that is to say, profits that plaintiff would have made, but for the unlawful conduct of defendant _____.

If you should find from a preponderance of the evidence in the case, that damage to plaintiff _____'s business, such as a loss in the profits, was proximately caused by defendant _____s' illegal conduct complained of, then the circumstances that the precise amount of plaintiff _____'s damages may be difficult to ascertain should not affect plaintiff's recovery, particularly if defendant _____'s wrongdoings have caused the difficulty in determining the precise amount.

On the other hand, plaintiff _____ is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded, only when there is some reasonable basis in the evidence in the case for determining that plaintiff _____ has in fact suffered a loss of profits, even though the amount of such loss may be difficult to ascertain.

In arriving at the amount of any loss of profits sustained by plaintiff _____, you are entitled to consider any past earnings of plaintiff _____ in the business in question, as well as any other evidence in the case bearing upon the issue.

**§ 128.60 Reasonable not Speculative**

Damages must be reasonable. If you should find that plaintiff _____ is entitled to a verdict, you may award plaintiff only such damages as will reasonably compensate plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that plaintiff has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

**§ 128.70 Damages Must Have Been Directly Caused**

You are not to award damages for any injury or condition from which plaintiff _____ may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was directly [legally] caused by the accident in question.

**§ 120.71 Contributory Negligence**

In addition to denying that any negligence of defendant _____ proximately caused any injury or damage to plaintiff _____, defendant _____ alleges, as a further defense, that some contributory negligence on the part of plaintiff _____ was a proximate cause of any injuries and consequent damages plaintiff _____ may have sustained. Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, defendant _____, in effect, alleges that, even though plaintiff may have been guilty of some negligent act or omission which was one of the proximate causes, plaintiff _____, by plaintiff's own failure to use ordinary care under the circumstances for plaintiff's own safety, at the time and place in question, also contributed one of the proximate [legal] causes of any injuries and damages plaintiff may have suffered.

The burden is on defendant _____ to establish by a preponderance of the evidence that plaintiff _____ was also at fault, and that such fault contributed one of the proximate [legal] causes of any injuries and consequent damages plaintiff _____ may have sustained.

**4.04 Owner's Duties to Disclose and Not to Hinder Construction**

In every building or construction contract, the owner has an implied duty not to obstruct, hinder, or delay the contractor. To the contrary, the owner must facilitate performance of the work. The owner also has an implied duty to disclose information material to the contractor's performance that is not available from other sources. Under the law, the owner breaches a contract when it fails to do something that it has expressly or implicitly undertaken to facilitate the other party's performance.

*Authority:* 4.04 Model Jury Instructions Construction Litigation, Construction Litigation Committee, Section of Litigation, American Bar Association (2001); Lesmeister v. Billy, 330 N.W.2d 95, 103 (Minn. 1983).

**Apparent Authority**

One of the issues you must decide is whether Promenade was bound by the actions of BRW Ellness Architects, Inc., a/k/a Ellness, Swenson, Graham Architects, Inc., who, it is claimed, was acting as Promenade's agent. In deciding this issue, you may consider whether Promenade placed BRW in such a situation that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming that this person had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find that the Defendants were justified in assuming that BRW had the authority to act as BRW did, then you may find that Promenade is bound by the acts of BRW as Promenade's agent.

*Authority:* Federal JIG § 108.03, Federal Jury Practice and Instructions (5th Ed. 2003).

**8.03 Architect's Liability – Professional Liability**

To prevail on the negligence claim against the architect, plaintiff must prove by a preponderance of evidence that (1) the architect was negligent and (2) the architect's negligence was a legal cause of damage sustained by plaintiff.

Because an architect, acting in a professional capacity, has superior knowledge and skill as a design professional, an architect must exercise a greater degree of care consistent with this superior knowledge and skill. Therefore, an architect is negligent if he or she fails to use the care, skill, ability and diligence ordinarily required of architects in the course of [preparation of plans, site inspection, or construction supervision]. Negligence may consist either in *doing* something that a reasonably careful architect would *not* do under like circumstances, or in *failing* to do something that a reasonably careful architect *would* do under like circumstances.

