**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No. 00-CV-987 JEL/JGL

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

---

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTOR'S, INC.'S PROPOSED SPECIAL VERDICT FORM**

---

Third-Party Defendant J-Berd Mechanical Contractors, Inc. submits this proposed special verdict:

We, the Jury impaneled and sworn for trial of the above-entitled matter, do hereby answer the questions submitted as follows:

1. Do you find from a preponderance of the evidence that Weis Builders, Inc. breached a contract with Promenade Village Townhomes, LLC?

_______ Yes ________ No

*If your answer to Question No. 1 was "No" then please skip to Question No. 3. If you answered "Yes" to Question No. 1, then answer this question:*

2. Do you find from a preponderance of the evidence that Weis Builders, Inc.'s breach of contract was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No

3. Do you find from a preponderance of the evidence that Weis Builders, Inc. was guilty of negligence in its construction of the Promenade Village Townhomes project?

_______ Yes ________ No

*If your answer to Question No. 3 was "No" then please skip to Question No. 5. If your answer to Question No. 3 was "Yes" then answer Question No. 4.*

4. Do you find from a preponderance of the evidence that Weis Builders, Inc.'s negligence was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

5. Do you find from a preponderance of the evidence that Promenade Village Townhomes, LLC was negligent in the construction of the Promenade Village Townhomes project?

_______ Yes ________ No.

*If your answer to Question No. 5 was "No", then please skip to Question No. 7. If your answer to Question No 5 was "Yes", the answer Question No. 6.*

6. Do you find from a preponderance of the evidence that Promenade Village Townhomes, LLC's negligence was a direct cause of its damage?

_______ Yes ________ No.

7. Do you find from a preponderance of the evidence that Waterproofing By Experts, Inc. breached a contract with Weis Builders, Inc.?

_______ Yes ________ No.

*If your answer to Question No. 7 was "No" then please skip to Question No. 8. If your answer to Question No. 7 was "Yes" then answer Question No. 8.*

8. Do you find from a preponderance of the evidence that Waterproofing By Experts, Inc.'s breach of contract was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

*If your answer to Question No. 8 was "No" then please skip to Question No.10. If your answer to Question No. 8 was "Yes" then answer Question No. 9.*

9. Do you find from a preponderance of the evidence that Waterproofing By Experts, Inc. was guilty of negligence in the construction of the Promenade Village Townhomes project?

_______ Yes ________ No.

*If your answer to Question No. 9 was "No" then please skip to Question No. 11. If your answer to Question No. 9 was "Yes" then answer Question No. 10.*

10. Do you find from a preponderance of the evidence that the negligence of Waterproofing By Experts, Inc. was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

11. Do you find from a preponderance of the evidence that BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc. was an agent of Promenade Village Townhomes, LLC?

_______ Yes ________ No.

12. Do you find from a preponderance of the evidence that BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc. was guilty of negligence in the construction of the Promenade Village Townhomes project?

_______ Yes ________ No.

*If your answer to Question No. 12 was "No", then please skip to Question No.14. If your answer to Question No 12 was "Yes", then answer Question No. 13.*

13. Do you find from a preponderance of the evidence that BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc.'s negligence was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

14. Do you find from a preponderance of the evidence that Colloid Environmental Technologies Company was guilty of negligence, or otherwise at fault, in the construction of the Promenade Townhomes project?

_______ Yes ________ No.

*If your answer to Question No. 14 was "No", then please skip to Question No.16. If your answer to Question No 14 was "Yes", then answer Question No. 15.*

15. Do you find from a preponderance of the evidence that the fault or negligence of Colloid Environmental Technologies Company was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

16. Do you find from a preponderance of the evidence that J-Berd Mechanical Contractors, Inc. breached a contract with Weis Builders, Inc.?

_______ Yes ________ No.

*If your answer to Question No. 16 was "No", then please skip to Question No.18. If your answer to Question No 16 was "Yes", then answer Question No. 17.*

17. Do you find from a preponderance of the evidence that J-Berd Mechanical Contractors, Inc.'s breach of contract was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

18. Do you find from a preponderance of the evidence that J-Berd Mechanical Contractors, Inc. was guilty of negligence in the construction of the Promenade Village Townhomes project?

