**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff

Civil File No. OO-CV-987 JEL/JGL

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and
Third Party Plaintiff

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

---

**Attached hereto is Exhibit E - a true and correct copy of ESG's Answer to J-Berd's Interrogatory No. 6.**

ANSWER: ESG objects to Interrogatory No. 5 on the grounds that it is overly broad and unduly burdensome. Virtually every project which ESG and its predecessors designed included the installation of some waterproofing or waterproofing systems. Subject to and without waiving that objection, the project most similar to the Promenade which ESG was involved with is a project known as Southwind. The design of the waterproofing system at Southwind was within the scope of ESG's contract on the project.

6. If you claim or contend that the water leakage problems at this project were caused by or the result of the work of any other party in the above-referenced litigation, identify each party you claim was responsible and state all facts upon which you base such claim or contention.

ANSWER: ESG objects to Interrogatory No. 6 on the grounds that it is overly broad and unduly burdensome. Subject to that objection, see expert reports of Inspec, Inc., American Engineering & Testing, Inc., Weiss Janney Elsner Associates, Inc., Raths, Raths & Johnson, Inc., and Patrick Engineering, Inc. ESG contends that the water leaks were the result of construction and design errors including, but not limited to, the following:

1. The waterproofing membrane was not sloped to drain. This was the responsibility of Weis Builders, Inc. ("Weis") and its subcontractor Waterproofing by Experts, Inc. ("Waterproofing by Experts").

2. The compressive strength of the insulation was inadequate, which reduced the effectiveness of the acquadrain. The selection of the insulation was the responsibility of Weis and its subcontractor Waterproofing by Experts.

3. The courtyard drains do not drain adequately for the following reasons:

(a) Filter fabric was not wrapped around the aggregate to prevent clogs in the perforations in the side of the PVC pipes extending from the precast deck to the surface of the courtyards. This was the responsibility of Weis, J-Berd, Waterproofing by Experts and/or Mikesh, Inc. ("Mikesh").

(b) The aggregate size allowed plugging of the perforations on the PVC extension between the precast and the courtyard surface. This was the responsibility of Weis, J-Berd, Waterproofing by Experts and/or Mikesh.

(c) The aggregate around the PVC extensions between the precast and the plaza surface was a crushed material which will reduce the free flow of water. This was the responsibility of Weis, J-Berd, Waterproofing by Experts and/or Mikesh.

(d) The aggregate around the PVC extensions between the precast and the plaza surface was a relatively soft limestone, which can contribute to plugging the perforations of the drain extension. This was the responsibility of Weis, J-Berd, Waterproofing by Experts and/or Mikesh.

(e) The lowest perforations in the PVC extensions between the precast and the plaza surface were approximately two to three inches above the waterproofing membrane, which results in standing water on the membrane. This was the responsibility of Weis, J-Berd, Mikesh and/or Waterproofing by Experts.

(f) The soil around many of the drains had settled, leaving the inlet above the surface of the plazas, thereby prohibiting the flow of water into the drain inlets. This was the responsibility of Weis, J-Berd, Mikesh, Waterproofing by Experts and/or the owner.

4. The soil selected for the courtyards was inappropriate, as it inhibited the free flow of water to the plaza deck. This was the responsibility of Weis, J-Berd, Mikesh and/or Waterproofing by Experts.

5. The waterproofing membrane was inappropriate for this application. The selection of the waterproofing membrane was the responsibility of Weis and/or Waterproofing by Experts.

6. The flashing on the canopy posts was inappropriate. This was the responsibility of Weis and/or Waterproofing by Experts.

7. The design and installation of the waterproofing system on the sidewalls of the plaza was defective. This was the responsibility of Weis and/or Waterproofing by Experts.

8. There was no protection for the flashing on the sidewalls of the plaza or on the canopy posts. This was a construction and design defect. This was the responsibility of Weis and/or Waterproofing by Experts.

9. There has been some testimony that the waterproofing membrane was damaged during construction. This was the responsibility of Weis and/or Waterproofing by Experts.

10. The use of color coded metal flashing is inappropriate. This is addressed on page 6 of the Inspec report. This was the responsibility of Weis and/or Waterproofing by Experts.

11. The filter fabric component of the composite draining sheet was torn at three test pits. This issue is addressed on page 7 of the Inspec report. This was the responsibility of Weis and/or Waterproofing by Experts.

12. At two test pits, composite drainage sheets were not interlocked to facilitate the uninterrupted flow of draining water. This was the responsibility of Weis and/or Waterproofing by Experts.

13. At three wall locations, the top edge of the composite draining sheet was not wrapped with filtered fabric, allowing it to become clogged. This was the responsibility of Weis and/or Waterproofing by Experts.

14. At several locations, the flashing installed over the precast keyway was poorly bonded, resulting in moisture under the flashing. This is referred to on page 7 of the Inspec report, and was the responsibility of Weis and/or Waterproofing by Experts.

15. Weis and Waterproofing by Experts breached their respective contracts and were negligent by failing to hire a design professional to design a plaza waterproofing system that would prevent water from entering apartment units, stairwells and parking garages. In addition, they failed to generate any design drawings, details or specifications for the plaza waterproofing system.

16. Weis, J-Berd, Waterproofing by Experts and/or Mikesh breached their contracts and were negligent by failing to design and install an adequate plaza drainage system, including design details for the incorporation of the plaza drains with the waterproofing system, and failing to generate a plaza grading plan.

17. Weis and Waterproofing by Experts were negligent and breached their contracts by failing to coordinate the design of the waterproofing system with the plaza grading, including addressing waterproofing at grade on the side walls of the plazas.

18. The use of powder driven nails to attach a canopy post to the precast was inappropriate. This was the responsibility of Weis and/or Waterproofing by Experts.

19. The sequencing of construction was inappropriate and the waterproofing was not installed prior to installing the canopy support posts. This was the responsibility of Weis and Waterproofing by Experts.

20. The waterproofing at the end walls of the plazas was negligently designed and installed. This was the responsibility of Weis and Waterproofing by Experts.

7. Identify all persons who you claim may have knowledge about a claim or contention that J-Berd Mechanical or other defendants were negligent or