**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. OO-CV-987 JEL/JGL

Westfield Insurance Company,

Plaintiff

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

**THIRD PARTY DEFENDANT WATERPROOFING BY EXPERTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A JURY VIEW**

---

Third Party Defendant Waterproofing By Experts, Inc. ("WBE") respectfully requests that due to the complex and unusual nature of the design of the Promenade that the jury be allowed to view the premises. This is $17 million case involving alleged design and construction defects by the former owners of the Promenade Oaks apartments. Their theory of liability is entirely premised on the alleged failure of the drainage and waterproofing systems at the Promenade Oaks apartments. The design and construction of the property is the central issues in this litigation.

Federal courts have the "inherent power to permit a jury view of places or objects outside the courtroom. The decision to permit a view is entrusted to the sound discretion of the trial court." *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999)(quoting *United States v. Passos-Paternina*, 918 F.2d 979, 986 (1st Cir.1990) *cert. denied*, 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 732 (1991). There is no federal rule or statute directly on point concerning jury viewings.

Minnesota law, however, is instructive on the point. The purpose of a view by the jury is not to obtain evidence but to enable the jury to understand and apply the evidence relating to the claimed damages. *See Sjodin v. Lund*, 277 Minn. 473, 153 N.W.2d 718 (Minn. 1967); *Huyink v. Hart Publications*, 212 Minn. 87, 2 N.W.2d 552 (Minn. 1942). Minnesota Statutes § 546.12 provides for an on-site inspection of premises in civil cases. The statute provides in relevant part:

> In a civil case when the court deems it proper that the jury should view . . . the place where a material fact occurred, it may order them to be taken, in a body and in the custody of proper officers, to the place, which shall be shown them by the judge, or by a person appointed by the court for that purpose; . . .

In determining whether a jury view is appropriate, the district court considers "factors such as the importance of the matter to be viewed; the extent to which personal examination would increase understanding of critical facts; the time, distance, and expense involved; security concerns; whether conditions at the scene have changed; and whether there are adequate substitutes for a view, such as maps, photographs, or diagrams." 5 Mueller & Kirkpatrick, *Federal Evidence* § 537 (2d ed. 2003).

A personal examination by the jury would greatly increase the jury's understanding of the unique features of the Promenade that gave rise to this litigation. These unique features include the plaza courtyards, the raised link between buildings 1 and 2, the location of the apartment homes both above and below the courtyard, the location of the stairwells, the end walls, the knee walls, the underground garages, the location of the sidewalks on the plaza deck and the location of the wooden posts. All of these features play a large role in the various parties' theories of how the water allegedly penetrated the structure at the Promenade. A jury view would help to clarify the facts surrounding these issues and provide the jury with the understanding of the physical features of the property needed to make their factual determinations.

A jury view would also prove invaluable for ensuring judicial economy. The view would allow the jury to see the unique features first-hand, and would help alleviate countless hours in the courtroom attempting to explain to the jury the design and construction of the Promenade. A view would also help to avoid jury confusion by allowing the jurors to relate the parties' arguments regarding the design and construction of the Promenade to the juror's own visual observations of the property.

The relatively close proximity of the Promenade, located in Eagan, would ensure that the time, expense and security necessary to conduct the view would be kept to a minimum.

Furthermore, there is no evidence that there has been any substantial change to the property since the Promenade was built in 1997. The jury would be able to view the exact same design features which have given rise to the litigation.

The use of maps, photographs and diagrams are inadequate to provide the jury with the whole picture of the property. It is important that a jury understand the connection between the courtyards and the links, the location of the apartments in relation to the courtyards, and the location of the stairwells in relation to the building, garage and courtyard. This understanding can only be gained by viewing the property in its totality and not in photographs showing bits and pieces of the property.

Any possibility that the jury view will illicit improper evidence is alleviated by the issuance of 3 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil § 102.26 (5th ed. 2000). Jurors are prohibited from speaking with any person at the site, including other jurors, with the exception of the person appointed by the Court to conduct the view. The jurors are limited to their personal observations of the property to help them better understand the facts and issues in this litigation.

**CONCLUSION**

It is imperative that the jury be allowed to gain a full understanding of the wide array of complex design and construction issues involved in this case. A jury view promotes judicial efficiency, reduces jury confusion, and will help avoid the possibility of

a perverse verdict. For these reasons, WBE respectfully requests that this Court order a jury view prior to opening arguments.

Dated: September 3, 2004.

IVERSON REUVERS, LLC.

By_s/_Mark Brown________
Mark S. Brown, #226774
Attorneys for Waterproofing By Experts
9321 Ensign Ave. South
Bloomington, MN 55438
(952) 548-7200