**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Westfield Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,<br><br>Defendants,<br>and<br><br>Weis Builders, Inc.,<br><br>Counter-Claimant,<br><br>v.<br><br>Westfield Insurance Company,<br><br>Counter-Defendant,<br><br>and<br><br>Weis Builders, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,<br><br>Third-Party Defendants,<br><br>and | Court File No. 00-CV-987 JEL/JSM<br><br>**PROMENADE VILLAGE TOWNHOMES, L.L.C.'S PROPOSED JURY INSTRUCTIONS** |

Weis Builders, Inc.,

Cross-Claimant,

v.

Promenade Village Townhomes and Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

v.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., and Colloid Environmental Technologies Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

and )
)
Chris Craft Industrial Products, Inc., )
)
Fourth-Party Defendant. )
)
and )
)
J-Berd Mechanical Contractors, Inc., )
)
Third-Party Defendant and )
Fourth-Party Plaintiff, )
)
v. )
)
Mikesh, Inc., )
)
Fourth Party Defendant. )

---

Promenade Village Townhomes, L.L.C. respectfully requests that the attached instructions, taken from the *Eighth Circuit Manual of Model Jury Instructions, Civil* (West 2001), 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000), and Minnesota District Judges Association, *Jury Instructions Guides – Civil*, (4th Ed. 1999), together with the attached special instructions, be given to the jury in this case.

Respectfully submitted,

Dated: September 3, 2004

**FLYNN, GASKINS & BENNETT, L.L.P.**

*s/Steven E. Rau*______________________
Steve Gaskins, #147643
Steven E. Rau, #147990
Lori D. Semke, #0296910
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

***Attorneys for Defendant Promenade Village Townhomes, L.L.C.***

## GENERAL INFORMATION

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

EVIDENCE IN THE CASE

Direct and Circumstantial Evidence

A fact can be proved in one of two ways:

1. A fact is proved by direct evidence when that fact is proved directly without any inferences.
2. A fact is proved by circumstantial evidence when that fact can be inferred from other facts proved in the case.

For example, the fact that "a person walked in the snow" could be proved:

1. By an eyewitness who testified directly that he or she saw a person walking in the snow.
2. By circumstantial evidence of shoe-prints in the snow, from which it can be indirectly inferred that a person had walked in the snow.

Using Direct and Circumstantial Evidence

You should consider both kinds of evidence. The law makes no distinction between the weight given to either direct or circumstantial evidence. It is up to you to decide how much weight to give any kind of evidence.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 12.10 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# EXPERT TESTIMONY

Opinion Testimony

Most witnesses are allowed to testify only about what they saw, heard, or experience. Usually they are not allowed to give their opinions. But some witnesses are allowed to give their opinions, because they have special training, education, and experience. When a witness gives an opinion, you should consider the following guidelines:

1. What are the education, training, experience, knowledge, and ability of the witness?
2. What reasons are given for the opinion?
3. What are the sources of the information?
4. What are the guidelines already given to you for any testimony?

You need not give this opinion testimony any more importance than any other evidence.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 12.30 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

BREACH OF CONTRACT

Definition of "breach of contract"

A contract is breached when there is a failure to perform a substantial part of the contract.

In answering question 3, you are to determine the amount of money that will fairly and adequately compensate Promenade for damages caused by Weis, who breached the contract. The damages award, if any, should put Promenade in the position it would have been in if the contract had not been breached by Weis. Damages may be awarded for losses that the parties, when they entered the contract, could foresee would probably result if the contract was breached.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 20.45 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

DAMAGES - BURDEN OF PROOF

Definition of 'burden of proof"

> A party asking for damages must prove the nature, extent, duration, and consequences of its injury or harm.

