**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Westfield Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,<br><br>Defendants,<br>and<br><br>Weis Builders, Inc.,<br><br>Counter-Claimant,<br><br>v.<br><br>Westfield Insurance Company,<br><br>Counter-Defendant,<br><br>and<br><br>Weis Builders, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,<br><br>Third-Party Defendants,<br><br>and<br><br>Weis Builders, Inc., | Court File No. 00-CV-987 JEL/JSM<br><br>**PROMENADE VILLAGE TOWNHOMES, L.L.C.'S PROPOSED SPECIAL VERDICT FORM** |

Cross-Claimant,

v.

Promenade Village Townhomes and Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

v.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., and Colloid Environmental Technologies Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

and

| | |
|---|---|
| Chris Craft Industrial Products, Inc., | ) |
| | ) |
| Fourth-Party Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| J-Berd Mechanical Contractors, Inc., | ) |
| | ) |
| Third Party Defendant and<br>Fourth Party Plaintiff, | )<br>) |
| | ) |
| v. | ) |
| | ) |
| Mikesh, Inc., | ) |
| | ) |
| Fourth Party Defendant. | ) |

## CONTRACT

**Question No. 1:**

Did Weis Builders breach its contract with Promenade?

Yes ____ No ____

(If you answered yes to Question No. 1, then answer Question No. 2)

**Question No. 2:**

Were Promenade's damages a result of Weis' breach of contract?

Yes ____ No ____

(If you answered Yes to Question Nos. 1 and 2, then answer Question No. 3)

**Question No. 3:**

What amount of damages will fairly compensate Promenade for Weis' breach of contract?

______________________________________________

## WARRANTY

**Question No. 4:**

Did Weis warrant that the plaza decks at the Promenade would be waterproof?

Yes ____ No ____

(If you answered Yes to Question No.4, then answer Question No. 5)

**Question No. 5:**

Were Promenade's damages a direct result of Weis' breach of its warranty to Promenade?

Yes ____ No ____

(If you answered yes to Question Nos. 4 and 5, then answer Question No. 6)

**Question No. 6:**

What amount of damages will fairly and adequately compensate Promenade for Weis breach of warranty?

______________________________________________________________

## NEGLIGENCE

**Question No. 7:**

Was Weis negligent in designing or building waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 7, then answer Question No. 8)

**Question No. 8:**

Was such negligence in designing or building waterproof plaza decks a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 9:**

Was Promenade negligent in the design or building of the waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 9 then answer Question No. 10)

**Question No. 10**

Was such negligence in the designing or building of waterproof plaza decks a direct cause its damages?

Yes ____ No ____

**Question No. 11:**

Was Waterproofing By Experts negligent in the design or building of the waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 11, then answer Question No. 12)

**Question No. 12:**

Was such negligence in the designing or building of waterproof plaza decks a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 13:**

Was J-Berd negligent in the design or building of the waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 13 then answer Question No. 14)

**Question No. 14:**

Was such negligence in the designing or building of waterproof plaza decks a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 15:**

Was CETCO negligent in the design or building of the waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 15, then answer Question No. 16)

**Question No. 16:**

Was such negligence in the designing or building of waterproof plaza decks a direct cause of Promenade's damages?

**Question No. 17:**

Was CETCO's incorporation of Chris Craft's water soluble film into the Swelltite 3000 negligent in that it presented an unreasonable risk of harm to Promenade's property?

Yes ____ No ____

(If you answered yes to Question No. 17, then answer Question No. 18)

**Question No. 18:**

Was CETCO's use of this film a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 19:**

Was Chris Craft negligent in its design or manufacture of the water soluble film that was incorporated into the Swelltite 3000 used at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 19, then answer Question No. 20)

**Question No. 20:**

Was such negligence in the designing or manufacture of the water soluble film that was incorporated into the Swelltite 3000 a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 21:**

Was the Chris Craft water soluble film that was incorporated into the Swelltite 3000 used at the Promenade Project in a defective condition such that it presented an unreasonable risk of harm to Promenade's property?

Yes ____ No ____

(If you answered yes to Question No. 21, then answer Question No. 22)

**Question No. 22:**

Was the Chris Craft water soluble film a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 23:**

Was Elness Swenson Graham Architects negligent in the design or building of the waterproof plaza decks at the Promenade Project?

Yes ____ No ____

(If you answered yes to Question No. 23, then answer Question No. 24)

**Question No. 24:**

Was such negligence in the designing or building of waterproof plaza decks a direct cause of Promenade's damages?

Yes ____ No ____

**Question No. 25:**

If the answer to any two or more of Questions Nos. 8, 10, 12, 14, 16, 18, 20, 22, or 24 is "yes," then with respect only to those parties you have determined to be causally negligent or otherwise at fault, answer this question:

Taking all the fault that you have determine to be a direct cause of the damages claimed by Promenade to be 100%, what percentage do you attribute to:

(a) Promenade Village Townhomes, L.L.C. _____%

(b) Elness Swenson Graham Architects _____%

| | | |
|---|---|---|
| (c) | Weis Builders, Inc. | _____% |
| (d) | Waterproofing by Experts | _____% |
| (e) | Colloid Environmental Technologies Co. | _____% |
| (f) | J-Berd Mechanical Contractors | _____% |
| (g) | Chris Craft Industrial Products | _____% |
| | TOTAL | 100% |

**Question No. 26:**

What amount of damages will fairly and adequately compensate Promenade for the damages it suffered?

______________________________________________________________

Respectfully submitted,

Dated: September 3, 2004

**FLYNN, GASKINS & BENNETT, L.L.P.**

*s/Steven E. Rau*______________________
Steve Gaskins, #147643
Steven E. Rau, #147990
333 South Seventh Street
Suite 2900
Minneapolis, MN 55402
(612) 333-9500 Telephone
(612) 333-9579 Facsimile

***Attorneys for Defendant Promenade Village Townhomes, L.L.C.***