**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Westfield Insurance Company,

Plaintiff

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

Civil File No. OO-CV-987 JEL/JGL

**THIRD-PARTY DEFENDANT WATERPROOFING BY EXPERT'S PROPOSED JURY INSTRUCTIONS**

Waterproofing By Experts, Inc. respectfully requests that the following jury instructions, taken from *Eighth Circuit Model Jury Instructions, Civil* (West 2003), 3 O'Malley, Grenig & Lee, *Federal July Practice and Instructions* (5th Ed. 2000), the Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil, 4th Ed. 1999)*, together with attached special instructions, be given to the jury.

Dated: September 3, 2004.

IVERSON REUVERS, LLC.

By_s/ Mark Brown_______
Mark S. Brown, #226774
Attorneys for Waterproofing By Experts
9321 Ensign Ave. South
Bloomington, MN 55438
(952) 548-7200

## GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions--both those I give you now and those I give you later--are equally binding on you and must be followed.

Plaintiff Promenade Village Townhomes, LLC, is the former owner of a six-building, 282-unit apartment town home development in Eagan. Defendant Elness Swenson Graham (ESG) Architects was the project architect hired by Promenade to design and manage the project. Defendant Weis Builders was the general contractor. WBE and J-Berd were the courtyard waterproofing and drainage system subcontractors, respectively, for the courtyards in the six buildings. CETCO manufactured the waterproofing membrane installed by WBE, a component layer of which was designed by Chris Craft. Plaintiff claims Weis is responsible for damages in excess of $17 million in the form of lost income, extra expenses, and diminished value of their property due to water infiltration which began before construction was completed in summer 1997 and allegedly continued until the property was sold in late 2002. Weis alleges ESG, WBE, J-Berd, and/or CETCO were liable under various theories. CETCO asserted claims against Chris Craft. All defendants and third-party defendants deny liability and contend Plaintiff's damages, if any, are overstated.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 1.01 (West 2003).

## PROVINCE OF JUDGE AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 101.10 (5th Ed 2000).

**EVIDENCE: LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated--that is, formally agreed to by the parties; [and any facts that have been judicially noticed--that is facts which I say you must accept as true.]

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence[, unless I specifically tell you otherwise during the trial].

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Authority: *Eight Circuit Model Jury Instructions, Civil,* 1.02 (West 2003).

**BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Authority: *Eighth Circuit Model Instructions, Civil*, 1.03 (West 2003).

**NO TRANSCRIPT AVAILIBLE [NOTE-TAKING]**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them ______.

When you leave at night, your notes will be secured and not read by anyone.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 1.04 (West 2003).

**CONDUCT OF THE JURY**

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side--even if it is simply to pass the time of day--an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 1.05 (West 2003).

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendants' attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiffs case, the defendants will each have an opportunity to present evidence and the attorneys for the plaintiff and other defense counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 1.06 (West 2003).

**QUESTIONS BY JURORS-- PROHIBITED**

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 101.16 (5th Ed 2000).

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition [if the witness is not present] [if the testimony in court contradicts the witness' deposition testimony]. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read [shown] to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 102.23 (5th Ed 2000).

**VIEW OF LOCATION PERMITTED**

I have concluded that it would be helpful for you to view the scene of the Promenade Village Townhomes. You will go with the bailiffs and we will reconvene at [time].

While you are at the scene please do not ask any questions of the lawyers or of the people who may be there. If you have questions, direct them to me.

Do not discuss the case with anyone, even the other jurors, while going to or from the location or at the location itself.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 102.26 (5th Ed 2000).

**JUDGE'S COMMENTS TO LAWYER**

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.70 (5th Ed 2000).

## OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.71 (5th Ed 2000).

## GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th Ed 2000).

**USE OF NOTES**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.02 (5th Ed 2000).

**INSTRUCTIONS APPLY TO EACH PARTY**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.10 (5th Ed 2000).

**ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.11 (5th Ed 2000).

**ALL PERSONS EQUAL BEFORE THE LAW -- ORGANIZATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A [corporation] [partnership] [unincorporated association] is entitled to the same fair trial as a private individual. All persons, including [corporations], [partnerships], [unincorporated associations], and other organizations stand equal before the law, and are to be treated as equals.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.12 (5th Ed 2000).

**MULTIPLE PLAINTIFFS**

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. [Unless otherwise stated,] all instructions I give you govern the case as to each plaintiff.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.13 (5th Ed 2000).

