**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil Action, File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co.; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Co., one of the CNA Insurance Companies,

Defendants.

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co.; and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants.

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

**WESTFIELD INSURANCE COMPANY'S OPPOSITION TO MOTIONS TO BIFURCATE AND WEIS BUILDERS' MOTION *IN LIMINE* TO EXCLUDE COVERAGE-RELATED ISSUES**

---

## INTRODUCTION

Included among the various motions presently before the Court are motions by defendant Weis Builders, Inc. and third-party defendant J-Berd Mechanical Contractors to bifurcate the liability and damages issues from the insurance coverage issues that remain in this case. Weis also includes among its motions *in limine* a related motion to exclude from trial coverage-related issues, including the applicability of Westfield's professional services exclusion and whether Weis had Westfield's consent to undertake remedial work, as well as all evidence related to those issues. The motions should be denied. While raising the spectre of confusion, inefficiency and prejudice, neither Weis nor J-Berd fully explains how it is that Westfield's limited participation will undermine the goals of convenience, expedition and economy. Neither attempts to balance the claimed delay and confusion against the efficiency of trying related fact issues in a single trial, or the clear inefficiency and prolonging of the trial that necessarily will result from bifurcation. And neither attempts to balance their claim of prejudice against the extreme prejudice to Westfield, who would be denied participation in a bifurcated trial. For these reasons, discussed in greater detail below, the claim should not be severed, and Westfield should be permitted to cross-examine witnesses and present evidence so that the jury can make the factual determinations necessary for the Court to issue its final rulings regarding the applicability and scope of the Westfield policy.

## ARGUMENT

### I. Bifurcation of the Liability and Damages and Insurance Coverage Issues Is Not Conducive to Expedition and Economy and Will Result in Prejudice to Westfield That Is Far More Real and Extreme Than That Claimed by J-Berd and Weis.

The bifurcation motions are brought pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, which empowers the Court to order separate trials of any claim or any number of issues

". . . in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Whether to order separate trials is a matter that lies in the discretion of the trial court. *Crockett v. Boysen*, 26 F.R.D. 148, 149 (D. Minn. 1960). In exercising its discretion, however, the Court must balance the risk of the confusion, delay, additional expense or undue prejudice posed by a consolidated trial against the possible prejudice, inconvenience and extra time involved in trying bifurcated cases or issues. *Id*. *See also Henan Oil Tools, Inc. v. Engineering Enterprises, Inc.*, 262 F.Supp. 629, 630-31 (S.D. Tex. 1966), cited by J-Berd. And, in this case, considerations of prejudice, delay, confusion and inconvenience, being so minimal to non-existent, simply do not warrant a bifurcation of issues or the exclusion of evidence relating to Westfield's professional services exclusion.

With respect to convenience, expedition and economy, both Weis and J-Berd maintain that including the coverage issues will unnecessarily delay the trial, and will require the introduction of witnesses and exhibits that would not be introduced if issues concerning consent for the remedial measures and the professional services exclusion were not part of the case. The claim, however, is not borne out by the submissions that were made by Westfield pursuant to the Court's pretrial order and Local Rule 39.1. First, Westfield already has explained in its Trial Brief that its participation at trial will be limited to asking questions of witnesses that go to the three fact issues identified in the Court's summary judgment order and ensuring that the final verdict form addresses the fact issues that are important for a final resolution of the insurance coverage case. Westfield has further explained that it likely will not call witnesses as part of a case-in-chief, but instead expects to merely cross-examine witnesses that already will be called by the various parties. Consistent with this expectation, Westfield's Witness List identifies eighteen potential witnesses, only two of whom,

Kristen Barry and Daniel Spencer, do not appear on the comprehensive and extensive Witness Lists submitted by Promenade and the liability defendants. Of these two witnesses, Westfield would expect to call Kristen Barry only if Weis persists in its "acceptance of coverage" arguments, and Daniel Spencer is to be called regarding Westfield's consent to remedial work. Neither is expected to testify regarding the nature of the remedial work performed by Weis or the extent to which Promenade's claims arise out of alleged design errors.

Likewise, Westfield's Exhibit List identifies only nine documents, as compared to the 712 exhibits identified on J-Berd's Witness List and the 855 exhibits identified by Weis. Two of the exhibits on Westfield's Exhibit List are insurance policies, which have been designated as court exhibits. The only other exhibit that is not on any other party's list is a July, 1999 letter that, again, relates to the consent issue.

In one of the cases cited by J-Berd, the court found persuasive the fact that the issues sought to be bifurcated, in addition to being extremely complex, were divergent, requiring different documentary proof and oral testimony. *See Henan Oil*, 262 F.Supp. at 631. That is not the case here. The issues in the liability case are whether the leaking at Promenade resulted from design errors, construction errors, or both, and the extent of Promenade's damages. In light of the Court's summary judgment order, Westfield's coverage case now concerns the extent to which, if at all, Promenade's claimed damages stem from errors in design, an issue that is inextricably intertwined with the liability issues. Indeed, Weis' own Memorandum in support of its motion *in limine* acknowledges that most of the coverage issues will be decided by the evidence presented in the liability case.[1]

---

[1] The only issue that is distinct is the consent issue. Westfield does not have an objection to trying the consent issue to the Court and excusing the jury while Peter DeSai and other witnesses are

There is no support for the assertion that including the coverage issues will unduly prolong the trial or result in undue convenience. Conversely, bifurcation almost certainly will have these undesirable results. The parties are anticipating a four-week trial involving numerous witnesses who will be coming to St. Paul from out-state Minnesota and other states entirely. It would be entirely inefficient to try this case over several weeks only to begin anew, and to require, by subpoena or otherwise, witnesses to return to St. Paul in order to testify about matters that could have been accomplished with just a few minutes of cross-examination.

