**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant,

and

Civil File No. 00-CV-987 JNE/JSM

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MEMORANDUM OF LAW IN RESPONSE TO WESTFIELD INSURANCE COMPANY'S MOTION FOR REALIGNMENT AND TO SET ORDER OF PROOF FOR TRIAL**

---

J-Berd Mechanical Contractors, Inc.,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Mikesh, Inc.,

Fourth Party Defendant.

**INTRODUCTION**

Third-Party Defendant J-Berd Mechanical Contractors, Inc. ("J-Berd") submits the following memorandum of law in response to Westfield Insurance Company, Inc's motion for realignment and to set order of proof for trial.

**ARGUMENT**

In its memorandum of law, Westfield requests that the court 1)realign the caption and designate Promenade as the Plaintiff in Westfield's stead; and 2)set the order of proof at trial to have Promenade and the other parties present their respective cases before Westfield. J-Berd opposes Westfield's motion to realign the caption and designate Promenade as the Plaintiff in Westfield's stead. Westfield is a party to this case and the trial pleadings need to reflect this. More specifically, if counsel for Westfield intends to be present and participate in this trial and cross-examine witnesses during the presentation of Promenade's case as well as the other parties' cases, then Westfield as a party should be identified, including on the caption of this case and on the special verdict form. If Westfield did not want to be mentioned as a party in this trial, then Westfield should have moved the court to bifurcate. Westfield chose not to do so, and thus, their motion is procedurally inappropriate. *See also* Fed.R.Civ.P. 25 (outlining death,

incompetency, transfer of interest, and death or separation of public officers from office as grounds for substitution of parties).

Based on the rationale outlined above, J-Berd does not object to Westfield's proposed order of proof, provided that Mark Gwin and Cousineau, McGuire & Anderson, Chtd., as counsel for Westfield, are identified as counsel for Westfield in this trial.

**CONCLUSION**

Based on the foregoing discussion, Third-Party Defendant J-Berd Mechanical Contractors, Inc. respectfully requests that the court deny Westfield's motion to remove Westfield Insurance Company from the caption of this case. In addition, J-Berd requests that the court require the identification of Westfield and its counsel at trial and not just in the court's instructions to the jury.

Dated: September 17, 2004

/s Rolf E. Sonnesyn

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 300, U.S. Bank Plaza
1015 West St. Germain Street
P. O. Box 1497
St. Cloud, MN 56302-1497
(320) 251-6700

Attorneys for Third-Party Defendant and Fourth-Party Plaintiff J-Berd Mechanical Contractors, Inc.