**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant,

and

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MEMORANDUM OF LAW IN RESPONSE TO ELNESS SWENSON GRAHAM ARCHITECTS, INC.'S MOTION IN LIMINE**

J-Berd Mechanical Contractors, Inc.,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Mikesh, Inc.,

Fourth Party Defendant.

## INTRODUCTION

Third-Party Defendant and Fourth-Party Plaintiff J-Berd Mechanical Contractors, Inc. ("J-Berd") submits the following memorandum of law in response to Elness Swenson Graham Architects, Inc.'s Motion in Limine.

## ARGUMENT

ESG asks this court to exclude any evidence "in the form of testimony, expert reports and/or deposition transcripts which criticize and/or discuss alleged deficiencies in ESG's drawings and general performance which are unrelated to the water leakage issues." ESG maintains that such evidence would be cumulative as well as unfairly prejudicial to ESG.

Under Fed.R.Evid. 401 and 402, any evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" is generally admissible. Under Fed.R.Evid. 403, "evidence may be excluded if its probative value is ***substantially outweighed*** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (emphasis added). Because federal rule 403 permits exclusion of relevant evidence, it is extraordinary measure that should be used very sparingly. *See, e.g.,* U.S. v. Morris, 79 F.3d 409 (5th Cir. 1996); Hendrix v. Raybestos-Manhattan, Inc., 776

F.2d 1492 (11th Cir. 1985). Relevant evidence should not be excluded simply because it is harmful to the other party, rather the probative value of the evidence must be substantially outweighed by unfair prejudice that will result if the evidence is admitted. *See, e.g.*, United States v. Kime, 99 F.3d 870, 877-878 (8th Cir. 1996).

As a preliminary matter, J-Berd takes issue with ESG's motion because it is extremely vague as well as premature. It is virtually impossible for this court, much less the parties, to know what evidence will be relevant to the case until the evidence is heard at trial. In addition, ESG offers no explanation as to what evidence it is seeking to exclude when it refers to evidence "unrelated to the plaza water leaks." ESG does seem to argue that it believes any evidence that relates to its drawings regarding waterproofing is related to the plaza water leaks. More specifically, ESG argues "[t]he jury may possibly be misled and/or confused in that, even though there are no deficiencies in ESG's drawings as to the waterproofing, because there are alleged deficiencies in other parts of the drawings that such alleged deficiencies in the drawings were the cause of the leaking. *See* ESG's Mem., at 5.

Certainly, if there is evidence that is critical of some aspect of ESG's work on the project that has absolutely no bearing on the courtyard area or any other area of the project that arguably played a factor in the water leakage, J-Berd does not take issue with ESG's request. However, the record has ESG and its representative John Feges involved in several aspects of this project, including the design-build elements of the courtyard plaza areas, and including but not limited to, the courtyard waterproofing. In addition, however, there were also other various design elements of the project that ESG was responsible for (that the evidence shows have an affect on the project's water issues) that are outside of the courtyard area and the "design-build" elements of

the project. All such evidence is very much probative of the issue of what may have caused the water leaks at this project.

For example, the record shows that state and federal code compliance issues with the slope of the sidewalks in the courtyard, as well as the discovery of a dimensional discrepancy in the architectural plans relative to the townhouse unit entryway stoops, the grade at the surface of the courtyards has essentially no slope to the drains. *See, e.g.*, Heyer Aff. in Support of J-Berd's Motion for Summary Judgment dated 11/17/03, Ex. H, at 26, 31, 33-34, 37, 46-52, 57-59, 62-63, 66-68, 72-74, 92-94, 98, 100, 102, 105-106, 163-164; *see also* id. at Ex. Q, Lawson Dep., at 41-43, 61, 97-98, 142, 174-175.[1] More specifically, several experts note that the architectural plans and the existing property lack such elements as slope of surface grade as well as subsurface pre-cast concrete deck to the drain, as well as gutters and downspouts, all of which affect drainage in the courtyard. *See, e.g.,* Heyer Aff. dated 11/17/03, Ex. X, at 2; Ex.U, at 4; Ex. W, at 4-5, 8-9, 11-13; Ex. V, at 8; Ex. Z, Levin Rep., at 6; Ex. AA, Levin Rep., at 4, 9;

Furthermore, such experts as Weis' Wiss, Janney, Elstner Associates, Inc. are critical of the project's architectural and waterproofing details at the canopy roof posts and opine that the posts are a source of the water leaks. *See, e.g.*, Heyer Aff. dated 11/17/03, Ex. EE, Kozial Dep., at 70-71; Ex. LL, Chauvin Dep., at 79-80, 123, 128, 212. In addition, there is expert testimony that opines that the subsurface pre-cast concrete deck should have had a topping slab to slope the deck to the drain. *See, e.g.,* Heyer Aff. In Response to Chris Craft's and Colloid's Motions for Summary Judgment, Ex. D, Kozial Dep., at 110-111. Moreover, the areas known as the "links" that are over the garage areas on this project were part of the architectural design and are also

[1] These pleadings are already on file with the court and thus are not being resubmitted herein to avoid unnecessary duplication of the record.

other reported leak areas. All of the aforementioned property details and design involve the project's architectural design, which again was under ESG's control.

Lastly, ESG has requested in its trial brief that it be allowed to present its case in chief last. J-Berd objects to this request, and ask that the normal order of proof based on the pleadings be followed.

**CONCLUSION**

Based on the foregoing discussion, Defendant J-Berd Mechanical Contractors, Inc. respectfully requests that the court deny ESG's motion in limine and its order of proof request.

Dated: September 17, 2004

_s/ Rolf E. Sonnesyn ________________

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 300, U.S. Bank Plaza
1015 West St. Germain Street
P. O. Box 1497
St. Cloud, MN 56302-1497
(320) 251-6700

Attorneys for Third-Party Defendant and Fourth-Party Plaintiff J-Berd Mechanical Contractors, Inc.