**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant,

and

Civil File No. 00-CV-987 JEL/JSM

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MEMORANDUM OF LAW OPPOSING THE MOTION IN LIMINE OF PROMENADE VILLAGE TOWNHOMES, L.L.C.**

---

J-Berd Mechanical Contractors, Inc.,

Third Party Defendant and
Fourth Party Plaintiff,

v.

Mikesh, Inc.,

Fourth Party Defendant.

---

**INTRODUCTION**

Promenade seeks a ruling from the Court that its introduction of evidence of the cost of repair will not prevent it from seeking damages representing diminished value of the property. J-Berd contends that the proper measure of damages is set forth in the Federal Jury Practice and Instructions, Civil, Fifth Division, O'Malley, § 129.01. J-Berd has requested this jury instruction. The Federal Jury Instruction differs from the Minnesota Jury Instruction because the Minnesota Jury Instruction contemplates an election of remedy by the plaintiff. The Federal Jury Instruction is the appropriate instruction.

Promenade can submit evidence of the reasonable cost of repair and evidence of the reasonable diminished value of the property. It is up to the jury to decide, pursuant to the Federal Jury Instruction, which figure is reasonable and fair. The jury might decide that the alleged repair cost is unreasonable, even though it is less than the alleged diminished value. One of the purposes of the trial is to put the damaged party in the position that it would be had there been no tort or breach of contract.

The real issue in this regard is Promenade's mitigation of damages, or lack of mitigation of damages. Promenade is obligated to mitigate its damages. If the factfinder decides that

repairs were feasible and necessary, and that repair figure is less than the alleged diminished value, then the reasonable cost of repair is the appropriate damage award.

Promenade invokes the following comment from Minnesota CIVJIG 92.10:

> If claimant in his case-in-chief has introduced only evidence of the difference in value, and by cross-examination has testified as to repair costs, or if the opposing party has introduced evidence of repair costs, the testimony as to rep[air costs is admissible solely as impeachment evidence to test the credibility of the opinion evidence given by claimant on direct examination . . .
> ***
> If claimant, as part of his own proof and not on cross-examination, introduces evidence of the difference in value before and after the harm and also evidence of the cost of repair, the judge should give that part of CIVJIG 92.10 (Part B) that will give the lower damage recovery.

4A Minnesota Jury Instructions Guides §92.10 (4th Ed.), at 347.

However, this comment pertains to evidence. Thus, the comment is inapplicable to this trial because the federal courts apply the Federal Rules of Evidence. More specifically, in a diversity action in federal court, state law governs substantive issues and the federal law governs the admissibility of evidence. *See, e.g.*, Adams v. Fuqua Industries, Inc., 820 F.2d 271, 273 (8th Cir. 1987); *see* Clark v. Martinez, 295 F.3d 809, 814 (8th Cir. 2002)("[q]uestions of the relevance and admissibility of evidence are questions of federal law").

The Eighth Circuit in the 1944 case Roth v. Swanson, 145 F.2d 262 (8th Cir. 1944) case did hold that if, in the determination of admissibility of evidence there is a conflict between state and federal rules, that the plaintiff is entitled to the benefit of the more favorable rule. Roth, 145 F.2d at 269. However, the court cited the Federal Rules of Civil Procedure 43(a) as its support for reaching this conclusion. Id. Federal Rule 43(a) has been amended several times since the Roth decision, and its current text does not speak at all of conflicts between state and federal rules:

> **(a) Form**. In every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise. The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

The precedent that has developed in the Eighth Circuit since the days of Roth v. Swanson has held, without exception, that federal law governs the admissibility of evidence. *See, e.g.,* Adams, 820 F.2d at 273; *see* Clark, 295 F.3d at 814. Thus, the court in this case should apply the federal law relevant to the issue of Promenade's damages evidence and measure of damages.

As reflected in the federal jury instructions regarding damage to property (§ 129.01), federal law instructs that Promenade can only receive property damages for the following:

> As compensation for damage to…property, plaintiff…is entitled to recover the lesser of two figures arrived at as follows:
>
> One figure is the reasonable expense of necessary repair of the property plus the difference in the fair market value of the property immediately before the occurrence and the fair market value after the property is repaired.
>
> The other figure is the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.
>
> You may award for property damages the lesser of these two figures only.

In addition, as previously noted in J-Berd's trial brief, federal case law instructs that a plaintiff cannot "recover a profit for his injury," but rather should only be allowed to recover an amount that will put him back to the same position before the alleged injury. Big Rock Mountain Corp. v. Stearns-Roger Corp., 388 F.2d 165, 169 (8th Cir. 1968). The Eighth Circuit case Big Rock Mountain Corp. v. Stearns-Roger Corporation is instructive as to how the measure of damages should be calculated in the present case. In the Big Rock case, the court held that a corporation's measure of damages was not the difference between the realty value before and after an injury, but rather the cost of restoration plus loss of use:

> **The application of the [diminution of value] rule under the facts in this case involved uncertainty, conjecture and speculation. It is necessarily based on the assumption that the [project] would have been successful and profitable** had it not been for the failure of one part….Additionally, **the damage was temporary as certainly the stem was susceptible to restoration or replacement at a fraction of the cost of the damages asserted to have accrued under the before and after rule for measuring damages**.

