**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, L.L.C., Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant
and
Fourth Party
Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth Party

Civil File No. 00-CV-987 JEL/JSM

**THIRD PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MEMORANDUM OF LAW OPPOSING THE MOTIONS IN LIMINE BROUGHT BY WATERPROOFING BY EXPERTS, COLLOID ENVIRONMENTAL TECHNOLOGIES COMPANY, AND CHRIS CRAFT INDUSTRIAL PRODUCTS, INC. REGARDING THE TESTIMONY OF SID BHATT AND WILLIAM AROCKIASAMY**

---

Defendant,

and
J-Berd Mechanical Contractors, Inc.,

Third Party Defendant and
Fourth Party
Plaintiff,

v.

Mikesh, Inc.,

Fourth Party Defendant.

## INTRODUCTION

J-Berd submits one Memorandum of Law in response to the Motions in Limine brought by Waterproofing by Experts, Colloid, and Chris Craft regarding aspects of the anticipated testimony of two experts retained by J-Berd, Sid Bhatt and William Arockiasamy. Waterproofing by Experts, Colloid, and Chris Craft request that the Court exclude certain aspects of William Arockiasamy's testimony and Sid Bhatt's testimony.

### CHRIS CRAFT'S MOTION AND COLLOID'S MOTION

Chris Craft and Colloid bring the same motion regarding Sid Bhatt and William Arockiasamy. Chris Craft and Colloid challenge the admissibility of David Campbell's testimony. Christ Craft and Colloid argue that because certain aspects of the anticipated testimony of Sid Bhatt and William Arockiasamy rely solely on the opinion of David Campbell, to that extent those aspects of their anticipated testimony should be excluded because David Campbell's testimony should be excluded.

J-Berd agrees. In the event that the Court excludes some or all of David Campbell's opinions from evidence at trial, then it follows logically that another expert's

opinion that relies solely on the excluded testimony of David Campbell should be excluded as well.

WATERPROOFING BY EXPERTS' MOTION

Waterproofing by Experts seeks to exclude aspects of William Arockiasamy's testimony.

Waterproofing by Experts relies upon Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 US 579 (1993) and Kuhmo Tire Company, Ltd. v. Carmichael, 526 US 137 (1999) and their progeny.[1] The Eighth Circuit recognized in Group Health Plan, Inc. v. Philip Morris USA, Inc., 344 Fd3 753, 760 (8th Cir. 2003) that an expert's testimony is admissible even if the expert occasionally speculates. It is inevitable. "A certain amount of speculation is necessary, an even greater amount is permissible 'and goes to the weight of the testimony', but too much is fatal to admission." (Cites omitted).

The Supreme Court in General Electric Company v. Joiner, 522 US 136, 146 (1997) that the Court's focus is on the expert's methodology, not on the conclusions.

> Trained experts commonly extrapolate from existing data. But nothing in either Daubert or the Federal Rules of Evidence requires the District Court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. See Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1360 (C.A. 6), cert denied, 506 U.S. 826, 113 S. Ct. 84, 121 L.Ed.2d 47 (1992).

Justice Breyer writes in his concurring opinion that the courts are to administer the Federal Rules of Evidence to ascertain truth. Id. At 149. Justice Stevens dissented in part and

[1] J-Berd refers the Court to J-Berd's Memorandum of Law responding to Promenade's Motion in Limine in which Promenade seeks permission to offer evidence of the cost of repair. In the event that the Court decides that Minnesota law applies to evidentiary rulings, then the Daubert-Kuhmo analysis is inapplicable and the Frye-Mack standard applies. See Goeb v. Tharaldson, 615 N.W.2d 800 (Minn. 2000). Whether the Court applies the Frye-Mack standard or the Daubert-Kuhmo standard, Mr. Arockiasamy's opinion is nevertheless admissible.

concurred in part. In his dissent, he points out: "It is not intrinsically ' unscientific' for experienced professionals to arrive at a conclusion by weighing all available scientific evidence- this is not the sort of 'junk science' with which Daubert was concerned." Justice Stevens gives as an example the testimony of a phrenologist ". . . who would purport to prove a defendant's future dangerousness based on the contours of the defendant's skull." Id. at 153 –54.

