**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

v.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

*and*

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., a/k/a/ Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies, Co., and J-Berd Mechanical Contractors, Inc.,

Third-Party Defendants.

*and*

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

*and*

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION *IN LIMINE* OF ELNESS SWENSON GRAHAM ARCHITECTS, INC.**

# I.

## ELNESS SWENSON GRAHAM'S MOTION *IN LIMINE* SHOULD BE DENIED.

ESG's motion to preclude any party from offering evidence about its deficient drawings and poor performance on the Promenade Oaks project should be denied. ESG has broadly asked that any evidence "unrelated to plaza water leaks" be excluded. [ESG Memorandum at p. 2].

First, ESG's motion is that it is so overly broad that, if granted, the Court's ruling could be abused insofar as ESG would have a license to argue that virtually any piece of evidence is "unrelated" to plaza water leaks. Moreover, a pre-trial ruling excluding all evidence about ESG "unrelated to plaza water leaks" would be a source of confusion to the parties since there would be little or no guidance about what evidence had been rendered inadmissible. For example, an ESG drawing or design change seemingly separate from the waterproofing or drainage systems might nevertheless have a tremendous impact upon the performance of the waterproofing system.

Consequently, even if this Court were to make a pre-trial ruling excluding all evidence "related to plaza water leaks," this would hardly solve anything as the parties would still have to debate the evidence on a case-by-case basis throughout the course of the trial. Given the vast pool of evidence expected to be offered during the trial, such a ruling would create more problems that it would solve.

It is not truly possible for this Court to conduct a pre-trial evaluation with respect to every piece of evidence imaginably within the scope of ESG's motion. Had ESG moved for the exclusion of something more specific, (e.g., a particular drawing or expert opinion) this Court would be better equipped to resolve the issue at the present time. As it stands, however, given ESG's broad brush request, the jury (and the parties) would be better served by having ESG raise objections as the need arises during the trial.

A second problem with ESG's motion is that, if granted, it would effectively take away the jury's fact-finding role. Determining whether an act or omission of ESG had a role in causing plaza water leaks is the province of the jury. This is even more compelling where it is ESG's deficient drawings, inattention

to detail, and overall poor performance which likely created many of the courtyard deficiencies where leaking occurred. Granting ESG's motion would have the effect of shifting the jury's fact-finding role onto this Court before trial even starts.

Finally, ESG's argument that it will be prejudiced by the admission of evidence which is critical of its work lacks merit. At this trial, every party is going to be criticized by every other party, and ESG is no exception. That by itself is not prejudice; it's simply the nature of trials. Given ESG's contractual responsibility to coordinate the design / build elements of the courtyard construction with the rest of the project, it will be necessary for the jury to hear evidence about many aspects of ESG's work on the project, whether or not it directly, or indirectly, had any impact on the water-tightness of the courtyards. Moreover, as the project progressed, ESG assumed additional responsibilities to oversee and administrate the project, including aspects of the courtyards, on a daily basis.

**CONCLUSION**

For the foregoing reasons, ESG's motion *in limine* should be denied.

Respectfully submitted,

**BROWN & CARLSON, PA**

By: s/G. John Veith
G. John Veith (#241519)
Samuel J. Glover (#327852)
5411 Circle Down Avenue
Suite 100
Minneapolis, MN 55416
763.591.9950

*Counsel for Fourth Party Defendant*
*Chris Craft Industrial Products, Inc.*

Dated: September 17, 2004.