**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil File No. 00-CV-987 JNE/JSM

Westfield Insurance Company,

Plaintiff,

v.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

*and*

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies, Co., and J-Berd Mechanical Contractors, Inc.,

Third-Party Defendants,

*and*

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

*and*

J-Berg Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

**MEMORANDUM OF LAW IN OPPOSITION TO PROMENADE'S MOTION *IN LIMINE***

## I.

## THERE IS NO LEGAL BASIS FOR THE RELIEF REQUESTED IN PROMENADE'S MOTION *IN LIMINE* REGARDING DAMAGES.

Promenade Village Townhomes, LLC ("Promenade") seeks special treatment from this Court by permitting them to offer cost of restoration evidence in their case-in-chief without giving up the ability to seek damages based only upon the diminished value of the property. Promenade argues that they need to offer evidence of the cost of restoration in their case-in-chief to prove that they could not reasonably mitigate their damages and thus were forced to sell the property.

There are a couple of problems, however, with Promenade's motion. First and foremost, there is no legal basis for its request. Promenade has not cited any legal authority which would permit them to offer evidence of both cost of repair and diminished value, and yet restrict the jury to making an award only as to the diminished value of the property. Indeed, there are no such cases in Minnesota.

Second, Promenade has not demonstrated that its situation is any different from that of other plaintiffs such that it should be exempted from the age-old rule that plaintiffs are only entitled to an award based upon the lesser measure of damages. Promenade's only argument is that it needs to offer evidence of cost of repair in its case-in-chief to prove that it could not reasonably mitigate. However, Promenade's claimed inability to mitigate is not part of its *prima facie* case. Failure to mitigate is an affirmative defense; the burden of proof lies with defendants.

In other words, what Promenade really seeks is tactical advantage. It seeks exemption from Minnesota law regarding the proper measure of damages merely to position itself to preempt Defendants' anticipated affirmative defense (failure to mitigate). Promenade wants this Court to validate, *carte blanche*, this unwarranted advantage.

**II.**

**REGARDLESS OF THE EVIDENCE, THE JURY MUST BE APPROPRIATELY INSTRUCTED REGARDING MINNESOTA LAW.**

Notwithstanding burden of proof issues, this Court must nevertheless correctly instruct the jury as to Minnesota law. In Minnesota, the rule is clear that where property is not totally destroyed, the ordinary measure of damages is the difference in value before and after the loss, or the cost of restoration, whichever is less. *In re Commodore Hotel Fire & Explosion Gases*, 324 N.W.2d 245, 248 (Minn. 1982) (emphasis added); *see also, Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 20, 99 N.W.2d 779, 783 (1959); *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159, 165 (1973) (preferred measure of damages in negligent construction case is either the cost of reconstruction or the difference in the value of the building as contracted for and the value as actually built, if reconstruction would constitute unreasonable waste).

Promenade's requested jury instruction does not adequately explain this rule; it merely instructs the jury about diminished value without explaining cost of restoration. Also, it neglects to instruct the jury that Minnesota law permits only the lesser of the two (diminished value versus cost of restoration) where the property has not been completely destroyed.

In contrast, the proposed jury instruction requested by several of the parties, including Chris Craft, is the better instruction because it properly advises the jury about the rule expressed in *In re Commodore*.

Promenade justifies its cursory jury instruction by relying on *Computer Tool and Eng'g, Inc. v. Northern States Power Co.*, 453 N.W.2d 569 (Mum. Ct. App. 1990). *Computer Tool*, so Promenade argues, holds that when "damaged property is sold, the proper measure of damages, regardless of the introduction of evidence showing the cost of repair, is diminution in value." [*See*, Promenade Memorandum at p. 6]. This characterization of *Computer Tool*, however, betrays a misunderstanding of that decision.

The *Computer Tool* Court made no such holding. In fact, it is plain from the decision that the evidence about the cost of repair had been given to, and considered, by the jury. No where in the opinion is there any indication that the jury had not been appropriately instructed on the law. Rather, that Court found that the jury was free to reject evidence that the property (computer equipment) had been restored to its former condition. *Computer Tool*, 453 N.W.2d at 575.

**CONCLUSION**

For the foregoing reasons, Promenade's motion *in limine* should be denied.

Respectfully submitted,

**BROWN & CARLSON, PA**

By: s/G. John Veith____________________
G. John Veith (#241519)
Samuel J. Glover (#327852)
5411 Circle Down Avenue
Suite 100
Minneapolis, MN 55416
763.591.9950
763.591.9202 (facsimile)

*Counsel for Fourth Party Defendant*
*Chris Craft Industrial Products, Inc.*

Dated: September 17, 2004.