**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No.: 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

**CETCO'S RESPONSE TO PROMENADE'S MOTION REGARDING MEASURE OF DAMAGES**

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

---

## INTRODUCTION

______Colloid Environmental Technologies Company ("CETCO") opposes Promenade's motion regarding the proper measure of damages.

## ARGUMENT

### I. CETCO OPPOSES PROMENADE'S MOTION REGARDING MEASURE OF DAMAGES. THE COURT SHOULD NOT RULE ON THIS ISSUE AT THIS TIME.

Promenade seeks a ruling from the Court that it be allowed to present evidence regarding the cost of repairs without thereafter being precluded from arguing that it is entitled to the diminution in value of the property. CETCO does not object to Promenade presenting evidence of the cost of repairs during its case in chief and later arguing the proper measure of damages. In its brief, however, Promenade strays significantly beyond this issue and embarks on a discussion of the measure of damages to which it believes it is entitled. Promenade has not properly requested a ruling regarding the proper measure of damages and the Court should not make one at this time. Instead, the Court should limit its ruling to the preclusion issue identified above.

If Promenade presents evidence on cost of repairs, CETCO does not now and will not at trial seek to preclude Promenade from introducing evidence on the fair market value of the

property. CETCO does take issue with Promenade's claim that it is entitled to an election of remedies to maximize its claim for damages.

Plaintiff cites to *Computer Tool and Engineering Inc., v. Northern States Power Co.,* 453 N.W.2d 569 (Minn. Ct. App. 1990), in support of its position. In *Computer Tool*, the Court of Appeals allowed a plaintiff to introduce evidence of both diminution in market value and cost of repairs. Cost of repairs were less than the diminution of market value. The Court affirmed the jury verdict, which was rendered based on diminution in value (the higher damage number). However, Computer Tool does not stand for the proposition that a Plaintiff can introduce evidence of both types of damages and then elect to receive the higher of the two numbers. The Court of Appeals affirmed the jury's verdict not because the Plaintiff's could choose its remedy, but because the court found one of the theories (cost of repair) had not been sufficiently proven so as to demonstrate that the repair of the property, if done, would in fact return the property to its original condition. *Id.* at 575. Because the evidence attempting to establish the cost of repair was inadequate, the Court of Appeals affirmed the verdict assessing damages using the higher diminution in value formula. *Id.*

The opinion tacitly states that if the lower damage figure (cost of repair), was adequately supported by the evidence, it would have constituted the proper measure of damages. Plaintiff is therefore incorrect in its assertion that "Computer Tool stands for the proposition that when damaged property is sold, the proper measure of damages, regardless of the introduction of evidence showing the cost of repair, is diminution in value." (Promenade's Memorandum, p. 6). *Compute Tool* is limited to circumstances wherein cost of repair damages cannot adequately be supported and shown to return the property to its original value.

When a Plaintiff presents two competing measures of damages, both of which would provide an adequate basis for the measure of damages, the Plaintiff is limited to the lesser of the two formulas. The proper measure of damages in a case concerning damage to property is "the diminution in value resulting from the injury, or the cost or restoration, whichever is less." *Lawin v. Long Prairie*, 355 N.W.2d 764, 767 (Minn. Ct. App. 1984).

Plaintiff cites *Wentworth v. Air Line Pilots Ass'n* to support its claim that the correct measure of damages when a damaged building is sold prior to repair is the diminution in market value. The *Wentworth* court reaches its decision by adopting the reasoning of two Louisiana decisions. However, the two Louisiana decisions relied on by the court are distinguishable from the present action in that in both decisions, the diminution in market value represented the *lower* of the two offered measures of damages. Both cases involved facts whereby the damaged property had been sold prior to repair. In both cases, the plaintiffs sought to recover the costs of repair, a figure higher than the diminution in market value. The court in both cases limited the plaintiff's recovery to the lesser diminution in market value amount.

The holdings in these cases support the principle that the aim of damages is to provide just compensation. *Lawin*, 355 N.W.2d at 767. Plaintiffs should be compensated for their damages but should not be placed in a better position than they were prior to the injury. This is also consistent with the rule set forth in *Lawin*, describing the proper measure of damages in a case involving damage to property is "the diminution in value resulting from the injury, or the cost of restoration, whichever is less." *Lawin*, 355 N.W.2d at 767.

When the time comes to determine the proper measure of damages in this case, the Court should conclude that Promenade is entitled to the cost of repairs or diminution in market value, whichever is less.

**CONCLUSION**

Based on the foregoing, CETCO asks that the Court deny Promenade's motion in limine to the extent it seeks a ruling on the proper measure of damages.

**ERSTAD & RIEMER, P.A.**

Date: September 17, 2004

By: s/ Patrick D. Reilly
Patrick D. Reilly (#90451)
Attorneys for CETCO
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700