**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No.: 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

**CETCO'S RESPONSE TO WESTFIELD'S MOTION TO SET ORDER OF PROOF**

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

---

## INTRODUCTION

______Colloid Environmental Technologies Company ("CETCO") opposes Westfield's motion to set the order of proof.

## ARGUMENT

### I. CETCO OPPOSES WESTFIELD'S MOTION TO SET ORDER OF PROOF. WESTFIELD'S ROLE DURING TRIAL SHOULD BE LIMITED TO ADDRESSING ISSUES SOLELY RELATED TO INSURANCE COVERAGE.

CETCO takes no position with respect to Westfield's motion to restructure the caption of the case. In raising this issue, however, Westfield identifies a related concern regarding the role of Westfield at trial. Westfield states that it will have "minimal involvement at trial, essentially limiting its participation to asking certain questions of witnesses that go to the remaining coverage issues. . . ." (Westfield memorandum, p. 3) Westfield's participation should be limited accordingly.

Although Westfield and Weis are adverse to each other to the extent that Westfield claims that some of the damages are not covered by its insurance policy, Westfield and Weis will hold similar positions on other issues within this case. Westfield and Weis are situated similarly, if not identically, on their positions with respect to the liability of parties other than Weis for the

damages sustained at Promenade. It goes without saying that Weis will attempt to lay blame for the leaks on all parties but itself. Westfield would do the same thing if allowed. Any fault that can be allocated to other parties reduces Weis' share of the jury verdict. Such a reduction clearly benefits both Weis and Westfield. A reduction of liability also reduces Westfield's overall potential exposure.

Since Weis and Westfield are virtually identically situated on liability issues, both parties should not have the opportunity doubly attack the various third party defendants. Weis should undoubtedly be allowed to make its case against the third party defendants, but Westfield should not be allowed to make that case again simply for the sake of repeating it. Accordingly, Westfield's participation should be limited to eliciting testimony needed to sort out coverage issues and nothing more.

**CONCLUSION**

Based on the foregoing, CETCO asks that the Court deny Westfield's motion in limine.

**ERSTAD & RIEMER, P.A.**

Date: September 17, 2004

By: s/ Patrick D. Reilly
Patrick D. Reilly (#90451)
Attorneys for CETCO
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700