UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

Civil File No. 00-CV-987 JNE/JSM

**WEIS BUILDERS' MEMORANDUM OF LAW IN OPPOSITION TO ESG'S MOTION IN LIMINE**

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

ESG's motion in limine should be denied as everything that ESG did in relation to this project is relevant to this case and related to the alleged problems.

Promenade claims that the property is a class "A" property and it relies on that alleged classification to try and establish its alleged damages. As a result, the appearance and design of the property as a whole is at issue here, not just the courtyards. Therefore, all of ESG's work on the project is at issue and all evidence regarding its work should be allowed.

Further, all of ESG's work is related to the water leaks. Marshall Levin reported that ESG's failures on the project as a whole caused and/or contributed to the leaks. *Ex. A, Levin report, pgs. 7-8.* Among ESG's failures that caused and/or contributed to the leaks were the following: inaccuracies in the documents, omissions in the documents, no grading plan for the courtyards, failure to provide timely information regarding grading of the courtyards, failure to coordinate all aspects of the project's design, and failure to provide appropriate details on the drawings. *Id.* Mr. Levin also reported that ESG did not fulfill its responsibilities to the owner and that it failed to exercise reasonable care in preparing the documents and observation of construction. *Id.*

Robert Kudder made similar conclusions regarding ESG's work. Mr. Kudder reported that "the project drawings prepared by ESG contain numerous ambiguities, contradictions, missing information and poor coordination between the architectural and structural aspects of the project." *See Ex. B to ESG memo, pgs. 4-5.* He also stated that ESG failed to properly coordinate design changes on the project and he concluded that ESG's failures caused the leaks. *Id.*

In light of Mr. Levin's and Mr. Kudder's reports, all of ESG's work on the project is at issue because it all contributed to the problems on the project.[1] Therefore, since all evidence related to ESG's performance on the project (before, during and after) is related to the leaks, all evidence related to ESG's work is relevant and should not be excluded.

Also, because Mr. Levin and Mr. Kudder report that ESG's work caused and/or contributed to the leaks, the probative value of any ESG-related evidence outweighs any unfair prejudice to ESG. The evidence is prejudicial to ESG, but that is the case with any evidence that cuts against a party. *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981). The standard for excluding evidence under Rule 403 is that the probative value is substantially outweighed by the danger of unfair prejudice – i.e., that the evidence will tend to cause the case to be decided on improper grounds. *Ritt v. Dingle*, 2001 U.S. Dist. LEXIS 15220, *31-32 (D. Minn. 2001) citations omitted. As stated above, Mr. Levin and Mr. Kudder report that ESG's work as a whole is at issue, and, the manner in which Promenade is carrying out the claim (relying on the status of the property as a whole) makes all of ESG's work relevant and related to the alleged

1 There is a significant amount of evidence showing that ESG's work as a whole contributed to the alleged problems and is relevant to this matter. The focus here is on Mr. Levin and Mr. Kudder, however, because they provide a good example of the extent to which ESG's work is relevant and related to the leaks.

problems. Therefore, the probative value of the evidence outweighs any prejudice to ESG. ESG cannot perform poorly on the project and then argue that introduction of its poor performance, which is directly at issue in this matter as a cause of the alleged problems, is too prejudicial for the jury to hear about.

Also, determining whether ESG-related evidence is relevant or related to the leaks is best left for trial where the court can determine the relevance of the evidence in the context of the case and hear arguments from ESG and others regarding specific items of evidence. ESG only provides two examples of the evidence that it wants excluded, excerpts from Mr. Levin's and Mr. Kudder's reports. The two examples, however, indicate that, without doubt, Weis and the other defendants will dispute ESG's view of whether the evidence is relevant and/or related to the leaks. While ESG suggests that the cited excerpts do not have anything to do with the alleged leaks because they concern allegations that dimensions, grades and details were inaccurate, Weis intends to argue that these inaccurate portions of the plans are related to the leaks and that they actually caused the leaks. Indeed, the remainder of Mr. Levin's report states as much. Therefore, the best and only way of determining whether the evidence should be allowed or excluded is during the course of the trial. Counsel for ESG can object and the parties can argue regarding the relevance of the particular item of evidence.

Finally, in asking the court to exclude evidence related to ESG's work, ESG is essentially asking the court to decide causation and that is a duty for the jury. *Solo v. Trus Joist MacMillan*, 2004 U.S. Dist. LEXIS 4107, *27, n. 12 (D. Minn 2004)(citing *Paidar v. Hughes*, 615 N.W.2d 276, 281 (Minn. 2000)). For example, by asking the court whether ESG's failure to coordinate design changes of the courtyard walls is related to the leaks, ESG is asking the court to determine

whether ESG's failure to coordinate the design changes is a cause of the leaks – i.e., if the court determines that it was not related to the leaks, it has determined causation because it will have determined that it was not the cause. Causation is the responsibility of the jury and the jury should receive all the evidence that it can to make its decision.

Any decision that the court needs to make regarding prejudice or relevance with regard to ESG-related evidence should be made during trial and ESG's motion in limine should be denied.

## CONCLUSION

All ESG-related evidence is relevant to this matter. ESG was responsible for coordinating the project and its failure to do so caused leaks. Further, deciding whether specific items of evidence are relevant is best left for trial when the court can hear the evidence in the context of the case. And, deciding whether ESG's work is related to the leaks is essentially deciding causation and that should be left to the jury. As a result, Weis respectfully requests that the court deny ESG's motion in limine.

Dated: September 17, 2004

___s/ Chad J. Stepan___________________
Michael D. Hutchens # 167812
Chad J. Stepan. #0279535
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

and

Dean B. Thomson, #141045
Jocelyn L. Knoll, #22988X
Fabyanske Westra & Hart, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402

***Attorneys for Defendant and***
***Third-Party Plaintiff Weis Builders, Inc.***

/1164295