**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

Civil File No.: 00-CV-987 JNE/JSM

**CETCO'S RESPONSE TO ESG'S MOTION TO EXCLUDE REFERENCE TO ITS PLANS AND PERFORMANCE**

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

---

## INTRODUCTION

______Colloid Environmental Technologies Company ("CETCO") opposes ESG's motion to exclude reference to its building plans for the Promenade.

## ARGUMENT

### I. CETCO OPPOSES ESG'S MOTION TO LIMIT INTRODUCTION OF ITS DESIGN PLANS AND PERFORMANCE.

ESG seeks to exclude testimony referring to its drawings and performance which are unrelated to the plaza water leaks. In doing so, it argues that portions of the Promenade design plans should not be admitted into evidence, and that no testimony should be allowed alleging deficiencies in the plans or performance of ESG unrelated to the leakage problems. While this argument may be logical in the simplest of terms, the real question is one of scope. The reality of this case is that the leaks may not be caused by only one physical condition or act of negligence. In all likelihood, it is a combination of different factors that contributed to these occurrences. It is contended by numerous parties that one of the factors contributing to leakage problems is the design of the complex as a whole. The architectural design was completed by ESG. The parties to this case are entitled to present evidence that the design, in whole or in part, was at least partly responsible for the leaks. It is for the jury to decide whether and to what extent the design plans

and performance of ESG contributed to water intrusion. The Court should not preclude the parties from presenting evidence probative on this issue simply because ESG can make a counterargument that the portion of the plans in question did not contribute to the leaks.

To the extent it is agreed among the parties that portions of the ESG's design had nothing to do with leaks, there will be no need to introduce this evidence. Absent such agreement, however, it is at least arguable that parts of the design contributed to the water problems, and evidence on this issue should not be excluded. For instance, there is evidence that the roof design and lack of rain gutters influenced the amount of water flowing into the courtyards. The linkage portions of the structures, connecting one building to another, have been identified as sources of leakage. ESG was responsible for the design of the links. Furthermore, the design and re-design of the floor trusses (done by ESG) impacted the height of the underlying foundation, which ultimately affected the ability of water to seep into the buildings. Clearly, there are aspects of ESG's plans and designs that are not within the design of the courtyards themselves, but may well have an impact on leakage issues. ESG is free to object to the introduction of evidence on relevance grounds on an issue-by-issue basis at trial, but it is not proper to make a blanket exclusion now of design plans not specifically related to the courtyards.

ESG cites *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335 (7th Cir. 1983). In addition to not being controlling authority in the 8th Circuit, the case is factually distinct from the issues in this case. In *Chicago College*, evidence was excluded that related to projects completely separate from the project at issue in the litigation. The court simply held that it was not an abuse of discretion to do so. Here, the parties are not trying to introduce evidence of ESG poor design or performance on *other* projects. Instead, the evidence

is focused on its design of the Promenade project. The relevance of this evidence cannot be seriously questioned.

**CONCLUSION**

Based on the foregoing, CETCO asks that the Court deny ESG's motion in limine.

**ERSTAD & RIEMER, P.A.**

Date: September 17, 2004

By: s/ Patrick D. Reilly
Patrick D. Reilly (#90451)
Attorneys for CETCO
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700