**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Civil File No.: 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

**CETCO'S RESPONSE TO WEIS' MOTION TO EXCLUDE OPINIONS OF KUDDER AND SCHUH**

and

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant.

---

## INTRODUCTION

______Colloid Environmental Technologies Company ("CETCO") opposes Weis' motion to exclude opinions of Kudder and Schuh regarding the standard of care owed by a general contractor.

## ARGUMENT

### I. CETCO OPPOSES WEIS' MOTION SEEKING TO EXCLUDE OPINIONS OF KUDDER AND SCHUH. THESE WITNESSES CAN TESTIFY TO THE STANDARD OF CARE OWED BY A GENERAL CONTRACTOR WITHIN THEIR AREAS OF EXPERTISE.

Weis moves to exclude opinions by numerous experts on the general standard of care owed by Weis as a general contractor. Kudder and Schuh (experts jointly retained by WBE, CETCO and Chris Craft) both have experience working in an environment involving general contractors and subcontractors. They both have familiarity with the workings of these types of relationships, as well as the standards of care required.

Weis makes only a general argument seeking to preclude certain testimony from all of the expert witnesses expected to testify in this case. Weis does not does not provide the Court with an analysis of each expert so as to create a record sufficient to justify a ruling *in limine.* Instead, Weis makes generalized statement suggesting that these experts can only testify within their areas

of expertise. While this may be true, their respective areas of expertise will be established at trial by the proponents of their testimony. To the extent Weis thinks these witnesses are testifying beyond their area of expertise, it is free to object accordingly. There is insufficient evidence in the record at this time to make such a determination, however. Accordingly, these decisions should be made during trial after the foundational evidence has been laid.

It is undisputed by Weis that Kudder and Schuh should be allowed to testify regarding topics that are clearly within their areas of expertise, some of which include the standard of care owed by general contractors in certain applications. By the very nature of their business, general contractors are frequently required to be a jack-of-all-trades. Here, Weis was contracted to build the Promenade project, start to finish. Obviously, this requires a great deal of expertise in a vast number of different fields. While Kudder and Schuh are familiar generally with these types of standards, they have specialized knowledge on some topics that are also within the gamut of expertise required of the general contractor. Schuh has specialized knowledge with respect to the design and construction of drainage systems. Kudder has specialized engineering expertise in the field of waterproofing design. Weis, as the general contractor, was ultimately charged with the responsibility of making sure these aspects of the construction project were adequately performed. Clearly, a general contractor's duty on a project like Promenade requires it to assure that the construction of a functional water drainage system and a waterproofing system prevents leaks. Kudder and Schuh have specialized expertise in these arenas and are qualified to render opinions on the appropriate standard of care owed by a general contractor in this regard.

**CONCLUSION**

Based on the foregoing, CETCO asks that the Court deny Weis' motion in limine.

**ERSTAD & RIEMER, P.A.**

Date: September 17, 2004

By: s/ Patrick D. Reilly
Patrick D. Reilly (#90451)
Attorneys for CETCO
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700