UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Healey Ramme Co., sued as Healey Ramme Company, CNA Insurance Companies, sued as CNA Insurance Company, Promenade Village Townhomes, L.L.C., and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., and BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Co.,

Third-Party Defendant and
Fourth-Party Plaintiff,

v.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

Civil File No. 00-CV-987 JNE/JSM

**WEIS BUILDERS' MEMORANDUM OF LAW IN OPPOSITION TO PROMENADE'S MOTION IN LIMINE**

and

J-Berd Mechanical Contractors, Inc.,

Fourth-Party Plaintiff,

v.

Mikesh, Inc.,

Fourth-Party Defendant.

---

Promenade's motion in limine should be denied as Promenade requests that the court issue a decision that is contrary to the applicable law. Promenade is not entitled to introduce evidence of diminution-in-value damages and repair damages without having to accept as the measure of damages the lesser of the two.

Federal courts sitting in diversity apply state law to substantive matters and federal law to procedural matters. *Erie R. R. v. Tompkins*, 304 U.S. 64, 78, 82 L.Ed. 1188, 58 S.Ct. 817 (1938).

Evidentiary matters are procedural matters. *Fakhro v. Mayo Clinic Rochester*, 2004 U.S. Dist. LEXIS 6406, *7 (D. Minn. 2004)(citing *Stevenson v. Union Pacific Railroad*, 354 F.3d 739, 743 (8th Cir. 2004) and *Lawrence v. Bowersox*, 297 F.3d 727, 735 (8th Cir. 2002)). Therefore, the introduction of evidence in this case, including the introduction of evidence related to the measure of damages, is governed by federal law. Federal law establishes that Promenade's motion in limine should be denied.

The federal jury instruction regarding damages establishes that the measure of damages for property that is not totally destroyed is the lesser of the diminution in value or cost of repair. 3

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, section 129.01 (5th Ed. 2000). Federal case law supports this standard. *See Big Rock Mountain Corporation v. Stearns-Roger Corporation*, 388 F.2d 165, 169-170 (8th Cir. 1968)(affirming that "the plaintiff should not have the decreased value and then be able to repair the damage at a lesser cost"). Further, so that there is no hesitation to apply this standard here, the federal instruction is consistent with Minnesota law. *See In re Commodore Hotel Fire & Explosion Cases*, 324 N.W.2d 245, 248 (Minn. 1982)(holding that when property is not totally destroyed, the measure of damages is the difference in value before and after the loss or the cost of restoration, whichever is less), *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 20, 99 N.W.2d 779, 783 (1959) and *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 124, 211 N.W.2d 159, 165 (Minn. 1973).

There is no applicable case law indicating that in federal court a plaintiff can elect the measure of damages to be applied. Promenade is only entitled to the lesser of diminution in value and cost of repair. Therefore, Promenade is not entitled to introduce evidence of both diminution and repair costs with the intent of electing diminution as the measure of damages and using repair costs to support other aspects of its case. Promenade's motion should be denied.

Promenade's argument that it will not be fully compensated if it is made to use the lesser of the two measure of damages is not persuasive. The purpose for providing damages to a plaintiff is to compensate it for losses that are sustained, and nothing more. *Poppen v. Wadleigh*, 235 Minn. 400, 404-05, 51 N.W. 2d 75, 78 (Minn. 1952). Indeed, the courts follow the lesser-of-the-two standard so that the plaintiff is not overcompensated. *Big Rock Mountain Corporation v. Stearns-Roger Corporation*, 388 F.2d 165, 169-170 (8th Cir. 1968)(affirming that "the plaintiff

should not have the decreased value and then be able to repair the damage at a lesser cost). If the plaintiff collects the greater of the two amounts, the plaintiff will be put in a position that is better than the one it was in prior to the damages. *Id.* Therefore, allowing Promenade to collect the larger of either diminished value or cost of repair overcompensates Promenade and is contrary to well established law. Consequently, Promenade's motion should be denied.

**A. In light of the sale to GID, Promenade should not be allowed to introduce any cost of repair that is greater than the amount that GID reduced the purchase price because of the leaks.**

Thad Palmer testified that GID reduced the purchase price from $30.5 million to $26 million because of the leaks and other, non-leak-related information that he learned regarding the property. *See Weis memo for motions in limine, pgs. 4-5.* The sale sets the parameters for any diminution-in-value claim as it provides a without leak value and an actual value of the property. According to Mr. Palmer, approximately $3 million of the reduction from $30.5 to $26 million was attributed to the leaks. *Ex. A, Palmer depo, pgs. 149-150.*[1] Therefore, any evidence related to a cost-of-repair amount in excess of $3 million should be excluded because the damages cannot exceed that amount.

If Promenade is allowed to introduce evidence of costs of repair in excess of $3 million the only impact that such evidence will have is confusing the jury. Since Promenade is not entitled to any amount over $3 million, any amount over $3 million has no merit and presenting such information to the jury could result in a decision that is contrary to law. Therefore, to avoid

1 Weis disputes that the amount the purchase price was reduced because of leaks is $3 million and it intends to show at trial that the reduction attributable to leaks is less than that. Further, by employing the $3 million amount in this motion, Weis does not waive its right to prove that the damages that Promenade sustained, if any, are less than that amount. In which case, the jury will have to award Promenade an amount, if any, less than $3 million.

confusion and to enforce the applicable law, Promenade should be precluded from introducing any evidence relating to costs of repair in excess of $3 million.

## CONCLUSION

Promenade's motion in limine should be denied. The case law requires that the measure of damages in this case be the lesser of the diminution in value and the cost of repair.

Further, any evidence related to a cost of repair greater than $3 million should be excluded because the sale of the property establishes that the damages cannot exceed that amount.

Dated: _September 17, 2004

__s/ Chad J. Stepan______________________

Michael D. Hutchens # 167812
Chad J. Stepan. #0279535
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

and

Dean B. Thomson, #141045
Jocelyn L. Knoll, #22988X
Fabyanske Westra & Hart, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402

***Attorneys for Defendant and***
***Third-Party Plaintiff Weis Builders, Inc.***

/1164260