**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Westfield Insurance Company,

Plaintiff,

v.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

v.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

and

Court File No. 00-CV-987 JEL/JSM

**DEFENDANT PROMENADE VILLAGE TOWNHOMES, L.L.C.'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT COLLOID ENVIRONMENTAL TECHNOLOGIES COMPANY AND FOURTH-PARTY DEFENDANT CHRIS CRAFT INDUSTRIAL PRODUCTS, INC.'S MOTIONS IN LIMINE**

Weis Builders, Inc.,

Cross-Claimant,

v.

Promenade Village Townhomes and Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

v.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., and Colloid Environmental Technologies Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

| | |
|---|---|
| and | ) |
| | ) |
| Chris Craft Industrial Products, Inc., | ) |
| | ) |
| Fourth-Party Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| J-Berd Mechanical Contractors, Inc., | ) |
| | ) |
| Third-Party Defendant and<br>Fourth-Party Plaintiff, | )<br>) |
| | ) |
| v. | ) |
| | ) |
| Mikesh, Inc., | ) |
| | ) |
| Fourth Party Defendant. | ) |

---

This memorandum is submitted on behalf of Promenade Village Townhomes, L.L.C. ("Promenade") and in opposition to Colloid Environmental Technologies Company's ("CETCO") and Chris Craft's (collectively herein "Contribution Defendants") motions in *limine* requesting that evidence of water intrusion at sites other than Promenade should be excluded, and in conjunction with that motion Chris Craft's foundational objection to CETCO's employee's admission that PVOH film from the Medical College of Ohio did not dissolve.

The touchstone principle used in determining whether evidence of similar occurrences is relevant and therefore admissible is whether the other incidents "occurred under circumstances substantially similar to those at issue in the case at bar." *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985). This determination rests with the sound discretion of the trial judge. *Arabian Agriculture Services Co. v. Chief Indus., Inc.*, 309 F.3d 479, 485 (8th Cir. 2002).

The Eighth Circuit has stated that in product liability actions:

> [e]vidence of similar incidents may be relevant to prove the defendant's notice of defects, the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for intended uses, or causation.

*Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000) (citation omitted) (as quoted in *Arabian*, 303 F.2d at 485). It is the burden of the parties seeking admission of the evidence to demonstrate substantially similar circumstances. *Id.; Arabian* 303 F.2d at 485.

In contrast to the Contribution Defendants' assertion that the alleged Swelltite 3000 failures at other installations involved differences in design, mistakes in installation and differences in conditions, in fact those cases involved similar circumstances and involved a failure of the PVOH film component. Each of the installations involved a Swelltite 3000 failure under circumstances where the Swelltite 3000 was under pressure and exposed to water. Each of those incidences are relevant because they involved a functional failure of the Swelltite 3000. In other words, those incidences are relevant because the Bentonite did not operate as advertised and showed that the alleged "dual" system of Swelltite 3000 failed.

One of Swelltite's advertised advantages as a dual system is that if the PVC is penetrated or circumvented, then the Bentonite when exposed to the intruding water swells tight and seals off water intrusion. Thus, in instances where no counterflashing at a vertical termination exist, water coming over the top of the Swelltite termination should be sealed off by hydrated Bentonite if the PVOH film dissolves. Similarly, if the Swelltite is used in an exclusively horizontal application, then water at the edge should be sealed off if the PVOH film dissolves and the water reacts with the Bentonite.

The Contribution Defendants' own descriptions of each of the incidents establishes substantial similarity to the problems at the Promenade.

**A. <u>Medical College of Ohio</u>**

At the Medical College of Ohio, Chris Craft argues that the absence of any vertical application of the Swelltite makes the Swelltite 3000 installation and application different from that at the Promenade. Nevertheless, at Promenade, just as at the Medical College, there was an entry point. Moreover, just as at the Medical College of Ohio, the Contribution Defendants allege in this case that the Swelltite 3000 dual system did not fail but rather was circumvented. Thus, CETCO's excuse for the failure at that location is the same, just as the manner of application of the Swelltite at the Promenade was the same.

In that instance, the product was applied horizontally, only, (this being the only difference from Promenade) and then subjected to pressure and later exposed to water. The product failed. As Chris Craft concedes, the engineering firm Simpson, Gumperts & Haggert, retained to investigate the leakage, found samples of film that did not dissolve. Naturally, just in this case, it was difficult to trace any particular leaks to a failure of the film component. The critical point, however, is that there was a confirmed functional failure of the PVOH film and, therefore, the Swelltite did not work as advertised.

