**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Westfield Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,<br><br>Defendants,<br>and<br><br>Weis Builders, Inc.,<br><br>Counter-Claimant,<br><br>v.<br><br>Westfield Insurance Company,<br><br>Counter-Defendant,<br><br>and<br><br>Weis Builders, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,<br><br>Third-Party Defendants,<br><br>and | Court File No. 00-CV-987 JEL/JSM<br><br>**DEFENDANT PROMENADE VILLAGE TOWNHOMES, L.L.C.'S MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT J-BERD MECHANICAL CONTRACTORS, INC.'S MOTIONS IN LIMINE** |

Weis Builders, Inc.,

Cross-Claimant,

v.

Promenade Village Townhomes and Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

v.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

v.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., and Colloid Environmental Technologies Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

| | |
|---|---|
| and | ) |
| | ) |
| Chris Craft Industrial Products, Inc., | ) |
| | ) |
| Fourth-Party Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| J-Berd Mechanical Contractors, Inc., | ) |
| | ) |
| Third-Party Defendant and Fourth-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Mikesh, Inc., | ) |
| | ) |
| Fourth Party Defendant. | ) |

## INTRODUCTION

This memorandum is submitted on behalf of Promenade Village Townhomes, L.L.C. ("Promenade") and in opposition to Third-Party Defendant J-Berd Mechanical Contractors, Inc.'s ("J-Berd") Motions *In Limine*. Promenade opposes J-Berd's request to exclude testimony, evidence, and argument regarding the depth of the standing water at the bottom of the plaza deck level of the Promenade Oaks courtyards, and regarding the relationship of the plaza drain configuration to such standing water.[1] Promenade asks the Court to deny this motion as it seeks to exclude relevant evidence concerning conditions observed at the Promenade site, and would have the effect of preventing the jury from considering and evaluating all relevant evidence.

## ARGUMENT

J-Berd first argues that the parties should be prohibited from characterizing the plazas as *always* having two inches of standing water on the plaza deck, because the evidence does not

[1] Promenade makes no response to Section II of J-Berd's Memorandum of Law in Support of its Motions in *Limine* concerning the testimony of Jeffrey Schuh.

show that such a permanent condition exists. Promenade concedes that there is a possibility that conditions in the courtyard could be such that the moisture in the fill may evaporate, thereby leaving no standing water at the bottom of the plaza decks. Promenade strongly objects, however, to any attempt to limit evidence and testimony regarding conditions *actually* observed by witnesses at the Promenade site showing water standing at the bottom of the plaza deck.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Weis has raised the issue of J-Berd's negligence. The parties are entitled to present evidence that has a tendency to make the existence of any fact of consequence to the determination of J-Berd's negligence more or less probable. "The basic approach to opinions, lay and expert, … is to admit them when helpful to the trier of fact." Fed. R. Evid. 704, Advisory Committee Notes. Admissible testimony in the form of opinion or inference is not objectionable simply because it embraces an ultimate issue to be decided by a trier of fact. Fed. R. Evid. 704. Inferences or opinion testimony about the effect or potential effect of the configuration of the plaza drains on the existence of standing water, or even on the likelihood of leaks, is relevant to the causation of the leaks and to the determination of J-Berd's negligence. The evidence regarding the standing water, the configuration of the drains, and testimony regarding the inferences that can be taken from those two facts would be helpful to the trier of fact and should be admitted.

J-Berd's own memorandum substantiates the fact that several witnesses observed standing water on the bottom of the courtyard plaza deck. Gary Nelson testified that he observed water standing at the plaza deck level where excavations had been made around stoop posts. *See* Gary Nelson Depo., at p. 105, lines 18-25, p. 106, lines 1, 24-25, p. 107, lines 1-11, p. 171 (line

13)-p. 172 (line 11), attached to the Affidavit of Lori D. Semke ("Semke Aff.") as Exhibit A. David Campbell testified that at many of the holes, or destructive test openings ("DTO's"), he dug during his investigation, he observed standing water at the bottom plaza deck level. *See* David Campbell Depo. (Vol. I), at p. 83, lines 1-7, p. 85, lines 1-17, p. 144, lines 22-23, attached to the Semke Aff. as Exhibit B. Jon Camaya also visited the site on another occasion, viewed probe holes that had been excavated down to the precast deck, and observed water at various depths standing around the drains. *See* Jon Camaya Depo. (Vol. I), at p. 37, lines 12-15, attached to the Semke Aff. as Exhibit C. The evidence is undisputed that standing water was observed on the bottom of the Promenade plaza courtyards.

This evidence may reasonably lend itself to a jury inference that when there is a significant amount of water in the plaza deck fill there will likely be standing water at the bottom of the plaza decks; such inferences made from evidence is the function and purpose of leaving such fact-finding to a jury. J-Berd may not like the outcome, but it is an argument that can be made and an inference that admissible evidence supports. This Court should deny this motion to the extent that it attempts to stymie the entry of any such relevant evidence about the observed standing water at the bottom of the precast deck.

