**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

and

Civil File No. OO-CV-987 JEL/JGL

**THIRD PARTY DEFENDANT WATERPROOFING BY EXPERTS' MEMORANDUM OF LAW IN OPPOSITION TO ESG'S MOTION IN LIMINE**

J-Berd Mechanical Contractors, Inc.,

Fourth Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth Party Defendant.

---

**INTRODUCTION**

Waterproofing By Experts, Inc. respectfully requests the Court deny ESG's motion in limine. In its motion in limine, ESG requests that the Court exclude the introduction of evidence of ESG's "drawings or performance unrelated to the plaza water leaks." ESG's motion suggests that the Court should determine pretrial that certain design drawings and performance of ESG employees- none of which are in evidence or attached to ESG's motion- should be excluded on the grounds of relevancy, and jury confusion. Under the circumstances, the basis of ESG's motion is inappropriate and not a proper subject of a pretrial motion. WBE agrees that irrelevant and confusing evidence should not be allowed under Fed. R. Evid. 401 and 403. However, given the present record and under the circumstances, there is no way for the Court to determine whether or to what extent some of ESG's drawings and overall performance on the project is irrelevant.

**ARGUMENT**

The Federal Rules of Evidence provide that "preliminary questions concerning . . . the admissibility of evidence shall be determined by the court." Fed. R. Evid. 104(a). The exclusion of evidence "under Fed.R.Evid. 403 is an extraordinary remedy and should be used sparingly." *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 n. 2 (8th Cir.1987).

ESG has requested that the Court limit the introduction of evidence regarding the actions of ESG employees and their design drawings "which are unrelated to the plaza water leaks." *Memo. In Support of ESG's Mot. in Limine, pg. 6* (Sept. 3, 2004). WBE does not contend that all drawings and activities of ESG employees in relation to the Promenade Oaks are relevant. However, the cause, source and nature of the leaks at the Promenade Oaks are a matter of dispute between the parties.

The underlying message that ESG is conveying is that the only liability issues pertain exclusively to the below-grade plaza courtyards. However, the evidence has demonstrated that much of the water intrusion can be explained by design errors or omissions outside the plaza decks themselves. The undisputed reality is numerous conditions caused by deficient design, construction, contract administration or project management outside of the physical below-grade plaza decks caused or contributed to the leaks. ESG's drawings and the actions of their employees are therefore relevant to establishing liability.[1]

ESG has not shown that evidence of ESG's drawings and overall performance will be used for an illegitimate purpose. ESG's own arguments undermine their position. They claim the jury may be "misled and/or confused in that, even though there are no deficiencies in ESG's drawings as to the <u>waterproofing</u>, because there are alleged deficiencies in other parts of the drawings that such alleged deficiencies in the drawings were the cause of the leaking." *Memo. In Support of ESG's Mot. in Limine, pg. 5* (Sept. 3, 2004)(emphasis added). The basis for ESG's negligence goes beyond simply designing waterproofing; numerous design elements that do not involve "waterproofing" are a direct purported to have caused or contributed to the leaks at the

[1] This evidence is also necessary to show the overall design quality of the Promenade Oaks. In their motion in limine, Promenade has attempted to elect diminution in value as its measure of damages. Promenade also has claims for lost rents or profits. These elements of damage place the design of Promenade at issue. The design evidence is highly probative and helpful to the jury in determining the validity of Promenade's claims regarding the diminished market value of the property. The basis for Promenade's claim of lost rent is that the property was of a superior quality and design that supported their high market rents, therefore the design evidence will also aid the jury in making this determination.

Promenade. ESG's motion seeks to exclude these issues from the litigation when they are at the heart of the alleged negligence by ESG.

Furthermore, ESG's motion is vague in that it sets forth no documents or parameters for what it considers to be "unrelated to the plaza water leaks." As previously stated, WBE intends to show that numerous design errors arguably outside the scope of the courtyard plaza decks contributed to the leaks. ESG's motion provides little no guidance to the parties or the Court as to what evidence is "unrelated to plaza water leaks."

## CONCLUSION

Based on the foregoing, Waterproofing by Experts respectfully requests the Court deny ESG's motion in limine in its entirety.

Dated: September 14, 2004.

IVERSON REUVERS, LLC.

By_s/ Mark Brown_________

Mark S. Brown, #226774
Attorneys for Waterproofing By Experts
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200