**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. OO-CV-987 JEL/JGL

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants, and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant.

and

**THIRD PARTY DEFENDANT WATERPROOFING BY EXPERTS' MEMORANDUM OF LAW IN OPPOSITION TO PROMENADE VILLAGE TOWNHOMES, LLC'S MOTION IN LIMINE**

J-Berd Mechanical Contractors, Inc.,

Fourth Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth Party Defendant.

---

Waterproofing By Experts, Inc. respectfully requests the Court deny Promenade Village Townhomes, LLC's motion in limine. Promenade seeks a ruling in limine that the court will instruct the jury to consider only diminished value in determining property damages, but allow Promenade to offer evidence in its case in chief of both "repairs not undertaken" in the form of repair cost and diminished value. What Promenade wants the law does not and should not allow.

First, the most Promenade could recover for alleged property damages under the circumstances is the lesser of both measures. Thus whether Promenade offers evidence of one or both measures matters not, because the jury will be instructed to award only the lesser amount, to the extent either is proven, whichever one that is and regardless of how or by whom the evidence was introduced.

Second, even if the law does permit a party to in effect "elect" its remedy by offering evidence only of that measure in its case in chief, the law most certainly does not permit the party to have it both ways by introducing evidence of both measures yet "elect" only one of the two (naturally the larger figure).

Third, there is no authority for instructing a jury that it is restricted to considering only evidence of diminution either in cases where the plaintiff has "elected" to offer only such evidence at trial, or where the party sold the allegedly damaged property before trial. Promenade's motion should be denied in al respects.

## ARGUMENT

### I. THE JURY WILL BE INSTRUCTED TO AWARD ONLY THE LESSER OF REPAIR COSTS OR DIMINUTION, THUS WETHER PROMENADE OFFERS EVIDENCE OF NE OR BOTH MEASURES IS IRRELEVANT.

The Minnesota Supreme Court has consistently determined that the measure of damages when a property is not totally destroyed is "the difference in value before and after the loss, or the cost of restoration, whichever is less." *In re Commodore Hotel Fire & Explosion Cases*, 324 N.W.2d 245, 248 (Minn. 1982); *Rinkel v. Lee's Plumbing & Heating Co.*, 99 N.W.2d 779, 783 (Minn. 1959) ("Ordinarily the measure of damages for injuries to property of this character which is not totally destroyed is the difference in value before and after, or the cost of restoration, whichever is the lower amount."); *Northern Petrochemical Co. v. Thorsen & Thorsov, Inc.*, 211 N.W.2d 159, 165 (Minn. 1973) ("The preferred measure of damage in a case such as this is to take either the cost of reconstruction in accordance with the contract, if this is possible without unreasonable economic waste, or the difference in the value of the building as contracted for and the value as actually built, if reconstruction would constitute unreasonable waste."); *Waldron v. Page*, 253 N.W. 894, 896 (Minn. 1934) ("But where the destruction is partial only, if the cost of restoring the property to its former condition is less than the difference in value, such cost is the proper measure of damages, for, in such case, this compensates the party injured.").[1] The Eighth Circuit explained this rationale:

> The reason for not using diminution of market value appears to be a concern on the part of courts that this would be overcompensating plaintiff-- for the plaintiff should not have the decreased value and then be able to repair the damage at a lesser cost.

---

[1] These cases all involve damage to real property. The cases cited by Promenade to support its position a plaintiff can elect its measure of damages all involve damages to personal property: *O'Connor v. Schwartz*, 229 N.W.2d 511 (Minn. 1975)(damage to a vehicle); *Hart v. North Side Firestone Dealer, Inc.*, 49 N.W.2d 587 (Minn. 1951)(damage to a vehicle); *Bartl v. City of New Ulm*, 72 N.W.2d 303 (Minn. 1955)(damage to "tanks and equipment") and *Computer Tool & Eng'g, Inc. v. Northern States Power Co.*, 453 N.W.2d 569 (Minn. App. 1990)(damage to computers). These cases are derived from the Restatement of Torts § 928, which provides in part "where a person is entitled to a judgment for harm to **chattels** not amounting to a total destruction in value. . . " (emphasis added).

*Big Rock Mountain Corp. v. Stearns- Roger Corp.*, 388 F.2d 165, 170 (8th Cir. 1968).

Thus whether Promenade offers evidence of either or both measures is irrelevant. The jury will be instructed to award the lesser of the two.

