**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**CIVIL FILE NO.: 00-CV-987 JNE/JSM**

---

Westfield Insurance Company,

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Co., sued as Healey Ramme Company; CNA Insurance Companies, sued as CNA Insurance Company; Promenade Village Townhomes, L.L.C.; Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and

Weis Builders, Inc.,

Counter-Claimant,

vs.

Westfield Insurance Company,

Counter-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Promenade Village Townhomes, L.L.C. and Valley Forge Insurance Company,

Third-Party Defendants,

and

**THIRD-PARTY DEFENDANT COLLOID ENVIRONMENTAL TECHNOLOGIES COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PROMENADE'S INTRODUCTION OF UNTIMELY EXPERT DISCLOSURES**

Weis Builders, Inc.,

Cross-Claimant,

vs.

Promenade Village Townhomes and
Valley Forge Insurance Company,

Cross-Defendants,

and

Promenade Village Townhomes, L.L.C.,

Cross-Claimant,

vs.

Weis Builders, Inc.,

Cross-Defendant,

and

Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing By Experts, Inc.; BRW
Elness Architects, Inc., n/k/a Elness
Swenson Graham Architects, Inc., and
Colloid Environmental Technologies
Company,

Third-Party Defendants,

and

Colloid Environmental Technologies Company,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Third-Party Defendant and
Fourth-Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth-Party Defendant.

---

## INTRODUCTION

Third-Party Defendant Colloid Environmental Technologies (hereinafter "Colloid") opposes Promenade's attempt to introduce any new evidence that has been recently created by its expert, David Campbell, as well as new information recited in Mr. Campbell's Affidavit, dated September 17, 2004. There has been adequate opportunity for Mr. Campbell to have completed his investigation and disclosed his findings and opinions in a timely manner. The Court should prohibit Promenade from being able to introduce evidence which it has failed to disclose until this late stage in the proceedings.

Neither Mr. Campbell's Affidavit nor his alleged "test" meets the standard of *Daubert* and therefore should be disallowed.

## THE RECORD

Affidavit of Patrick Reilly, with the following attachments:

Exhibit A: David Campbell's expert report, dated May 1, 2002.

Exhibit B: Affidavit of David Campbell, dated September 17, 2004.

Exhibit C: Letter to All Counsel from Attorney Steven Rau, dated October 5, 2004.

## BACKGROUND FACTS

This action involves allegations of water intrusion at a rental town home complex. Extensive discovery has been pursued in this matter, including expert investigation and review. By order of the Court, expert disclosures were to be completed by July 15, 2003. (Final Pretrial Scheduling Order dated March 19, 2004.)

Promenade employed David Campbell as an expert to investigate the alleged intrusion at the town home complex. During his investigation, Mr. Campbell visited the complex and obtained samples of Swelltite, the waterproofing membrane used in the project. Mr. Campbell's completed expert report was dated May 1, 2002. (Exhibit A.)

Over two years after the date of Mr. Campbell's completed report, by Affidavit dated September 17, 2004, Mr. Campbell opined that the seam tape used by Colloid in the Promenade project may not be waterproof. (Exhibit B.) His Affidavit includes nothing to support any conclusion that the seam tape is not waterproof. Further, as is his want, his suppositions are not supported by any scientific testing. This "conclusion" was not contained in Mr. Campbell's previous report.

Moreover, on October 5, 2004, Plaintiff's counsel notified all parties that Mr. Campbell had recently performed additional "testing" on the Swelltite samples obtained from his visits to the town home complex in his initial investigation. (Exhibit C.) Plaintiff's counsel informed the parties that it intended to introduce evidence of these recent "tests" at the upcoming trial. *Id*.

The trial in this matter is scheduled to begin on November 2, 2004. Mr. Campbell's Affidavit regarding the seam tape was signed seven weeks prior to the commencement of the trial. (Exhibit B.) Moreover, Plaintiff's notification of its intent to introduce this newly created evidence

was sent less than one month prior to the date of trial. (Exhibit C.) Promenade has offered no justification in either Mr. Campbell's Affidavit or its October 5, 2004, letter to explain the delay in releasing Mr. Campbell's conclusions concerning the seam tape or in performing the recently conducted "test".

Finally, Mr. Campbell has again not provided any scientific controls for this alleged test. The condition, chain of custody, history of exposure, or chemical makeup of the film has not been substantiated. Nor has there been any test to see if the film has been chemically altered or exposed to unknown substances.

## ARGUMENT

### I. PROMENADE SHOULD BE PROHIBITED FROM INTRODUCING EVIDENCE THAT WAS NOT DISCLOSED IN A TIMELY FASHION WHERE THE FAILURE TO DISCLOSE WAS NEITHER HARMLESS NOR SUBSTANTIALLY JUSTIFIED.

Rule 26 of the Federal Rules of Civil Procedure sets forth the disclosure requirements concerning expert testimony. Fed. R. Civ. P. 26(a)(2). The Rule provides that in addition to disclosing the identity of any expert who may be used at trial, a party intending to use expert testimony must also disclose a written report of any such witness. *Id*.

> "The report shall contain a complete statement of *all opinions* to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; *any exhibits* to be used as a summary of or support for the opinions; the qualifications fo the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(C) requires that expert disclosures must be made "at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(C).

A party is also required to supplement its expert report, "both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes." Fed. R. Civ. P. 26(a)(2)(C). Supplemental information is required to be disclosed by the time the pretrial disclosures are due. *Id.* Unless otherwise directed by the court, pretrial disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3).

