**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company, Civil File No. OO-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc., Promenade Village Townhomes, LLC, Healey Ramme Company, and Valley Forge Insurance Company, one of the CNA Companies,

Defendants,

and

Weis Builders, Inc.,

Third Party Plaintiff,

vs.

Waterproofing By Experts, Inc., BRW Elness Architects, Inc., n/k/a Elness Swenson Graham Architects, Inc., Colloid Environmental Technologies Company, and J-Berd Mechanical Contractors, Inc.,

Third Party Defendants,

and

Colloid Environmental Technologies Company,

Third Party Defendant and
Fourth Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth Party Defendant,

and

J-Berd Mechanical Contractors, Inc.,

Fourth Party Plaintiff,

vs.

Mikesh, Inc.,

Fourth Party Defendant.

---

**Attached hereto is Exhibit C - a true and correct copy of pages 72, 142 and 143 from the October 8, 2003, deposition of David Campbell**

Q. Did you look at John Feges's transcript?
A. No.
Q. Jim Timm's?
A. I believe Jim Timm's yes.
Q. Kirk Velett?
A. No.
Q. Why did you look at Mr. Timm's and not Mr. Velett's and Mr. Feges's?
A. I do not know.
Q. Were you provided Mr. Feges's transcript?
A. I've been provided so many deposition transcripts. I'd really have to review them to give you a definite answer.
Q. You indicated that since your -- you stated that since your previous deposition you contacted a couple of individuals to do some further analysis about the waterproofing on this project, Mr. Perales and Mr. Rutila?
A. That's correct.
Q. Did you contact anybody else since your --
A. No.
Q. -- first deposition? Have you performed any other analysis on this project since your first deposition?
A. No, I haven't.
Q. Do you plan to do any other analysis?
A. No.

producing the rest of your file?

MR. RAU: It's right there (indicating).

BY MR. BROWN:

Q. Okay. I didn't see that.

A. I just got this Monday.

Q. I don't think I've seen that.

A. Or rather September 30. That's when it was sent.

Q. Can I see it real quick?

A. Yep (handing).

MR. REILLY: Can we mark it quick?

(At this time Campbell Deposition Exhibit Number 811 was marked for identification by the Court Reporter.)

MR. BROWN: Let's go off the record for one second.

(At this time a discussion was held off the record.)

BY MR. BROWN:

Q. Was there any follow-up planned based on any conversations you had with either of those two gentlemen?

A. No.

Q. Did you get whatever information you think you needed or wanted from them?

A. You can always use more, but I was satisfied.

Q. Do you have any further plans to go out to the Promenade to conduct any further testing or investigation?

A. Not at this time.

Q. Have you reviewed every single document thoroughly other than the 10 percent of my client's deposition that you haven't read that you've been produced in connection with your assignment in this case?

A. Not every single one, no.

Q. Did you intend to review any more or read any more -- let me ask it this way: Whatever you haven't reviewed, do you plan to?

A. Frankly, no.

Q. And if you do and if any review that you do changes your opinions in any way, you will advise your attorney as you're required to do anyway?

A. I shall.

MR. BROWN: That's all I have, sir. Thanks a lot for being patient.

CROSS-EXAMINATION

BY MS. REISBORD:

Q. I've got just a few. Not enough to justify moving. Mr. Campbell, my name is Andrea Reisbord, and I represent Westfield Insurance in this case. Can you turn