MEAGHER & GEER P.L.L.P.
ATTORNEYS AT LAW

33 SOUTH SIXTH STREET, SUITE 4200
MINNEAPOLIS, MINNESOTA 55402
TELEPHONE: (612) 338-0661
FACSIMILE: (612) 338-8384
www.meagher.com

**DIRECT DIAL: (612) 337-9646**
**Internet CSTEPAN@meagher.com**

October 18, 2004

Judge Joan N. Ericksen
United States District Court
District of Minnesota
Warren E. Burger Federal Building
316 N. Robert St.
St. Paul, MN 55101

Re: Westfield Insurance Company vs. Weis Builders, Inc., et al.
Civil File No.: 00-CV-987 JNE/JSM
Our File No.: 52903-5

Dear Judge Ericksen:

This correspondence is a follow-up to the pre-trial conference last Friday. This letter is a supplement to Weis Builders' arguments regarding the appropriate measure of damages and the exclusion of evidence from Robert Strachota.[1]

The law is clear that the proper measure of damages for property that is not totally destroyed is the lesser of the diminution in value or cost of repair. *See In re Commodore Hotel Fire & Explosion* Cases, 324 N.W.2d 245, 248 (Minn. 1982)(holding that when property is not totally destroyed, the measure of damages is the difference in value before and after the loss or the cost of restoration, whichever is less), *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 20, 99 N.W.2d 779, 783 (1959), *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 124, 211 N.W.2d 159, 165 (Minn. 1973) and *Big Rock Mountain Corporation v. Stearns-Rogers Corporation*, 388 F.2d 165, 169-70 (8th Cir. 1968)(affirming that "the plaintiff should not have the decreased value and then be able to repair the damage at a lesser cost"). In light of the measure of damages, all evidence from Mr. Strachota should be excluded as a matter of law because it is irrelevant and its introduction could confuse the jury, lead to a decision that is contrary to the applicable law and significantly prejudice Weis and the other parties.

---

[1] With regard to the measure of damages for this case, Weis relies on the arguments made in its opposition to Promenade's motion in limine, the other parties' oppositions to Promenade's motion in limine, and the arguments that counsel for Weis and the other parties opposing the motion made during the hearing on Friday.

Rule 401 of the Federal Rules of Evidence establishes that relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid. 401.* Because of the measure of damages and the evidence presented, Mr. Strachota's evidence does not have any impact on the determination of this action and therefore it is irrelevant and should be excluded.

Mr. Strachota testified that he was hired to provide an appraisal regarding the value of the property with and without leaks. *See Weis memo in support of its motions in limine, pg. 5.* Mr. Strachota opines that the diminution-in-value of the property is $14,300,000. *See Promenade trial brief, pg. 20.* In its memorandum of law in support of its motion in limine, however, Promenade asserts that "Expert and other evidence will show that the cost of the repair for the water problem ranged between three and five million dollars." *Promenade memo, pg. 4.* And, Promenade's own liability expert David Campbell, who opines that "to stop all current and future water infiltration…all courtyard waterproofing membrane and subsurface drainage provisions be completely replaced," provided an estimate for complete replacement of the waterproofing system that totals $4,307,316. *See Ex. A to Waterproofing By Experts' motion in limine to exclude certain opinions proffered by David Campbell, Inspec report, pgs. 9-12.* Because the measure of damages is the lesser of the cost of repairs or diminished value and the cost of repairs provided by Mr. Campbell, Promenade's own expert, is approximately three times less than Mr. Strachota's diminution-in-value amount, Mr. Strachota's diminution-in-value amount cannot be the damages in this case. Therefore, as a matter of law, any evidence from Mr. Strachota is irrelevant and should be excluded. Mr. Strachota's opinions and evidence will not add any information that will assist the jury with its determination of the case because the information that Mr. Strachota will provide is simply not applicable. In fact, any evidence from Promenade regarding a diminished value or cost of repair that is greater than Mr. Campbell's cost of repair is irrelevant and should be excluded because, based on the measure of damages, no diminished value or cost of repair can exceed Mr. Campbell's cost of repair. (Like Mr. Strachota, Promenade also claims that the diminution in value is approximately $14,000,000. For the reasons just stated, that evidence should be excluded as well.) Promenade's damages, if any, could be less than Mr. Campbell's cost of repair, but they cannot be any more than Mr. Campbell's cost of repair. [2]

