COUSINEAU McGUIRE & ANDERSON Chartered

ATTORNEYS AT LAW
600 TRAVELERS EXPRESS TOWER
1550 UTICA AVENUE SOUTH
MINNEAPOLIS, MN 55416-5318
(952) 546-8400
FACSIMILE (952) 546-0628
WEBSITE: www.cousineaulaw.com

ATTORNEYS AT LAW
NORTHERN WISCONSIN/
MICHIGAN OFFICE
IRONWOOD, MI
(800) 877-8661

**REPLY TO MINNEAPOLIS**

WILLIAM F. DAVERN*
PETER G. VAN BERGEN‡
JAMES R. WALDHAUSER
THOMAS P. KIESELBACH*
BARBARA A. BURKE‡
JAMES L. HAIGH
MICHAEL W. McNEE*
MARK A. GWIN‡
JOHN T. THUL*
MARK A. KLEINSCHMIDT*
THOMAS F. COLEMAN
SUSAN M. PASCH
RICHARD W. SCHMIDT*
SUSAN D. THURMER*∀
LISA F. KINNEY*†
MICHAEL D. BARRETT *
ANDREA E. REISBORD
JO ANN STRAUSS
SARAH J. BATZLI
CRAIG A. LARSEN
TAMARA L. NOVOTNYG
CHRISTOPHER P. MALONE
SARAH L. SANVILLE
SANDRA P. BARNES*
BRAD R. KOLLING
TED A. JOHNSON
VINCENT A. PETERSEN
ANGELA B. POTH
KATHLEEN M. GHREICHI
DAWN L. GAGNE
MINARD M. HALVERSON
MICHAEL L. GUST
AMBER R. KOTH
MICHAEL T. JOHNSON
EDWARD W. RISCH

October 18, 2004

Honorable Joan N. Ericksen
United States District Court
705 Federal Building
316 North Robert Street
St. Paul, MN 55101

**VIA ECF AND FACSIMILE**

Re: *Westfield Insurance v. Weis Builders, et. al.*
Court File No.: 00-CV-987 JNE/JSM

Dear Judge Ericksen:

This letter responds to your request for additional briefing regarding the right to a jury trial in a declaratory judgment action. The specific issue is whether a litigant in a declaratory judgment action is entitled to have factual issues submitted to, and decided by, a jury. Based on the research we have conducted, it is Westfield's belief that it is entitled to have the jury determine the extent to which Promenade's claimed damages resulted from design, as opposed to construction, errors.

Federal procedural law governs the question of whether a litigant has a right to a jury trial on its claim for declaratory judgment; and, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the right to a jury is preserved. *See Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959). *See also* F.R.C.P. 57. "The fact that a declaratory judgment is sought neither restricts nor enlarges any right to a jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief." *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1099 (8th Cir. 1997). In *Northgate*, the Eighth Circuit Court of Appeals explained that the right to a jury trial depends upon the nature of the underlying claim and whether, absent the declaratory judgment action, the issue would have arisen in an equitable proceeding, or one at law:

> To determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary to first determine the nature of the action in which the issue would have arisen absent the declaratory judgment procedure. In other words, if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action; conversely, there is no right to a trial by jury if, absent the declaratory judgment procedure, the issue would have arisen in an equitable proceeding.

*Id.*, 126 F.3d 1099.

The *Northgate* court relied on an earlier Eighth Circuit decision, *Johnson v. Fidelity & Cas. Co. of New York*, 238 F.2d 322 (8th Cir. 1956), for the proposition that the right to a jury trial depends on whether the issue arises in the context of a claim that is legal or equitable in nature. *Johnson*, in turn, was an action by an insurer to determine its liability under an automobile insurance policy. As in this case, there was no dispute in *Johnson* as to the validity of the insurance policy, nor as to the obligation of the company to pay upon the fulfillment of the conditions specified in the policy. *Johnson*, 238 F.2d at 325. Application of the policy, and certain policy exclusions, however, turned on disputed factual issues regarding ownership and use of a particular vehicle – just as application of the professional services exclusion in Westfield's policy likewise turns on disputed facts. *Id.* The *Johnson* court noted a large body of national case law in which courts previously had held that insurance coverage disputes are, in essence, contract actions to force an obligor to pay money. *Johnson*, 238 F.2d at 324-25. Because such actions are in the nature of an action for legal, as opposed to equitable, relief, the Eighth Circuit concluded in *Johnson* that it was error not to have had the factual issues determined by a jury. *Id.*

*Northgate* and *Johnson* are the two most relevant Eighth Circuit cases. In addition to these cases, there are two ALR annotations that address the right to a jury trial in an action for declaratory relief. *See* 13 A.L.R.2d 177 (addressing right in cases brought pursuant to Federal Declaratory Judgment Act); 33 A.L.R.4th 146 (state declaratory judgment actions brought pursuant to Uniform Declaratory Judgment Act). The overwhelming majority of the insurance cases cited in these annotations have upheld the right to a jury trial, with the right typically being denied in cases in which no issues of fact were presented. *See* 13 A.L.R.2d 177, § 7; 33 A.L.R.4th 146, §§ 6 [a], [b], [d], [e]. *See also State Farm Mut. Auto. Ins. Co. v. Skluzacek*, 208 Minn. 443, 294 N.W. 413 (1940).

At the pretrial, the Court suggested a middle-ground between trying the coverage issues to a jury and outright bifurcation, by which the Court would act as the finder of fact on the disputed fact questions, with testimony and evidence, if any, bearing on the remaining coverage issues taken outside the presence of the jury, either during breaks or at the end of the day. Although Westfield believes that it has a right to a jury trial, given the discussions on Friday and what appears to be the Court's preference in light of the time pressures, Westfield is willing to have the coverage case tried in the manner suggested by the Court provided, however, that it is given the opportunity to take testimony outside the presence of the jury, if necessary.

Sincerely,

s/Mark A. Gwin
Mark A. Gwin
DIRECT NUMBER: (952) 525-6954
E-MAIL ADDRESS: MGWIN@COUSINEAULAW.COM

MAG/aer
879886
cc All counsel of record (via ECF)