FLYNN, GASKINS & BENNETT, L.L.P.
ATTORNEYS AT LAW

333 SOUTH SEVENTH STREET, SUITE 2900
MINNEAPOLIS, MINNESOTA 55402

PHONE: 612.333.9500 · FAX: 612.333.9579
TOLL FREE: 866.397.4497
WWW.FLYNNGASKINS.COM

GEORGE W. FLYNN
STEVE GASKINS
ROBERT BENNETT
BARBARA JEAN D'AQUILA
JEANNINE L. LEE
TIMOTHY R. SCHUPP
STEVEN E. RAU
WILLIAM J. TIPPING
THOMAS KLOSOWSKI
BRADLEY J. AYERS
HAL A. SHILLINGSTAD
DAVID A. WIKOFF
SCOTT M. RUSERT
KAREN REIERSON
JENNIFER F. ROSEMARK
CYNTHIA A. BREMER
HEIDI SCHNEIDER
PATRICK R. MARTIN
JOHN J. LARAVUSO
ERIC HAGEMAN
JEFFRY SCHMIDT
SONIA MILLER-VAN OORT
JONATHAN A. STRAUSS
SHALANDA D. BALLARD
LORI D. SEMKE
WENDY M. CANADAY
ANDREA KIEHL
RYAN O. VETTLESON
ROBERT W. VACCARO
ANDREW J. NOEL
DANIEL N. SACCO

October 18, 2004

***VIA ECF FILING & EMAIL***
The Honorable Judge Joan N. Ericksen
United States District Court
Warren E. Berger Federal Building
316 North Robert Street
St. Paul, MN 55101

Re: Westfield Ins. Co. v. Weis Builders, et al.
Court File No. 00-CV-987 JSM/JNE
Our File No. 734.15117

Dear Judge Ericksen:

In this case, the diminution in value of the property (approximately $14 million) exceeds the estimated repair costs (approximately $6 million comprised of $4 million to repair and $2 million in economic waste during repair). Promenade, the injured owner, sold the property because it could not afford to pay the repair costs. The issue to be addressed is whether Promenade's damage claim is limited to the lesser of diminution or cost of repair.

Promenade believes that it has a right to elect its measure of damages. *See* 4A MINN CIVJIG 92.10 comments. Defendants claim, however, that Promenade is limited to the recovery of the lesser of the diminution in value or the repair costs. However, no Minnesota case directly addresses the proper measure of damages in a construction defect case where 1) the property was sold, and 2) where the theory of recovery included a tort claim. The only case which does is a case from Iowa, *RET v. Frank Paxton Co.*, 329 N.W.2d 416 (Iowa, 1983).

First, the election: As a plaintiff, Promenade, "has an election under the law of damages to choose the cost of the repair or the value before and after the accident." 4A MINN CIVJIG, At 348 Promenade is seeking to elect the diminution in value of the apartment complex as its measure of damages in contrast to the cost of repair.

Defendants contend that Promenade does not even have a right to elect its damages, but rather in a construction defect case, no matter what the theory of liability or order of proof is, Promenade's damages should be limited to the lesser of the cost of repair or the diminution in value. Promenade disagrees because this case is a tort case, and tort damages should apply. The damages recoverable in tort are not limited to those damages contemplated by the parties at the time of the making of the contract but rather include all those that flow naturally from the wrong.

No Minnesota tort or contract case has addressed the issue of the appropriate measure of damages when a property is sold before the repairs were completed. Neither of the two cases cited by the defendants *Northern Petrochemical Co v. Thorsen &Thorshov, Inc.* 211 N.W.2d 159 (Minn. 1973) and *In re Commodore Hotel Fire & Explosion Cases,* 324 N.W.2d 245 (Minn. 1982), specifically applies to this case. Each of those cases is distinguishable.

*Nothern Petrochemical* involved the defective construction of a building (as does this case) but was a case in which liability was premised exclusively on breach of contract as opposed to Promenade's case which is premised on contract warranty and negligence. *See, e.g.,* 211 N.W.2d at 165-66 ("Loss of use has long been held to be a proper subject of damages where ... the damages are within the contemplation of the parties at the time of making the contract."). By contrast in *R.E.T., infra,* the Court emphasized that the case included contract, tort, and warranty claims as does this case. 329 N.W.2d 418-421. In addition, in *Northern Petrochemical*, unlike this case, the injured owner continued to hold the property and did not sell it.

*In Re Commodore Hotel,* while based on a tort claim, concerned the just compensation of an owner who repaired and **continued to hold the damaged property.** Significantly, the only issue that was before the Minnesota Supreme Court in *In Re Commodore* related to whether the injured party was entitled to recover damages of the costs of continuing overhead in a tort action to recover for injuries or destruction of real property. 324 N.W.2d 250. The Supreme Court recited the general rule limiting damages to the lesser of repair costs or diminution articulated in *Northern Petrochemical.* It then specifically distinguished *Northern Petrochemical* from the case before it. 324 N.W.2d at 250. *In Re Commodore Hotel* held that if an owner of income-producing real property which has been damaged by a tortfeasor can establish by a fair preponderance of evidence that, but for the tort, his gross income would have been sufficient to pay all or part of his fixed unabateable overhead costs during the reasonable time of restoration or repair, as an element of loss of use of the property the owner may recover from the tortfeasor those costs that would have been paid from the lost income." 324 N.W.2d 251. This proposition bears no relationship to the issue before this Court.

The Iowa Supreme Court's decision in *R.E.T.* is the only case that contains facts that are similar to those found here. In that case, the plaintiff claimed both breach of contract and warranty and negligence. In addition, and like this case, the defendants in *R.E.T.* alleged a failure to mitigate damages. A diminution in value damages award was appealed.

The Iowa Supreme Court articulated the general rule of damages in a construction defect case as the cost of repair. 329 N.W.2d 420. This rule is the same as that urged by the defendants here and is the same as that in *Northern Petrochemical. Compare Northern Petrochemical*, 211 N.W.2d 165-66, *with Schlitz v. Cullin Schlitz &Associates*, 228 N.W.2d 10, 20-21, (Iowa, 1975) (breach of contract) ("[T] he proper measure of damages ... **is the cost of repairing or restoring the facility not to exceed the actual value of the improvement immediately prior to the damage is the general rule** ... ." Emphasis added); *Conrad v. Dortwieler*, 189 N.W.2d 537, 540-41 (Iowa, 1971) (breach of contract). This rule is the same as that in Minnesota. In analyzing the appropriateness of the

damage award, the Iowa Supreme Court emphasized the distinction between tort and contract damages. 329 N.W.2d 420. Furthermore, the Iowa Supreme Court recognized that in a case where the owner has sold the damaged property prior to repair just as Promenade has done here, the cost of repair measure of damages does not fully compensate the owner as the injured party. *Id.* at 421. Thus, *R.E.T.* is foursquare with the issue presented in this case. Accordingly, the Court should allow Promenade to present its case on a diminution in value theory.

Respectfully yours,

FLYNN, GASKINS & BENNETT, L.L.P.

*s/ Steven E. Rau*
Steve W. Gaskins
Steven E. Rau

SER:SWG:rlv
CC: All Counsel of Record