**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Westfield Insurance Company,

Court File No. 00-CV-987 JNE/JSM

Plaintiff,

vs.

Weis Builders, Inc.; Healey Ramme Company; Promenade Village Townhomes, L.L.C.; and Valley Forge Insurance Company, one of the CNA Insurance Companies,

Defendants,

and
Weis Builders, Inc.,

Third-Party Plaintiff,

vs.

Waterproofing by Experts, Inc.; BRW Elness Architects, Inc., a/k/a Elness Swenson Graham Architects, Inc.; Colloid Environmental Technologies Co., and J-Berd Mechanical Contractors, Inc.

Third-Party Defendants,

and

Colloid Environmental Technologies Co.,

Fourth-Party Plaintiff,

vs.

Chris Craft Industrial Products, Inc.,

Fourth-Party Defendant,

---

**WEIS BUILDERS, INC'S MEMORANDUM OF LAW REGARDING THE ISSUES OF WESTFIELD INSURANCE COMPANY'S RIGHT TO A JURY TRIAL AND BIFURCATION OF THE LIABILITY AND COVERAGE ISSUES**

---

## INRODUCTION

At the invitation of this Court, Weis Builders, Inc. ("Weis") submits this memorandum in opposition to Westfield Insurance Company's ("Westfield") request for a jury trial in its declaratory judgment action against Weis. Because Westfield's claim against Weis is essentially equitable, federal law does not grant Westfield the right to a jury trial. In the alternative, if this Court determines that Westfield is entitled to a jury trial, the issues of liability and coverage must be bifurcated to avoid the substantial prejudice that Weis will suffer if Westfield is allowed to present evidence to the jury regarding Weis' liability insurance or lack thereof.

## I. WESTFIELD INSURANCE COMPANY IS NOT ENTITLED TO A JURY TRIAL IN THE DECLARATORY JUDGMENT ACTION AGAINST WEIS.

Westfield is not entitled to a jury trial because the relief it is seeking is essentially equitable, and the underlying action between Westfield and Weis solely involves the legal question of coverage.

Federal courts have great discretion in entertaining and managing a declaratory judgment action. *See, e.g.,* 28 USC § 22001(a) (providing that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *Aetna Cas. & Sur. Co. v. Jefferson Trust & Sav. Bank of Peoria*, 993 F.2d 1364, 1366 (8th Cir. 1993) (stating that a federal court's jurisdiction to entertain an action seeking declaratory relief is discretionary); *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (stating the declaratory judgment act authorizes a federal court to make a declaration of rights but it does not impose a duty to do so). A declaratory judgment action is a statutory creation, neither legal nor equitable. *Am. Safety Equip. Corp. v. J.P. Maguire & Co.*, 391 F.2d 821, 824 (2d Cir. 1968); Therefore, "[t]he fact that a declaratory judgment is sought neither restricts nor enlarges any

right to a jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief." *Northgate Homes v. City of Dayton*, 126 F.3d 1095, 1099 (8th Cir. 1997); *accord Simler v. Conner*, 372 U.S. 221, 223 (1963).

The question of whether Westfield is entitled to a jury trial on its declaratory judgment claim is governed by federal procedural law. *Northgate* 126 F.3d at 1099. Specifically,

> "[t]o determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary first to determine the nature of the action in which the issue would have arisen absent the declaratory judgment procedure. . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action; conversely, there is no right to a trial by jury if, absent the declaratory judgment procedure, the issue would have arisen in an equitable proceeding."

*Id*. (emphasis added) (citing *Johnson v. Fidelity & Cas. Co.*, 238 F.2d 322 (8th Cir. 1956)); *see also* Fed. R. Civ. P. 57 (providing that in a declaratory action "the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39"). In other words, Westfield is not entitled to a jury trial on its claim that it does not have a duty to indemnify Weis unless Westfield would have a right to a jury trial on these questions of law had they been raised in an action other than one for declaratory judgment. *See Northgate* 126 F.3d at 1099.

This case is analogous to *Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084 (Dist. S.D. 2003) (*aff'd in part, rev'd in part* on other grounds by 382 F.3d 807 (8th Cir. 2004)). In *Wigg*, the plaintiff, a teacher, initiated a declaratory judgment seeking to enjoin the school district from enforcing a policy preventing her from attending the meetings of a religious club that were held on the school's premises. *Id*. at 1089-90. The trial court granted the defendant's motion to strike the jury trial demand for two reasons. *Id*. First, the trial court noted that absent the declaratory judgment procedure the plaintiff's claim would have arisen only in an equitable

action to enjoin the district from enforcing the offending policy. *Id*. at 1089. Second, the court reasoned that a jury trial was not appropriate because "if the Plaintiff were to prevail in her declaratory judgment action, the effect would be to enjoin the district from enforcing its policy, a purely equitable remedy." *Id*. at 1089-90. In this case, the dispute between Westfield and Weis is wholly confined to the issues of whether Westfield has a duty to indemnify Weis. Westfield's only claim against Weis is for declaratory relief. If Westfield were to prevail in its declaratory judgment action, the only effect would be to enjoin Weis from having Westfield indemnify Weis, a purely equitable remedy. *See id.* Therefore, Westfield's demand for a jury trial must be denied.