Negligence is a legal cause of damage if it directly and in a natural and continuous sequence produces, or contributes substantially to producing, such damage so that it can reasonably be said that, except for the negligence, the loss, injury, or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

*Authority:* 8.03 Model Jury Instructions Construction Litigation, Construction Litigation Committee, Section of Litigation, American Bar Association (2001).

**8.04 Obligations of a Design Professional**

Along with the duty of an architect to use the care, skill, ability, and diligence ordinarily required of architects, an architect also has a duty of good faith, a duty of loyalty to the employer, and a duty to disclose errors in design or construction that are so well known within the profession that a design professional should be aware of them.

If you find, by a preponderance of the evidence, that the architect breached any of these duties, and that such a breach was a legal cause of damages to plaintiff, you must also consider damages under the following sections.

If you find, by a preponderance of the evidence, that the architect did not breach these duties, you must enter a verdict for the architect.

*Authority:* 8.04 Model Jury Instructions Construction Litigation, Construction Litigation Committee, Section of Litigation, American Bar Association (2001).

**8.07 Architect's Liability – Duty to Inspect**

When an architect agrees to observe and inspect the work of a building contractor and issue a certificate of payment on ascertaining that the construction work was performed in accordance with the plans and specifications furnished by the architect, and in a good, workmanlike, and substantial manner, the architect is under a duty to plaintiff to exercise proper vigilance and skill in observing and inspecting the work to see that it was properly done before issuing the certificate and to comply with the terms of the architect's agreement.

An architect may be held liable for damages resulting from defects in construction that could have been prevented by the exercise of ordinary skill and attention of a person in the architectural profession.

If you find, by a preponderance of the evidence, that the architect failed to use proper skill in inspecting work pursuant to his or her agreement, you must enter a verdict for plaintiff and consider damages under the following sections: [*see* Chapter Ten].

If you find, however, that the architect used proper skill in inspecting work, you must enter a verdict for the architect.

*Authority:* 8.07 Model Jury Instructions Construction Litigation, Construction Litigation Committee, Section of Litigation, American Bar Association (2001).

**10.08 Lost Profit**

In this case, plaintiff [contractor] claims that defendant [owner] breached the contract between them. Plaintiff [in part] seeks the profits that it would have received underr the contract as damages.

You may award damages based on anticipated profits if plaintiff can show with reasonable certainty the amount of profits plaintiff would have received if the contract had been performed to completion by both parties.

Lost profits are recoverable when (1) they are within the contemplation of the parties at the time the contract was made, that is, that it is reasonably probable that profits would have been earned except for the breach; (2) they are the proximate result of defendant's breach; and (3) the amount of loss can be proved with reasonable certainty. Plaintiff must produce evidence sufficient to afford a reasonable basis for estimating its loss. Damages for profits that are unsatisfactorily proved, remote, or speculative cannot be recovered.

*Authority: Authority:* 10.08 Model Jury Instructions Construction Litigation, Construction Litigation Committee, Section of Litigation, American Bar Association (2001); Fields Engineering and Equipment, Inc. v. Cargill, Inc., 651 F.2d 589 (8th Cir. 1981).

**Damages – Burden of Proof**

Definition of "Burden of Proof"

> A party asking for damages must prove the nature, extent, duration and consequences of its harm. A party asking for damages must prove its claim by preponderance of the evidence and with reasonable certainty any item of damages claimed and that it is properly attributable to a defendant.
>
> You must not decide damages based on speculation or guess.

Authority: Minnesota CIV JIG 90.15; Honsinger v. Egan, 266 Va. 269, 585 S.E.2d 597, 600 (2003) (suggested instruction)

**Necessity of Proving a Cause between the wrong and the damage**

If you determine that a party is liable for a wrong, the damages for which that party can be required to compensate another party are only those damages which the party seeking damages by a preponderance of the evidence to a reasonable certainty to have been a direct consequence of the wrong. The wrong must, in the words of the law, have been a direct cause of the damage.