_______ Yes ________ No.

*If your answer to Question No. 18 was "No", then please skip to Question No. 20. If your answer to Question No 18 was "Yes", then answer Question No. 19.*

19. Do you find from a preponderance of the evidence that J-Berd Mechanical Contractors, Inc.'s negligence was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

20. Do you find from a preponderance of the evidence that Chris Craft Industrial Products, Inc. was guilty of negligence or otherwise at fault?

_______ Yes ________ No.

*If your answer to Question No. 20 was "No", then please skip to Question No. 22. If your answer to Question No 20 was "Yes", then answer Question No. 21.*

21. Do you find from a preponderance of the evidence that the negligence or fault of Chris Craft Industrial Products, Inc. was a direct cause of damage to Promenade Village Townhomes, LLC?

_______ Yes ________ No.

*If you answer two or more of Questions 4, 6, 10, 13, 15, 19 and 21 "Yes", then answer the following question.*

22. Taking all of the negligence and/or fault that contributed as a direct cause of damage to Promenade Village Townhomes, LLC to be 100%, what percentage do you attribute to the following parties? (You are to attribute a percentage to only those parties for which you have found that the negligence and/or fault is a direct cause of damage to Promenade Village Townhomes, LLC.)

a. Weis Builders, Inc. _________%
b. Promenade Village Townhomes, LLC _________%
c. Waterproofing By Experts, Inc. _________%
d. BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc. _________%
e. Colloid Environmental Technologies Company _________%

| | | |
|---|---|---|
| f. | J-Berd Mechanical Contractors, Inc. | _________% |
| g. | Chris Craft Industrial Products, Inc. | _________% |
| | **TOTAL** | **100%** |

Regardless of how you answered the previous questions, you must answer the following damages questions bearing in mind that a claimant's damages for harm to its property must not include any loss that the claimant could have prevented by reasonable care.

23. What amount of money, if any, will fairly compensate Promenade Village Townhomes, L.L.C. for out-of-pocket expenses incurred to repair or replace property damaged solely and directly as a result of water leaks experienced at the Promenade Oaks townhomes?

$_____________

24. Did the leaks at the Promenade Oaks apartments cause Promenade to lose any income due to decreased occupancy or suppressed rentals?

_______ Yes          ________ No.

25. If your answer to the previous question was "yes," then answer this question:

What amount of money, if any, will fairly and reasonably compensate Promenade for the reduced occupancy, suppressed rentals, and concessions incurred solely and directly as a result of the leaks at the Promenade Oaks townhomes?

$_____________

26. What amount of money, if any, will fairly compensate Promenade **for the lesser of** a) the diminished value of the property resulting solely and directly from water leaks, or b) the costs to restore the courtyards to the condition for which Promenade contracted.

$_____________

27. Did Weis Builders obtain Westfield Insurance Company's consent prior to undertaking or causing to have remedial work performed?

_______ Yes          ________ No.

28. What amount of money, if any, will fairly and reasonably compensate Weis Builders for the remedial work it performed following completion of the Promenade Oaks townhomes?

$_____________

29. Of the amount set forth in your answer to the previous question, what amount was incurred by Weis builders for the repair of physical property damage caused by water leaks:

a. Prior to January 1, 1998 $____________
b. After January 1, 1998 $____________

*Answer this Question only if you answered "Yes" to Question No. 17:*

30. Of the amount set forth in your answer to Question No. 28, what amount do you attribute to damage resulting directly from the remedial efforts undertaken by Weis or on its behalf?

$____________

31. Does Promenade Village Townhomes owe Weis Builders for labor and materials provided pursuant to the original construction contract between the parties?

_______ Yes _______ No.

32. If your answer to the previous question was "yes," then answer this question:

What amount of money will fairly compensate Weis Builders for the work and/or materials it provided pursuant to the original construction contract?

$____________

33. Does Weis Builders owe Waterproofing by Experts for labor and materials provided under the original subcontract agreement for waterproofing work?

_______ Yes _______ No.

34. If your answer to the previous question was "yes," then answer this question:

What amount of money will fairly compensate Waterproofing by Experts for the work and/or materials it provided pursuant to the original subcontract agreement?

$____________

Dated this _________ day of ________________, 2004, at United States District Court, District of Minnesota.

______________________________
Jury Foreperson