You must not decide damages based on speculation or guess.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

MITIGATION OF DAMAGES - CONTRACTS

Limiting Damages for Breach of Contract

In determining the amount of damages for breach of contract, you must take into account the fact that Promenade, the party that is asking for damages, must act reasonably to limit its damages.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 20.65 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

NEGLIGENCE AND REASONABLE CARE – BASIC DEFINITION

Definition of "reasonable care"

Reasonable care is the care a reasonable person or entity would use in the same or similar circumstances.

You may consider a professional standard to decide whether reasonable care was used.

You may consider what is usually done or customary in this profession to decide whether reasonable care was used.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

Ask yourself what a reasonable person or entity would have done in these circumstances.

Definition of "negligence"

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person or entity:

1. Does something a reasonable person or entity would not do; or

2. Fails to do something a reasonable person or entity would do.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 25.10 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# EXPRESS WARRANTY

Express Warranty by Affirmation or Promise

Proof of express warranty by affirmation or promise

An express warranty by affirmation is created if:

1. Weis made an affirmation of fact or promise to Promenade, and

2. The affirmation or promise related to the building, and

3. The affirmation or promise becomes part of the basis for the bargain.

Definition of "affirmation"

An "affirmation of fact" is a statement of facts relating to the subject matter of the contract.

Basis of the bargain

A statement of facts or promise is part of the "basis of the bargain" if it played a part in the agreement between Promenade and Weis.

Effect of the express warranty by affirmation or promise

With an express warranty by affirmation or promise, Weis warrants to Promenade that the building would conform to the affirmation or promise.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 22.10 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# EXPRESS WARRANTY BY DESCRIPTION

Proof of express warranty by description

An express warranty by description is created if:

1. The Weis describes qualities of the building to Promenade, and

2. The description of the building becomes a basis of the bargain.

Basis of the bargain

A description is a "basis of the bargain" if it played a part in the agreement between Weis and Promenade.

Effect of the express warranty by description

With the express warranty by description, the seller warrants to the buyer that the building would conform to the description.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 22.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# EXPRESS WARRANTY - BREACH

Breach of express warranty by affirmation or promise

An express warranty by affirmation or promise is breached or broken if the building did not conform to the affirmation or promise that Weis made.

Breach of express warranty by description

An express warranty by description is breached or broken if the building did not conform to the description that Weis gave.

Breach of express warranty by sample or model

An express warranty by sample or model is breached or broken if the whole of the building does not conform to the sample or model used by Weis.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 22.50 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

DAMAGES

Damages are money

The term "damages" means a sum of money that will fairly and adequately compensate a person or entity who has been harmed.

A party asking for damages must prove the nature, extent, duration, and consequences of his or her harm.

You must not decide damages based on speculation or guess.

Items to include

You may award Promenade Village Townhomes, L.L.C. separate damages for both of the following items if the evidence shows they resulted from Weis' or its subcontractors' negligence or breach of contract:

1. Damages for diminution of value of the property based upon the difference in the property's market value before and after the harm.

2. Loss of use, including lost profits.

Diminution in Value Damages

In determining diminution of value damages, you should determine the difference in value of the property contracted for and the property that was actually built. This can be done by assessing the market value of the property with its water leakage problems immediately prior to its sale by Promenade and what would have been the property's market value at this time if it had existed without such problems.

Loss of use of the property

Damages for loss of use of the property are damages incurred during the time that water problems were being diagnosed and repairs were being attempted, including Promenade Village Townhomes' repair costs prior to sale and lost rental income.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 90.20, 92.10, (4th Ed. 1999); *O'Connor v. Schwartz*, 229 N.W.2d 511, 513 (Minn. 1975); *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 211 N.W.2d 159, 165-66 (Minn. 1973); *R.E.T. Corp. v. Frank Paxton Co.*, 329 N.W.2d 416, 421 (Iowa 1983).

____ Accepted
____ Rejected
____ Modified

COMPENSATORY DAMAGES -
PERSONAL AND PROPERTY DAMAGES -
DEFINITION

Questions ___, ___, ___ in the verdict form are the damages questions.