**MULTIPLE DEFENDANTS**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.14 (5th Ed 2000).

**EVIDENCE IN THE CASE**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [and all facts and events that may have been judicially noticed].

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.30 (5th Ed 2000).

## CONSIDERATION OF THE EVIDENCE – CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.31 (5th Ed 2000)

**INSTRUCTION IF PLEADINGS READ OR GIVEN TO THE JURY**

The pleadings consist of plaintiff _____'s complaint [and] the defendant _____'s answer [and counterclaim, and the plaintiff _____'s reply]. It is my practice [to read the pleadings to you] [to allow the jury to take the pleadings to the jury room].

What is said in the pleadings is not evidence. The purpose of the pleadings is to state the parties' contentions and to determine what factual issues are in dispute between the parties. You are to determine whether the claims made in the pleadings have been established by the evidence.

[Plaintiff _____'s complaint states the amount of damages [he] [she] seeks to recover. You are to determine whether Plaintiff _____ is entitled to recover any amount, and, if so, the exact amount [he] [she] is to recover in accordance with the evidence and my instructions.]

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 103.32 (5th Ed 2000).

**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.34 (5th Ed 2000).

**PREPONDERANCE OF THE EVIDENCE**

Plaintiff _____ has the burden in a civil action, such as this, to prove every essential element of [plaintiff's] claim by a preponderance of the evidence. If plaintiff _____ should fail to establish any essential element of [plaintiff's] claim by a preponderance of the evidence, you should find for defendant _____ as to that claim.

[As to the counterclaim, the defendant is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim.]

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.01 (5th Ed 2000).

## “CLEAR AND CONVINCING EVIDENCE”-- DEFINED

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Authority: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.02 (5th Ed 2000).

**"IF YOU FIND" OR "IF YOU DECIDE"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.04 (5th Ed 2000).

**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE-- DEFINED**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.05 (5th Ed 2000).

**“INFERENCES” DEFINED**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.20 (5th Ed 2000).

**PRESUMPTION OF REGULARITY**

Unless and until outweighed by evidence to the contrary, you may find that official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.21 (5th Ed 2000).

**FINDING THAT OFFICIAL REPORT MADE**

Where it is the duty of a lower or subordinate official to report to the official's superior, or where it is the duty of a superior official to report or give information to a lower or subordinate official, you may find that this official duty was regularly performed, in the absence of evidence in the case leading you to a different conclusion.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.22 (5th Ed 2000).

**FINDING AS TO THING ONCE PROVED TO EXIST**

You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence in the case leading you to a different conclusion.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.23 (5th Ed 2000).

**NOTICE OR KNOWLEDGE—DUTY OF INQUIRY**

The means of knowledge are ordinarily the equivalent in law to knowledge. If it appears from the evidence in the case that a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had made such inquiry and had actually learned such facts.

That is to say, the law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.24 (5th Ed 2000).

**FAILURE TO CALL AVAILIBLE WITNESS**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.25 (5th Ed 2000).

**FAILURE TO PRODUCE AVAILIBLE EVIDENCE**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.26 (5th Ed 2000).

**SUPPRESSION OR FABRICATION OF EVIDENCE**

If you should find that a party willfully [suppressed][hid][destroyed] evidence in order to prevent its being presented in this trial, you may consider such [suppression][hiding][destruction] in determining what inferences to draw from the evidence or facts in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.27 (5th Ed 2000).

## EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th Ed 2000).

**CHARTS AND SUMMARIES**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.50 (5th Ed 2000).

**ORAL STATEMENTS OR ADMISSIONS**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.53 (5th Ed 2000).

**REQUESTS FOR ADMISSION**

Plaintiff _____ has introduced into evidence certain "requests for admission," identified as "Plaintiff's Exhibit ____." These are deemed to be admitted by defendant _____ because defendant had the opportunity to deny or challenge them and did not do so. You are to take the facts stated in Plaintiff's Exhibit ____ as true for purposes of this case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 104.70 (5th Ed 2000).

**REQUESTS FOR ADMISSION—ANOTHER INSTRUCTION**

Plaintiff _____ has introduced in evidence certain "requests for admission" identified as Plaintiff's Exhibit ____. These were presented to defendant _____, who made no response. Under the governing procedural rules, the facts set out in these requests are deemed admitted unless a response is made. You are therefore to take the facts stated in Plaintiff's Exhibit ____ as true for purposes of this case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.71 (5th Ed 2000).