Weis, in its bifurcation motion and motion *in limine*, also suggests that including the coverage issues will confuse the jury. Specifically, Weis maintains that the jury will be confused if it has to address the insurance coverage issues, that it won't comprehend issues of professional services exclusions and consent to repair, and that, with a bifurcated trial, the "jury would be able to hear evidence relating to the insurance policies and other insurance issues uninterrupted and undistracted by the liability and damages issues." Weis' concern over confusion is unfounded because the jury is not going to be asked to interpret insurance policies or address insurance coverage issues. These are matters for the Court, not the jury. The jury's function in this case is not to make insurance coverage determinations, but rather, to make factual determinations regarding the degree to which Promenade's claimed damages result from design, as opposed to construction, errors and the extent to which the $690,000 in damages claimed by Weis resulted directly from its remedial efforts undertaken to cure the water penetration problem so that the court can make its final coverage determinations.

---

examined on this particular point.

Finally, both J-Berd and Weis claim that they will be prejudiced if the issues of liability and insurance coverage are not bifurcated. J-Berd claims it will be prejudiced because Weis will essentially have two attorneys presenting evidence and pointing the finger at J-Berd. And Weis maintains that, without bifurcation, it may be forced to take inconsistent positions at trial.[2] J-Berd's concerns are unwarranted because it will not be Westfield's role at trial to establish liability on the part of any of the construction defendants, be it J-Berd, WBE, ESG or Weis. Its issues are far too narrow and limited to allow Westfield to use its case as a proverbial "second bite at the apple."

Similarly, like its claim that the jury will be confused, Weis' claim of prejudice also is unfounded. Weis' memoranda do not furnish any examples of any divergent positions Weis might have to take. Weis does nothing more than raise the possibility of prejudice. Yet, Rule 403 of the Federal Rules of Evidence, which is also cited by Weis and J-Berd as a basis for bifurcation and exclusion, requires not just that the probative value of relevant evidence be outweighed by the danger of some type of prejudice, but that it be **substantially** outweighed by the danger of **unfair** prejudice. Weis has not made this showing.

Weis' and J-Berd's claims that they will be prejudiced must also be balanced against the certain prejudice to Westfield if the claims are bifurcated. In seeking bifurcation, and the exclusion of evidence relating to the insurance issues, Weis and J-Berd are effectively seeking to deny

---

[2] Neither party claims that they would be prejudiced by the jury knowing that an insurer is involved. Nor is there a factual or legal basis for making such a claim. Again, the jury is not going to be asked to address insurance issues and, in the event the consent issue tried to the Court, Westfield does not anticipate there being any reference to insurance beyond the initial introductions and cautionary instruction. Even then, the jury will be admonished that it may not allow the presence or absence of insurance to factor into its deliberations. Indeed, if the consent issue is tried to the Court, the jury may not even be advised as to which party Westfield insures. Moreover, in *Crockett*, *supra*, Judge Devitt concluded that the mere fact the jury will know an insurance company is involved in an action does not constitute a sufficient reason for separating liability and insurance issues for trial. *Crockett*, 26 F.R.D. at 150.

Westfield its right to participate in the trial of this matter notwithstanding the Court's previous findings that the extent of coverage under Westfield's policy turns on fact issues that must be determined by the jury. And although J-Berd and Weis might argue that Westfield will have a chance to participate after the liability and damages phase, by then it may be too late as no one would be protecting Westfield's interests in the main action. It is simply unfair and prejudicial to require Westfield to essentially try the case all over again, if it is even permitted to do so using experts retained by others, or, equally prejudicial, to have the parties present evidence, and the jury make findings, that would bind Westfield in the bifurcated trial. On balance, the danger of unfair prejudice to Westfield in the event of bifurcation not only equals, but far outweighs, any prejudice claimed by Weis and J-Berd.

## CONCLUSION

The criteria of convenience, prejudice, expedition and economy do not favor bifurcation of the liability and damages and coverage issues. In fact, bifurcation would be inefficient, inconvenient and prejudicial to Westfield. The most efficient way to proceed with this case is for the Court to set the order of proof as requested in Westfield's motion *in limine* and to allow Westfield the limited cross-examination necessary to assist the jury in resolving the factual issues identified by the Court. For these reasons, Westfield Insurance Company respectfully requests that the motions to bifurcate the trial, and Weis' motion *in limine* to exclude evidence relating to coverage issues be denied.

Respectfully submitted,

COUSINEAU, McGUIRE & ANDERSON,
CHARTERED

Dated: September 17, 2004

By: s/Andrea E. Reisbord
MARK A. GWIN #132251
ANDREA E. REISBORD #22411X
Attorneys for Plaintiff Westfield Insurance Company
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
(952) 546-8400

872959