Big Rock Mountain Corp. v. Stearns-Roger Corp., 388 F.2d at 169 (emphasis added).

Promenade argues that the Minnesota Court of Appeals case Computer Tool and Engineering, Inc. v. Northern States Power Co., 453 N.W.2d 569 (Minn. Ct. App. 1990) is significant. The Computer Tool case arose out of an electrical power surge that damaged computer equipment owned by Computer Tool. Computer Tool sued the parties who caused the electrical power surge. The evidence included a claimed value of approximately $41,000 to computer equipment that was damaged by the electrical power surge. Computer Tool sold the computer equipment for $10,000. There were varying repair estimates of $5,415.51, $6,664.48 and one for $31,116.38. The jury awarded damages of $31,000. Upon review of the record, the Minnesota Court of Appeals decided that there was sufficient evidence to support the jury's verdict. Promenade asserts that Computer Tool "stands for the proposition that when damaged property is sold, the proper measure of damages, regardless of the introduction of evidence showing the cost of repair, is diminution of value." *See* Promenade's Memorandum of Law in Support of its Motion in Limine, at 6. Promenade overreaches with this interpretation of the Computer Tool case. Computer Tool does not stand for this proposition.

Promenade also cites Westbrook State Bank v. Aetna Casualty and Surety Company, 437 N.W.2d 738, 741 (Minn. Ct. App. 1989) to argue that the purpose of the election rule [Minnesota's election of remedies] is not to preclude a party from seeking damages to which it is rightly entitled, but merely to 'prevent double redress for a single wrong.'" Westbrook does not

pertain to Minnesota's election of remedy rule in relation to property damage. Westbrook was an action in replevin for farm machinery. The issue in Westbrook was the election of remedies for taking possession of the property (replevin) as opposed to the remedy of a money judgment.

Promenade refers to O'Connor v. Schwartz, 229 N.W.2d 511, 513 (Minn. 1975) for the Minnesota rule that a plaintiff has an election to choose damages for costs of repairs or diminution in value. O'Connor is instructive in this regard. The plaintiff sued for damage to a car. The repair cost for the car was $1,092.00, but there was also "uncontroverted testimony that after its repair, the engine was mechanically good as new." Thus, the court remanded the case to the trial court because it appeared that no due allowance had been made for the vehicle's increased market value after its repair. The trial court was instructed to take further evidence regarding the true amount of the plaintiff's loss. The point of O'Connor is that the evidence should bear on the plaintiff's true loss.

Promenade argues that Wentworth v. Airline Pilots Association 336 A.2d 542 (D. C. Ct. App. 1975) sets forth the correct measure of damages when a damaged building is sold before it is repaired. Again, a close reading of Wentworth does not support Promenade's argument for the measure of damages. In Wentworth, the cost of repair was allegedly substantially more than the diminution of value. The plaintiff owned the building. The plaintiff sued the defendant for negligent excavation near the plaintiff's building. The plaintiff complained that the foundation of its building shifted and cracked the wall. The trial court directed a verdict in favor of the plaintiff for one-cent. The court found that the plaintiff did not sustain actual damages. The plaintiff offered evidence that it would cost $9,000 to restore the building to its pre-cracked condition. The plaintiff did not repair the building. The plaintiff sold the building. The buyer was uninterested in the condition of the building because the buyer intended to raze it for a

parking lot. The court decided that the plaintiff would therefore not have incurred any expenses to repair the building and, under the circumstances, the plaintiff was required to demonstrate a diminution in value.

Wentworth is not particularly apposite. The Wentworth court adopted a rule from the Louisiana courts. The court in Wentworth held that when the owner of damaged property sells the property without restoring it to its pre-damaged condition, the measure of damage is diminution of value. The Wentworth case provides little guidance to this court. There is no precedent in the Eighth Circuit nor in Minnesota that mandates this measure of damage. The Federal Jury Instruction directs the jury to award the lesser of the two measures of damage; the Minnesota Jury Instruction allows the plaintiff to elect its measure of damage. Wentworth is inapplicable.

However, Wentworth is more instructive where the court comments about the concept of fair market value:

> We note as did the trial court that ***appellant's asking price for the property did not necessarily bear any legally significant relationship to the fair market value of the uncracked building***, and therefore would not have been a meaningful basis of comparison with its fair market value after the cracking.
>
> 336 A.2d at 543, fn. 1 (emphasis added).

In the present case, Promenade might have asked GID or another prospective buyer to pay 39 million dollars to buy the Promenade townhome project had there been no history of leaking, but as noted above, a seller's asking price is not necessarily the fair market value.

## CONCLUSION

J-Berd requests that the court allow Promenade to offer both forms of damages, cost of repair and diminished value, but that the court instruct the jury using the Federal Jury Instruction, § 129.01.

Respectfully submitted,

Dated: September 17, 2004

_/s Rolf E. Sonnesyn ________________

Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

Roger C. Justin (#197270)
RINKE-NOONAN
Suite 300, U.S. Bank Plaza
1015 West St. Germain Street
P. O. Box 1497
St. Cloud, MN 56302-1497
(320) 251-6700

Attorneys for Third-Party Defendant J-Berd Mechanical Contractors, Inc.