The Court in General Electric cites Turpin. The Eighth Circuit in Turpin echoes the decision in Group Health: "Upon analysis, we conclude that Dr. Palmer's [the expert] conclusions go far beyond the known facts that form the premise for the conclusion stated. This conclusion so overstates its predicate that we hold that it cannot legitimately form the basis for a jury verdict." 959 F.2d at 1360.

Waterproofing by Experts argues that Mr. Arockiasamy's opinion about the functionality of the waterproofing system should be excluded because it is based on Mr. Arockiasamy's "logical inference." Mr. Arockiasamy testified:

> 40:13 Q. Okay, Did you do any studies to determine whether this waterproofing system was either being penetrated or circumvented?
>
> A. No, I did not.
>
> Q. So you don't have an opinion as you sit here today what is causing the leaks in the waterproofing system?
>
> A. If the drain system did not leak, then the waterproofing system allowed water to leak, whether it is all the thing that you mentioned.
>
> 61:25 Q. What was the other part based on?
>
> 62.1 A. Other part is that there was adequacy of the drain system and that there wasn't any indication that the drain system in itself caused the leakage, so it's a logical inference that something else came through for the water to flow.

Neither the Daubert-Kuhmo nor the Frye-Mack standards prohibit Mr. Arockiasamy's opinion about the functionality of the waterproofing system. There is consistency among the experts that neither a source nor a cause of the leaks can be identified. A civil engineer, such as Mr. Arockiasamy, is left with logic. An expert's inference does not need to be established with certainty. It is a matter of probability. Waterproofing by Experts' argument implies that inference is intuitive and therefore inadmissible. Intuition is of course different than a logical inference. Intuition is the act or process of arriving at knowledge without reasoning or inferring. It is a revelation by insight or innate knowledge. See, Webster's Third New International Dictionary, 1966. Intuition seems to be the bane of the appellate courts. It is an expert's reliance on intuition, as opposed to logical inference, that is characterized as an *ipse dixit* opinion.

A logical inference is distinct from intuition. The scientific method is the gathering of data and from that data, an inference is made.

William Arockiasamy's conclusion about the functionality of the waterproofing system is based upon his logical inference. The logic underpinning his conclusion is the logic of elimination. Since the drain is adequate and did not leak, the waterproofing system probably failed. Waterproofing by Experts argues that William Arockiasamy did not account for other possible reasons that the leaks occurred. That is grist for cross-examination, not a basis to exclude an expert's opinion because it is legally unreliable. Furthermore, counsel for Waterproofing by Experts did not ask William Arockiasamy about the role these other possible causes played. Waterproofing by Experts should demonstrate affirmatively that William Arockiasamy has ". . . failed to consider numerous other possible causes for the leaks at Promenade." (Waterproofing by Experts Brief at page 8.) William Arockiasamy was asked for his opinion about the waterproofing system. He stated it. He explained it. He was not asked

about other possible causes at his deposition. Those are fair questions for cross-examination at trial.

**CONCLUSION**

In the event that Court excludes some or all of David Campbell's testimony, and to the extent that the testimony of Sid Bhatt and William Arockiasamy relies solely on the excluded portions of David Campbell's testimony, then it follows that those portions of the opinions of Sid Bhatt and William Arockiasamy should also be excluded.

J-Berd opposes the Motion of Waterproofing by Experts to exclude William Arockiasamy's opinion about the functionality of the waterproofing system.

Respectfully submitted,

Dated: September 17, 2004

s/Rolf E. Sonnesyn ____________________
Rolf E. Sonnesyn (#131027)
Chandelle L. Heyer (#286114)
Tomsche, Sonnesyn & Tomsche P.A.
610 Ottawa Avenue North
Minneapolis, MN 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482