Patrick Carpenter ("Carpenter"), a CETCO employee, was involved in the investigation of the leaks at the Medical College of Ohio. (*See* Rau Affidavit at ¶ 13). Carpenter stated in his deposition that no conclusion was reached at the Medical College of Ohio as to whether CETCO's product played a role. Nevertheless, as part of the investigation, Carpenter was provided a sample of the PVOH film that was represented to him to be from the CETCO product at the Medical College. Carpenter conceded that he took it as a given in CETCO's business response that it was film that was on CETCO's product at the Medical College of Ohio. (*See*

Rau Affidavit at ¶ 13). In other words, CETCO treated the film as such and was itself satisfied with the chain of custody. Carpenter then proceeded to do a bench test on that PVOH film. Finally, Carpenter concedes that he would have expected the film to dissolve in his bench test and it did not. (*See* Rau Affidavit at ¶ 13). Carpenter observed these events and has the proper foundation to testify about what he saw, thought, and assumed.

In sum, and in particular with respect to the Medical College of Ohio, the circumstances are amazingly similar to those at the Promenade. An engineering firm found PVOH film that did not dissolve. Furthermore, there, just as CETCO does here, the water intrusion problems were blamed exclusively on poor design and construction sequencing. It is difficult to conceive of circumstances that could be more substantially similar.

**B. Queens Tower Plaza**

As to the Queens Tower Plaza, again Swelltite 3000 was installed as part of a plaza deck and driveway. Notwithstanding the Contribution Defendants' arguments to the contrary, the Swelltite 3000 was being used in a fashion recommended by its manufacturer CETCO, was installed horizontally and exposed to pressure. Whether soil or pavers with cellular fill are used is unimportant; the Swelltite was installed horizontally and pressure was applied. Again, the product failed. Also, Queens Tower had the common characteristics with the Promenade: Swelltite 3000 being applied horizontally, being exposed to pressure, and failing when exposed to water.

**C. Army War College**

The Contribution Defendants suggest that the product failure at this installation is not similar. Nothing could be further from the truth. Ultimately, the Medical College, Queens Tower, Castro Commons, Promenade and the Army War College all involve circumstances

where one of the two dual elements failed or was circumvented. Put differently, simply because the PVC failed at the Army War College doesn't make that Swelltite 3000 failure different – instead it underscores and illustrates a failure of the Bentonite to react with water, swell tight, and prevent leaks.

**D. <u>Castro Commons</u>**

Castro Commons, is perhaps the most similar application of the Swelltite 3000 to that found at the Promenade. The absence of the counterflashing at Castro Commons makes this failure no different than that at the Medical College or Queens Tower; the PVC was circumvented and the second tier of protection – hydration of the Swelltite after the PVOH film dissolves – failed. There, the wall above the Swelltite was not waterproofed and the PVC membrane was circumvented. Further, the absence of counterflashing makes Castro Commons perhaps the most compelling similar circumstance.

Chris Craft argues that the failure at Castro Commons was caused by poor design of the project and improper installation of the product. That allegation simply underscores the similar nature of the Castro Commons failure. Here, it is undisputed that the design of the waterproofing of the plaza decks at the Promenade was poor and the installation of the product with no counterflashing and no slope to drain was improper. The product failed. If the product had worked as CETCO represented it would, then even with such a poor design and installation, it would not have failed at Castro Commons or the Promenade.

Based on the foregoing, Promenade respectfully requests that this Court deny Chris Craft and CETCO's Motions In *Limine* concerning water intrusion at other sites where Swelltite 3000 was installed, and reject Chris Craft's foundational objection to CETCO's employee's admission that PVOH film from the Medical College of Ohio did not dissolve.

Respectfully submitted,

**FLYNN, GASKINS & BENNETT, L.L.P.**

Dated: September 17, 2004

*s/Steven E. Rau*____________________

Steve W. Gaskins, #147643
Steven E. Rau, #147990
333 South Seventh Street
Suite 2900
Minneapolis, MN 55402
612-333-9500 Telephone
612-333-9579 Facsimile
***Attorneys for Defendant Promenade Village Townhomes, L.L.C.***