J-Berd also argues that the evidence does not support any argument, evidence or testimony that the drain configuration at the plaza deck results in two inches of water being present on top of the membrane "*at all times*". J-Berd Memorandum in Support of Motion in *Limine*, at p. 5, 9. J-Berd goes on to admit, however, that whether or not the drain configuration played a role in the existence of *any* standing water at the courtyard plaza deck level is a fact question. J-Berd Memorandum in Support of Motion in *Limine*, at p. 9. Whether the evidence leads to the conclusion that because of the drain configuration water is "at all times" standing on

the membrane at the bottom of the courtyard deck, Promenade and other parties are entitled to present evidence related to the causation of the standing water that *was in fact observed* on the membrane at the bottom level of the courtyard precast decks.

J-Berd argues that witnesses to testify as experts are not allowed to speculate by relying on inferences that have no evidentiary support in the record. J-Berd Memo. of Law in Support of Motions in *Limine*, at p. 4. In this case, there is substantial evidence to support the inferences made by several experts that the configuration of the subsurface plaza drains is at least *one of* the conditions that results in water standing on the top of the membrane. Several individuals testified, and J-Berd's field operations manager Chad Filek conceded, that the holes of the subsurface plaza drains were placed two inches above the bottom of the courtyard plaza deck, (*see* Chad Filek Depo., at p. 103, lines 17-25, p. 104, lines 1-3, p. 269, lines 12-16, attached to the Semke Aff. as Exhibit E; Jon Camaya Depo. (Vol. II), at p. 299 (line 22)-p.300 (line 8), attached to the Semke Aff. as Exhibit C; David Campbell Depo. (Vol. I), at p. 142 (line 22)-p. 143 (line 1), attached to the Semke Aff. as Exhibit B; and Scott Vanderburg Depo. (Vol. I), at p. 62 (line 24)-p. 63 (line 6), attached to the Semke Aff. as Exhibit D), and that water will not exit the plaza courtyard by way of the subsurface drains unless the water level at the bottom of the courtyard exceeds two inches (*see, e.g.*, David Campbell Depo. (Vol. I), at p. 42, lines 4-10, p. 150 (line 24)-p. 151 (line 9), attached to the Semke Aff. as Exhibit B; Scott Vanderburg Depo. (Vol. I), at p. 63, lines 7-21, attached to the Semke Aff. as Exhibit D; Chad Filek Depo., at p. 103, lines 17-25, p. 104, lines 1-3, attached to the Semke Aff. as Exhibit E).

As stated above, several people observed standing water at the bottom of the plaza decks. These facts provide sufficient evidentiary support for the inference that the drain configuration - with holes two inches above the bottom of the deck - may be causally related to the inability of

water to drain away from the plaza deck and the existence of standing water on the deck at various times. Chad Filek of J-Berd himself provided testimony making this causal connection:

> Q. Why was there a two inches where water was simply not going to drain off the deck, how did that result?
> A. That's where the vertical pipe glued into the drain.

*See* Chad Filek Depo., at p. 104, lines 6-9, attached as Semke Aff., Ex. E.

Finally, in addition to testimony containing opinions and inferences by expert witnesses, counsel for the parties should be permitted to present argument that from the fact that the holes to the subsurface plaza drains are two inches above the plaza deck, an inference can be drawn that such condition will lead to the presence of standing water on top of the waterproofing membrane at the bottom of the plaza deck. "In the trial of cases to a jury in the federal courts, the arguments of counsel must be confined to the issues of the case, the applicable law, the pertinent evidence, *and such legitimate inferences as may properly be drawn therefrom*." *London Guarantee & Acc. Co. v. Woelfle*, 83 F.2d 325, 342 (8th Cir. 1936). The inference may be unfavorable to J-Berd, but it can be fairly and reasonably drawn from the evidence; the jury should be given the opportunity to weigh the evidence and decide for themselves.

## CONCLUSION

For all of the above reasons, J-Berd's motion *in limine* regarding evidence, testimony and arguments regarding standing water at the bottom of the courtyard plaza decks, and regarding the configuration of the drains as it relates to standing water, should be denied. The Court should allow introduction of relevant evidence concerning standing water observed in those areas, as well as expert testimony and arguments regarding the cause and effect of such standing water.

Respectfully submitted,

(SIGNATURE PAGE TO FOLLOW)

**FLYNN, GASKINS & BENNETT, L.L.P.**

Dated: September 17, 2004

*s/Steven E. Rau*___________________
Steve W. Gaskins, #147643
Steven E. Rau, #147990
333 South Seventh Street
Suite 2900
Minneapolis, MN 55402
612-333-9500 Telephone
612-333-9579 Facsimile
***Attorneys for Defendant Promenade Village Townhomes, L.L.C.***