**II. EVEN IF THE LAW DOES PERMIT A PARTY TO IN EFFECT "ELECT" ITS REMEDY BY OFFERING EVIDENCE ONLY OF THAT MEASURE IN ITS CASE IN CHIEF, THE LAW MOST CERTAINLY DOES NOT PERMIT THE PARTY TO HAVE IT BOTH WAYS BY INTRODUCING EVIDENCE OF BOTH MEASURES YET "ELECT" ONLY ONE OF THE TWO.**

Promenade proposes the following instruction:

DAMAGE TO PROPERTY – ELEMENTS

**Not damaged beyond repair**

**The court finds the Promenade Oaks apartment complex was not damaged beyond repair. Accordingly, Promenade's damages for injury to its property, if any, are the lesser of:**

**1. The diminished value of the property:**

**The difference between;**

**a. the fair market value of the property without the leaks**

**b. Minus the fair market value of the property with the leaks.**

(See Promenade's proposed jury instructions).

As a preliminary matter, the instruction as proposed is unintelligible. It begs the question, lesser of what? The only choice given is diminution. Promenade cleverly couches the proposal in terms of a supposed choice to obscure the fact that giving this instruction would essentially partially direct the damages verdict by taking a considerable portion of the damages case from the jury. In other words, the proposal prohibits the jury from even considering repair cost evidence, even for its impeachment value.

Not even the non-binding comments to Minnesota Jury Instruction § 92.10 quoted in Promenade's memorandum goes that far:

> "If claimant, as part of his own proof and not on cross-examination, introduces evidence of the difference in value before and after the harm and also evidence of the cost of repair, the judge should give the part of CIVJIG 92.10 (Part B) *that will give the lower damage recovery.*"

*Minnesota Jury Instruction Guides- Civil*, CIVJIG § 92.10 (4th ed. 1999), at 347.

Nor does the case law. Curiously, Promenade cites *Commodore Hotel* and *Rinkel* as authority for its proposed instruction. Even a cursory review of those cases demonstrates they support exactly the contrary – a plaintiff whose property is damages is entitled to the lesser of both measures. *In re Commodore Hotel Fire & Explosion Cases*, 324 N.W.2d at 248; *Rinkel,* 99 N.W.2d at 778.

*Computer Tool & Engineering, Inc. v. Northern States Power Co.*, 453 N.W.2d 569 (Minn. App. 1990), certainly does not support promenade's position. That decision in fact supports the opposite conclusion – a party may elect its measure of damages, but the jury must be allowed to consider both measures and is free to reject either (or both, for that matter). *Computer Tool* involved damage to computers as a result of a power surge. *Id.* at 571. Computer Tool sold the damaged computer for $10,000. Computer Tool then brought suit against the allegedly liable parties to recover for its damages. *Id.*

Computer Tool introduced evidence at trial of both diminution in value of $30,000-$32,000 and repair estimates of $31,116.38 and $6,664.68. *Id.* at 571-72. Defendant offered evidence the new owners expended $5,415.51 restoring the equipment to an operational capacity. *Id.* at 575. The jury awarded $31,000 in damages. *Id.* at 572. Defendant moved for remittitur or JNOV, which the trial court denied. *Id.*

The Minnesota Court of Appeals rejected Defendant's argument the trial court erred by refusing to reduce the award. *Id.* at 575-76. The court cited an automobile

property damage case, *O'Connor v. Schwartz,* 229 N.W. 2d 511 (Minn. 1975), for the unremarkable proposition Computer Tool was permitted to elect the measure of damages "because plaintiff controls his action." *Computer Tool*, 453 N.W.2d at 575. The court observed the evidence did not demonstrate the computer was restored to its pre-power surge value or condition, and further noted "[w]hether this capacity and value was the same as that which existed before the power surge is unknown." *Id.* Consequently, the jury "was free to reject [Defendant's] testimony in setting its award of damages." *Id.*

Thus *Computer Tool* is entirely consistent with Minnesota law on the measure of damages. Plaintiff elected to offer both measures in evidence. There is no suggestion in the opinion the plaintiff sought an order *in limine* permitting it to offer both measures but be deemed to have elected only diminution. The jury was obviously not instructed it could consider only diminution in assessing damages. In fact, the verdict amount does not even demonstrate that the jury awarded damages based on plaintiff's diminution figure as opposed to repair costs. Most significantly, the decision implies the court would have instructed the jury to award the lesser of plaintiff's diminution value and defendant's repair cost figure had the evidence show the repairs restored the computer to pre-power surge capacity and value.

The law does not authorize Promenade to offer both measures in evidence yet "elect" only the measure most favorable to it. Plaintiff is free to offer both measures, to the extent otherwise admissible, but the jury is free to consider both. Moreover, the jury is free to consider damage evidence Defendants offer as well, and should be instructed to award only the lesser amount, whether Promenade offers evidence of one or both measures.