Plaintiff has not met the requirements set forth in the Rules pertaining to Mr. Campbell's opinions as stated in his September 17, 2004, Affidavit or his recently created evidence. Mr. Campbell's opinions regarding the seam tape were first disclosed in his September 17, 2004, Affidavit. (Exhibit B). It was not until October 5, 2004, that Plaintiff first notified the parties of its intent to introduce the newly created evidence and to supplement Mr. Campbell's testimony accordingly. (Exhibit C.) Both of these disclosures were made long after the July 15, 2003, deadline set by the Court. Additionally, any supplemental evidence or testimony was required to be made no later than the time that Plaintiff's pretrial submissions were due. Pretrial submissions were due by September 3, 2004. Neither Mr. Campbell's opinions as detailed in his September 17, 2004, Affidavit nor the recently created evidence was disclosed prior to September 3, 2004. Plaintiff, therefore, has failed to meet the requirements concerning expert disclosures as set forth in the Federal Rules of Civil Procedure.

Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). "[T]he failure to disclosure in a timely manner is equivalent to failure to disclose." *Transclean Corp. v. Bridgewood Services, Inc.*, 101 F. Supp. 2d 788, 795 (D. Minn. 2000); *citing Trost v. Trek Bicycle*

*Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). Where information is not disclosed in accordance with Rule 26, the court should exclude the offered evidence or testimony, "unless the failure to disclose was either harmless or substantially justified." *Arabian Agriculture Services Co., v. Chief Industries, Inc.*, 309 F.3d 479, 483 (8th Cir. 2002).

Promenade's failure to disclose this information was neither harmless nor substantially justified. Promenade has offered no reason to justify either its delay in disclosing Mr. Campbell's opinions as stated in his September 17, 2004, Affidavit or in failing to conduct the recent tests performed by Mr. Campbell in a timely fashion to enable it to comply with the disclosure requirements.

In *Transclean Corp. v. Bridgewood Services, Inc.*, the court considered a motion to exclude a supplement report of defendant's expert witness. *Transclean*, 101 F. Supp.2d at 794-95. The court recognized that the supplemental report, dated March 29, 2000, was offered considerably later than the August 31, 1998, deadline set by the court for expert disclosures and made note that the supplemental report was disclosed less than one month prior to the initiation of the trial. *Id*. at 794-96. In its analysis, the court noted that the "critical consideration" in such a case was the "prevention of unfair surprise." *Id*. at 795. It reasoned that the untimeliness of the report denied the opposing party the opportunity to depose the expert on his new opinions or develop rebuttal evidence because of the rapidly approaching trial. *Id*. at 796. The court also noted that defendant had sufficient information to be able to disclose the offered supplemental report earlier and had offered no reason for its delay. *Id*. Finally, the court found that the prejudice, "in being confronted by expert opinions which were not disclosed until less than a month before Trial, and over eighteen months after the deadline for expert disclosures has expired, is palpably compelling." *Id*. The court therefore excluded the supplemental report. *Id*.

The circumstances considered by the court in *Transclean* are similar to the circumstances presented in this case. Promenade had sufficient evidence and information to allow it to perform the recently conducted tests at a much earlier time. Its expert retained the samples used in the recent testing during its initial investigation prior to its May 1, 2002, report. Promenade has offered no justification for its extend delay in conducting such testing. Moreover, Promenade has offered no reason to justify is delay in disclosing Mr. Campbell's opinions set out in his September 17, 2004, Affidavit until after the expiration of the disclosure deadlines. Also, as in *Transclean*, the trial in this matter is rapidly approaching and Promenade's delay would result in substantial prejudice to any opposing party. Since Promenade's failure to disclose was neither harmless nor substantially justified, the Court should exclude such evidence from being used at trial.

## II. MR. CAMPBELL'S AFFIDAVIT AND ATTEMPT AT CREATING NEW EVIDENCE DO NOT MEET THE STANDARD OF *DAUBERT.*

As has been argued previously, Mr. Campbell's conclusions and alleged tests do not meet the standard spelled out in *Daubert v. Merrell Dow Pharm.*, 509 U.S.579, 592 (1993). We believe that the standards required of Mr. Campbell's opinions have been adequately briefed in our previous memoranda.

However, it must be pointed out that Mr. Campbell's Affidavit does not provide any scientific support for his hypotheses. In fact, his Affidavit is not only bereft of scientific support but really does not actually reach any conclusion at all. He suggests that the seam tape may not be waterproof but is unable to reach any firm opinion. It, therefore, lacks probative value and is mere speculation. Without testing, his opinions, as they are, cannot meet, in any way, the standard set forth in *Daubert.*

His alleged test of this film also does not meet any reasonable scientific standard. There are no controls, and the history of the film, for instance as to possible chemical exposures, storage

conditions, temperature exposure, etc., is unknown. It is also unknown if its chemical makeup has been effected in some way. Without proper tests, use of this "evidence" is highly prejudicial and again fails *Daubert.* Without more, this proposed evidence is also speculative and highly prejudicial.

## CONCLUSION

Promenade failed to disclose both the conclusions set forth in its expert Affidavit of September 17, 2004, and the evidence recently created by its expert in a timely fashion. Plaintiff's failure to make its experts disclosures in accordance with the Federal Rules of Civil Procedure requires the Court to exclude such evidence absent a showing that the failure was either harmless or substantially justified. As Promenade's failure was neither harmless nor substantially justified, the Court should prohibit Promenade from offering its untimely evidence at trial.

Finally, Mr. Campbell fails again to meet any scientific standard or even to provide a reasonable scientific regimen to support his allegations and, therefore, fails to meet the standard set forth in *Daubert.*

ERSTAD & RIEMER, P.A.

Dated: October 12, 2004

By: s/Patrick D. Reilly
Patrick D. Reilly, #90451
Attorney for Third-Party Defendant Colloid Environmental Technologies
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700