Mr. Strachota's and Promenade's opinions regarding diminution in value should also be excluded because the introduction of such evidence could confuse the jury, result in a decision that is contrary to the applicable law and will prejudice Weis and the other parties. *In re Commodore Hotel Fire & Explosion* Cases, 324 N.W.2d at 248-49 and *County of Anoka v. Maego, Inc.*, 541 N.W.2d 375, 377-79 (Minn. App. 1996). Since Mr. Strachota's and Promenade's alleged diminution-in-value amounts cannot be the damages in this case, the introduction of any evidence related to Mr. Strachota's and Promenade's alleged diminution-in-value amounts can serve no purpose other than to confuse the jury. Further, if evidence from Mr. Strachota and Promenade regarding the diminution in value is allowed, it is possible that the

[2] Weis intends to show that both the cost of repair and the diminished value of the property, if any, are less than Mr. Campbell's repair cost. Indeed, Thad Palmer testified that GID determined that the cost of repair was approximately $3 million and that the diminished value of the property because of leaks was approximately $3 million. Also, Weis does not waive its right to prove that the damages that Promenade sustained, if any, are less than $3 million. Nonetheless, for this motion, it is sufficient to show that Promenade's own expert provides a cost of repair that is less than Mr. Strachota's and Promenade's alleged diminution-in-value amounts and therefore Mr. Strachota's and Promenade's diminution- in-value evidence should be excluded as a matter of law – it is irrelevant.

jury could make its decision based on that evidence and thereby produce a decision that is not allowed under the applicable law, i.e., an award where Promenade receives the greater of the two damage amounts. In addition, if Promenade is allowed to introduce evidence regarding a diminution in value that is greater than Mr. Campbell's cost of repair, Weis and the others will be significantly prejudiced as they will have to defend against damages that are not applicable or available to Promenade. Therefore, to avoid confusion, to avoid a decision that is contrary to the applicable law, and to avoid significant prejudice to Weis and the others, Promenade should be precluded from introducing any evidence relating to a diminished value, or cost of repair, in excess of Mr. Campbell's cost of repair.

Also, contrary to Promenade's suggestions, this is not a "distressed property." Promenade was rented at near full occupancy for the seven years that the plaintiff owned it. Indeed, Mr. Palmer testified that Promenade's 95% occupancy is "a good operating occupancy for a multifamily investment." *See Ex. J to Weis memo in support of its motions in limine, Palmer depo, pg. 28, lines 9-14.* Even if it were "distressed," however, that fact does not change the valuation of the project. By plaintiff's own calculation, the repair cost is approximately $4,000,000. Yet plaintiff claims that the property suffered diminution in value damages millions more than the cost of repair. This cannot be. In economic terms, it assumes that the market acts irrationally. If the property can be repaired for $4 million, then Promenade will not discount the price by more than that amount, because the value of the property can be made whole by an investment of $4 million by the buyer. Similarly, the buyer will not expect to pay less than the discount of the cost of repair, because the market will be willing to pay the value of property as if it were repaired less the cost of repair. Therefore, Promenade is limited to claiming the lesser of the cost of repair or the diminution in value. As stated above, Mr. Strachota's "expert" opinion as to a diminution in value greater than $4 million is irrelevant.

Based on the arguments provided above and the arguments that Weis and the other parties opposing Promenade's motion already made, Weis respectfully requests that the court exclude from trial any evidence from Mr. Strachota and any evidence from Promenade that concerns alleged diminution-in-value or cost-of-repair damages in excess of Mr. Campbell's repair cost.

Thank you for the opportunity to supplement Weis' position in this matter.

Very truly yours,

s/ Chad J. Stepan

Chad J. Stepan

/1172805

cc: Steven E. Rau
Mark A. Gwin
Jocelyn L. Knoll
Robert T. Stich/ Leo Brisbois
Rolf E. Sonnesyn
William D. Hull
Daniel A. Beckman
Mark Brown
Patrick D. Reilly
Roger Justin
John Veith
Brian Baumgartner