Court decisions holding that a *defendant* is entitled to a jury trial in a declaratory judgment action where the insurer seeks a coverage determination are clearly distinguishable from this case. In *Allied Mut. Ins. Co. v. Dakota Rose, Inc.*, 43 F. Supp. 2d 1081, 1082 (Dist. S.D. 1999), for example, an insurance company sought declaratory relief contending that its insurance policy excluded coverage for liquor liability. The insured defendant cross-claimed for breach of contract and negligent misrepresentation.. *Id.* The court held that the defendant's demand for a jury trial had to be granted because the defendant sued the insurance company for breach of contract and negligent misrepresentation; therefore, the defendant had a right to a jury trial. *Id*. at 1088 (emphasis added). *Dakota Rose* is distinguishable, because the *defendant* requested the jury trial, and the relevant underlying action was the *defendant's cross claim for breach of contract and negligent misrepresentation*, claims on which one is clearly entitled to a jury trial. *See id*. In this case, the *plaintiff* is requesting the jury trial; Westfield has no claim for breach of contract against Weis, and, therefore, has not right to a jury trial. Weis is willing to waive its right to a jury with respect to its contract claims against Westfield. Therefore, the

relevant underlying cause of action is that raised by the *plaintiff*--the duty to indemnify. As a result, Westfield is not entitled to a jury trial on its request for declaratory relief.

Similarly, in a case where an automobile insurance company brought a declaratory proceeding to resolve the *factual* questions of vehicle ownership and whether the vehicle was "furnished for regular use" the Eighth Circuit held that the *defendant* had a right to a jury trial. *Johnson v. The Fidelity & Cas. Co. of New York*, 238 F.2d 322, 324-26 (8th Cir. 1956). The defendant was entitled to a jury trial because the questions presented were solely factual issues and there was "no serious claim that the company could make out as a matter of law." *Id*. at 326. In that case, the court noted that "[t]here was no controversy as to the validity of the insurance policy . . . nor as to the obligation of the company to pay on the fulfillment of the conditions specified in it." In contrast, in this case, Westfield's declaratory judgment claim is solely premised on a **legal** issue, i.e., whether it has a duty to indemnify Weis. Unlike *Johnson*, the fundamental nature of the dispute is legal, not factual. *See id* at 324-26.

Not only are the *Dakota Rose* and *Johnson* decisions factually and legally distinguishable but the public policy concerns in those cases are also directly contrary to the public policy issues in this case. As a matter of policy, "[n]aturally the (insurance) company should not by a declaratory action . . . be allowed to deprive the defendants of a jury trial." *Johnson*, 238 F.2d at 324 (internal citation omitted). The same public policy concerns are at not at issue in this case where Weis is willing to waive its right to a jury trial. In fact, public policy in this case militates against a jury trial. Westfield is seeking a jury trial merely because it wants to influence the factual development of the **underlying** dispute. Westfield's presence necessitates disclosing its identity as Weis' insurer. As further discussed in the next section of this Memorandum, Federal Rule of Evidence 411 expressly prohibits the admission of liability insurance because the

knowledge of the presence or absence of liability insurance could cause a jury to decide a case on improper grounds. *Higgins v. Hicks Co.*, 756 F.2d 681, 684-85 (8th Cir. 1985).

Westfield is requesting a jury trial only to have the jury decide insurance coverage issues, thereby poisoning the underlying trial on the merits. The policy of not allowing an insurance company to abuse the legal process and deprive an insured of a right to a jury trial by filing a preemptive declaratory judgment is certainly not at issue in this case. Indeed, under the circumstances in this case, it would be an abuse of the judicial process to *allow* Westfield a jury trial or to participate in Weis' jury trial on the merits. *See* Fed. R. Evid. 411.

Westfield's request for a jury trial must be denied because the relief Westfield is seeking is equitable, the questions raised in the action are solely questions of law, and it would be contrary to public policy to allow Westfield to compel a jury trial and improperly interpose the issue of liability insurance.

## II. BIFURCATION OF LIABILITY AND COVERAGE ISSUES IS REQUIRED TO PREVENT SUBSTANTIAL PREJUDICE TO WEIS.

Even if this Court concludes that Westfield is entitled to a jury trial, the issues of liability and insurance coverage must be bifurcated to avoid the substantial prejudice that Weis (and possibly other Third and Fourth Party Defendants) will suffer if the issues are simultaneously tried to a jury.