Authority: Murry v. United of Omaha Life Ins. Co., 145 F.3d 143 (3d Cir. 1998); Berg v. U.S., 806 F.2d 978 (10th Cir. 1986); Walls v. Armour Pharmaceutical Co., 832 F.Supp. 1505 (M.D. Fla. 1993); Union Pac. R.R. v. General Foods Corp., 654 F.Supp. 1074 (D. Kan. 1987); Rosinek v. Cox Enters., 166 Ga. App. 699, 305 S.E.2d 393 (1983); Abrams v. City of Mattoon, 148 Ill. App. 3d 657, 101 Ill. Dec. 780, 499 N.E.2d 147 (1986) (preexisting condition as possible cause of alleged injury); Gordon v. Noel, 356 N.W.2d 559 (Iowa 1984); Chatelain v. Project Square, 221, 505 So.2d 177 (La. App. 1987); Castillo v. Franks, 690 P.2d 425 (Mont. 1984); People Express Airlines v. Consolidated Rail Corp., 100 N.J. 246, 495 A.2d 107 (1985); Margrave v. British Airways, 643 F. Supp. 510 (S.D.N.Y. 1986); Goodman v. Wenco Foods, Inc., 333 N.C. 1, 423 S.E.2d 444 (1992); Morrison v. Stallworth, 326 S.E.2d 387 (N.C. App. 1985); Bohn v. Johnson, 371 N.W.2d 781 (N.D. 1985); Rabatin v. Columbus Lines, 790 F.2d 22 (3d Cir. Pa. 1986); Downen v. Texas Gulf Shrimp Co., 846 S.W.2d 506 (Tex. App. 1992); Gonzales v. Guttierez, 694 S.W.2d 384 (Tex. App. 1985); My Sister's Place v. City of Burlington, 139 Vt. 602, 433 A.2d 275 (1981).

**Search for Intent**

One of the basic propositions which Weis Builders must prove is that its contract with its subcontractors, Waterproofing by Experts and J-Berd Mechanical Contracting, contain the terms which Weis Builders seeks to enforce.

Weis Builders has the burden to prove what the parties intended the contract to mean. In deciding this issue, you should consider the wording that was used in the contract and all other evidence that indicates the intention of the parties at the time they entered into the contract.

Authority: Kehoe, Jury Instructions for Contract Cases (1995)

**Construction by Conduct**

In deciding what the parties intended by the terms of their contract, you may consider whether any of their conduct reveals what their actual intent had been.

The conduct of the parties after they entered into the contract can be significant evidence of their original intent, but the conduct must be reasonably related to the terms in question and it must have occurred before the parties discovered that they disagreed with each other. It is up to you to decide what the conduct of the parties was and whether it reveals what they intended by the contract.

Authority: Kehoe, Jury Instructions for Contract Cases (1995)

**Construction Against Draftsman**

> If you have considered all the evidence in light of these instructions and you are still unable to decide what the parties originally intended the disputed contract language to mean, then you should construe the langue against the party who wrote the contract.

Authority: Kehoe, Jury Instructions for Contract Cases (1995)

**Direct Damages**

To prove that a loss qualifies as an item of direct contract damages, the plaintiff must prove that the loss arose naturally, that is, in the normal course of things, from a breach of the contract. In other words, this means that at the time the contract was made, the loss must have been reasonably foreseeable from the very nature of the contract.

The measure of direct contract damages is the value of the contract benefits which the plaintiff did not receive because of the defendant's breach, minus whatever expenses the plaintiff was spared because of the breach.

Authority: Kehoe, Jury Instructions for Contract Cases (1995)

**Voluntary Assumption of Legal Duty of Care**

Even though there is no duty in the first instance, if a person voluntarily assumes a duty, the duty must be performed with reasonable care or the person will be liable for damages. Liability for voluntarily assuming a duty arises only if this conduct leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselved.

*Authority:* Abresch v. Northwestern Bell Tel. Co., 246 Minn. 408, 416, 75 N.W.2d 206, 211-12 (1956); Isler v. Burman, 305 Minn. 288, 295, 232 N.W.2d 818, 822 (1975).