Answer each question independently

You must answer these questions regardless of your answers to the other questions on the verdict form. Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

Damages are money

The term 'damages" means a sum of money that will fairly and adequately compensate a party who has been harmed.

Damages must be reasonable. if you should find that Promenade is entitled to a verdict, d Promenade only such damages as will reasonably compensate Promenade for such injury and damage as you find, from a preponderance of the evidence in the case, that Promenade has sustained as a direct result of the defendants' negligence or other fault.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.10 (4th Ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 128.60 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

PRINCIPAL AND AGENT RELATIONSHIP

Definition of "principal" and "agent"

[An "agent" is a person who is authorized to act for a principal.]

A principal-agent relationship exists when there is:

1. An agreement that one person will act for another, and

2. An understanding that the person who authorizes the other to act is in control of the undertaking.

A person who agrees to act for the other is the "agent." The person who authorizes the act is the "principal."

[An independent contractor may be an agent.]

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 30.25 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

PRINCIPAL AND AGENT – SCOPE OF AUTHORITY

Scope of Authority

An agent acts within the scope of his or her authority if he or she has the express or implied authority to act for the employer.

Implied authority to act can be determined by the course or pattern of dealing between the principal and agent.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil*, CIVJIG 30.30 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

VICARIOUS LIABILITY OF GENERAL CONTRACTOR

A general contractor is liable for the negligence of a subcontractor. This liability is the same as the liability that a principal has for the acts of its agent acting within the course and scope of the agents authority.

Authority: See *Larson v. Minneapolis Gas Company*, 282 Minn. 135, 163 N.W.2d 755 (1968). *See also Thill v. Modern Erecting, Co.*, 272 Minn. 217, 136 N.W. 2d 677, (1965)

____ Accepted
____ Rejected
____ Modified

EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for “expert witnesses.” An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

ALL AVAILABLE WITNESSES OR EVIDENCE

NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.11 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

ESSENTIAL ELEMENTS OF CLAIM

In order to prove the essential elements of a party's claim, the burden is on the party making the claim to establish by a preponderance of the evidence the following facts:

First, that the party against whom the claim is made was negligent or otherwise at fault in one or more of the particulars alleged; and

Second, that the party's negligence or other fault was a direct cause of some injury and consequent damage sustained.

Authority: 3 O' Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.03 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

JOINT TORTFEASORS

When the negligent acts or omissions of two or more persons contribute concurrently, and as direct causes, to the injury and damage of another, each of such persons is liable. This is true regardless of the relative blame or fault of each.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.50 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

‘‘DIRECT CAUSE” – DEFINED

An injury or damage is directly caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage.

Authorities: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.60 (5th Ed. 2000); Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 27.10 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

MORE THAN ONE DIRECT CAUSE

The law does not recognize only one direct cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a direct cause.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.61 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

NEGLIGENCE AND REASONABLE CARE - BASIC DEFINITION

Definition of “reasonable care”

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

Definition of ‘negligence”

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.10 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# COMPARATIVE FAULT

Definition of "fault"

Fault consists of:

1. Negligence
2. Breach of warranty
3. Sale of a product in a defective condition unreasonably dangerous to the user, consumer, or its property

Percentage of fault

If you find that Promenade's negligence or other fault is greater than 50%, then Promenade will receive no damages.

If you find that Promenade's negligence or other fault is 50% or less, then Promenade's damages will be reduced by that percent.

If you assigned a percentage of negligence or other fault to Promenade, I will do the reduction of damages. You are not to reduce any damage amounts yourselves for this reason.

This instruction is not meant to suggest that you should find anyone negligent or at fault. It is to tell you about the relationship between the percentage of negligence and the damages received.

Percentage of fault

If you find that Promenade has a percent of negligence or fault that is greater than any other party, then Promenade will not receive any damages from that defendant.