## ANSWERS TO INTERROGATORIES

Each party has introduced into evidence certain interrogatories--that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.72 (5th Ed 2000).

**ANSWERS TO INTERROGATORIES OR REQUESTS FOR ADMISSION NOT BINDING ON OTHERS**

You will not consider one party's [answers to interrogatories] [written response to request for admission] [admission of facts through failure to respond to a request] as evidence against any other defendant.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.73 (5th Ed 2000).

**DISCREPENCIES IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 105.01 (5th Ed 2000).

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [or on a videotape]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.02 (5th Ed 2000).

**IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT (FALSUS IN UNO FALSUS IN OMNIBUS)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.04 (5th Ed 2000).

**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 105.09 (5th Ed 2000).

**ALL AVAILIBLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 105.11 (5th Ed 2000).

**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.01 (5th Ed 2000).

**EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.02 (5th Ed 2000).

## VERDICT—ONE OF MULTIPLE DEFENDANTS

At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.03 (5th Ed 2000).

**ELECTION OF FOREPERSON—SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room. [Read special verdict form.]

[You will note that each of the three interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer question (2) if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."]

[Accordingly, if your answer to either questions (1) or (2) is "No," the foreperson will date and sign the special verdict, without answering question (3). On the other hand, if your answer to both questions (1) and (2) is "Yes," then you will answer question (3). The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.]

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.05 (5th Ed 2000).

**ELECTION OF FOREPERSON—SPECIAL AND GENERAL VERDICTS**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in Court.

A form of special verdict, and a form of general verdict, have been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict. [Form of special verdict read.]

[You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict, when completed. It will not be necessary to consider or answer question (2), if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."]

[Accordingly, if your answer to either questions (1) or (2) is "No," the foreperson will date and sign the special verdict, without answering question (3). On the other hand, if the answer to both questions (1) and (2) is "Yes," then you will answer question (3); and the foreperson will then date and sign the special verdict as so completed.]

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience. [Read general verdict form.]

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date, and sign the form setting forth the verdict upon which you unanimously agree. You will then return with both the completed special verdict and the completed general verdict to the courtroom.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.06 (5th Ed 2000).

**VERDICTS FORMS— JURY RESPONSIBILITY**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.07 (5th Ed 2000).

**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 106.08 (5th Ed 2000).

**AGENTS OF CORPORATION**

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 108.01 (5th Ed 2000).

## APPARENT AUTHORITY

One of the issues you must decide is whether Promenade was bound by the actions of ESG, which, it is claimed, was acting as Promenade's agent. In deciding this issue, you may consider whether Promenade placed ESG in such a situation that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming that this person had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find that Weis, Waterproofing By Experts, Inc., CETCO and J-Berd were justified in assuming that ESG had the authority to act as ESG did, then you may find that the Promenade is bound by the acts of ESG as Promenade's agent.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 108.03 (5th Ed 2000).

**"INDEPENDENT CONTRACTOR"-- DEFINED**

An "independent contractor" is one who, contracts with another to do something for the other person, but who is not subject to the other person's control with respect to his or her physical conduct in the performance of the undertaking.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 108.06 (5th Ed 2000).

**"NEGLIGENCE"-- DEFINED**

"Negligence" is the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent person would do, when prompted by considerations that ordinarily regulate the conduct of human affairs. In other words, it is the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 120.02 (5th Ed 2000).

**"ORDINARY CARE"-- DEFINED**

"Ordinary care" is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to avoid injury to persons or the property of others.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 120.10 (5th Ed 2000).

**ORDINARY CARE—A RELATIVE TERM**

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.11 (5th Ed 2000).

**JOINT TORTFEASORS**

When the negligent acts or omissions of two or more persons contribute concurrently, and as proximate causes, to the injury and damage of another, each of such persons is liable. This is true regardless of the relative blame or fault of each.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 120.50 (5th Ed 2000).

**"PROXIMATE CAUSE"-- DEFINED**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.60 (5th Ed 2000).

**MORE THAN ONE PROXIMATE CAUSE**

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 120.61 (5th Ed 2000).

## SUPERSEDING CAUSE

However, a cause is not a direct cause when there is a superseding cause. A cause is a superseding cause when four conditions are present:

1. It happened after the original negligence or fault; and

2. It did not happen because of the original negligence or fault; and

3. If changed the natural course of events and made the result different from what it would have been; and

4. The original wrongdoer could not have reasonably anticipated this event.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides-Civil*, CIVJIG 27.20 (4th ed. 1999).