## III. THE JURY MAY NOT BE INSTURCTED TO CONSIDER ONLY EVIDENCE OF DIMINUTION EITHER IN CASES WHERE THE PLAINTIFF HAS "ELECTED" TO OFFER ONLY SUCH EVIDENCE AT TRIAL, OR WHERE THE PARTY SOLD THE ALLEGEDLY DAMAGED PROPERTY BEFORE TRIAL.

Promenade's main argument is that it should be allowed to introduce two estimates of the "exorbitant" cost it allegedly would have cost to repair the property for the narrow purpose of demonstrating it took reasonable steps to mitigate its loss by selling the property, since it supposedly could not afford the repair costs. Promenade contends the introduction of those estimates should not therefore be considered by the jury as an alternate measure of damages, since it had no choice but to sell and the repairs were not made.

Promenade's request invites the court to allow it to play both sides against the middle. Promenade's true reasons for wanting to introduce the repair estimates – one prepared by its own expert, David Campbell, and the other for the new owners during due diligence – are three-fold: to support its huge diminution claim; to preempt what it evidently expects to be Defendants' failure to mitigate evidence; and to downplay evidence that the remediation efforts before it sold the property were largely successful in stopping leaks.

Again, Promenade is free to put on whatever admissible evidence it wants to try to prove damages, but there is simply no authority for the position the court should rule before trial that it can offer repair evidence for the 'limited" purpose it proposes but the jury is restricted to considering only the diminution evidence in determining damages.

*Wentworth v. Air Line Pilots Ass'n*, 336 A.2d 542 (D.C. App. 1975), does not support Promenade's argument. A reasonable interpretation of the holding is that, while diminution was the proper measure of loss under the facts of that case, the plaintiff would

still have been entitled to only the lesser of diminution or restoration: "the general rule we here adopt [is] that the cost of restoration is proper only so long as it does not exceed the diminution in value caused by the injury." *Wentworth*, 336 A.2d at 544. The inverse would necessarily be true to: that diminution is proper so long as it does not exceed restoration costs.

That interpretation is entirely in keeping with Maryland (and, as Promenade acknowledges, Minnesota) law regarding the appropriate measure of damage:

> "The general rule in Maryland for the measure of damages for injuries to real property is that <u>where the damaged property can be restored to the condition it was in prior to the injury, without cost disproportionate to the actual injury, the cost of such restoration is the measure of damages</u>; but where that is impracticable, then the difference between the value of the property before and after the injury is the correct measure. . . ."

*Id.* at 543 (quoting *Sainato v. Potter*, 222 Md. 263, 159 A.2d 632, 636 (1960)) (emphasis added).

*Wentworth* is also inapplicable because no repairs were made to plaintiff's property before she sold it, which appears to have been very shortly after the loss. Here Promenade owned and operated the property for nearly six years after leaks developed. During which time promenade extensive remediation efforts were undertaken. By all accounts those efforts were largely successful. Moreover, Promenade did not market the property until a few months before the sale – well into litigation. To deny Defendants the opportunity to introduce repair evidence or the jury the opportunity to consider that evidence, particularly if Promenade offers repair and diminution evidence in its case in chief, would be fundamentally unfair and prejudicial.

Promenade attempts to assert that *Wentworth* provides a per se rule that once a property is sold, diminution in value is the proper measure of damage. The assertion a party is entitled to diminution damages[2] and the jury cannot consider repair evidence as a matter of law if the party

---

[2] One wonders what Promenade's position would be if the repair costs or the repair estimates were higher than its diminution claim.

sells the property before trial, even if extensive repairs were (or should have been) performed before the sale, would lead to absurd results. Such a rule would discourage property owners from performing repairs and encourage them to sell the property at a steep discount, knowing they would be automatically entitled to the diminished market value set by the sale.

Promenade's proposed damage to property jury instruction only instructs the jury to award damages based upon difference in the market value of the Promenade Oaks Apartments with and without leaks. This modified jury instruction is inconsistent with Minnesota law. WBE and several other parties have offered an instruction more reflective of the law in Minnesota as expressed by the Supreme Court in *Commodore*, *Rinkel*, *Northern Petrochemical*, and *Waldron*.

**CONCLUSION**

Based on the foregoing, Waterproofing by Experts respectfully requests the Court deny Promenade's motion in limine in its entirety.

Dated: September 14, 2004.

IVERSON REUVERS, LLC.

By__s/ Mark S. Brown_______
Mark S. Brown, #226774
Attorneys for Waterproofing By Experts
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200