Federal Rule Civil Procedure 42 (b) provides:

> **(b) Separate Trials.** The court, in furtherance of convenience **or to avoid prejudice**, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury …

(emphasis added). Accordingly, this Court has considerable discretion in determining how a trial

is to be conducted and whether to bifurcate the issues. *See Crockett v. Boysen,* 26 F.R.D. 148 (D. Minn. 1960); *Scheufler v. General Host Corp.,* 895 F. Supp. 1411 (D. Kan. 1995); *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.,* 867 F. Supp. 686 (N.D. Ill. 1994). The trial court's decision to bifurcate is subject to review only for abuse of discretion. *See, Id.*

In this case, if the liability and coverage issues are tried together, the jury will be asked to determine crucial liability issues, all the while hearing substantial testimony about Weis' insurance coverage (or potential lack thereof). Not only will Weis be prejudiced by the mere fact that the jury will learn of the existence of coverage for this claim, but there is a substantial likelihood that the jury will be confused about why Weis and its insurance company are taking opposite positions regarding whether certain alleged design defects were the blame for the alleged damages at this project. Equally important, the mere fact that the defense counsel being provided by Westfield and Westfield's insurance coverage counsel will be taking opposite positions at the same trial is offensive to one's sensibilities. Such conflict and prejudices can easily be avoided by simply bifurcating the trial to separate the issues of liability and coverage.

Minnesota law recognizes that it is prejudicial to the insured if the jury learns that there is insurance coverage for a claim being asserted against the insured. *See Collins v. Bridgland,* 206 N.W.2d 652 (Minn. 1973); *Sander v. Dieseth,* 40 N.W.2d 844 (Minn. 1950); *Purdes v. Merrill,* 128 N.W.2d 164 (Minn. 1964). The reasons for this are obvious –- if the jury has knowledge that the insured will not be held personally liable for the damage award and that a big insurance company could pay the award, there is a strong likelihood that the jury will take that into consideration when issuing its award. The prejudice is also a very real risk for Westfield.

Not only will the jury learn that there is insurance coverage for Weis for this claim, but the jury will learn the intricate details of the insurance policy! The special verdict form in a

consolidated trial will ask the jury to address questions peculiar only to the insurance policy (e.g., consent). Juries should not be allowed to take insurance coverage into account when apportioning fault, damages, and whether an insurer consented to certain repairs. It is not in anyone's best interest to have the jury consider these issues in one trial.

This case is distinguishable from the scenario where a jury is merely asked to decide if fact pattern A or fact pattern B actually occurred and then, based upon that finding, the legal question of whether insurance coverage exists is determined. If the issues of coverage and liability are tried together in this case, Westfield (and Weis) will be presenting evidence regarding the terms of the policy. Further, Westfield and Weis will be specifically explaining the consequences of the jury's findings, i.e., that there may or may not be coverage for the alleged damages.

Westfield's counsel admitted that he will actively try to sway the jury's verdict by eliciting testimony that the damages were caused by certain design deficiencies. Westfield will be actively trying to undermine **ITS OWN INSURED'S CASE – right in front of the jury.** The jury will undoubtedly be confused by this inconsistency between Weis and its insurer. Just as importantly, Westfield is not providing an adequate defense to Weis if Westfield is undercutting Weis' defense. The defense counsel hired by Westfield said in open court that he considers it a conflict to take a position adverse to Westfield! As stated by the undersigned in open court, Weis objects to the incomplete defense Westfield is providing Weis. To enable Weis to obtain the complete defense from Westfield that Weis is entitled to, Westfield's claim must be bifurcated from the underlying liability action.

This case is similar to *State Farm Mutual Automobile Ins. Co. v. The Superior Court of the City and County of San Francisco,* 304 P.2d 13 (Cal. 1956), wherein the insured was

involved in an auto accident with one other vehicle. Persons in both vehicles were injured and several personal injury suits were filed against the insured. The personal injury claims were consolidated into one action and the declaratory judgment action between the insured and the insurer was also consolidated with the personal injury claims. In the liability case, the insurer, on behalf of the insured, was going to argue that the injured parties were "guests" whereas in the coverage case, the insurer would be arguing that the passengers were "riders"-- with each designation having differing effects on coverage for the insured. 304 P.2d at 14, 15.

The *insurer* sought to bifurcate the trial as to the issues of liability and coverage because the insurer recognized that trying the cases together put it in the inconsistent position of arguing one theory for liability and another, inconsistent theory for coverage. *Id.* The California Supreme Court agreed and stated that:

> Substantially the same evidence might be involved in the adjudication of these issues, but petitioner would be forced into contradictory arguments based upon conflicting testimony, or at least upon conflicting inferences arising from the evidence, with regard to these distinguishable relationships. Moreover, the consolidation would unquestionably confuse the jury in determining under differing tests set out in the instructions the consequences of any particular factual situation which the jury might find to exist.

*Id.* at 15. Likewise, a jury hearing both the liability and coverage issues in this case will be confused about the issues of design and coverage and their impact on the liability decisions. The confusion can and should be avoided.

Further, the prejudice to Weis, if Westfield participates in the November 2, 2004, trial outweigh any inconveniences or additional costs associated with a second trial between Westfield and Weis.

## CONCLUSION

For the reasons stated above, Weis requests that this Court deny Westfield's request for a jury trial, or, in the alternative, bifurcate the issues of liability and coverage for trial.

**FABYANSKE, WESTRA & HART, P.A.**

Dated: October 18, 2004

By: ____s/ Jocelyn L. Knoll___

Dean B. Thomson (#141045)
Jocelyn L. Knoll (#22988X)
Dyanna L. Street (#250314)
800 LaSalle Plaza, Suite 1900
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF WEIS BUILDERS, INC.**