This instruction is not meant to suggest that you should find anyone negligent or at fault. It is to tell you about the relationship between the percentage of negligence or fault and the damages received.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 25.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# EVIDENCE OF CUSTOM

Evidence of standards or custom

Evidence of standards or custom is not conclusive. It is just one piece of evidence.

1. You may consider an industrial or professional standard to decide whether reasonable care was used.
2. You may consider what is usually done or customary in this industry or profession to decide whether reasonable care was used.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 26.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

## SUBSEQUENT REMEDIAL MEASURES

Evidence of change or repair

Evidence in this case shows that the remedial measures were undertaken after the alleged injury to Promenade's property.

You can consider a repair only to decide:

1. The cost and ease of making the repair.

You cannot use this evidence to decide:

1. Whether the defendants acted reasonably under the circumstances.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 26.20 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

# DESIGN DEFECT

Manufacturer's duty as to product design

A manufacturer has a duty to use reasonable care to design a product that is not unreasonably dangerous to property exposed to the product when the product:

1. Is used as intended, or
2. Is used in a way that the manufacturer could reasonably have anticipated.

Evaluating manufacturer's design choices

A manufacturer must keep up with scientific knowledge and advances in the field.

A manufacturer's duty to design products must be judged according to the knowledge and advances that existed at the time the product was designed.

In deciding whether a manufacturer's design choices resulted in a product that was in a defective condition unreasonably dangerous to property that is exposed to the product, consider all the facts and circumstances, including:

1. The danger presented by the product
2. The likelihood that harm will result from use of the product
3. The seriousness of the harm
4. The cost and ease of taking effective precautions to avoid that harm
5. Whether the manufacturer considered the scientific knowledge and advances in the field

A product manufacturer may not avoid its duty to design a safe product by letting others make decisions affecting the safety of the product.

Authority: Minnesota District Judges Association, Minnesota Jury Instruction Guides - Civil, CIVJIG 75.20 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

MANUFACTURING DEFECTS

Deciding when a product is defective

> A product is in a defective condition unreasonably dangerous to the ordinary user's or consumer's property if he or she could not have anticipated the danger the product created.

In deciding if the danger could have been anticipated, assume the user or consumer had the knowledge common to the community about the product's characteristics and common use.

The defect in the product may be caused by the way it was manufactured, inspected or tested.

Authority: Minnesota District Judges Association, Minnesota Jury Instruction Guides - Civil, CIVJIG 75.30 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

DAMAGES - BURDEN OF PROOF

Definition of ‘burden of proof”

> A party asking for damages must prove the nature, extent, duration, and consequences of its injury or harm.

You must not decide damages based on speculation or guess.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 90.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

DAMAGE TO PROPERTY - ELEMENTS

Not damaged beyond repair

The Court finds that the Promenade Oaks apartment complex was not damaged beyond repair. Accordingly, Promenade's damages for injury to its property, if any, are the lesser of:

1. The diminished value of the property:

The difference between:

a. The fair market value of the property without the leaks

b. Minus the fair market value of the property with the leaks.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil,* CIVJIG 92.10 (4th Ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.01 ( Ed. 2000); *In re Commodore Hotel Fire and Explosion*

Cases; 324 N.W.2d 245 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959).

____ Accepted
____ Rejected
____ Modified

"FAIR MARKET VALUE" – DEFINED

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.02 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

MITIGATION OF DAMAGES

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to ‘ damages - that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

Promenade’s damages for harm to its property must not include any loss that could have prevented, reduced or minimized by reasonable care.

Authorities: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.50 (5th Ed. 2000); Minnesota District Judges Association, *Minnesota Jury Instruction Guides - Civil*, CIVJIG 92.15 (4th Ed. 1999)

____ Accepted
____ Rejected
____ Modified

IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT

(FALSUS IN UNO FALSUS IN OMNIBUS)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authorities: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.04 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified

EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authorities: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.09 (5th Ed. 2000)

____ Accepted
____ Rejected
____ Modified