**CONTRIBUTORY NEGLIGENCE**

In addition to denying that any negligence of defendant _____ proximately caused any injury or damage to plaintiff _____, defendant _____ alleges, as a further defense, that some contributory negligence on the part of plaintiff _____ was a proximate cause of any injuries and consequent damages plaintiff _____ may have sustained. Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, defendant _____, in effect, alleges that, even though plaintiff may have been guilty of some negligent act or omission which was one of the proximate causes, plaintiff _____, by plaintiff's own failure to use ordinary care under the circumstances for plaintiff's own safety, at the time and place in question, also contributed one of the proximate [legal] causes of any injuries and damages plaintiff may have suffered.
of fault that you assess.]

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 120.71 (5th Ed 2000).

**FACT OF ACCIDENT ALONE—NO INFERENCE OF NEGLIGENCE**

The fact that leaks have occurred at the Promenade does not by itself mean that someone was negligent or at fault.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides- Civil*, CIVJIG 25.55 (4th ed. 1999).

# EVIDENCE OF CUSTOM

**Evidence of standards or custom**

Evidence of standards or custom is not conclusive. It is just one piece of evidence.

1. You may consider an industrial or professional standard to decide whether reasonable care was used.

2. You may consider what is usually done or customary in this industry or profession to decide whether reasonable care was used.

Consider this evidence along with all other evidence when you decide if reasonable care used.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides- Civil*, CIVJIG 26.15 (4th ed. 1999).

## SUBSEQUENT REMEDIAL MEASURES

**Evidence of change or repair**

Evidence in this case shows that the condition of the Promenade was changed and repaired in response to the alleged leaks.

You can consider repairs and changes made to the Promenade only to decide:

1. Whether Promenade owned the property in question.
2. Whether Promenade controlled the property in question.
3. The cost and ease of making the repairs.
4. Impeachment

You cannot use this evidence to decide:

1. Whether the defendants acted reasonably under the circumstances.
2. Whether the CETCO or Chris Craft manufactured a product in a defective condition unreasonably dangerous to the user, consumer, or his property.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides-Civil*, CIVJIG 26.20 (4th ed. 1999).

**VOLUNTARY ASSUMPTION OF A LEGAL DUTY OF CARE**

Even though there is no duty in the first instance, if a person voluntarily assumes a duty, the duty must be performed with reasonable care or the person will be liable for damages. Liability for voluntarily assuming a duty arises only if this conduct leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselves.

Authorities: *Abresch v. Northwestern Bell Tel. Co.*, 75 N.W.2d 206, 211-12 (Minn.1956); *Isler v. Burman*, 232 N.W.wd 818, 822 (Minn.1975).

**OWNER'S DUTIES TO DISCLOSE AND NOT TO HINDER CONSTRUCTION**

In every building or construction contract, the owner has an implied duty not to obstruct, hinder, or delay the contractor. To the contrary, the owner must facilitate performance of the work. The owner also has an implied duty to disclose information material to the contractor's performance that is not available from other sources. Under the law, an owner breaches a contract when it fails to do something that it has expressly or implicitly undertaken to facilitate the other party's performance.

Authority: American Bar Association, *Model Jury Instructions- Construction Litigation* § 4.04 (2001); *Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn.1983).

**ARCHITECT'S LIABILITY- PROFESSIONAL LIABILITY**

To prevail on the negligence claim against the architect, plaintiff must prove by a preponderance of evidence that 1) the architect was negligent and 2) the architect's negligence was a legal cause of damage sustained by plaintiff.

Because an architect, acting in a professional capacity, has superior knowledge and skill as a design professional, an architect must exercise a greater degree of care consistent with this superior knowledge and skill. Therefore, an architect is negligent if he or she fails to use the care, skill, ability and diligence ordinarily required of architects in the course of preparation of plans, site inspection and contract supervision. Negligence may consist either in *doing* something that a reasonable careful architect would *not* do under like circumstances, or in *failing* to do something that a reasonably careful architect *would* do under like circumstances.

Negligence is the legal cause of damage if it directly and in a natural and continuous sequence produces, or contributes substantially to producing, such damage so that it can reasonably be said that, except for the negligence, the loss, injury, or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

Authority: American Bar Association, *Model Jury Instructions- Construction Litigation* § 8.03 (2001).

**OBLIGATIONS OF A DESIGN PROFESSIONAL**

Along with the duty of an architect to use the care, skill, ability, and diligence ordinarily required of architects, an architect also has a duty of good faith, a duty of loyalty to the employer, and a duty to disclose errors in design or construction that are so well known within the profession that a design professional should be aware of them.

If you find, by a preponderance of the evidence, that the architect breached any of these duties, and that such a breach was a legal cause of damages to plaintiff, you must also consider damages under the following sections.

If you find, by a preponderance of the evidence, that the architect did not breach these duties, you must enter a verdict for the architect.

Authority: American Bar Association, *Model Jury Instructions- Construction Litigation* § 8.04 (2001)

**ARCHITECT'S LIABILITY- DUTY TO INSPECT**

When an architect agrees to observe and inspect the work of a building contractor and issue a certificate of payment on ascertaining that the construction work was performed in accordance with the plans and specification furnished by the architect, and in a good, workmanlike, and substantial manner, the architect is under a duty to plaintiff to exercise proper vigilance and sill in observing and inspecting the work to see that it was properly done before issuing the certificate and to comply with the terms of the architect's agreement.

An architect may be held liable for damages resulting from defects in construction that could have prevented by the exercise of ordinary skill and attention of a person in the architectural profession.

Authority: American Bar Association, *Model Jury Instructions- Construction Litigation* § 8.07 (2001).

**ELEMENTS OF CONTRACT FORMATION**

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty. To be binding, a contract must include a manifestation of mutual assent to the terms and conditions of the contract. This is referred to as the "meeting of the minds." There must be a meeting of the minds; there can be no contract if only one party intends to be bound.

Because intent, including intent to be bound, is seldom susceptible to direct proof because it relates to a person's state of mind, the law presumes that a person intends the natural and probable consequences of that person's acts. The meeting of the minds or the mutual manifestation of intent may be made wholly or partly by written or spoken words or by other acts or conduct, and an internal or unexpressed intention not to be bound is ineffective.

In determining whether or not there was any contract, you must decide whether or not there was a meeting of the minds between the parties with respect to the terms of the alleged oral agreement and a present intention to be bound.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 126.01 (5th Ed 2000).

**IMPLIED CONTRACT**

If you find from a preponderance of the evidence that Waterproofing By Experts rendered services to Weis Builders at Weis Builder's request, and Waterproofing By Experts did not intend these services as a gift, then you will award Waterproofing By Experts the fair and reasonable value of the services so rendered. It is not necessary for Waterproofing By Experts to show a written agreement or for Waterproofing By Experts to show any kind of agreement on the rate of compensation.

Weis Builders is liable even though Waterproofing By Experts may have made the offer of services, if Weis Builders accepted the offer. It makes no difference which party made the first approach or offer.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 126.02 (5th Ed 2000).

**SUBSTANTIAL PERFORMANCE OF CONTRACT**

Waterproofing By Experts is entitled to payment upon proof of "substantial performance" of the work Waterproofing By Experts contracted to do. It is not necessary that Waterproofing By Experts fully and completely perform every item specified in the plans and specifications that are a part of the contract.

The term "substantial performance" means the degree of performance of a contract that, while not full and complete performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the plaintiff the payment agreed upon, subject, of course, to the defendant's right to recover whatever damages the defendant has suffered by reason of the plaintiff's failure to render full and complete performance.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 126.03 (5th Ed 2000).

**REPUDIATION**

"Repudiation" consists of the indication by words or conduct that a party is not going to render a performance under a contract. If the effect of this failure of performance will be substantially to impair the value of the contract to the other party, then that party may recover for repudiation of the contract by the repudiating party. The value of the contract is substantially impaired if significant inconvenience or injustice will result.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 126.04 (5th Ed 2000).

**EXCUSE FROM PERFORMANCE**

When two parties enter into a contract, each becomes obligated under the law to permit the other to perform his or her part of the bargain without interference. In other words, each party must reasonably avoid any action that would effectively hinder, obstruct or prevent the other party from undertaking or completing whatever the other party agreed to do.

Plaintiff _____ contends that defendant _____ prevented plaintiff _____ from fully and completely performing its obligations under the contract.

If you find from a preponderance of the evidence that plaintiff _____ was ready, willing and able to perform plaintiff's contractual obligations by [describe], but that defendant _____ did something that effectively hindered, obstructed and prevented plaintiff _____ from doing so, then plaintiff _____ is entitled to recover its damages in this action.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 126.10 (5th Ed 2000).

## PAROL EVIDENCE

I have determined that the writing in evidence in this case was not the entire agreement between the parties. The agreement may consist of both written and oral promises. The oral portions of the agreement may be enforced and damages awarded for breach of the agreement, just as though those portions had appeared in the written agreement.

A complete contract can only result when there is a meeting of the minds of the parties on all terms, whether written or oral. The parties must agree to the same things at the same time. There must be an offer by one side that is accepted and agreed to by the other side. It is for you to determine what additional provisions there were in the parties' agreement, and whether there has been a breach of that agreement.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 126.20 (5th Ed 2000).

## DAMAGES—BURDEN OF PROOF

**Definition of "burden of proof"**

A party asking for damages must prove the nature, extent, duration and consequences of its injury or harm.

You must not decide damages based on speculation or guess.

Authority: Minnesota District Judges Association, *Minnesota Jury Instruction Guides—Civil*, CIVJIG 90.15 (4th ed. 1999).

**DAMAGES MUST HAVE BEEN PROXIMATELY CAUSED**

You are not to award damages for any injury or condition from which plaintiff Promenade may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [legally] caused by the accident in question.

Authority: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 128.70 (5th Ed 2000).

**COMPENSATORY DAMAGES—**
**PERSONAL AND PROPERTY DAMAGES-- DEFINITION**

Questions __, __, __ in the verdict form are the damages questions.

**Answer each question independently**

You must answer these questions regardless of your answers to the other questions on the verdict form. Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money**

The term "damages" means a sum of money that will fairly and adequately compensate a party who has been harmed.

Damages must be reasonable. If you should find that Promenade is entitled to a verdict, you may award Promenade only such damages as will reasonably compensate Promenade for such injury and damage as you find, from a preponderance of the evidence in the case that Promenade has sustained as a direct result of the defendants' negligence or other fault.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil,* CIVJIG 90.10(4th Ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 128.60 (5th Ed 2000)

## DAMAGE TO PROPERTY – ELEMENTS

**Not damage beyond repair**

The Court finds that the Promenade Oaks apartment complex was not damaged beyond repair. Accordingly, Promenade's damages for injury to its property, if any, are the lesser of:

1. *The diminished value of the property*:

   The difference between:

   a. The fair market value of the property without leaks

   b. Minus the fair market value of the property with leaks.

**OR**

2. *The cost of repair*

   The reasonable cost of repair for restoring the property to substantially the same condition as it was before the harm.

   If the repairs cause the property to be in a better condition than before the leaks, damages are limited to the cost of restoring the property to the condition it was in before, not to its improved condition.

   If the repairs cannot restore the Promenade Oaks to substantially the same condition as before the damage:

   a. Determine the reasonable cost of repair, and

   b. Add the difference between the fair market value of the property before the damage and the fair market value after the repairs.

   The total damages cannot exceed the difference in value before and after the damage.

You may aware property damage for the lesser of these two figures only.

Authorities: Minnesota District Judges Association, *Minnesota Jury Instruction Guides – Civil,* CIVJIG 92.10(4th Ed. 1999); 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.01 (5th Ed 2000); *In re Commodore Hotel Fire and Explosion Cases*, 324 N.W.2d 245 (Minn.1982); *Rinkel v. Lee's Plumbing and Heating Co.*, 99 N.W.2d 779 (Minn.1959).

**“FAIR MARKET VALUE”-- DEFINED**

"Fair market value" is the price at which a fully informed, willing owner would have voluntarily sold and a fully informed willing buyer would have voluntarily bought the property in question.

Authority: 3 O’Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.02 (5th Ed 2000).

**MITIGATION OF DAMAGES**

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages--that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

Promenade's damages for harm to its property must not include any loss that could have been prevented, reduced or minimized by reasonable care.

Authorities: 3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 129.50 (5th Ed 2000); Minnesota District Judges Association, *Minnesota Jury Instruction Guides- Civil*, CIVJIG 92.15 (4th ed. 1999).

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 3.01 (West 2003).

**JUDGE'S OPINION**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 3.02 (West 2003).

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 3.03 (West 2003).

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight or preponderance of the evidence. To prove something by the greater weight or preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight or preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 3.04 (West 2003).

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Authority: *Eighth Circuit Model Jury Instructions, Civil,* 3.06 (West 2003).